EXHIBIT ANS101

# EXHIBIT 1

236-269254-13

CAUSE NO. 236-269254-13

| | | |
|---|---|---|
| Shawn Coker, Neighborhood Partner, Inc, Blue Moon Realty Group, and Wizard Funding, LLC | § § § § | IN THE DISTRICT COURT |
| v. | § § | 236TH JUDICIAL DISTRICT |
| David C. Boles, Metro Buys Homes, LLC, Metro Affordable Homes, Inc., and Metro Buys Homes II, LLC | § § § | TARRANT COUNTY, TEXAS |

### ORDER

On this the _____ day of _____, 2014, the Court heard the motion for judicial assistance filed by the plaintiffs in the cause referenced above. The plaintiffs appeared in person and by counsel. The Court, having considered the evidence, is of the opinion that relief should be granted and the following orders made to assist the applicant in obtaining satisfaction of the judgment rendered by this Court on November 14th, 2013.

IT IS, THEREFORE, ORDERED that the judgment debtors:

1. Turn over the following described property to the below-named Receiver by delivering each item to the Receiver at 1210 Hall Johnson Road, Suite 100C, Colleyville, Texas 76034 on or before October 22nd, 2014:

    a. All property or documents evidencing ownership or control of property, such as certificates of title, deeds, deeds of trust, corporate share certificates, pay histories, insurance policies, or promissory notes.

    b. All real estate (except homestead), all bank accounts, all instruments, all causes of action, all accounts receivable, all cash, all equipment, all software, all business records, all causes of action, all income from business, all property located outside Texas, all nonexempt property held by third parties yet subject to the debtor's control, and all shares of stock or other business equity.

    c. Any relevant books and records or other documents or software or files that will assist the receiver to carry out duties imposed by the order.

3. The judgment debtors are hereby ordered to refrain from interfering with or hindering the receiver in the performance of the receiver's duties, disbursing any funds from sources ordered turned over to the receiver, or encumbering any assets made the subject of the order.

IT IS FURTHER ORDERED that Ian Ghrist is appointed Receiver for the items owned or controlled by the judgment debtors that are to be delivered to the Receiver pursuant to this Order. As to those items, the Receiver is ordered, authorized and empowered to:

Page 1 of 3


E-MAILED
10-23-14

COURT'S MINUTES
TRANSACTION # 49

236-269254-13

1. Take possession and control of each item of such property to the exclusion of all others and levy upon such property as under execution.

2. Exercise all powers and rights exercisable by the judgment debtors, including but not limited to the power to act as sole signatory on bank accounts, to vote shares of stock, to pay expenses, to manage business, to take over and possess mailboxes, to disburse proceeds of income-producing property, seize and compel turnover of bank accounts, and to maintain records.

3. Obtain an offer to purchase any item of such property and apply to this Court, with notice to the parties in this cause, for authority to accept the offer, conclude a sale, and distribute the proceeds.

4. Make monthly accountings and reports to this Court, with copies to the parties in this cause, listing the actions taken pursuant to this Order, including all receipts and disbursements as authorized by this Order, and showing any funds on hand.

5. If appropriate, turn over to the Constable of Tarrant County, Texas, the property described in this order for execution sale. The Constable is hereby authorized to take possession of the property delivered, levy on such property as under writ of execution, and, after giving notice of sale, sell the property at public auction to the highest bidder for cash, applying the proceeds of the sale to payment of the expenses of sale and court costs, with the balance paid over to the plaintiffs for crediting on the judgment of this court in this cause. In so doing, the Constable shall perform all duties and procedures as required by the Texas Rules of Civil Procedure for sale under writ of execution.

6. Anyone controlling or possessing property of the judgment debtors that is subject to turnover under this order is hereby ordered to turn over such property to the receiver and to allow the receiver to manage and control such property to the same extent that the judgment debtors would be allowed to manage or control such property.

7. Disburse liquid or liquidated assets to the judgment creditors for partial satisfaction of judgment.

IT IS FURTHER ORDERED that plaintiffs recover from the judgment debtors attorney's fees in the sum of $2,500.00 for services rendered in this proceeding through the time of this Order. In the event of an appeal by the judgment debtors in the court of appeals, if the appeal is unsuccessful, Movant will be further entitled to $5,000.00 as a reasonable attorney's fee; in the event of an appeal by the judgment debtors in the Texas Supreme Court, if the appeal is unsuccessful, Movant will be entitled to an additional $10,000.00. The sum so awarded may be collected along with the sums due under the judgment described in this Order and by the methods set forth above, and by any other process or remedy available.

Bond is hereby set in the amount of $5,000.00. Bond may be cash or surety bond.

236-269254-13

All relief not expressly granted by this Order is denied.

SIGNED on this the 23 day of Oct, 2014.

_____
JUDGE PRESIDING