EXHIBIT ANS103

# EXHIBIT 3

## SETTLEMENT AGREEMENT AND RELEASE

*By and between J. Michael Ferguson, J. Michael Ferguson, P.C., and Anson Financial, Inc., and*
*Shawn Coker, Neighborhood Partner, Inc., Blue Moon Realty Group, LLC, and Wizard Funding, LLC*

This Settlement Agreement and Release (the **"Agreement"**), is entered into by and between J. Michael Ferguson, J. Michael Ferguson, P.C., and Anson Financial, Inc., (hereinafter **"Purchasers"**), and Shawn Coker, Neighborhood Partner, Inc., Blue Moon Realty Group, LLC, and Wizard Funding, LLC (**"Sellers"**). Sellers and Purchasers are sometimes hereinafter referred to collectively as the **"Parties,"** and individually as a **"Party."**

### RECITALS

WHEREAS, J. Michael Ferguson, P.C., entered into a contingency fee agreement with the Sellers, by which J. Michael Ferguson, P.C., agreed to prosecute claims against David Boles and Metro Buys Homes, LLC and others, on behalf of the Sellers;

WHEREAS, J. Michael Ferguson, P.C., sued Boles and Metro Buys Homes and eventually secured a judgment on behalf of the Sellers against Boles and Metro Buys Homes;

WHEREAS, incident to: (i) the prosecution of the lawsuit against Boles and Metro Buys Homes, LLC; (ii) the prosecution of certain third party claims; and (iii) certain post-judgment collection activities, J. Michael Ferguson, P.C., secured several notes and other assets formerly belonging to Boles, Metro Buys Homes, or third parties who had participated in fraudulent transfers of those assets;

WHEREAS, to compensate J. Michael Ferguson, P.C. for its services provided under the parties' contingency agreement, the parties agreed that J. Michael Ferguson, P.C. would receive 40% of judgment and the profits from the notes and other assets secured by J. Michael Ferguson, P.C.'s collection activities and Sellers would receive 60% of the judgment and the profits from the other notes and assets secured by J. Michael Ferguson, P.C.'s collection activities;

WHEREAS, pursuant to the parties' contingency agreement, Sellers have already received $97,379.34, representing Sellers' share of 60% in profits so far from the notes and other assets secured by J. Michael Ferguson, P.C.'s collection activities;

WHEREAS, a dispute has arisen between the parties as to the management of the notes and other assets and whether the notes and other assets are owned outright by the parties or have been transferred into MBH Real Estate, LLC ("MBH");

WHEREAS, the Sellers now desire to sell, and the Purchasers now desire to purchase, the Sellers' interest in the notes and other assets secured by the collection activities, all of Sellers' interest, if any, in MBH, and all other assets acquired by J. Michael Ferguson P.C. incident to its representation of Sellers.

THEREFORE, in consideration of the recitals, covenants, terms, conditions, and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree to compromise and settle all disputes and claims between them on the basis of the terms set forth below:

## ARTICLE 1
### FINANCIAL TERMS AND CONSIDERATION

1.1    Consideration to the Sellers. In consideration of the promises, assignments, commitments, rights, and releases described herein, Purchasers will pay Sellers the sum of Five Hundred Twenty-Five Thousand, Four Hundred Ninety-Three Dollars and Eight Cents ($525,493.08), which sum will be paid at closing to occur on July 29, 2016, by way of wire transfer to the Frost Bank Account for Neighborhood Partner, Inc., Acct# 870009474, Routing # 114000093 (hereinafter, the "**Payment**").

1.2    Consideration to the Purchasers. In consideration of the promises, assignments, commitments, rights, and releases described herein, the Sellers will provide the following consideration:

> a.    The Sellers will execute the *Transfer the Judgment* attached hereto as Exhibit "2," by which the Sellers will assign their interest in the Judgment more particularly described in the Abstract of Judgment dated January 24, 2014, and filed of record under Instrument Number D214016934, Deed Records of Tarrant County, Texas. The Sellers agree that they will transfer their interest at the closing to occur on July 29, 2016, or prior to such date, by executing documents making the transfer effective as of the closing date;

> b.    The Sellers renounce any claimed ownership or interest in any and all assets recovered by J. Michael Ferguson, PC related to the Boles matter;

> c.    To the extent Shawn Coker held any interest in MBH, Coker renounces, effective July 1, 2015, all of that interest and agrees to assign that interest, effective July 1, 2015, to Anson Financial Inc., 1210 Hall Johnson Rd., Suite 100, Colleyville, Texas 76034, by executing the *Transfer of Member Interests Concerning MBH Real Estate, LLC,* which is attached hereto as Exhibit "1," along with any and all other documents necessary to effect such assignment. Mr. Coker agrees that he will transfer his interest, if any, at the closing to occur on July 29, 2016, or prior to such date, by executing documents making the transfer effective as of July 1, 2015;

> d.    Neighborhood Partner, Inc. will execute the *Transfer of Lien and Allonge* attached hereto as Exhibit "3," transferring the note of 04/05/2016, in the original principal amount of $44,900, between borrower Norma Hernandez and Lender Anson Financial, Inc., to Anson Financial, Inc. Said transfer to be without

recourse on the Holder of the Note and Lien. Neighborhood Partner, Inc. agrees that it will transfer the note and lien at the closing to occur on July 29, 2016, or prior to such date, by executing documents making the transfer effective as of the closing date; and

e.     Neighborhood Partner, Inc. will execute the *Transfer of Lien and Allonge* attached hereto as Exhibit "4," transferring the note of 10/08/2013, in the original principal amount of $24,095.42, between borrower Adrian Sierra De La Rosa, and Lender Anson Financial, Inc., to Anson Financial, Inc. Said transfer to be without recourse on the Holder of the Note and Lien. Neighborhood Partner, Inc. agrees that it will transfer the note and lien at the closing to occur on July 29, 2016, or prior to such date, by executing documents making the transfer effective as of the closing date.

1.3     No Obligation Regarding Disposition of Payment. The Parties stipulate and agree that J. Michael Ferguson, P.C., and the other Purchasers, shall have no involvement, responsibility, or obligation regarding the disposition or allocation of the Payment between or among the Sellers, their legal counsel, or any other person or entity. The Purchasers' sole obligation with respect to the Payment shall be the delivery of the Payment as expressly set forth in Paragraph 1.1 of this Agreement.

1.4.     No Participation in MBH. The parties stipulate and agree that (i) no share of MBH's income or losses should be allocated to Sellers for 2015 or any subsequent period and (ii) Coker's alleged interest in MBH, to the extent it exists, is of nominal value.

## ARTICLE 2
### RELEASES

2.1     Release by Purchasers. In consideration of the promises and agreements set forth herein, the Purchasers hereby now and forever grant a full and complete release to the Sellers and any of their members, officers, directors, employees, agents, representatives, subsidiaries, successors, predecessors, affiliates, insurers, heirs, devisees, attorneys, assigns, and potential assigns, which shall extend to any and all possible manners of action, causes of action, suits, debts, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, wrongful acts, damages, expenses, claims, and demands whatsoever, whether arising in contract, tort, common law, statute, equity, or otherwise, whether known or unknown, contingent or matured, which Purchasers now have, or ever had, upon or by reason of any fact, matter, or cause whatsoever. Notwithstanding any other provision in this Agreement to the contrary, Purchasers do not waive or release their right to prosecute any prospective breach of this Agreement.

2.2     Release by Sellers. In consideration of the promises and agreements set forth herein, Sellers hereby now and forever grant a full and complete release to Purchasers and any of

their members, officers, directors, employees, agents, representatives, subsidiaries, successors, predecessors, affiliates, insurers, and any of their heirs, devisees, servants, attorneys, assigns, and potential assigns, which shall extend to any and all possible manners of action, causes of action, suits, debts, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, wrongful acts, damages, expenses, claims, and demands whatsoever, whether arising in contract, tort, common law, statute, equity, or otherwise, whether known or unknown, contingent or matured, which Sellers now have or ever had, upon or by reason of any fact, matter, or cause whatsoever. Notwithstanding any other provision in this Agreement to the contrary, Sellers do not waive or release their right to prosecute any prospective breach of this Agreement.

## ARTICLE 3
### MISCELLANEOUS PROVISIONS

3.1     Representations and Warranties.  Each signator hereby expressly warrants and represents that: (i) he or she has authority to act for the entity that he or she represents and such entity or person is the lawful owner of the claims described herein; (ii) he or she has full power and express authority to settle the claims as set forth in this Agreement; (iii) no person or entity has made any assignment or transfer of the claims as set forth in this Agreement, other than as described herein; (iv) he or she is not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Agreement; (v) he or she is represented and has been advised by counsel in connection with this Agreement, which such Party executes voluntarily and of his or her own choice, volition, judgment, belief and knowledge, after consultation with such counsel and not under coercion or duress; (vi) he or she has made his or her own investigation of the facts and is relying solely upon his or her own knowledge and the advice of counsel; (vii) he or she knowingly waives any claim that this Agreement was induced by any misrepresentation or nondisclosure and any right to rescind or avoid this Agreement based upon presently existing facts either known or reasonably ascertainable; and (viii) he or she acknowledges that the discovery of facts and issues not currently known to a Party shall not have any effect on this Agreement and its enforceability. The Parties agree and stipulate that each Party is relying upon these representations and warranties in entering into this Agreement.

3.2     Covenant Not to Sue.  Purchasers agree, promise, and covenant not to sue or institute or cause to be instituted any action, claim, charge, or lawsuit in any federal, state, or local agency, court, or comparable tribunal against Sellers with respect to any claim, cause of action, or right released by Purchasers in this Agreement, and waive any right to recover damages of any kind from Sellers in the event that this covenant is otherwise unenforceable. Likewise, Sellers agree, promise, and covenant not to sue or institute or cause to be instituted any action, claim, charge, or lawsuit in any federal, state, or local agency, court, or comparable tribunal against Purchasers with respect to any claim, cause of action, or right released by Sellers in this Agreement, and waive any right to recover damages of any kind from Purchasers in the event that this covenant is otherwise unenforceable.

3.3     Amendments. This Agreement may only be amended or modified by a written instrument, executed by the Parties, and unequivocally indicating the Parties' intention to modify this Agreement. No waiver of any breach of this Agreement shall be construed as an implied amendment or agreement to amend or modify any provision of this Agreement.

3.4     Joint Authorship. The parties have negotiated all terms and provisions of this Agreement at arm's length, with the assistance and participation of the attorneys and representatives of the Parties' choosing. As such, the Parties acknowledge joint authorship of this Agreement and waive any rule of law providing that any portion of this Agreement is to be construed against the drafting party.

3.5     No Undue Influence. The Parties represent and warrant that they have each carefully reviewed the Agreement, that they understand its terms, that they sought legal advice with respect to the Agreement, and that they have relied wholly upon their own respective judgment and knowledge in entering into this Agreement. The Parties each acknowledge that they have not been influenced to any extent in making this Agreement by any representation or statement made by any other Party which is not expressly contained in this Agreement.

3.6     Captions and Headings. The Parties agree that the captions and headings contained in this Agreement are for convenience only and shall not be deemed to constitute a part of this Agreement.

3.7     Multiple Counterparts. This Agreement may be executed in multiple counterparts, any and all of which may contain the signatures of less than all of the Parties and all of which shall be construed together as a single document. Each counterpart shall be fully effective as an original when all of the Parties have executed this Agreement. Such counterparts may also be executed by facsimile signature.

3.8     No Admission of Fault. The Parties hereto mutually agree and understand that the promises and releases recited and referred to herein are given and accepted to resolve potential, doubtful and disputed claims, and to avoid the expense of litigation and shall not be construed as an admission of liability on the part of any Party.

3.9     Termination of Representation and Prior Fee Agreements. The Parties hereto mutually agree that by executing this Agreement, they effectively terminate any and all prior retainer, employment, or fee agreements between J. Michael Ferguson, P.C., and any of the Sellers, and the terms of this Agreement shall supplant any prior agreements with respect to the compensation to be paid to J. Michael Ferguson, P.C., for legal services rendered to the Sellers. Additionally, the Sellers hereby acknowledge that J. Michael Ferguson, P.C., no longer represents them with respect to any matter, and has no continuing obligations or duties to the Sellers, outside of the obligations expressly set forth in this Agreement.

3.10     Confidentiality. The existence and terms of this Agreement are and shall remain confidential and private in all respects and shall not be disclosed by any Party, except that disclosure may be made: (i) as necessary for a Party to enforce any term or condition of this

Agreement; (ii) to a Party's attorneys, accountants, or tax advisors; or (iii) as otherwise required by law or judicial or administrative process. All other communications regarding the existence or terms of this Agreement shall be limited to a statement that the matter has been resolved by mutual agreement of the Parties.

3.11    Dismissal of Lawsuit.  To the extent that any party has filed suit against any other party based on the claims, matters, or rights released herein, that Party agrees to dismiss the lawsuit no later than five days after execution of this Agreement.

3.12    Agreement to Cooperate. The parties agree to timely execute or provide all other agreements, records, and other documents that may be required in order to consummate the transactions contemplated by this Agreement.

3.13    Entire Agreement.  This Agreement contains and constitutes the entire agreement and understanding of the Parties and supersedes, as of the execution date, all prior negotiations, discussions, undertakings, or agreements of any sort whatsoever, whether oral or written, and there are no representations, agreements, or inducements except as set forth expressly and specifically in this Agreement.

Agreed to as of the ___ day of July, 2016.

**J. MICHAEL FERGUSON**

By: _____
J. Michael Ferguson

**J. MICHAEL FERGUSON, P.C.**

By: _____
J. Michael Ferguson, President

**ANSON FINANCIAL, INC.**

By: _____
J. Michael Ferguson, President

Agreed to as of the _____ day of July, 2016.

SHAWN COKER.

By: _____
Shawn Coker

NEIGHBORHOOD PARTNER, INC.

By: _____
Shawn Coker, President

BLUE MOON REALTY GROUP, LLC

By: _____
Catherine Coker, Managing Member

WIZARD FUNDING, LLC

BY: BLUE MOON REALTY GROUP, LLC,
ITS MANAGING MEMBER

By: _____
Catherine Coker, Managing Member

**Transfer of Lien**

**Date:** 07/18/2016

**Holder of Note and Lien:** Neighborhood Partner, Inc.

**Holder's Mailing Address:** 2510 Greenbough Ln.
Southlake, TX 76092

**Transferee:** Anson Financial, Inc.

**Transferee's Mailing Address:** 1210 Hall Johnson Road, Suite 100
Colleyville, Texas 76034

**Note:**

> **Date:** 04/05/2016
> **Original Principal Amount:** $44,900.00
> **Borrower:** Norma Hernandez, an unmarried woman
> **Lender:** Anson Financial, Inc.

**Notes and Lien Are Described in the Following Documents:**

**Lien:**  Deed of Trust dated 04/05/2016 in the original amount of $44,900.00 in favor of Anson Financial, Inc. and recorded in the County Clerk's, Real Property Records of Tarrant County, Texas.

**Property:**  Lot 10, Block 6, Hollywood Hills, Revised Second Filing, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the revised plat recorded in Volume 388-C, page 45, Map/Plat Records, Tarrant County, Texas. (commonly known as: "1705 Wiseman Ave., Fort Worth, TX 76105").

For value received, Holder of Note and Lien transfers them to Transferee.

This transfer is without recourse on Holder of Note and Lien.

When the context requires, singular nouns and pronouns include the plural.

Neighborhood Partner, Inc.

By: _Shawn Coker_

Shawn Coker, President

Transfer of Lien - Page 1 of 2

**THE STATE OF TEXAS**                               §
                                                      §
**COUNTY OF TARRANT**                               §

This document was acknowledged before me by Shawn Coker, President of Neighborhood Partner, Inc. on the 28ᵗʰ day of July, 2016.



_Danielle Dau_
Notary Public, State of Texas

Notary's Printed Name:
Danielle Davis

My Commission Expires:
March 15, 2020

AFTER RECORDING RETURN TO:

J. Michael Ferguson, PC
1210 Hall Johnson Road, Suite 100
Colleyville, Texas 76034

Transfer of Lien - Page 2 of 2

## ALLONGE TO NOTE

Pay to the order of Anson Financial, Inc. with recourse.

Note

        **Date:** 04/05/2016
        **Original principal amount:** $44,900.00
        **Borrower:** Norma Hernandez, an unmarried woman
        **Lender:**   Anson Financial, Inc.

Neighboorhood Partner, Inc.
By: _____
   Shawn Coker, President

Dated: 07/18/2016

### Transfer of Lien

**Date:** 07/18/2016

**Holder of Note and Lien:** Neighborhood Partner, Inc.

**Holder's Mailing Address:** 2510 Greenbough Ln.
Southlake, TX 76092

**Transferee:** Anson Financial, Inc.

**Transferee's Mailing Address:** 1210 Hall Johnson Road, Suite 100
Colleyville, Texas 76034

**Note:**
   **Date:** 10/08/2013
   **Original Principal Amount:** $24,095.42
   **Borrower:** Adrian Sierra De La Rosa, a single man
   **Lender:** Anson Financial, Inc.

### Notes and Lien Are Described in the Following Documents:

**Lien:**       Deed of Trust dated 10/08/2013 in the original amount of $24,095.42 in favor of Anson Financial, Inc. and recorded in the County Clerk's, Real Property Records of Tarrant County, Texas.

**Property:**       Lot 14, 15 & 16, Block 1, JE Mitchell Addition, an Addition to the City of Fort Worth, Tarrant County, Texas according to the Plat recorded in Volume 881, Page 537, Plat Records, Tarrant County, Texas. (aka 734-738 McCurdy St. and 2213 E. Vickery Blvd., Fort Worth, Texas 76104).

For value received, Holder of Note and Lien transfers them to Transferee.

This transfer is without recourse on Holder of Note and Lien.

When the context requires, singular nouns and pronouns include the plural.

Neighborhood Partner, Inc.

By: _____
Shawn Coker, President

---

Transfer of Lien - Page 1 of 2

**THE STATE OF TEXAS**                    §
                                          §
**COUNTY OF TARRANT**                     §

This document was acknowledged before me by Shawn Coker, President of Neighborhood Partner, Inc. on the _28ᵗʰ_ day of _July_ _____, 2016.

Notary Public, State of Texas

Notary's Printed Name:
_Danielle Davis_

My Commission Expires:
_March 15, 2020_

> DANIELLE DAVIS
> Notary ID # 130582993
> My Commission Expires
> March 15, 2020

AFTER RECORDING RETURN TO:

J. Michael Ferguson, PC
1210 Hall Johnson Road, Suite 100
Colleyville, Texas 76034

## ALLONGE TO NOTE

Pay to the order of Anson Financial, Inc. with recourse.

Note

      **Date:** 10/08/2013
      **Original principal amount:** $24,095.42
      **Borrower:** Adrian Sierra De La Rosa, a single man
      **Lender:**    Anson Financial, Inc.

Neighboorhood Partner, Inc
By: _____
    Shawn Coker, President

Dated: 07/18/2016

# TRANSFER OF MEMBER INTERESTS

### CONCERNING

## MBH REAL ESTATE, LLC

In exchange for good and valuable consideration as described in the Settlement Agreement and Release, the undersigned, SHAWN COKER, does hereby transfer and assign to ANSON FINANCIAL, INC., Fifty Percent (50%) of the Member Interests in *MBH Real Estate, LLC,* which represents all of the Member Interests in *MBH Real Estate, LLC,* that have been purportedly issued to SHAWN COKER as of the date of this *Transfer of Member Interests.* In this transfer, Shawn Coker hereby disclaims any and all interests in MBH Real Estate, LLC.

This transfer is effective July 1, 2015, regardless of the date of its actual execution by Transferor.

*Transferor:*

SHAWN COKER
PURPORTED MEMBER OF MBH REAL ESTATE, LLC

SIGNED ON: JULY ___, 2016

## CONSENT OF MEMBERS REGARDING TRANSFER OF MEMBER INTERESTS
## CONCERNING MBH REAL ESTATE, LLC

The undersigned, J. Michael Ferguson, P.C., and Shawn Coker, purported members of MBH Real Estate, LLC, a Texas Limited Liability Company (the **"Company"**), hereby acknowledge the receipt of a true and correct copy of the *Transfer of Member Interests Concerning MBH Real Estate, LLC,* which documents the transfer by Coker as Transferor, of his alleged Fifty Percent (50.00%) ownership interest in the Company to Anson Financial, Inc., as Transferee. The Members approve of the transfer of Coker's Fifty Percent (50.00%) ownership interest in the Company and acknowledge that as a result of the transfer set forth in the *Transfer of Member Interests Concerning MBH Real Estate, LLC,* Coker is relinquishing his entire alleged ownership interest in the Company and Anson Financial, Inc., is acquiring that entire interest.

DATED: Effective July 22, 2016.

J. MICHAEL FERGUSON, P.C.

By: _____     By: _____
    SHAWN COKER                    J. MICHAEL FERGUSON,
                                   PRESIDENT

# TRANSFER OF MEMBER INTERESTS

### CONCERNING

# MBH REAL ESTATE, LLC

In exchange for good and valuable consideration as described in the Settlement Agreement and Release, the undersigned, SHAWN COKER, does hereby transfer and assign to ANSON FINANCIAL, INC., Fifty Percent (50%) of the Member Interests in *MBH Real Estate, LLC,* which represents all of the Member Interests in *MBH Real Estate, LLC,* that have been purportedly issued to SHAWN COKER as of the date of this *Transfer of Member Interests.* In this transfer, Shawn Coker hereby disclaims any and all interests in MBH Real Estate, LLC.

This transfer is effective July 1, 2015, regardless of the date of its actual execution by Transferor.

*Transferor:*

SHAWN COKER
PURPORTED MEMBER OF MBH REAL ESTATE, LLC

SIGNED ON: JULY ___, 2016

Page 1 of 3
Case 21-41517-elm11 Doc 244-3 Filed 02/24/22 Entered 02/24/22 10:14:52 Page 19 of 21
D216299058 12/22/2016 2:25 PM PGS 3 Fee: $24.00 Submitter: SIMPLIFILE
Electronically Recorded by Tarrant County Clerk in Official Public Records ~*Mary Louise Garcia* Mary Louise Garcia

## TRANSFER OF JUDGMENT

### NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

**Date:** July 22, 2016

**Judgment Plaintiff:** Shawn Coker
Neighborhood Partner, Inc.
Blue Moon Realty Group
Wizard Funding, LLC

**Transferee:** MBH Real Estate, LLC
1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034

**Judgment:**   **See Attached Judgment**

Total unpaid Principal, Pre-judgment interest, Court Cost and Post-judgment interest Due on the Judgment is $777,357.04.

**Judgment is described in the Following Documents:**

Abstract of Judgment dated January 24, 2014, and filed of record under Instrument Number D214016934, Deed Records of Tarrant County, Texas.

For value received, Judgment Plaintiff transfers Judgment to Transferee, warrants that the Judgments unpaid balance of $777,357.04 is correctly stated and that no payments have been made on said Judgment by Judgment Defendant other than the credit made on February 20, 2015 under the "Order Applying Property to Partial Satisfaction of Judgment" under Cause No. 236-269254-13, Tarrant County 236th Judicial District Court.

Transferee shall indemnify and hold Transferor harmless from any liability or loss resulting from the transfer of said Judgment.

This transfer is without recourse on Transferee.

Judgment Plaintiff expressly waives and releases all present and future rights to establish or enforce the Judgment described in this instrument for payment of any future or other indebtedness.

When the context requires, singular nouns and pronouns include the plural.


_____
Shawn Coker


Neighborhood Partner, Inc.

By: _____
Shawn Coker, President


Blue Moon Realty Group, LLC

By: _____
Shawn Coker, Managing Member


Wizard Funding, LLC

By: _____
Shawn Coker, Managing Member

State of Texas       §
                         §
County of Tarrant County    §

Signed and acknowledged before me on this the 28th day of July, 2016 by Shawn Coker.

_____
Notary Public, State of Texas

State of Texas       §
                         §
County of Tarrant County    §

Signed and acknowledged before me on this the 28th day of July, 2016 by Shawn Coker, President of Neighborhood Partner, Inc.

_____
Notary Public, State of Texas

State of Texas       §
                         §
County of Tarrant County    §

Signed and acknowledged before me on this the 28th day of July, 2016 by Shawn Coker, Managing Member of Blue Moon Realty Group, LLC.

_____
Notary Public, State of Texas

State of Texas       §
                         §
County of Tarrant County    §

Signed and acknowledged before me on this the 28th day of July, 2016 by Shawn Coker, Managing Member of Wizard Funding, LLC.



_____
Notary Public, State of Texas