EXHIBIT ANS104

# EXHIBIT 4

**ORIGINAL**

### NO. 017-287611-16

| | | |
|---|---|---|
| GHRIST LAW FIRM, PLLC, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| J. MICHAEL FERGUSON, P.C., ET AL. | § | 17TH JUDICIAL DISTRICT |

### CHARGE OF THE COURT

**LADIES AND GENTLEMEN OF THE JURY:**

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your cell phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions:

1.    Do not let bias, prejudice, or sympathy play any part in your decision.

2.    Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

1

3.     You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.     If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.     All the questions and answers are important. No one should say that any question or answer is not important.

6.     Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7.     Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.     Do not answer questions by drawing straws or by any method of chance.

9.     Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10.    Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11.    Unless you are told otherwise the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## General Instructions

As to any question to which an objection has been sustained, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence which was rejected or any evidence that was stricken out by the Court. Such matters are to be treated as though you had never known them.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

Deposition testimony is testimony which has been previously taken under oath. You are instructed that such testimony is entitled to be given the same weight you would give it if it were presented by a witness appearing in the courtroom during trial.

## Definitions and Specific Instructions

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"Separation Agreement" refers to the document entitled "Agreement" that was admitted into evidence as Plaintiff's Exhibit No. 2 and Defendant's Exhibit No. 5.

"MBH Portfolio" means those loans identified in Plaintiffs' Exhibit No. 1 (Diffenweirth Loans), Plaintiffs' Exhibit 4 (Order Applying Property to Partial Satisfaction of Judgment) and the following Disputed Collateral Loans, if any, which you find in this Charge as being part of the MBH Portfolio:

| | | |
|---|---|---|
| Garcia | 125 Cottonwood St. | Collateral |
| Smith | 3417 Hatcher St. | Collateral |
| Chavez | 3920 Frazier | Collateral |
| Sepulveda | 515 N. Hansbarger St. | Collateral |

"Disputed Collateral Loans" means the following loans:

| | | |
|---|---|---|
| Garcia | 125 Cottonwood St. | Collateral |
| Smith | 3417 Hatcher St. | Collateral |
| Chavez | 3920 Frazier | Collateral |
| Sepulveda | 515 N. Hansbarger St. | Collateral |

Ghrist Law Firm means Ian Douglas Ghrist, PLLC, Ghrist Law Firm, PLLC, which are one and the same.

You are instructed that payment on a debt is to be made in the form of an unconditional tender of funds to the person owed money. Tender is an unconditional offer by a debtor to pay a sum not less than the full amount due on a debt or obligation.

## QUESTION NO. 1:

Did any of the following parties fail to comply with the terms of the Separation Agreement?

Compliance with an agreement must occur within a reasonable time under the circumstances unless the parties agreed compliance must occur within a specified time and the parties intended compliance within such time to be an essential part of the agreement.

In determining whether the parties intended time of compliance to be an essential part of the agreement, you may consider the nature and purpose of the agreement and the facts and circumstances surrounding its making.

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(1)     The extent to which the injured party will be deprived of the benefit which he reasonably expected; and

(2)     The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived.

Answer "Yes" or "No."

Ian Ghrist/Ghrist Law Firm        _Yes_

J. Michael Ferguson, P.C.          _Yes_

If you answered "Yes" on Question No. 1 as to more than one party, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 2:

Who failed to comply with the agreement first?

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(1)     The extent to which the injured party will be deprived of the benefit which he reasonably expected; and

(2)     The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived.

Answer J. Michael Ferguson, P.C. or Ian Ghrist/Ghrist Law Firm.

Answer: _____ J. Michael Ferguson, P.C. _____

If you answered "Yes" on Question No. 1 as to J. Michael Ferguson, P.C., then answer the following question. Otherwise, do not answer the following question.

QUESTION NO. 3:

Was J. Michael Ferguson, P.C.'s failure to comply excused?

Failure to comply by J. Michael Ferguson, P.C. is excused by Ian Ghrist's/Ghrist Law Firm's previous failure to comply with a material obligation of the same agreement.

Answer "Yes" or "No."

Answer: _____ *NO* _____

If you have answered "Yes" on Question No. 1 as to J. Michael Ferguson, P.C., then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 4:

Failure to comply by J. Michael Ferguson, P.C. with the Separation Agreement is excused if the following circumstances occurred:

1. Ian Ghrist/Ghrist Law Firm

    a. by words or conduct made a false representation or concealed material facts, and

    b. with knowledge of the facts or with knowledge or information that would lead a reasonable person to discovery the facts, and

    c. with the intention that Ian Ghrist would rely on the false representation or concealment in acting or deciding not to act, and

2. J. Michael Ferguson, P.C.

    a. did not know and had no means of knowing the real facts and

    b. relied to his detriment on the false representation or concealment of material facts.

Answer "Yes" or "No."

Answer: _____ *NO* _____

8

If you answered "Yes" on Question No. 1 as to J. Michael Ferguson, P.C., then

answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 5:

What sum of money, if any, if paid now in cash, would fairly and reasonably

compensate Ian Ghrist/Ghrist Law Firm for their damages, if any, that resulted from

such failure to comply with the Separation Agreement?

Consider the following elements of damages, if any, and none other.

a.  Loss of the benefit of the bargain.

> Loss of the benefit of the bargain means the difference, if any,
> between the value of the agreement that was bargained for
> and the value of what was received, if anything.

b.  Damages after mitigation.

> Damages after mitigation means the difference in the amount
> that Ian Ghrist/Ghrist Law Firm would have earned had J.
> Michael  Ferguson,  P.C.  not  breached  the  Separation
> Agreement.

Consider the elements of damages, if any, and none other. In answering

questions about damages, answer each question separately. Do not increase or

reduce the amount in one answer because of your answer to any other question

about damages. Do not speculate about what any party's ultimate recovery may or

may not be. Any recovery will be determined by the court when it applies the law to

your answers at the time of judgment. Do not add any amount for interest on

damages, if any.

Answer in dollars and cents, if any.

a.      Loss of the benefit of the bargain sustained in the past.

Answer: __$ 104,700.83__

b. Loss of the benefit of the bargain that, in the reasonable probability, will be sustained in the future.

Answer: _$ 131,636.72_

c. Damages after mitigation sustained in the past.

Answer: _$ 119,000.00_

If you answered "Yes" on Question No. 1 as to Ian Ghrist/Ghrist Law Firm, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 6:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate J. Michael Ferguson, P.C. for its damages, if any, that resulted from such failure to comply with the Separation Agreement?

Consider the following elements of damages, if any, and none other.

a. Loss of the benefit of the bargain.

> Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

b. Damages after mitigation.

> Damages after mitigation means the difference in the amount that J. Michael Ferguson, P.C. would have earned had Ian Ghrist/Ghrist Law Firm not breached the Separation Agreement.

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

a.     Loss of the benefit of the bargain sustained in the past.

Answer: ___$1,821.42___

11

b.      Damages after mitigation sustained in the past.

Answer: _____

## QUESTION NO. 7:

Do you find that the parties intended to include the Disputed Collateral Loans in the Separation Agreement?

Answer "Yes" or "No."

Answer: ___Yes___

## QUESTION NO. 8:

Did a relationship of trust and confidence exist between Ian Ghrist/Ghrist Law Firm and J. Michael Ferguson, P.C., J. Michael Ferguson, or Anson Financial, Inc.?

A relationship of trust and confidence existed if Ian Ghrist/Ghrist Law Firm justifiably placed trust and confidence in J. Michael Ferguson, P.C., Michael Ferguson, or Anson Financial, Inc. to act in Ian Ghrist's/Ghrist Law Firm's best interest. Ian Ghrist's/Ghrist Law Firm's subjective trust and feelings alone do not justify transforming arm's-length dealings into a relationship of trust and confidence.

Answer "Yes" or "No."

J. Michael Ferguson, P.C.        _Yes_

J. Michael Ferguson             _Yes_

Anson Financial, Inc.           _Yes_

## QUESTION NO. 9:

Did Ian Ghrist/Ghrist Law Firm enter into a Joint Venture or Joint Ventures with J. Michael Ferguson, P.C. or J. Michael Ferguson?

A joint venture is contractual and must be based upon an agreement, either expressed or implied. A joint venture must be based on an agreement that has all the following elements:

1. A community of interest in the venture;
2. An agreement to share profits,
3. An express agreement to share losses, and
4. A mutual right of control or management of the venture.

Answer "Yes" or "No" on behalf of Ian Ghrist/Ghrist Law Firm:

J. Michael Ferguson, P.C.          Yes

J. Michael Ferguson          Yes

If you answered "Yes" in response to Question Nos. 8, or 9 as to J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc., then answer the following question as to that Defendant. Otherwise, do not answer the following question.

**QUESTION NO. 10:**

Did J. Michael Ferguson, P.C., J. Michael Ferguson, or Anson Financial, Inc. comply with their fiduciary duties to Ian Ghrist/Ghrist Law Firm?

Because you found that there was a relationship of trust and confidence and/or a Joint Venture relationship between J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. and Ian Ghrist/Ghrist Law Firm, J. Michael Ferguson, P.C., J. Michael Ferguson, or Anson Financial, Inc. owed a fiduciary duty to Ian Ghrist/Ghrist Law Firm. To prove compliance with such duty, J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. must show –

1. The transactions in question were fair and equitable to Ian Ghrist/Ghrist Law Firm; and

2. J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. acted in the utmost good faith and exercised the most scrupulous honesty toward Ian Ghrist/Ghrist Law Firm; and

3. J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. placed the interests of Ian Ghrist/Ghrist Law Firm before his own and did not use the advantage of his position to gain any benefit for himself at the expense of Ian Ghrist/Ghrist Law Firm; and

4. J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. fully and fairly disclosed all important information to Ian Ghrist/Ghrist Law Firm concerning the transactions.

Answer as to each Defendant:

"This Defendant failed to comply with the fiduciary duty"

or

"This Defendant complied with the fiduciary duty."

J. Michael Ferguson, P.C.

Answer: _This defendant failed to comply with the fiduciary duty._

J. Michael Ferguson

Answer: _This defendant failed to comply with the fiduciary duty._

Anson Financial, Inc.

Answer: _This defendant failed to comply with the fiduciary duty._

If you answered "This Defendant failed to comply with the fiduciary duty" as to any of the Defendants listed in answer to Question No. 10, then answer the following as to only the Defendants you found failed to comply. Otherwise, do not answer the following question.

**QUESTION NO. 11:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ian Ghrist/Ghrist Law Firm, for damages, if any, that were proximately caused by J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc.'s conduct?

Consider the following element of damages, if any, and none other.

Loss of the benefit of the bargain.

Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

Damages attributable to loss of the benefit of the bargain sustained in the past:

J. Michael Ferguson, P.C.     $ _104,700. 83_

J. Michael Ferguson        $ _104,700.83_

Anson Financial, Inc.       $ _104,700.83_

Damages attributable to the loss of the benefit of the bargain that, in reasonable probability, will be sustained in the future:

J. Michael Ferguson, P.C.   $ _131,636.72_

J. Michael Ferguson        $ _131,636.72_

Anson Financial, Inc.       $ _131,636.72_

## QUESTION NO. 12:

What amount of fees, if any, did J. Michael Ferguson, P.C. or Anson Financial, Inc. charge, if any, to the MBH Portfolio?

Answer in dollars and cents, if any.

J. Michael Ferguson P.C.        $ 56,462.12

Anson Financial, Inc.        $ 56,462.12

## QUESTION NO. 13:

What amount of fees, if any, found in response to Question No. 12 should be disgorged to Ian Ghrist/Ghrist Law Firm?

Disgorgement means the act of giving up something (such as profits illegally obtained) on demand or by legal compulsion.

Answer in dollars and cents, if any.

J. Michael Ferguson P.C.     $ _7,528.09_

Anson Financial, Inc.     $ _7,528.09_

**QUESTION NO. 14:**

Did any of the persons listed below commit conversion against Ian

Ghrist/Ghrist Law Firm?

> Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights."

To establish a claim for conversion, Ian Ghrist/Ghrist Law Firm must prove that:

1. Ian Ghrist/Ghrist Law Firm owned or had possession of the property or entitlement to possession;

2. J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner;

3. Ian Ghrist/Ghrist Law Firm demanded return of the property; and

4. J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC refused to return the property.

> Wrongful intent is not an element of necessary proof.

> Ian Ghrist/Ghrist Law Firm also must establish he was injured by the conversion.

Answer "Yes" or "No" for each of the following:

J. Michael Ferguson, P.C. _____Yes_____

J. Michael Ferguson _____Yes_____

Anson Financial, Inc. _____Yes_____

MBH Real Estate LLC _____Yes_____

If you answered "Yes" as to any Defendant(s) on Question No. 14, then answer the following question as to only those Defendant(s) for whom you have answered "Yes." Otherwise, do not answer the following question.

**QUESTION NO. 15:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ian Ghrist/Ghrist Law Firm for damages, if any, that resulted from the conversion, if any, of his property?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

| | |
|---|---|
| J. Michael Ferguson, P.C. | 234,516.13 |
| J. Michael Ferguson | 234,516.13 |
| Anson Financial, Inc. | 234,516.13 |
| MBH Real Estate LLC | 234,516.13 |

## QUESTION NO. 16:

Did J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc.

commit fraud against Ian Ghrist/Ghrist Law Firm?

Fraud can occur through either (1) misrepresentation or (2) failure to disclose.

Fraud by misrepresentation occurs when—

- a. a party makes a material misrepresentation, and
- b. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and
- c. the misrepresentation is made with the intention that it should be acted on by the other party, and
- d. the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means –

- a. a false statement of fact, or
- b. A promise of future performance made with an intent, at the time the promise was made, not to perform as promised, or
- c. a statement of opinion based on a false statement of fact, or
- d. a statement of opinion that the maker knows to be false, or
- e. a expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion. Special knowledge means knowledge or information superior to that possessed by the other party to which the other party did not have equal access.

Fraud by failure to disclose occurs when—

- a. a party fails to disclose a material fact within the knowledge of that party, and
- b. the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and
- c. the party intends to induce the other party to take some action by failing to disclose the fact, and
- d. the other party suffers an injury as a result of acting without knowledge of the undisclosed fact.

A fact is material if a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction(s) in question.

Answer "Yes" or "No" as to each of the following:

J. Michael Ferguson, P.C.      _Yes_

J. Michael Ferguson      _Yes_

Anson Financial, Inc.      _Yes_

## QUESTION NO. 17:

Did J. Michael Ferguson, P.C., or J. Michael Ferguson make a negligent misrepresentation on which Ian Ghrist/Ghrist Law Firm justifiably relied?

Negligent misrepresentation occurs when—

a.   a party makes a representation in the course of his business or in a transaction in which he has a pecuniary interest, and

b.   the representation supplies false information for the guidance of others in their business, and

c.   the party making the representation did not exercise reasonable care or competence in obtaining or communicating the information.

Answer "Yes" or "No" as to each of the following:

J. Michael Ferguson, P.C.           _Yes_

J. Michael Ferguson                 _Yes_

If you answered "Yes" as to any Defendant(s) on Question No. 16 or Question No. 17, then answer the following question as to only those Defendant(s) for whom you have answered "Yes." Otherwise, do not answer the following question.

## QUESTION NO. 18:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ian Ghrist/Ghrist Law Firm for damages, if any, that were proximately caused by such fraud or negligent misrepresentation?

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

a. The economic loss, if any, otherwise suffered in the past as a consequence of Ian Ghrist/Ghrist Law Firm reliance on the misrepresentation.

Answer: $ _104,700.83_

b. The economic loss, if any, that in reasonable probability will be sustained in the future as a consequence of Ian Ghrist/Ghrist Law Firm reliance on the misrepresentation.

Answer: $ _131,636.72_

## QUESTION NO. 19:

Did Ian Ghrist/Ghrist Law Firm perform compensable work for J. Michael

Ferguson, P.C. or J. Michael Ferguson for which he was not compensated?

Ian Ghrist/Ghrist Law Firm performed compensable work if he rendered valuable services or furnished valuable materials to J. Michael Ferguson, P.C. or J. Michael Ferguson. J. Michael Ferguson, P.C. or J. Michael Ferguson accepted, used, and benefited from the services or materials; and, under the circumstances, J. Michael Ferguson, P.C. or J. Michael Ferguson was reasonably notified that Ian Ghrist/Ghrist Law Firm expected to be compensated for the services or materials.

Answer "Yes" or "No" as to each of the following:

J. Michael Ferguson, P.C.

Answer: _____Yes_____

J. Michael Ferguson

Answer: _____Yes_____

If you answered "Yes" as to any Defendant(s) in Question No. 19, then answer the following question as to only those Defendant(s) for whom you have answered "Yes." Otherwise, do not answer the following question.

## QUESTION NO. 20:

What is the reasonable value of Ian Ghrist/Ghrist Law Firm's compensable work at the time and place it was performed?

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

J. Michael Ferguson, P.C.

Answer: $ _234,516.13_

J. Michael Ferguson

Answer: $ _234,516.13_

If you have answered "Yes" on Question No. 1 as to Ian Ghrist/Ghrist Law Firm, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 21:

What is a reasonable fee for the necessary services performed by Ian Ghrist/Ghrist Law Firm, attorney in this case pursuing claims for breach of the Separation Agreement against J. Michael Ferguson, P.C.?

You may consider the following factors in determining the reasonableness of an attorney fee award:

a. the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to properly perform the legal services;

b. the likelihood that prosecuting this suit will preclude other employment by the attorney;

c. the fee customarily charged for similar legal services in the locality;

d. the amount involved and results obtained;

e. the experience, reputation, and ability of the lawyer performing the services.

Answer with an amount in dollars and cents for each of the following:

a. For preparation and trial.

Answer: _119,000.00_

b. For an appeal to the Court of Appeals.

Answer: _70,000.00_

c. For application for Writ of Error to the Texas Supreme Court.

Answer: _30,000.00_

d. For briefing on the merits to the Texas Supreme Court

Answer: _30,000.00_

Answer Question No. 22 only if you unanimously answered as to any Defendant "This Defendant failed to comply with the fiduciary duty" to Question No. 10, or you unanimously answered "Yes" to Question No. 14, or you unanimously answered "Yes" to Question No. 16, or you unanimously answered "Yes" to Question No. 17. Otherwise, do not answer Question No. 22. To answer "Yes" to Question No. 22, your answer must be unanimous. You may answer "No" to Question No. 22 only upon a vote of 10 or more jurors. Otherwise, you must not answer Question No. 22.

### QUESTION NO. 22:

Do you find by clear and convincing evidence that the harm to Ian Ghrist/Ghrist Law Firm resulted from malice, gross negligence, or any fraud committed by J. Michael Ferguson, P.C., or J. Michael Ferguson found by you?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth or the allegations sought to be established.

"Malice" means –

1. a specific intent by J. Michael Ferguson, P.C. or J. Michael Ferguson, to cause substantial injury or harm to the Ian Ghrist/Ghrist Law Firm; or

2. An act or omission by J. Michael Ferguson, P.C. or J. Michael Ferguson to cause substantial injury to Ian Ghrist/Ghrist Law Firm.

   a. which when viewed objectively from the standpoint of J. Michael Ferguson, P.C., or J. Michael Ferguson at the time of

31

> its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> b. of which J. Michael Ferguson, P.C., or J. Michael Ferguson, has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

"Gross negligence" means an act or omission by J. Michael Ferguson, P.C., or J. Michael Ferguson.

1. which when viewed objectively from the standpoint of J. Michael Ferguson, P.C. or J. Michael Ferguson at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. of which J. Michael Ferguson, P.C. or J. Michael Ferguson has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No" as to each of the following:

Michael Ferguson, P.C.

Answer: _____ Yes _____

J. Michael Ferguson

Answer: _____ Yes _____

Answer Question No. 23 only if you unanimously answered "Yes" in Question No. 22 as to any Defendant(s), then answer the following question as to only those Defendants(s) for whom you have answered "Yes." Otherwise, do not answer the following question.

**QUESTION NO. 23:**

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against J. Michael Ferguson, P.C. or J. Michael Ferguson and awarded jointly to Ian Ghrist/Ghrist Law Firm as exemplary damages, if any, for the conduct found in response to Question No. 22.

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1. The nature of the wrong.

2. The character of the conduct involved.

3. The degree of culpability of J. Michael Ferguson, P.C. or J. Michael Ferguson.

4. The situation and sensibilities of the parties concerned.

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of J. Michael Ferguson, P.C. or J. Michael Ferguson.

Answer in dollars and cents, if any.

J. Michael Ferguson, P.C.        $_____0_____

J. Michael Ferguson              $_____0_____

## QUESTION NO. 24:

Did Ian Ghrist/Ghrist Law Firm fail to comply with the terms of the Fee Sharing Agreement?

Compliance with an agreement must occur within a reasonable time under the circumstances unless the parties agreed compliance must occur within a specified time and the parties intended compliance within such time to be an essential part of the agreement.

In determining whether the parties intended time of compliance to be an essential part of the agreement, you may consider the nature and purpose of the agreement and the facts and circumstances surrounding its making.

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(3)     The extent to which the injured party will be deprived of the benefit which he reasonably expected; and

(4)     The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived.

Answer "Yes" or "No."

Answer: ___No___

If you answered "Yes" to Question No. 24, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 25:

Was Ian Ghrist's/Ghrist Law Firm's failure to comply excused?

Failure to comply by Ian Ghrist/Ghrist Law Firm is excused by J. Michael Ferguson P.C.'s previous failure to comply with a material obligation of the same agreement.

Failure to comply by Ian Ghrist/Ghrist Law Firm is excused if compliance is waived by J. Michael Ferguson, P.C.

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 24, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 26:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate J. Michael Ferguson, P.C. for its damages, if any, that resulted from such failure to comply with the Fee Sharing Agreement?

Consider the following element of damages, if any, and none other.

Loss of the benefit of the bargain.

Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

a.   Loss of the benefit of the bargain sustained in the past.

Answer: _____

b.   Loss of the benefit of the bargain that, in the reasonable probability, will be sustained in the future.

Answer: _____

## QUESTION NO. 27:

Did Ian Ghrist fail to comply with the March 9, 2017 Rule 11 Agreement that was admitted into evidence as Plaintiff's Exhibit No. 28 and Defendant's Exhibit No. 82?

Compliance with an agreement must occur within a reasonable time under the circumstances unless the parties agreed that compliance must occur within a specified time and the parties intended compliance within such time to be an essential part of the agreement.

In determining whether the parties intended time of compliance to be an essential part of the agreement, you may consider the nature and purpose of the agreement and the facts and circumstances surrounding its making.

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(1)     The extent to which the injured party will be deprived of the benefit which he reasonably expected; and

(2)     The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived.

Answer "Yes" or "No."

Answer: ___*Yes*___

If you answered "Yes" on Question No. 27, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 28:

Was Ian Ghrist/Ghrist Law Firm's failure to comply with the March 9, 2017 Rule 11 Agreement excused?

Failure to comply by Ian Ghrist/Ghrist Law Firm is excused by J. Michael Ferguson, P.C.'s previous failure to comply with a material obligation of the same agreement.

Failure to comply by Ian Ghrist/Ghrist Law Firm is excused if compliance is waived by J. Michael Ferguson, P.C.

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Answer "Yes" or "No."

Answer: ___No___

If you answered "Yes" on Question No. 27, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 29:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate J. Michael Ferguson, P.C. for its damages, if any, that resulted from such failure to comply?

Consider the following element of damages, if any, and none other.

Loss of the benefit of the bargain sustained in the past.

Loss of the benefit of the bargain means the difference, if any, between the value agreed to by the parties for Ian Ghrist's' performance under the March 9, 2017 Rule 11 Agreement and the value of the performance actually provided by Ian Ghrist. The difference in value, if any, shall be determined at the time and place the he eventually performed.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Loss of the benefit of the bargain sustained in the past.

Answer: _____0_____

## QUESTION NO. 30:

Did a relationship of trust and confidence exist between J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. or MBH Real Estate LLC and Ian Ghrist/Ghrist Law Firm?

A relationship of trust and confidence existed if J. Michael Ferguson, P.C., or, J. Michael Ferguson, or Anson Financial, Inc., or MBH Real Estate LLC justifiably placed trust and confidence in Ian Ghrist/Ghrist Law Firm to act in J. Michael Ferguson, P.C., or, J. Michael Ferguson or Anson Financial, Inc., or MBH Real Estate LLC's the best interest. J. Michael Ferguson, P.C.'s, or J. Michael Ferguson's, or Anson Financial, Inc.'s, or MBH Real Estate LLC's subjective trust and feelings alone do not justify transforming arm's-length dealings into a relationship of trust and confidence.

Answer "Yes" or "No." as to each regarding Ian Ghrist/Ghrist Law Firm:

J. Michael Ferguson, P.C. _____Yes_____

J. Michael Ferguson _____Yes_____

Anson Financial, Inc. _____Yes_____

MBH Real Estate, LLC _____Yes_____

If you answered "Yes" as to Ian Ghrist/Ghrist Law Firm, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 31:**

Did Ian Ghrist/Ghrist Law Firm comply with their fiduciary duties to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC?

Because you found that there was a relationship of trust and confidence between Ian Ghrist/Ghrist Law Firm and J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC, then Ian Ghrist/Ghrist Law Firm owed a fiduciary duty to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC.

To prove compliance with such duty, must show-

1. The transactions in question were fair and equitable to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC.

2. Ian Ghrist/Ghrist Law Firm acted in the utmost good faith and exercised the most scrupulous honesty toward J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC.

3. Ian Ghrist/Ghrist Law Firm placed the interest of J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC before its own and did not use the advantage of its position to gain any benefit for itself at the expense of J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC.

41

4. Ian Ghrist/Ghrist Law Firm fully and fairly disclosed all important information to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC concerning the transactions.

Answer as to Ian Ghrist/Ghrist Law Firm:

"Ian Ghrist/Ghrist Law Firm failed to comply with the fiduciary duty"

or

"Ian Ghrist/Ghrist Law Firm complied with the fiduciary duty."

J. Michael Ferguson, P.C.

Answer: _Ian Ghrist/Ghrist Law Firm complied with the fiduciary duty._

J. Michael Ferguson

Answer: _Ian Ghrist/Ghrist Law Firm complied with the fiduciary duty._

Anson Financial, Inc.

Answer: _Ian Ghrist/Ghrist Law Firm failed to comply with the fiduciary duty._

MBH Real Estate, LLC

Answer: _Ian Ghrist/Ghrist Law Firm complied with the fiduciary duty_

If you answered "Ian Ghrist/ Ghrist Law Firm failed to comply with the fiduciary duty" in answer to Question No. 31, then answer the following question. Otherwise, do not answer the following question.

### QUESTION NO. 32:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate, LLC for each of their damages, if any, that were proximately caused by Ian Ghrist/Ghrist Law Firm's conduct?

Consider the following element of damages, if any, and none other.

Loss of the benefit of the bargain.

Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Damages attributable to loss of the benefit of the bargain sustained in the past:

43

J. Michael Ferguson, P.C.     $_____∅_____

Michael Ferguson             $_____∅_____

Anson Financial, Inc.        $_____∅_____

MBH Real Estate, LLC         $_____∅_____

If you answered "Ian Ghrist/Ghrist Law Firm failed to comply with the fiduciary duty," in Question No. 31, then answer the following question. Otherwise, do not answer the following question.

QUESTION NO. 33:

What amount of fees, if any, did Ian Ghrist/Ghrist Law Firm charge Shawn Coker, if any?

Answer in dollars and cents.

Answer: $_____0_____

## QUESTION NO. 34:

What amount, if any, of the fees found in response to Question No. 33 should be disgorged from Ian Ghrist/Ghrist Law Firm?

Disgorgement means the act of giving up something (such as profits illegally obtained) on demand or by legal compulsion.

Answer in dollars and cents.

Answer: $_____0_____

## QUESTION NO. 35:

Did Ian Ghrist/Ghrist Law Firm commit conversion against MBH Real Estate, LLC?

> Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights."

To establish a claim for conversion, MBH Real Estate, LLC must prove that:

1. MBH Real Estate, LLC owned or had possession of the property or entitlement to possession;

2. Ian Ghrist/Ghrist Law Firm unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner;

3. MBH Real Estate, LLC demanded return of the property; and

4. Ian Ghrist/Ghrist Law Firm refused to return the property.

Wrongful intent is not an element of necessary proof.

MBH Real Estate, LLC also must establish it was injured by the conversion.

Answer "Yes" or "No."

Answer: ___No___

If you answered "Yes" in Question No. 35 as to Ian Ghrist/Ghrist Law Firm, then answer the following question. Otherwise, do not answer the following question.

### QUESTION NO. 36:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MBH Real Estate, LLC for damages, if any, that resulted from the conversion, if any, of its property?

Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Answer: _____

## QUESTION NO. 37:

Did Ian Ghrist/Ghrist Law Firm commit barratry against MBH Real Estate?

    (a)    A person commits an offense if, with intent to obtain an economic benefit the person:

        (1)    knowingly institutes a suit or claim that the person has not been authorized to pursue;

        (2)    solicits employment, either in person or by telephone, for himself or for another; or

        (3)    pays, gives, or advances or offers to pay, give, or advance to a prospective client money or anything of value to obtain employment as a professional from the prospective client.

    (b)    A person commits an offense if the person:

        (1)    knowingly finances the commission of an offense under Subsection (a);

        (2)    is a professional who knowingly accepts employment within the scope of the person's license, registration, or certification that results from the solicitation of employment in violation of Subsection (a).

    (c)    A person commits an offense if the person:

        (1)    is an attorney, chiropractor, physician, surgeon, or private investigator licensed to practice in this state or any person licensed, certified, or registered by a health care regulatory agency of this state; and

        (2)    with the intent to obtain professional employment for the person or for another, provides or knowingly permits to be provided to an individual who has not sought the person's employment, legal representation, advice, or care a written communication or a solicitation, including a solicitation in person or by telephone, that contains a false, fraudulent, misleading, deceptive, or unfair statement or claim.

Answer "Yes" or "No."

Answer: _____ No _____

49

If you answered "Yes" to Question No. 37, then answer the following question. Otherwise, do not answer the following question.

<u>QUESTION NO. 38:</u>

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MBH Real Estate, LLC for its damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other.

Actual Damages

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Answer: _____

**QUESTION NO. 39:**

Did Ian Ghrist/Ghrist Law Firm commit barratry against Metro Buy Homes, LLC?

(a) A person commits an offense if, with intent to obtain an economic benefit the person:

    (1) knowingly institutes a suit or claim that the person has not been authorized to pursue;

    (2) solicits employment, either in person or by telephone, for himself or for another;

    (3) pays, gives, or advances or offers to pay, give, or advance to a prospective client money or anything of value to obtain employment as a professional from the prospective client;

(b) A person commits an offense if the person:

    (1) knowingly finances the commission of an offense under Subsection (a);

    (2) invests funds the person knows or believes are intended to further the commission of an offense under Subsection (a); or

    (3) is a professional who knowingly accepts employment within the scope of the person's license, registration, or certification that results from the solicitation of employment in violation of Subsection (a).

(c) A person commits an offense if the person:

    (1) is an attorney, chiropractor, physician, surgeon, or private investigator licensed to practice in this state or any person licensed, certified, or registered by a health care regulatory agency of this state; and

    (2) with the intent to obtain professional employment for the person or for another, provides or knowingly permits to be provided to an individual who has not sought the person's employment, legal representation, advice, or care a written communication or a solicitation, including a solicitation in person or by telephone, that contains a false, fraudulent, misleading, deceptive, or unfair statement or claim.

Answer "Yes" or "No."

Answer: _____No_____

If you answered "Yes" to Question No. 39, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 40:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MBH Real Estate, LLC as the owner of Metro Buys Homes, LLC's claim for its damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other.

Actual Damages

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Answer: _____

If you answered "Yes" in Question No. 1 as to J. Michael Ferguson, P.C., or you answered "Yes" in Question No. 24 as to J. Michael Ferguson, P.C., then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 41:

What is a reasonable fee for the necessary services performed by J. Michael Ferguson, P.C.'s, attorney in this case pursuing claims for breach of contract against Ian Ghrist/Ghrist Law Firm?

You may consider the following factors in determining the reasonableness of an attorney fee award:

    a. the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to properly perform the legal services;

    b. the likelihood that prosecuting this suit will preclude other employment by the attorney;

    c. the fee customarily charged for similar legal services in the locality;

    d. the amount involved and results obtained;

    e. the experience, reputation, and ability of the lawyer performing the services.

Answer with an amount in dollars and cents for each of the following:

    a.    For preparation and trial.
        Answer: _119,000.00_

    b.    For an appeal to the Court of Appeals.
        Answer: _40,000.00_

    c.    For application for Writ of Error to the Texas Supreme Court.
        Answer: _30,000.00_

    d.    For briefing on the merits to the Texas Supreme Court.
        Answer: _30,000.00_

If you answered "Yes" in Question No. 27, 37 or 39 as to MBH Real Estate, LLC, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 42:

What is a reasonable fee for the necessary services performed by J. Michael Ferguson, P.C.'s attorney in this case pursuing claims for breach of contract against Ian Ghrist/Ghrist Law Firm?

You may consider the following factors in determining the reasonableness of an attorney fee award:

a. the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to properly perform the legal services;

b. the likelihood that prosecuting this suit will preclude other employment by the attorney;

c. the fee customarily charged for similar legal services in the locality;

d. the amount involved and results obtained;

e. the experience, reputation, and ability of the lawyer performing the services.

Answer with an amount in dollars and cents for each of the following:

a. For preparation and trial.
   Answer: _119,000.00_

b. For an appeal to the Court of Appeals.
   Answer: _70,000.00_

c. For application for Writ of Error to the Texas Supreme Court.
   Answer: _30,000.00_

d. For briefing on the merits to the Texas Supreme Court.
   Answer: _30,000.00_

Answer Question No. 43 only if you unanimously answered "Yes" to Question No. 35, or if you unanimously answered "Ian Ghrist/Ghrist Law Firm failed to comply with the fiduciary duty" in Question No. 31. Otherwise, do not answer the following question.

### QUESTION NO. 43:

Do you find by clear and convincing evidence that the harm to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc. or MBH Real Estate, LLC, resulted from malice or gross negligence by Ian Ghrist/Ghrist Law Firm found by you?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth or the allegations sought to be established.

"Malice" means –

1. a specific intent by Ian Ghrist/Ghrist Law Firm, to cause substantial injury or harm to the J. Michael Ferguson, P.C. or J. Michael Ferguson; or

2. An act or omission by Ian Ghrist/Ghrist Law Firm to cause substantial injury to J. Michael Ferguson, P.C. or J. Michael Ferguson.

   a.    which when viewed objectively from the standpoint of Ian Ghrist/Ghrist Law Firm at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

   b.    of which Ian Ghrist/Ghrist Law Firm, has actual, subjective awareness of the risk involved, but nevertheless

proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____ No _____

Answer Question No. 44 only if you unanimously answered "Yes" in Question No. 43 as to Ian Ghrist/Ghrist Law Firm. Otherwise, do not answer the following question.

**QUESTION NO. 44:**

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assess against Ian Ghrist/Ghrist Law Firm and awarded jointly to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate, LLC as exemplary damages, if any, for the conduct found in response to Question No. 43.

"Exemplary damages" means an amount that you may in your discretion award as a penalty of by way of punishment.

Factors to consider in awarding exemplary damages, if any, are –

1. The nature of the wrong.

2. The character of the conduct involved.

3. The degree of culpability of Ian Ghrist/Ghrist Law Firm.

4. The situation and sensibilities of the parties concerned.

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of Ian Ghrist/Ghrist Law Firm.

Answer in dollars and cents, if any.

J. Michael Ferguson, P.C.    $_____

J. Michael Ferguson          $_____

Anson Financial, Inc.    $_____

MBH Real Estate, LLC    $_____

## QUESTION NO. 45:

Prior to the Separation Agreement, did J. Michael Ferguson and Ian Ghrist/Ghrist Law Firm agree that Ian Ghrist/Ghrist Law Firm had a 13.33% ownership interest in the MBH Portfolio?

Answer "Yes" or "No."

Answer: _____Yes_____

## QUESTION NO. 46:

In the Separation Agreement, did J. Michael Ferguson, P.C. and Ian Ghrist/Ghrist Law Firm agree that Ian Ghrist/Ghrist Law Firm had a 13.33% ownership interest in the MBH Real Estate, LLC and property recovered from Cause Nos. 236-269254-13 and 236-248435-10?

Answer "Yes" or "No."

Answer: _____Yes_____

**Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

    a. have the complete charge read aloud if it will be helpful to your deliberations;

    b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

    c. give written questions or comments to the bailiff who will give them to the judge;

    d. write down the answers you agree on;

    e. get the signatures for the verdict certificate; and

    f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1. Unless you are told otherwise you may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2. If 10 jurors agree on every answer, those 10 jurors sign the verdict.

If 11 jurors agree on every answer, those 11 jurors sign the verdict.

If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.

4. There are some special instructions before Question Nos. 23 and 44 explaining how to answer those questions. Please follow the instructions. If all 12 of you answer those questions, you will need to complete a second verdict certificate for those questions.

Do you understand these instructions? If you do not, please tell me now.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as Presiding Juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

MELODY WILKINSON
JUDGE PRESIDING

## Verdict Certificate

Check one:

_____ Our verdict is unanimous. All 12 of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.

_____
Printed Name of Presiding Juror

_____
Signature of Presiding Juror

_____ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

__X__ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

| 1. NAME ALLENDER | 7. NAME WALSH |
|---|---|
| SIGNATURE *Belinda Allender* | SIGNATURE *M. Walsh* |
| 2. NAME MARSHALL | 8. NAME DEETZ |
| SIGNATURE *Jerri Marshall* | SIGNATURE *Robin Deetz* |
| 3. NAME BALEY | 9. NAME SILVI |
| SIGNATURE *My Baley* | SIGNATURE *Maggie Silvi* |
| 4. NAME CROSS | 10. NAME GARDNER |
| SIGNATURE | SIGNATURE |
| 5. NAME KITCHENS | 11. NAME ULERY |
| SIGNATURE | SIGNATURE |
| 6. NAME PARRA | 12. NAME GARLISH |
| SIGNATURE *Parra* | SIGNATURE |

If you have answered Question No. 23, then you must sign this certificate also.

**Additional Certificate**

I certify that the jury was unanimous in answering the following questions. All 12 of us agreed to each of the answers. The presiding juror has signed the certificate for all 12 of us.

**QUESTION NO. 10:**

Did J. Michael Ferguson, P.C., J. Michael Ferguson, or Anson Financial, Inc. comply with their fiduciary duties to Ian Ghrist/Ghrist Law Firm?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C.      _Yes_

J. Michael Ferguson          _Yes_

Anson Financial, Inc.        _Yes_

**QUESTION NO. 14:**

Did any of the persons listed below commit conversion against Ian Ghrist/Ghrist Law Firm?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C.      _Yes_

J. Michael Ferguson          _Yes_

Anson Financial, Inc.        _Yes_

MBH Real Estate LLC          _Yes_

## QUESTION NO. 16:

Did J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. commit fraud against Ian Ghrist/Ghrist Law Firm?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C. _____Yes_____

J. Michael Ferguson _____Yes_____

Anson Financial, Inc. _____Yes_____

## QUESTION NO. 17:

Did J. Michael Ferguson, P.C., or J. Michael Ferguson make a negligent misrepresentation on which Ian Ghrist/Ghrist Law Firm justifiably relied?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C. _____Yes_____

J. Michael Ferguson _____Yes_____

_____Belinda Allender_____
Printed Name of Presiding Juror

_____Belinda Allender_____
Signature of Presiding Juror

65

If you have answered Question No. 44, then you must sign this certificate also.

### Additional Certificate

I certify that the jury was unanimous in answering the following questions. All 12 of us agreed to each of the answers. The presiding juror has signed the certificate for all 12 of us.

### QUESTION NO. 31:

Did Ian Ghrist/Ghrist Law Firm comply with their fiduciary duties to J. Michael

Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C.         _____

J. Michael Ferguson                   _____

Anson Financial, Inc.                  _____

MBH Real Estate LLC               _____

### QUESTION NO. 35:

Did Ian Ghrist/Ghrist Law Firm commit conversion against MBH Real Estate,

LLC?

Answer "Yes" or "No" as to unanimity.

Answer: _____

**QUESTION NO. 43:**

Do you find by clear and convincing evidence that the harm to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc. or MBH Real Estate, LLC, resulted from malice or gross negligence by Ian Ghrist/Ghrist Law Firm found by you? Answer "Yes" or "No" as to unanimity.

Answer: _____

 

 

_____
Printed Name of Presiding Juror

 

_____
Signature of Presiding Juror

**Daletia S. Price**

| | |
|---|---|
| **From:** | Daletia S. Price |
| **Sent:** | Monday, April 23, 2018 10:00 AM |
| **To:** | 'cmoore@thedfwlawfirm.com'; 'info@thedfwlawfirm.com'; 'ian@ghristlaw.com'; 'nate@jmichaelferguson.com' |
| **Subject:** | 017-287611-16 |
| **Attachments:** | 01728761116000298.tif |

*Signed Charge of the Court*

**DaLetia S.Price**
**17ᵗʰ District Court Lead Clerk**
**100 N. Calhoun Street**
**Fort Worth, Tx 76196**
**817-884-1567**
**dsprice@tarrantcounty.com**



1