141-295012-17

**Exhibit ANS123**

FILED
TARRANT COUNTY
3/13/2019 11:05 AM
THOMAS A. WILDER
DISTRICT CLERK

### Cause No. 141-295012-17

| | | |
|---|---|---|
| MBH REAL ESTATE LLC, | § | IN THE DISTRICT COURT |
| AFI LOAN SERVICING, LLC, | § | |
| ANSON FINANCIAL, INC., | § | |
| J. MICHAEL FERGUSON, P.C. | § | |
|    Plaintiffs | § | |
| | § | |
| V. | § | 141st JUDICIAL DISTRICT |
| | § | |
| IAN GHRIST, GHRIST LAW FIRM, PLLC, | § | |
| SHAWN COKER, NEIGHBORHOOD PARTNER, | § | |
| INC., BLUE MOON REALTY GROUP, LLC, | § | |
| WIZARD FUNDING, LLC, SILVER STAR TITLE | § | |
| , LLC DBA SENDERA TITLE, ELIZABETH | § | |
| ESPINO, KATHY E. MONTES, AND LUCY | § | |
| OLIVAS | § | |
|    Defendants | § | TARRANT COUNTY, TEXAS |

### RESPONSE TO PLAINTIFFS' NO EVIDENCE MOTION FOR PARTIAL SUMMARY JUDGMENT AND TRADITIONAL MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

     COMES NOW, Ian Ghrist and Ghrist Law Firm PLLC and file this response and in support thereof would show as follows:

### Exhibits

     These exhibits are attached or otherwise provided and incorporated by reference as if fully set forth herein.

     Additionally ,the exhibits to the Motion for Traditional Summary Judgment on *Res Judicata* and Collateral Estoppel and Motion to Dismiss Claims Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (The Texas Citizens Participation Act (TCPA)) filed 1/16/2019 are also incorporated herein by reference.

Exhibit A:    Charge of the Court and Judgment

Exhibit B:        Separation Agreement

Exhibit C:        Emails and Attachments Showing Ownership Agreement

Exhibit D:        Affidavit of Ian Ghrist

## II.    FACTS

2.1      The statement of facts and exhibits from the Motion for Traditional Summary

Judgment on *Res Judicata* and Collateral Estoppel and Motion to Dismiss Claims Pursuant to

Chapter 27 of the Texas Civil Practice and Remedies Code (The Texas Citizens Participation Act

(TCPA)) filed 1/16/2019 are referenced here as if fully set forth herein.

2.2      In the related suit in the 17th District Court, the jury found, in Questions 45, of the

Charge of the Court[1] that J. Michael Ferguson agreed that Ian Ghrist/Ghrist Law Firm had a

13.33% ownership interest in the MBH Portfolio as defined by the Charge of the Court prior to

the separation agreement, which was entered in December of 2015. In Question 46, the jury

found that J. Michael Ferguson PC and Ian Ghrist/Ghrist Law Firm agreed that Ian Ghrist/Ghrist

Law Firm had a 13.33% ownership interest in MBH Real Estate LLC and property recovered

from Cause Nos. 236-269254-13 and 236-248435-10.[2]

2.3      These two jury questions from the case in the 17th District Court are dispositive of

the ownership issue. Accordingly, based on those findings from the other lawsuit, the Plaintiffs'

No Evidence Motion for Summary Judgment must be denied in its entirety. The Plaintiffs are

collaterally estopped from relitigating that issue. Further, the Plaintiffs waived any argument that

ownership and membership are somehow different by failing to raise the issue in the 17th District

Court.

---

[1] Ex. A, Charge of the Court, p. 59-60, jury questions 45 and 46.
[2] *Id.*

2.4    J. Michael Ferguson, on behalf of himself and all Plaintiffs in this case, agreed to Ian Ghrist's 13.33% ownership and membership interest in MBH Real Estate LLC and to the underlying assets held by MBH Real Estate LLC.[3] J. Michael Ferguson drafted an email with a report attached showing that Ghrist Law held 13% of "Total Ownership" of MBH Real Estate LLC and the MBH Portfolio (as defined by the Charge of the Court).[4] J. Michael Ferguson drafted the email and the report.[5] The report was part of the corporate books and records of MBH Real Estate LLC and it clearly showed that Ghrist Law Firm PLLC was one of the initial owners, and thus members, of MBH Real Estate LLC.[6]

2.5    J. Michael Ferguson failed to list Ian Ghrist on the Certificate of Formation that he filed with the Secretary of State, but Ian Ghrist was already listed on the reports and all parties already agreed to the ownership stake,[7] which the parties understood to be a membership interest, particularly given the course of dealing.[8] No one signed or agreed to the Certificate of Formation that Ferguson filed unilaterally and without consent or knowledge of Ian Ghrist or Shawn Coker.[9] The certificate of formation has no significant probative value given that it was done without the knowledge or consent of either Ian Ghrist or Shawn Coker.[10] There is no evidence to suggest that Ian Ghrist or Shawn Coker saw or agreed to anything in the unilaterally-filed certificate of formation.

---

[3] Ex. B, p. 1, paragraph 14; Ex. C, p. 14 of 55, Defendant's Exhibit 61 (exhibit in the trial in the 17th District Court).
[4] Ex. C, p. 14 of 55, Defendant's Exhibit 61 (from the trial in the 17th District Court).
[5] Ex. D, Affidavit of Ian Ghrist, paragraph 3, page 2.
[6] Ex. D, Affidavit of Ian Ghrist, paragraph 3, page 2.
[7] Ex. D, Affidavit of Ian Ghrist, paragraph 4, page 2.
[8] Ex. D, Affidavit of Ian Ghrist (the course of dealing and agreement of the parties that Ian Ghrist would be a member and owner), paragraph 8, page 3.
[9] Ex. D, Affidavit of Ian Ghrist, paragraph 13, page 5.
[10] *Id.*

2.6     Additionally, because Ian Ghrist and Ghrist Law Firm were involved in a joint venture with J. Michael Ferguson and J. Michael Ferguson PC, the property acquired by that joint venture, MBH Real Estate LLC and the MBH Portfolio (as defined by the Charge of the Court in the 17th District Court), were property of the joint venture. Accordingly, if J. Michael Ferguson acquired a membership interest, then Ian Ghrist, as a joint venturer, would acquire a membership interest as the membership interest was, itself, a product of the joint venture and was property earned by and acquired through and owned by the joint venture.[11]

2.7     As additional evidence of the intent of the parties that Ian Ghrist be an owner and member of MBH Real Estate LLC, Ghrist was listed as co-beneficiary on the trust agreement that MBH Real Estate LLC replaced and no one discussed removing Ghrist's stake or agreed that Ghrist would be cut out of the new entity.[12]

2.8     J. Michael Ferguson was supposed to draft an operating agreement reflecting Ghrist Law Firm's membership and various other terms, however, he failed to do so, then tried to benefit wrongfully from his unilateral decision to exclude Ghrist Law from the Certificate of Formation for MBH Real Estate LLC when the agreement of the parties and the corporate books and records were plain—Ghrist Law Firm PLLC or Ian Ghrist was at all times intended to be and was, in fact, a 13.33% member and owner of MBH Real Estate LLC and all assets recovered from the David Boles litigation.[13]

---

[11] Ex. D, Affidavit of Ian Ghrist, paragraph 9, page 4.
[12] Ex. C, Defendant's Exhibit 61, p. 47 of 55 (from the trial in the 17th District Court).
[13] Ex. D, Affidavit of Ian Ghrist, paragraph 5, page 2 and paragraphs 7-8 pages 3-4.

### III.  LEGAL ARGUMENTS

**a.  The Motion is Premature Because Discovery is Ongoing and We are Not Even Close to Being Finished With Discover Such That a No Evidence Summary Judgment May be Filed**

A no-evidence motion for summary judgment cannot be granted until adequate time for discovery has passed. In this case, all discovery was abated while the case was on appeal for the TCPA motion. Since that time, some discovery has occurred, however, substantial discovery remains, including all relevant depositions. Accordingly, no-evidence summary judgment is premature.

**b.  The Motion Must be Denied Because the Only Relief Requested in the Motion is that the Court Make Factfindings, Which is Not a Proper Subject of an Order on a Motion for Summary Judgment**

The proposed order on the motion merely contains a list of fact findings that the Court is asked to make without a trial. The motion is not asking for a ruling on any particular cause of action, claim, or defense. A party can request findings of fact after a bench trial. A party cannot ask for findings of fact prior to the trial. Accordingly, the relief sought is not the type of relief that the Court can grant.

**c.  The Motion Must Be Denied Because There is More Than a Scintilla of Evidence Contrary to the Allegations Made in the Motion**

3.1     Ownership of or membership in a Limited Liability Company is a matter of fact for the jury to decide, not for the trial court to rule on. *Rocklon LLC v Paris*, 2016 Tex. App. LEXIS 11393 (Beaumont 2016). If ownership or membership is in dispute, then that is a fact question requiring a trial. It cannot be decided pre-trial as a matter of law. If there is even a scintilla of evidence of ownership, then the question must be submitted to a jury.

3.2      "For a person who becomes a member of an LLC after it is formed, his or her membership is effective 'on approval or consent of all of the company's members.' Tex. Bus. Orgs. Code Ann. § 101.103." *Dixon v. Freese*, 3:13CV236-LG-JMR, 2014 WL 11444119, at *4 (S.D. Miss. Apr. 14, 2014), aff'd, 615 Fed. Appx. 245 (5th Cir. 2015). In this case, all members, being J. Michael Ferguson and Shawn Coker, agreed that Ian Ghrist was a member at all relevant times.[14] Accordingly, Ghrist Law Firm PLLC became a member by operation of Section 101.103(c) of the Texas Business and Commerce Code. Ian Ghrist also became a member by operation of Section 101.103(b)(3) of the Texas Business and Commerce Code, as explained below.

3.3      Ghrist Law Firm was reflected as a member in MBH Real Estate LLC in at least two records that are company records of MBH Real Estate LLC.

> "(a) In connection with the formation of a company, a person becomes a member of the company on the date the company is formed if the person is named as an initial member in the company's certificate of formation.
> (b) In connection with the formation of a company, a person being admitted as a member of the company but not named as an initial member in the company's certificate of formation becomes a member of the company on the latest of:
> (1) the date the company is formed;
> (2) the date stated in the company's records as the date the person becomes a member of the company; or
> (3) if the company's records do not state a date described by Subdivision (2), the date the person's admission to the company is first reflected in the company's records.
> (c) A person who, after the formation of a limited liability company, acquires directly or is assigned a membership interest in the company or is admitted as a member of the company without acquiring a membership interest becomes a member of the company on approval or consent of all of the company's members."

Tex. Bus. Orgs. Code Ann. § 101.103 (West)

---

[14] Ex. D, Affidavit of Ian Ghrist, paragraph 5, page 2.

The separation agreement between J. Michael Ferguson and Ian Ghrist was a company record of MBH Real Estate LLC because it directly addressed ownership in MBH Real Estate LLC and the agreement of the parties that Ian Ghrist's stake in MBH Real Estate LLC was a membership stake.[15] The ownership spreadsheet drafted by J. Michael Ferguson and emailed by him on June 6th, 2015 to Ian Ghrist and Shawn Coker was also a company record of MBH Real Estate LLC.[16] Mike Ferguson was supposed to prepare an operating agreement for MBH Real Estate LLC and get Ian Ghrist and Shawn Coker to sign off on the final terms of the operating agreement.[17] However, he never did so.[18] Accordingly, the corporate record indicating what the agreement was with respect to Ghrist is the Separation Agreement,[19] which shows that Ghrist is a 13.33% member of MBH Real Estate LLC, as found by the jury in the 17th District Court.

3.4     Because two different company records both show Ian Ghrist to be a member of MBH Real Estate LLC, Ian Ghrist became a member by operation of Section 101.103(b)(3) of the Tex. Bus. Orgs. Code. The first record was dated June 6th, 2015,[20] prior to formation of MBH Real Estate LLC. Accordingly, Ghrist Law Firm became a member as of the date of formation. The second record was dated December 4th, 2015.[21] Accordingly, at the latest, Ghrist Law Firm PLLC became a member as of December 4th, 2015.

3.5     A joint venture is governed by the same law as a partnership. "As a general rule, joint venture is governed by the same rules as a partnership and vice versa." *Blackburn v.*

---

[15] Ex. B, Separation Agreement; Ex. A, Charge of the Court, p. 59-60, jury questions 45 and 46 (interpreting the separation agreement); Ex. D, Affidavit of Ian Ghrist, paragraph 7, page 3.
[16] Ex. C, p. 14 of 55, Defendant's Exhibit 61 (from the trial in the 17th District Court).
[17] Ex. D, Affidavit of Ian Ghrist, paragraph 13, page 5 and paragraph 7, page 3.
[18] *Id.*
[19] Ex. B.
[20] Ex. C, p. 1 – date of the email containing the report in which "Ghrist Law" is listed as having 13% of "Total Ownership."
[21] Ex. B – Separation Agreement.

*Columbia Med. Ctr. of Arlington Subsidiary, L.P.*, 58 S.W.3d 263, 273 (Tex. App.—Fort Worth 2001, pet. denied).

> "As noted above, the distinction between partnership property and property of the partners is critical to third parties, such as creditors, as well as the partners themselves and those claiming through them. Property used or possessed by the partnership is not necessarily owned by the partnership. Sometimes a partner has merely lent or rented property to the partnership. The Business Organizations Code (BOC) sets forth specific rules to aid in the determination of the ownership issue. Traditionally, the intention of the parties has been the basic test for determining ownership of property used by the partnership. The statutory rules may be seen as guidelines for ascertaining the intention of the parties. The current statute is generally consistent with prior law under the Texas Uniform Partnership Act but is much more specific than the provisions of the Texas Uniform Partnership Act.
>
> The BOC provides what appears at first blush to be an irrebuttable presumption of partnership ownership when property has been acquired by a transfer to the partnership in its name or in the name of one or more partners if either the name or the existence of the partnership is indicated in the instrument of conveyance. The statute specifies that property so acquired is partnership property in contrast to other circumstances under which property is presumed to be property of the partnership or an individual partner. Inasmuch as this provision is not specified to be nonvariable by the partnership agreement, it apparently may be overridden by contrary agreement of the partners insofar as the partners' rights are concerned. Thus, a partner may seek to prove an explicit or implicit understanding or agreement of the partners that is inconsistent with the manner in which title is held."

19 Tex. Prac., Business Organizations § 9:1 (3d ed.) (emphasis added).

Accordingly, if the joint venture (found by the Court and the jury in the 17th District Court)[22] acquired an interest in MBH Real Estate LLC, then Ian Ghrist, as a joint venturer, could acquire and did acquire a membership interest in MBH Real Estate LLC regardless of how title was held.[23]

---

[22] Ex. A, Charge of the Court, p. 15, question 9.
[23] Ex. D, Affidavit of Ian Ghrist, Paragraphs 8-9, Pages 3-4.

3.6     MBH Real Estate LLC was a member-managed LLC.[24] Any member could act for the LLC.[25] Ian Ghrist or Ghrist Law Firm PLLC, as a member, could act for the LLC.[26] The foregoing meant that Ghrist had authority to sign the Release of Lien recorded in Tarrant County Real Property Records as Instrument Number D217060901 on behalf of MBH Real Estate LLC.

## V.     PRAYER

5.1     Ian Ghrist and Ghrist Law Firm PLLC ask that the Plaintiff's No Evidence Motion for Partial Summary Judgment and Traditional Motion or Motions for Summary Judgment both be DENIED.

Respectfully submitted,

Ghrist Law Firm PLLC

_____/s/ Ian Ghrist_____
By: Ian Ghrist
SBOT No. 24073449
2735 Villa Creek Drive, Ste 140
Farmers Branch, Texas 75234
Phone (817) 778-4136
Fax (817) 900-2863
ian@ghristlaw.com
Attorney for Ian Ghrist and Ghrist Law Firm PLLC

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following persons by electronic service on this the 13th day of March, 2019.

Tom Herald                                     _____/s/ Ian Ghrist_____
62 Main St., Suite 310                         Ian Ghrist
Colleyville, Texas 76034
Tel. (817) 267-1008
Fax (817) 485-1117

---

[24] Ex. D, Affidavit of Ian Ghrist, paragraph 12, page 4.
[25] *Id.*
[26] *Id.*

tom@taheraldpc.com
and any other electronic service list emails
Attorney for Plaintiffs

Anthony Cuesta
801 Cherry St. #46
Burnett Plaza, Ste 2000
Fort Worth, Texas 76102
817-336-2400
Fax 817-332-3043
acuesta@deckerjones.com
Attorney for Coker defendants

Roland Johnson
Caroline M. Cyrier
Harris, Finley & Bogle, PC
777 Main Street, Suite 1800
Fort Worth, Texas 76102
rolandjohnson@hfblaw.com
ccyrier@hfblaw.com
Attorney for Sendera Defendants

# Exhibit A, Charge of the Court and Judgment

**ORIGINAL**

### NO. 017-287611-16

| | | |
|---|---|---|
| GHRIST LAW FIRM, PLLC, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| J. MICHAEL FERGUSON, P.C., ET AL. | § | 17TH JUDICIAL DISTRICT |

### CHARGE OF THE COURT

**LADIES AND GENTLEMEN OF THE JURY:**

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your cell phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions:

1.    Do not let bias, prejudice, or sympathy play any part in your decision.

2.    Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

1

3.     You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.     If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.     All the questions and answers are important. No one should say that any question or answer is not important.

6.     Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7.     Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.     Do not answer questions by drawing straws or by any method of chance.

9.     Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10.    Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11.    Unless you are told otherwise the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## General Instructions

As to any question to which an objection has been sustained, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence which was rejected or any evidence that was stricken out by the Court. Such matters are to be treated as though you had never known them.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

Deposition testimony is testimony which has been previously taken under oath. You are instructed that such testimony is entitled to be given the same weight you would give it if it were presented by a witness appearing in the courtroom during trial.

## Definitions and Specific Instructions

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"Separation Agreement" refers to the document entitled "Agreement" that was admitted into evidence as Plaintiff's Exhibit No. 2 and Defendant's Exhibit No. 5.

"MBH Portfolio" means those loans identified in Plaintiffs' Exhibit No. 1 (Diffenweirth Loans), Plaintiffs' Exhibit 4 (Order Applying Property to Partial Satisfaction of Judgment) and the following Disputed Collateral Loans, if any, which you find in this Charge as being part of the MBH Portfolio:

| | | |
|---|---|---|
| Garcia | 125 Cottonwood St. | Collateral |
| Smith | 3417 Hatcher St. | Collateral |
| Chavez | 3920 Frazier | Collateral |
| Sepulveda | 515 N. Hansbarger St. | Collateral |

"Disputed Collateral Loans" means the following loans:

| | | |
|---|---|---|
| Garcia | 125 Cottonwood St. | Collateral |
| Smith | 3417 Hatcher St. | Collateral |
| Chavez | 3920 Frazier | Collateral |
| Sepulveda | 515 N. Hansbarger St. | Collateral |

Ghrist Law Firm means Ian Douglas Ghrist, PLLC, Ghrist Law Firm, PLLC, which are one and the same.

You are instructed that payment on a debt is to be made in the form of an unconditional tender of funds to the person owed money. Tender is an unconditional offer by a debtor to pay a sum not less than the full amount due on a debt or obligation.

## QUESTION NO. 1:

Did any of the following parties fail to comply with the terms of the Separation Agreement?

Compliance with an agreement must occur within a reasonable time under the circumstances unless the parties agreed compliance must occur within a specified time and the parties intended compliance within such time to be an essential part of the agreement.

In determining whether the parties intended time of compliance to be an essential part of the agreement, you may consider the nature and purpose of the agreement and the facts and circumstances surrounding its making.

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(1)    The extent to which the injured party will be deprived of the benefit which he reasonably expected; and

(2)    The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived.

Answer "Yes" or "No."

Ian Ghrist/Ghrist Law Firm        _Yes_

J. Michael Ferguson, P.C.        _Yes_

If you answered "Yes" on Question No. 1 as to more than one party, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 2:**

Who failed to comply with the agreement first?

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(1)     The extent to which the injured party will be deprived of the benefit which he reasonably expected; and

(2)     The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived.

Answer J. Michael Ferguson, P.C. or Ian Ghrist/Ghrist Law Firm.

Answer: _____ J. Michael Ferguson, P.C. _____

If you answered "Yes" on Question No. 1 as to J. Michael Ferguson, P.C., then answer the following question.  Otherwise, do not answer the following question.

<u>QUESTION NO. 3:</u>

Was J. Michael Ferguson, P.C.'s failure to comply excused?

Failure to comply by J. Michael Ferguson, P.C. is excused by Ian Ghrist's/Ghrist Law Firm's previous failure to comply with a material obligation of the same agreement.

Answer "Yes" or "No."

Answer: _____*NO*_____

If you have answered "Yes" on Question No. 1 as to J. Michael Ferguson, P.C., then answer the following question.   Otherwise, do not answer the following question.

## QUESTION NO. 4:

Failure to comply by J. Michael Ferguson, P.C. with the Separation Agreement is excused if the following circumstances occurred:

1. Ian Ghrist/Ghrist Law Firm

   a. by words or conduct made a false representation or concealed material facts, and

   b. with knowledge of the facts or with knowledge or information that would lead a reasonable person to discovery the facts, and

   c. with the intention that Ian Ghrist would rely on the false representation or concealment in acting or deciding not to act, and

2. J. Michael Ferguson, P.C.

   a. did not know and had no means of knowing the real facts and

   b. relied to his detriment on the false representation or concealment of material facts.

Answer "Yes" or "No."

Answer: _____ *N O* _____

If you answered "Yes" on Question No. 1 as to J. Michael Ferguson, P.C., then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 5:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ian Ghrist/Ghrist Law Firm for their damages, if any, that resulted from such failure to comply with the Separation Agreement?

Consider the following elements of damages, if any, and none other.

a.  Loss of the benefit of the bargain.

> Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

b.  Damages after mitigation.

> Damages after mitigation means the difference in the amount that Ian Ghrist/Ghrist Law Firm would have earned had J. Michael Ferguson, P.C. not breached the Separation Agreement.

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

a.  Loss of the benefit of the bargain sustained in the past.

Answer: $ 104,700.83

b. Loss of the benefit of the bargain that, in the reasonable probability, will be sustained in the future.

Answer: _$ 131,636.72_

c. Damages after mitigation sustained in the past.

Answer: _$ 119,000.00_

If you answered "Yes" on Question No. 1 as to Ian Ghrist/Ghrist Law Firm, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 6:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate J. Michael Ferguson, P.C. for its damages, if any, that resulted from such failure to comply with the Separation Agreement?

Consider the following elements of damages, if any, and none other.

a. Loss of the benefit of the bargain.

> Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

b. Damages after mitigation.

> Damages after mitigation means the difference in the amount that J. Michael Ferguson, P.C. would have earned had Ian Ghrist/Ghrist Law Firm not breached the Separation Agreement.

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

a. Loss of the benefit of the bargain sustained in the past.

Answer: _$ 1,821.42_

b.    Damages after mitigation sustained in the past.

Answer: _____

## QUESTION NO. 7:

Do you find that the parties intended to include the Disputed Collateral Loans

in the Separation Agreement?

Answer "Yes" or "No."

Answer: _____ Yes _____

## QUESTION NO. 8:

Did a relationship of trust and confidence exist between Ian Ghrist/Ghrist Law Firm and J. Michael Ferguson, P.C., J. Michael Ferguson, or Anson Financial, Inc.?

A relationship of trust and confidence existed if Ian Ghrist/Ghrist Law Firm justifiably placed trust and confidence in J. Michael Ferguson, P.C., Michael Ferguson, or Anson Financial, Inc. to act in Ian Ghrist's/Ghrist Law Firm's best interest. Ian Ghrist's/Ghrist Law Firm's subjective trust and feelings alone do not justify transforming arm's-length dealings into a relationship of trust and confidence.

Answer "Yes" or "No."

J. Michael Ferguson, P.C.  _Yes_

J. Michael Ferguson  _Yes_

Anson Financial, Inc.  _yes_

## QUESTION NO. 9:

Did Ian Ghrist/Ghrist Law Firm enter into a Joint Venture or Joint Ventures with J. Michael Ferguson, P.C. or J. Michael Ferguson?

A joint venture is contractual and must be based upon an agreement, either expressed or implied. A joint venture must be based on an agreement that has all the following elements:

1. A community of interest in the venture;

2. An agreement to share profits,

3. An express agreement to share losses, and

4. A mutual right of control or management of the venture.

Answer "Yes" or "No" on behalf of Ian Ghrist/Ghrist Law Firm:

J. Michael Ferguson, P.C. _____Yes_____

J. Michael Ferguson _____Yes_____

If you answered "Yes" in response to Question Nos. 8, or 9 as to J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc., then answer the following question as to that Defendant. Otherwise, do not answer the following question.

**QUESTION NO. 10:**

Did J. Michael Ferguson, P.C., J. Michael Ferguson, or Anson Financial, Inc. comply with their fiduciary duties to Ian Ghrist/Ghrist Law Firm?

Because you found that there was a relationship of trust and confidence and/or a Joint Venture relationship between J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. and Ian Ghrist/Ghrist Law Firm, J. Michael Ferguson, P.C., J. Michael Ferguson, or Anson Financial, Inc. owed a fiduciary duty to Ian Ghrist/Ghrist Law Firm. To prove compliance with such duty, J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. must show –

1. The transactions in question were fair and equitable to Ian Ghrist/Ghrist Law Firm; and

2. J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. acted in the utmost good faith and exercised the most scrupulous honesty toward Ian Ghrist/Ghrist Law Firm; and

3. J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. placed the interests of Ian Ghrist/Ghrist Law Firm before his own and did not use the advantage of his position to gain any benefit for himself at the expense of Ian Ghrist/Ghrist Law Firm; and

4. J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc.

   fully and fairly disclosed all important information to Ian Ghrist/Ghrist Law

   Firm concerning the transactions.

Answer as to each Defendant:

"This Defendant failed to comply with the fiduciary duty"

or

"This Defendant complied with the fiduciary duty."


J. Michael Ferguson, P.C.

Answer: _This defendant failed to comply with the fiduciary duty._

J. Michael Ferguson

Answer: _This defendant failed to comply with the fiduciary duty._

Anson Financial, Inc.

Answer: _This defendant failed to comply with the fiduciary duty._

If you answered "This Defendant failed to comply with the fiduciary duty" as to any of the Defendants listed in answer to Question No. 10, then answer the following as to only the Defendants you found failed to comply. Otherwise, do not answer the following question.

**QUESTION NO. 11:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ian Ghrist/Ghrist Law Firm, for damages, if any, that were proximately caused by J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc.'s conduct?

Consider the following element of damages, if any, and none other.

Loss of the benefit of the bargain.

Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

Damages attributable to loss of the benefit of the bargain sustained in the past:

J. Michael Ferguson, P.C.     $ _104,700. 83_

J. Michael Ferguson                    $ _104,700.83_

Anson Financial, Inc.                  $ _104,700.83_

Damages attributable to the loss of the benefit of the bargain that, in reasonable probability, will be sustained in the future:

J. Michael Ferguson, P.C.              $ _131,636.72_

J. Michael Ferguson                    $ _131,636.72_

Anson Financial, Inc.                  $ _131,636.72_

## QUESTION NO. 12:

What amount of fees, if any, did J. Michael Ferguson, P.C. or Anson Financial, Inc. charge, if any, to the MBH Portfolio?

Answer in dollars and cents, if any.

J. Michael Ferguson P.C.          $ 56,462.12

Anson Financial, Inc.          $ 56,462.12

**QUESTION NO. 13:**

What amount of fees, if any, found in response to Question No. 12 should be disgorged to Ian Ghrist/Ghrist Law Firm?

Disgorgement means the act of giving up something (such as profits illegally obtained) on demand or by legal compulsion.

Answer in dollars and cents, if any.

J. Michael Ferguson P.C.        $ _7,528.09_

Anson Financial, Inc.        $ _7,528.09_

**QUESTION NO. 14:**

Did any of the persons listed below commit conversion against Ian Ghrist/Ghrist Law Firm?

> Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights."

To establish a claim for conversion, Ian Ghrist/Ghrist Law Firm must prove that:

1. Ian Ghrist/Ghrist Law Firm owned or had possession of the property or entitlement to possession;

2. J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner;

3. Ian Ghrist/Ghrist Law Firm demanded return of the property; and

4. J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC refused to return the property.

    Wrongful intent is not an element of necessary proof.

    Ian Ghrist/Ghrist Law Firm also must establish he was injured by the conversion.

Answer "Yes" or "No" for each of the following:

| | |
|---|---|
| J. Michael Ferguson, P.C. | _Yes_ |
| J. Michael Ferguson | _Yes_ |
| Anson Financial, Inc. | _Yes_ |
| MBH Real Estate LLC | _Yes_ |

If you answered "Yes" as to any Defendant(s) on Question No. 14, then answer the following question as to only those Defendant(s) for whom you have answered "Yes." Otherwise, do not answer the following question.

## QUESTION NO. 15:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ian Ghrist/Ghrist Law Firm for damages, if any, that resulted from the conversion, if any, of his property?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

| | |
|---|---|
| J. Michael Ferguson, P.C. | 234,516.13 |
| J. Michael Ferguson | 234,516.13 |
| Anson Financial, Inc. | 234,516.13 |
| MBH Real Estate LLC | 234,516.13 |

**QUESTION NO. 16:**

Did J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc.

commit fraud against Ian Ghrist/Ghrist Law Firm?

Fraud can occur through either (1) misrepresentation or (2) failure to disclose.

Fraud by misrepresentation occurs when—

    a.    a party makes a material misrepresentation, and
    b.    the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and
    c.    the misrepresentation is made with the intention that it should be acted on by the other party, and
    d.    the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means –

    a.    a false statement of fact, or
    b.    A promise of future performance made with an intent, at the time the promise was made, not to perform as promised, or
    c.    a statement of opinion based on a false statement of fact, or
    d.    a statement of opinion that the maker knows to be false, or
    e.    a expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion. Special knowledge means knowledge or information superior to that possessed by the other party to which the other party did not have equal access.

Fraud by failure to disclose occurs when—

    a.    a party fails to disclose a material fact within the knowledge of that party, and
    b.    the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and
    c.    the party intends to induce the other party to take some action by failing to disclose the fact, and
    d.    the other party suffers an injury as a result of acting without knowledge of the undisclosed fact.

A fact is material if a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction(s) in question.

Answer "Yes" or "No" as to each of the following:

J. Michael Ferguson, P.C.          _Yes_

J. Michael Ferguson               _Yes_

Anson Financial, Inc.             _Yes_

## QUESTION NO. 17:

Did J. Michael Ferguson, P.C., or J. Michael Ferguson make a negligent misrepresentation on which Ian Ghrist/Ghrist Law Firm justifiably relied?

Negligent misrepresentation occurs when—

a.  a party makes a representation in the course of his business or in a transaction in which he has a pecuniary interest, and

b.  the representation supplies false information for the guidance of others in their business, and

c.  the party making the representation did not exercise reasonable care or competence in obtaining or communicating the information.

Answer "Yes" or "No" as to each of the following:

J. Michael Ferguson, P.C.          _Yes_

J. Michael Ferguson                _Yes_

If you answered "Yes" as to any Defendant(s) on Question No. 16 or Question No. 17, then answer the following question as to only those Defendant(s) for whom you have answered "Yes." Otherwise, do not answer the following question.

QUESTION NO. 18:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ian Ghrist/Ghrist Law Firm for damages, if any, that were proximately caused by such fraud or negligent misrepresentation?

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

    a. The economic loss, if any, otherwise suffered in the past as a consequence of Ian Ghrist/Ghrist Law Firm reliance on the misrepresentation.

       Answer: $ _104,700.83_

    b. The economic loss, if any, that in reasonable probability will be sustained in the future as a consequence of Ian Ghrist/Ghrist Law Firm reliance on the misrepresentation.

       Answer: $ _131,436.72_

## QUESTION NO. 19:

Did Ian Ghrist/Ghrist Law Firm perform compensable work for J. Michael

Ferguson, P.C. or J. Michael Ferguson for which he was not compensated?

Ian Ghrist/Ghrist Law Firm performed compensable work if he rendered valuable services or furnished valuable materials to J. Michael Ferguson, P.C. or J. Michael Ferguson. J. Michael Ferguson, P.C. or J. Michael Ferguson accepted, used, and benefited from the services or materials; and, under the circumstances, J. Michael Ferguson, P.C. or J. Michael Ferguson was reasonably notified that Ian Ghrist/Ghrist Law Firm expected to be compensated for the services or materials.

Answer "Yes" or "No" as to each of the following:

J. Michael Ferguson, P.C.

Answer:       _Yes_

J. Michael Ferguson

Answer:       _Yes_

If you answered "Yes" as to any Defendant(s) in Question No. 19, then answer the following question as to only those Defendant(s) for whom you have answered "Yes." Otherwise, do not answer the following question.

## QUESTION NO. 20:

What is the reasonable value of Ian Ghrist/Ghrist Law Firm's compensable work at the time and place it was performed?

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

J. Michael Ferguson, P.C.

Answer: $ _234,516.13_

J. Michael Ferguson

Answer: $ _234,516.13_

If you have answered "Yes" on Question No. 1 as to Ian Ghrist/Ghrist Law Firm, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 21:

What is a reasonable fee for the necessary services performed by Ian Ghrist/Ghrist Law Firm, attorney in this case pursuing claims for breach of the Separation Agreement against J. Michael Ferguson, P.C.?

You may consider the following factors in determining the reasonableness of an attorney fee award:

a. the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to properly perform the legal services;

b. the likelihood that prosecuting this suit will preclude other employment by the attorney;

c. the fee customarily charged for similar legal services in the locality;

d. the amount involved and results obtained;

e. the experience, reputation, and ability of the lawyer performing the services.

Answer with an amount in dollars and cents for each of the following:

a.   For preparation and trial.

Answer:   _119,000.00_

b.   For an appeal to the Court of Appeals.

Answer:   _70,000.00_

c.   For application for Writ of Error to the Texas Supreme Court.

Answer:   _30,000.00_

d.   For briefing on the merits to the Texas Supreme Court

Answer:   _30,000.00_

Answer Question No. 22 only if you unanimously answered as to any Defendant "This Defendant failed to comply with the fiduciary duty" to Question No. 10, or you unanimously answered "Yes" to Question No. 14, or you unanimously answered "Yes" to Question No. 16, or you unanimously answered "Yes" to Question No. 17. Otherwise, do not answer Question No. 22. To answer "Yes" to Question No. 22, your answer must be unanimous. You may answer "No" to Question No. 22 only upon a vote of 10 or more jurors. Otherwise, you must not answer Question No. 22.

## QUESTION NO. 22:

Do you find by clear and convincing evidence that the harm to Ian Ghrist/Ghrist Law Firm resulted from malice, gross negligence, or any fraud committed by J. Michael Ferguson, P.C., or J. Michael Ferguson found by you?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth or the allegations sought to be established.

"Malice" means –

1. a specific intent by J. Michael Ferguson, P.C. or J. Michael Ferguson, to cause substantial injury or harm to the Ian Ghrist/Ghrist Law Firm; or

2. An act or omission by J. Michael Ferguson, P.C. or J. Michael Ferguson to cause substantial injury to Ian Ghrist/Ghrist Law Firm.

   a. which when viewed objectively from the standpoint of J. Michael Ferguson, P.C., or J. Michael Ferguson at the time of

> its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> b. of which J. Michael Ferguson, P.C., or J. Michael Ferguson, has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

"Gross negligence" means an act or omission by J. Michael Ferguson, P.C., or J. Michael Ferguson.

1. which when viewed objectively from the standpoint of J. Michael Ferguson, P.C. or J. Michael Ferguson at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. of which J. Michael Ferguson, P.C. or J. Michael Ferguson has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No" as to each of the following:

Michael Ferguson, P.C.

Answer: _____Yes_____

J. Michael Ferguson

Answer: _____Yes_____

Answer Question No. 23 only if you unanimously answered "Yes" in Question No. 22 as to any Defendant(s), then answer the following question as to only those Defendants(s) for whom you have answered "Yes." Otherwise, do not answer the following question.

## QUESTION NO. 23:

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against J. Michael Ferguson, P.C. or J. Michael Ferguson and awarded jointly to Ian Ghrist/Ghrist Law Firm as exemplary damages, if any, for the conduct found in response to Question No. 22.

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1. The nature of the wrong.

2. The character of the conduct involved.

3. The degree of culpability of J. Michael Ferguson, P.C. or J. Michael Ferguson.

4. The situation and sensibilities of the parties concerned.

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of J. Michael Ferguson, P.C. or J. Michael Ferguson.

Answer in dollars and cents, if any.

J. Michael Ferguson, P.C.      $____∅____

J. Michael Ferguson            $____∅____

## QUESTION NO. 24:

Did Ian Ghrist/Ghrist Law Firm fail to comply with the terms of the Fee Sharing Agreement?

Compliance with an agreement must occur within a reasonable time under the circumstances unless the parties agreed compliance must occur within a specified time and the parties intended compliance within such time to be an essential part of the agreement.

In determining whether the parties intended time of compliance to be an essential part of the agreement, you may consider the nature and purpose of the agreement and the facts and circumstances surrounding its making.

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(3)     The extent to which the injured party will be deprived of the benefit which he reasonably expected; and

(4)     The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived.

Answer "Yes" or "No."

Answer: ___No___

If you answered "Yes" to Question No. 24, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 25:

Was Ian Ghrist's/Ghrist Law Firm's failure to comply excused?

Failure to comply by Ian Ghrist/Ghrist Law Firm is excused by J. Michael Ferguson P.C.'s previous failure to comply with a material obligation of the same agreement.

Failure to comply by Ian Ghrist/Ghrist Law Firm is excused if compliance is waived by J. Michael Ferguson, P.C.

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Answer "Yes" or "No."

Answer: _____

35

If you answered "Yes" to Question No. 24, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 26:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate J. Michael Ferguson, P.C. for its damages, if any, that resulted from such failure to comply with the Fee Sharing Agreement?

Consider the following element of damages, if any, and none other.

Loss of the benefit of the bargain.

Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

Consider the elements of damages, if any, and none other. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any.

a.    Loss of the benefit of the bargain sustained in the past.

       Answer: _____

b.    Loss of the benefit of the bargain that, in the reasonable probability, will be sustained in the future.

       Answer: _____

## QUESTION NO. 27:

Did Ian Ghrist fail to comply with the March 9, 2017 Rule 11 Agreement that was admitted into evidence as Plaintiff's Exhibit No. 28 and Defendant's Exhibit No. 82?

Compliance with an agreement must occur within a reasonable time under the circumstances unless the parties agreed that compliance must occur within a specified time and the parties intended compliance within such time to be an essential part of the agreement.

In determining whether the parties intended time of compliance to be an essential part of the agreement, you may consider the nature and purpose of the agreement and the facts and circumstances surrounding its making.

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(1)    The extent to which the injured party will be deprived of the benefit which he reasonably expected; and

(2)    The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived.

Answer "Yes" or "No."

Answer: _____*Yes*_____

37

If you answered "Yes" on Question No. 27, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 28:

Was Ian Ghrist/Ghrist Law Firm's failure to comply with the March 9, 2017 Rule 11 Agreement excused?

Failure to comply by Ian Ghrist/Ghrist Law Firm is excused by J. Michael Ferguson, P.C.'s previous failure to comply with a material obligation of the same agreement.

Failure to comply by Ian Ghrist/Ghrist Law Firm is excused if compliance is waived by J. Michael Ferguson, P.C.

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Answer "Yes" or "No."

Answer: _No_

If you answered "Yes" on Question No. 27, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 29:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate J. Michael Ferguson, P.C. for its damages, if any, that resulted from such failure to comply?

Consider the following element of damages, if any, and none other.

Loss of the benefit of the bargain sustained in the past.

Loss of the benefit of the bargain means the difference, if any, between the value agreed to by the parties for Ian Ghrist's' performance under the March 9, 2017 Rule 11 Agreement and the value of the performance actually provided by Ian Ghrist. The difference in value, if any, shall be determined at the time and place the he eventually performed.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Loss of the benefit of the bargain sustained in the past.

Answer: _____0_____

## QUESTION NO. 30:

Did a relationship of trust and confidence exist between J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. or MBH Real Estate LLC and Ian Ghrist/Ghrist Law Firm?

A relationship of trust and confidence existed if J. Michael Ferguson, P.C., or, J. Michael Ferguson, or Anson Financial, Inc., or MBH Real Estate LLC justifiably placed trust and confidence in Ian Ghrist/Ghrist Law Firm to act in J. Michael Ferguson, P.C., or, J. Michael Ferguson, or Anson Financial, Inc., or MBH Real Estate LLC's the best interest. J. Michael Ferguson, P.C.'s, or J. Michael Ferguson's, or Anson Financial, Inc.'s, or MBH Real Estate LLC's subjective trust and feelings alone do not justify transforming arm's-length dealings into a relationship of trust and confidence.

Answer "Yes" or "No." as to each regarding Ian Ghrist/Ghrist Law Firm:

| | |
|---|---|
| J. Michael Ferguson, P.C. | Yes |
| J. Michael Ferguson | Yes |
| Anson Financial, Inc. | Yes |
| MBH Real Estate, LLC | Yes |

If you answered "Yes" as to Ian Ghrist/Ghrist Law Firm, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 31:**

Did Ian Ghrist/Ghrist Law Firm comply with their fiduciary duties to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC?

Because you found that there was a relationship of trust and confidence between Ian Ghrist/Ghrist Law Firm and J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC, then Ian Ghrist/Ghrist Law Firm owed a fiduciary duty to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC.

To prove compliance with such duty, must show-

1. The transactions in question were fair and equitable to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC.

2. Ian Ghrist/Ghrist Law Firm acted in the utmost good faith and exercised the most scrupulous honesty toward J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC.

3. Ian Ghrist/Ghrist Law Firm placed the interest of J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC before its own and did not use the advantage of its position to gain any benefit for itself at the expense of J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC.

4. Ian Ghrist/Ghrist Law Firm fully and fairly disclosed all important information to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC concerning the transactions.

Answer as to Ian Ghrist/Ghrist Law Firm:

"Ian Ghrist/Ghrist Law Firm failed to comply with the fiduciary duty"

or

"Ian Ghrist/Ghrist Law Firm complied with the fiduciary duty."

J. Michael Ferguson, P.C.

Answer: _Ian Ghrist/Ghrist Law Firm Complied with the fiduciary duty._

J. Michael Ferguson

Answer: _Ian Ghrist/Ghrist Law Firm Complied with the fiduciary duty._

Anson Financial, Inc.

Answer: _Ian Ghrist/Ghrist Law Firm failed to comply with the fiduciary duty._

MBH Real Estate, LLC

Answer: _Ian Ghrist/Ghrist Law Firm Complied with the fiduciary duty_

If you answered "Ian Ghrist/ Ghrist Law Firm failed to comply with the fiduciary duty" in answer to Question No. 31, then answer the following question. Otherwise, do not answer the following question.

### QUESTION NO. 32:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate, LLC for each of their damages, if any, that were proximately caused by Ian Ghrist/Ghrist Law Firm's conduct?

Consider the following element of damages, if any, and none other.

Loss of the benefit of the bargain.

Loss of the benefit of the bargain means the difference, if any, between the value of the agreement that was bargained for and the value of what was received, if anything.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Damages attributable to loss of the benefit of the bargain sustained in the past:

J. Michael Ferguson, P.C.     $_____0_____

Michael Ferguson          $_____0_____

Anson Financial, Inc.        $_____0_____

MBH Real Estate, LLC        $_____0_____

If you answered "Ian Ghrist/Ghrist Law Firm failed to comply with the fiduciary duty," in Question No. 31, then answer the following question. Otherwise, do not answer the following question.

<u>QUESTION NO. 33:</u>

What amount of fees, if any, did Ian Ghrist/Ghrist Law Firm charge Shawn Coker, if any?

Answer in dollars and cents.

Answer: $_____

## QUESTION NO. 34:

What amount, if any, of the fees found in response to Question No. 33 should be disgorged from Ian Ghrist/Ghrist Law Firm?

Disgorgement means the act of giving up something (such as profits illegally obtained) on demand or by legal compulsion.

Answer in dollars and cents.

Answer: $_____0_____

## QUESTION NO. 35:

Did Ian Ghrist/Ghrist Law Firm commit conversion against MBH Real Estate, LLC?

> Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights."

To establish a claim for conversion, MBH Real Estate, LLC must prove that:

1. MBH Real Estate, LLC owned or had possession of the property or entitlement to possession;

2. Ian Ghrist/Ghrist Law Firm unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner;

3. MBH Real Estate, LLC demanded return of the property; and

4. Ian Ghrist/Ghrist Law Firm refused to return the property.

Wrongful intent is not an element of necessary proof.

MBH Real Estate, LLC also must establish it was injured by the conversion.

Answer "Yes" or "No."

Answer: ___No___

If you answered "Yes" in Question No. 35 as to Ian Ghrist/Ghrist Law Firm, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 36:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MBH Real Estate, LLC for damages, if any, that resulted from the conversion, if any, of its property?

Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Answer: _____

**QUESTION NO. 37:**

Did Ian Ghrist/Ghrist Law Firm commit barratry against MBH Real Estate?

(a) A person commits an offense if, with intent to obtain an economic benefit the person:

    (1) knowingly institutes a suit or claim that the person has not been authorized to pursue;

    (2) solicits employment, either in person or by telephone, for himself or for another; or

    (3) pays, gives, or advances or offers to pay, give, or advance to a prospective client money or anything of value to obtain employment as a professional from the prospective client.

(b) A person commits an offense if the person:

    (1) knowingly finances the commission of an offense under Subsection (a);

    (2) is a professional who knowingly accepts employment within the scope of the person's license, registration, or certification that results from the solicitation of employment in violation of Subsection (a).

(c) A person commits an offense if the person:

    (1) is an attorney, chiropractor, physician, surgeon, or private investigator licensed to practice in this state or any person licensed, certified, or registered by a health care regulatory agency of this state; and

    (2) with the intent to obtain professional employment for the person or for another, provides or knowingly permits to be provided to an individual who has not sought the person's employment, legal representation, advice, or care a written communication or a solicitation, including a solicitation in person or by telephone, that contains a false, fraudulent, misleading, deceptive, or unfair statement or claim.

Answer "Yes" or "No."

Answer: _____ No _____

If you answered "Yes" to Question No. 37, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 38:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MBH Real Estate, LLC for its damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other.

Actual Damages

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Answer: _____

## QUESTION NO. 39:

Did Ian Ghrist/Ghrist Law Firm commit barratry against Metro Buy Homes, LLC?

- (a) A person commits an offense if, with intent to obtain an economic benefit the person:

    - (1) knowingly institutes a suit or claim that the person has not been authorized to pursue;
    - (2) solicits employment, either in person or by telephone, for himself or for another;
    - (3) pays, gives, or advances or offers to pay, give, or advance to a prospective client money or anything of value to obtain employment as a professional from the prospective client;

- (b) A person commits an offense if the person:

    - (1) knowingly finances the commission of an offense under Subsection (a);
    - (2) invests funds the person knows or believes are intended to further the commission of an offense under Subsection (a); or
    - (3) is a professional who knowingly accepts employment within the scope of the person's license, registration, or certification that results from the solicitation of employment in violation of Subsection (a).

- (c) A person commits an offense if the person:

    - (1) is an attorney, chiropractor, physician, surgeon, or private investigator licensed to practice in this state or any person licensed, certified, or registered by a health care regulatory agency of this state; and
    - (2) with the intent to obtain professional employment for the person or for another, provides or knowingly permits to be provided to an individual who has not sought the person's employment, legal representation, advice, or care a written communication or a solicitation, including a solicitation in person or by telephone, that contains a false, fraudulent, misleading, deceptive, or unfair statement or claim.

Answer "Yes" or "No."

Answer: _____ No _____

If you answered "Yes" to Question No. 39, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 40:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MBH Real Estate, LLC as the owner of Metro Buys Homes, LLC's claim for its damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other.

Actual Damages

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer in dollars and cents, for damages, if any.

Answer: _____

If you answered "Yes" in Question No. 1 as to J. Michael Ferguson, P.C., or you answered "Yes" in Question No. 24 as to J. Michael Ferguson, P.C., then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 41:

What is a reasonable fee for the necessary services performed by J. Michael Ferguson, P.C.'s, attorney in this case pursuing claims for breach of contract against Ian Ghrist/Ghrist Law Firm?

You may consider the following factors in determining the reasonableness of an attorney fee award:

- a. the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to properly perform the legal services;

- b. the likelihood that prosecuting this suit will preclude other employment by the attorney;

- c. the fee customarily charged for similar legal services in the locality;

- d. the amount involved and results obtained;

- e. the experience, reputation, and ability of the lawyer performing the services.

Answer with an amount in dollars and cents for each of the following:

- a. For preparation and trial.
  Answer: _119,000.00_

- b. For an appeal to the Court of Appeals.
  Answer: _40,000.00_

- c. For application for Writ of Error to the Texas Supreme Court.
  Answer: _30,000.00_

- d. For briefing on the merits to the Texas Supreme Court.
  Answer: _30,000.00_

53

If you answered "Yes" in Question No. 27, 37 or 39 as to MBH Real Estate, LLC, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 42:

What is a reasonable fee for the necessary services performed by J. Michael Ferguson, P.C.'s attorney in this case pursuing claims for breach of contract against Ian Ghrist/Ghrist Law Firm?

You may consider the following factors in determining the reasonableness of an attorney fee award:

a. the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to properly perform the legal services;

b. the likelihood that prosecuting this suit will preclude other employment by the attorney;

c. the fee customarily charged for similar legal services in the locality;

d. the amount involved and results obtained;

e. the experience, reputation, and ability of the lawyer performing the services.

Answer with an amount in dollars and cents for each of the following:

a.   For preparation and trial.
     Answer: _119,000.00_

b.   For an appeal to the Court of Appeals.
     Answer: _70,000.00_

c.   For application for Writ of Error to the Texas Supreme Court.
     Answer: _30,000.00_

d.   For briefing on the merits to the Texas Supreme Court.
     Answer: _30,000.00_

54

Answer Question No. 43 only if you unanimously answered "Yes" to Question No. 35, or if you unanimously answered "Ian Ghrist/Ghrist Law Firm failed to comply with the fiduciary duty" in Question No. 31. Otherwise, do not answer the following question.

## QUESTION NO. 43:

Do you find by clear and convincing evidence that the harm to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc. or MBH Real Estate, LLC, resulted from malice or gross negligence by Ian Ghrist/Ghrist Law Firm found by you?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth or the allegations sought to be established.

"Malice" means –

1. a specific intent by Ian Ghrist/Ghrist Law Firm, to cause substantial injury or harm to the J. Michael Ferguson, P.C. or J. Michael Ferguson; or

2. An act or omission by Ian Ghrist/Ghrist Law Firm to cause substantial injury to J. Michael Ferguson, P.C. or J. Michael Ferguson.

   a.     which when viewed objectively from the standpoint of Ian Ghrist/Ghrist Law Firm at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

   b.     of which Ian Ghrist/Ghrist Law Firm, has actual, subjective awareness of the risk involved, but nevertheless

proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____No_____

Answer Question No. 44 only if you unanimously answered "Yes" in Question No. 43 as to Ian Ghrist/Ghrist Law Firm. Otherwise, do not answer the following question.

## QUESTION NO. 44:

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assess against Ian Ghrist/Ghrist Law Firm and awarded jointly to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate, LLC as exemplary damages, if any, for the conduct found in response to Question No. 43.

"Exemplary damages" means an amount that you may in your discretion award as a penalty of by way of punishment.

Factors to consider in awarding exemplary damages, if any, are –

1. The nature of the wrong.

2. The character of the conduct involved.

3. The degree of culpability of Ian Ghrist/Ghrist Law Firm.

4. The situation and sensibilities of the parties concerned.

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of Ian Ghrist/Ghrist Law Firm.

Answer in dollars and cents, if any.

J. Michael Ferguson, P.C.    $_____

J. Michael Ferguson          $_____

Anson Financial, Inc.        $_____

MBH Real Estate, LLC       $_____

## QUESTION NO. 45:

Prior to the Separation Agreement, did J. Michael Ferguson and Ian Ghrist/Ghrist Law Firm agree that Ian Ghrist/Ghrist Law Firm had a 13.33% ownership interest in the MBH Portfolio?

Answer "Yes" or "No."

Answer: _____Yes_____

## QUESTION NO. 46:

In the Separation Agreement, did J. Michael Ferguson, P.C. and Ian Ghrist/Ghrist Law Firm agree that Ian Ghrist/Ghrist Law Firm had a 13.33% ownership interest in the MBH Real Estate, LLC and property recovered from Cause Nos. 236-269254-13 and 236-248435-10?

Answer "Yes" or "No."

Answer: _____ Yes _____

**Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

    a. have the complete charge read aloud if it will be helpful to your deliberations;

    b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

    c. give written questions or comments to the bailiff who will give them to the judge;

    d. write down the answers you agree on;

    e. get the signatures for the verdict certificate; and

    f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1. Unless you are told otherwise you may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2. If 10 jurors agree on every answer, those 10 jurors sign the verdict.

If 11 jurors agree on every answer, those 11 jurors sign the verdict.

If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.

4. There are some special instructions before Question Nos. 23 and 44 explaining how to answer those questions. Please follow the instructions. If all 12 of you answer those questions, you will need to complete a second verdict certificate for those questions.

Do you understand these instructions? If you do not, please tell me now.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as Presiding Juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

MELODY WILKINSON
JUDGE PRESIDING

## Verdict Certificate

Check one:

_____ Our verdict is unanimous. All 12 of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.

_____
Printed Name of Presiding Juror

_____
Signature of Presiding Juror

_____ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

__X__ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

| 1. NAME ALLENDER | 7. NAME WALSH |
|---|---|
| SIGNATURE Belinda Allender | SIGNATURE |
| 2. NAME MARSHALL | 8. NAME DEETZ |
| SIGNATURE | SIGNATURE |
| 3. NAME BALEY | 9. NAME SILVI |
| SIGNATURE | SIGNATURE |
| 4. NAME CROSS | 10. NAME GARDNER |
| SIGNATURE | SIGNATURE |
| 5. NAME KITCHENS | 11. NAME ULERY |
| SIGNATURE | SIGNATURE |
| 6. NAME PARRA | 12. NAME GARLISH |
| SIGNATURE | SIGNATURE |

63

If you have answered Question No. 23, then you must sign this certificate also.

## Additional Certificate

I certify that the jury was unanimous in answering the following questions. All 12 of us agreed to each of the answers. The presiding juror has signed the certificate for all 12 of us.

### QUESTION NO. 10:

Did J. Michael Ferguson, P.C., J. Michael Ferguson, or Anson Financial, Inc. comply with their fiduciary duties to Ian Ghrist/Ghrist Law Firm?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C.  _____Yes_____

J. Michael Ferguson  _____Yes_____

Anson Financial, Inc.  _____Yes_____

### QUESTION NO. 14:

Did any of the persons listed below commit conversion against Ian Ghrist/Ghrist Law Firm?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C.  _____Yes_____

J. Michael Ferguson  _____Yes_____

Anson Financial, Inc.  _____Yes_____

MBH Real Estate LLC  _____Yes_____

## QUESTION NO. 16:

Did J. Michael Ferguson, P.C., or J. Michael Ferguson, or Anson Financial, Inc. commit fraud against Ian Ghrist/Ghrist Law Firm?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C.      _____Yes_____

J. Michael Ferguson            _____Yes_____

Anson Financial, Inc.          _____Yes_____

## QUESTION NO. 17:

Did J. Michael Ferguson, P.C., or J. Michael Ferguson make a negligent misrepresentation on which Ian Ghrist/Ghrist Law Firm justifiably relied?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C.      _____Yes_____

J. Michael Ferguson            _____Yes_____


_____Belinda Allender_____
Printed Name of Presiding Juror


_____Belinda Allender_____
Signature of Presiding Juror

If you have answered Question No. 44, then you must sign this certificate also.

## Additional Certificate

I certify that the jury was unanimous in answering the following questions. All 12 of us agreed to each of the answers. The presiding juror has signed the certificate for all 12 of us.

### QUESTION NO. 31:

Did Ian Ghrist/Ghrist Law Firm comply with their fiduciary duties to J. Michael

Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc., or MBH Real Estate LLC?

Answer "Yes" or "No" as to unanimity.

J. Michael Ferguson, P.C.          _____

J. Michael Ferguson                _____

Anson Financial, Inc.              _____

MBH Real Estate LLC                _____

### QUESTION NO. 35:

Did Ian Ghrist/Ghrist Law Firm commit conversion against MBH Real Estate,

LLC?

Answer "Yes" or "No" as to unanimity.

Answer: _____

## QUESTION NO. 43:

Do you find by clear and convincing evidence that the harm to J. Michael Ferguson, P.C., J. Michael Ferguson, Anson Financial, Inc. or MBH Real Estate, LLC, resulted from malice or gross negligence by Ian Ghrist/Ghrist Law Firm found by you? Answer "Yes" or "No" as to unanimity.

Answer: _____

_____
Printed Name of Presiding Juror

_____
Signature of Presiding Juror

CAUSE NO. 17-287611-16

| | | |
|---|---|---|
| **GHRIST LAW FIRM, PLLC, AND IAN GHRIST** | § § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **J. MICHAEL FERGUSON, P.C., J.** | § | **17th JUDICIAL DISTRICT** |
| **MICHAEL FERGUSON, ANSON** | § | |
| **FINANCIAL, INC., AND MBH REAL** | § | |
| **ESTATE, LLC** | § | |
| *Defendants / Counter-Claimants* | § | **TARRANT COUNTY, TEXAS** |

## JUDGMENT

On April 10, 2018, the jury in this matter was duly accepted, impaneled, and sworn. All parties appeared in person, and through their attorneys of record, and announced that they were ready for trial. Having previously been demanded, a jury consisting of twelve good and lawful jurors was duly empaneled and the case proceeded to trial. At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The Charge of the Court, including the questions, was read to the jury and the verdict of the jury is incorporated herein the same as if set forth at length. The Court shall take judicial notice of all filings in this cause.

### CLAIMS AGAINST IAN GHRIST AND GHRIST LAW FIRM, PLLC

On April 20, 2018 the jury issued its verdict after hearing evidence, arguments of counsel, the Court's instructions, and questions to be answered. Plaintiffs Ian Ghrist and Ghrist Law Firm, PLLC filed a motion to disregard the jury's answers to Questions 6, 27, 31. 41 and 42. Plaintiffs' requests to disregard the jury's findings are denied.



**E-MAILED**
*10-10-18*

It is further ORDERED, ADJUDGED and DECREED that Defendants'/Counter-Plaintiffs' Motions for Judgment Non-Obstante Verdicto are granted or denied as reflected in the Court's separate Orders for such Motions unless otherwise specified herein.

## PLAINTIFFS CLAIMS AGAINST DEFENDANTS

Accordingly, Plaintiffs, are prevailing parties, have elected to recover based on the jury's answers to Questions 1, 2, 5(a), 7, 8, 9, 10, 12, 13, 14, 15, 16, 18(b), 21 and 45 and 46 as the primary basis for the judgment herein entered. The Court hereby renders judgment for Ian Ghrist and the Ghrist Law Firm, PLLC based on the jury's verdict.

Pursuant to the findings of fact by the jury, the Court finds:

1.  that J. Michael Ferguson, P.C. materially breached and failed to comply with the separation agreement entered into with Ian Ghrist and the Ghrist Law Firm, PLLC;

2.  that Ian Ghrist and Ghrist Law Firm, PLLC materially breached and failed to comply with the Separation Agreement entered into with J. Michael Ferguson, P.C.;

3.  that J. Michael Ferguson, P.C., J. Michael Ferguson and Anson Financial, Inc. had a fiduciary relationship with Ian Ghrist and Ghrist Law Firm, PLLC and failed to comply with the fiduciary duties owed to Ian Ghrist and Ghrist Law Firm, PLLC;

4.  that J. Michael Ferguson, P.C. and J. Michael Ferguson entered into a joint venture with Ian Ghrist and Ghrist Law Firm, PLLC;

5.  that J. Michael Ferguson, P.C., J. Michael Ferguson, and Anson Financial, Inc. committed fraud; and

6.  that J. Michael Ferguson, P.C., J. Michael Ferguson, MBH Real Estate LLC, and Anson Financial, Inc. committed conversion of the property of Ian Ghrist and the Ghrist Law Firm, PLLC.

In the Plaintiffs' Motion to Enter Judgment, the Plaintiffs' acknowledged the Defendants' rights to certain offsets/setoffs that were undisputed at trial. Specifically, the Plaintiffs acknowledged that under the Rule 11 Agreement announced into the record in this cause on January 4th, 2017, the parties agreed that the Defendants' would have an offset/setoff in the amount of $5,000.00 from the final judgment entered in this case. The Plaintiffs' further acknowledged at trial that, on Page 1 of Plaintiffs' Exhibit 15 (Brandon Lim's Report), the line item titled "Mineral Income" should have been reduced to 13.33% of the $6,371.23 amount listed, *i.e.*, $849.28. Accordingly, the line on the same page entitled "Net Cash Balance Owed to Ghrist" should have been reduced by $5,521.95 to $101,605.19. This Court finds that the jury awarded the Plaintiffs' $104,700.83 for loss of the benefit of the bargain sustained in the past. The Court finds that the Plaintiffs' only requested and proved damages for loss of the benefit of the bargain sustained in the past in the amount of $96,605.19 because Plaintiffs' Exhibit 15 (Brandon Lim's Report) shows the "Net Cash Balance Owed to Ghrist" to be $107,127.11, however, the Plaintiffs have acknowledged the Defendants' entitlement to $10,521.95 in offsets/setoffs from the $107,127.11 damages number from Mr. Lim's report. Because the jury awarded $104,700.83, which sum consisted of $8,095.64 more than Plaintiffs' requested and proved at trial, the Court adjusts the jury's award to the Plaintiffs for loss of the benefit of the bargain sustained in the past to account for the foregoing offsets/setoffs. The Court reduced the jury's award for conversion and for loss of the benefit of the bargain that, in reasonable probability, will be sustained in the future by $15,655.20.

The Court has found that because Defendants breached first, Plaintiffs' future performance is excused.

The total sum of monetary damages awarded by the jury to Ian Ghrist and Ghrist Law Firm, PLLC against J. Michael Ferguson, P.C. is **$220,114.47 which includes the following elements of damages:**

**(1) Loss of the Benefit of the Bargain in the Past:**    **$ 96,605.16**

**(2) Loss of the Benefit of the Bargain in the Future: $115,981.52**

**(3) Disgorgement:**    **$ 7,528.09**

       **Total:**    **$220,114.47**

The total sum awarded by the jury to Ian Ghrist and Ghrist Law Firm, PLLC against Anson Financial, Inc. is **$220,114.47 which includes the following elements of damages:**

**(1) Loss of the Benefit of the Bargain in the Past:**    **$ 96,605.16**

**(2) Loss of the Benefit of the Bargain in the Future: $115,981.52**

**(3) Disgorgement:**    **$ 7,528.09**

       **Total:**    $220,114.47

The total sum awarded by the jury to Ian Ghrist and Ghrist Law Firm, PLLC against MBH Real Estate, LLC is **$212,586.68 which includes the following elements of damages:**

**(1) Loss of the Benefit of the Bargain in the Past:**    **$96,605.16**

**(2) Loss of the Benefit of the Bargain in the Future: $115,981.52**

       **Total:**    **$212,586.68**

The total sum awarded by the jury to Ian Ghrist and Ghrist Law Firm, PLLC against J. Michael Ferguson is **$212,586.68 which includes the following elements of damages:**

**(1) Loss of the Benefit of the Bargain in the Past:**    **$ 96,605.16**

**(2) Loss of the Benefit of the Bargain in the Future: $115,981.52**

**Total:**      **$212,586.68**

The foregoing awards are not cumulative. The Plaintiffs are entitled to a single recovery of not more than $220,114.47 in total actual damages, not counting pre or post judgment interest, from all Defendants.

The Court further finds that J. Michael Ferguson, P.C. is entitled to damages in the amount of ONE THOUSAND EIGHT HUNDRED FORTY-ONE DOLLARS AND TWENTY-TWO CENTS ($1,841.22) from Question 6 in the Charge of the Court and said amount shall be deducted from the amounts awarded in the judgment because of the offset or setoff as permitted by law.

Upon payment in full of this Judgment from any source, all Defendants are entitled to be released from this Judgment.

The parties have stipulated that $56,975.11 has been deposited into Caleb Moore's trust account by the Defendants pursuant to the Rule 11 Agreement dated 01/04/2017.

In addition to the $56,975.11 sum that has been deposited into Caleb Moore's trust account, Defendants have paid $7,189.55 into the registry of the Court. The Court finds that Plaintiffs are not entitled to recover prejudgment interest on the $64,164.66 sum deposited into Caleb Moore's trust account or the registry of the Court.

But for Defendants payments of $64,164.66 in trust under the Rule 11 Agreements, the prejudgment interest award to Plaintiffs would have been SIX THOUSAND FOURTEEN DOLLARS AND NINTY-ONE CENTS ($6,014.91). However, because of the payments under the Rule 11 Agreement, the amount of prejudgment interest awarded to Plaintiffs is reduced by the

sum of TWO THOUSAND FOUR HUNDRED FIFTY-TWO DOLLARS AND TWENTY-TWO CENTS ($2,452.22).

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiffs are entitled to recover the sum of THREE THOUSAND FIVE HUNDRED SIXTY-TWO DOLLARS AND SIXTY-NINE CENTS ($3,562.69) in pre-judgment interest on the award of loss of the benefit of the bargain damages in the past awarded against J. Michael Ferguson, P.C., Anson Financial, Inc. and MBH Real Estate, LLC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs Ian Ghrist and Ghrist Law Firm PLLC SHALL recover from J. Michael Ferguson, P.C. on its claim of Breach of the Separation Agreement contract and to recover its reasonable and necessary attorney's fees related to such breach including:

1. $119,000.00 for preparation and for trial;
2. $70,000.00 in the event of an appeal to the Court of Appeals;
3. $30,000.00 for Application for Writ of Error to the Texas Supreme Court; and
4. $30,000.00 for briefing on the merits to the Texas Supreme Court.

The Court HEREBY GRANTS post-judgment interest at the statutory rate of 5.00% *per annum* as published by the Texas Office of Consumer Credit Commissioner to the Plaintiffs on all monetary damages awarded in this judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs Ian Ghrist and Ghrist Law Firm PLLC SHALL recover taxable court costs from J. Michael Ferguson P.C., J. Michael Ferguson, Anson Financial, Inc., and MBH Real Estate LLC, Defendants herein, jointly and severally.

This judgment disposes of all claims of all parties and is final and appealable. All relief not granted herein is denied.

SIGNED on this the 9th day of October, 2018.

_____
JUDGE PRESIDING

# Exhibit B - Separation Agreement

### Agreement

10. Mike Ferguson will substitute as lead attorney on
    a. *U.S. Bank v. Emmert*, Cause No. 236-272430-14
    b. *12021 Jacksboro, LLC v. Humphrey*, et. al., Cause No. 067-270399-14,
    c. *Moore v. Peba v. Tipton*, Cause No. 2012-0396M-CV
    d. *Brock v. Tipton*, Cause No. 2009-0000007-M-CV and those cases will stay with J. Michael Ferguson, P.C.

11. 6712 Plantation Rd., Forest Hill, Texas 76140
    Ian Ghrist has a "Net Equity" interest in the property equal to 1/3 less
    a. Anson's Deficiency Judgment including any legal cost to obtain judgment, filing fees, etc.
    b. cost of acquiring the property with interest
    c. cost of incurred in remodeling and marketing the property with interest.

    Ghrist shall receive the Net Equity interest if cash or 1/3 of cashflow from Net Equity in house.

12. *12021 Jacksboro case*, Cause No. 067-270399-14 - None will be paid on this.

13. Any Attorney fees owed by Marta Martinez shall remain with J. Michael Ferguson, PC. Ghrist will no longer have any interest in the case nor shall he pursue any remedies against Marta Martinez or any other party in the lawsuit.

14. The funds due to Ian Ghrist due to his 13.33% stake in MBH Real Estate, LLC and property recovered from Cause Nos. 236-269254-13 and 236-269254-13 will be paid. The Law Office of J. Michael Ferguson, PC shall first collect $15,000 plus any filing fees incurred in obtaining the original judgment plus interest on those funds as the judgment was obtained prior to Ghrist's involvement in the case.

15. Ian Ghrist will keep the following cases and any revenues generated from the following cases will be due to Ghrist Law Firm: *Clifton Barnett v. Steve Glasgow, et. al.*, Cause No. CC-14-05869-D, *Jose Gonzales v. Sammie Kindle*, Cause No. 236-279565-15, *Karmali Holdings, Inc. v. Chesapeake et. al.*, Cause No. 067-277696-15, *Ready Mix Solutions v. Souther Equipment*, DC-14-13869.

16. Ian Ghrist will finish the appeal of Cause No. TX-12-40136, wherein 2012 Properties, LLC is the petitioner for excess proceeds, free of charge.

17. Ian Ghrist will take the following clients:



    a.
    b.
    c.
    d.
    e.
    f.
    g.
    h.
    i.

18. Ian Ghrist's interest in $1/3^{rd}$ of the fees due from Lareina Starr less any filing fees or 3rd party fees expended to obtain the Fees. Ian will continue to work with her to get a transaction closed that will settle her account.

19. Any fees paid on behalf of Ghrist Law to form Ghrist Law shall be reimbursed:
    a. Filing Fees with Secretary of State
    b. Website fees
    c. Other filing fees, signage fees, if any.

20. J. Michael Ferguson, PC (JMF) shall be reimbursed by Ghrist for any monthly fees incurred on or after 12/1/2015 on behalf of Ghrist for websites, Lexis, etc. JMF shall cooperate and help Ghrist in transferring the www.ghristlaw.com domain.

21. Any books, work manuals, etc. that were paid for by J. Michael Ferguson, PC shall remain with J. Michael Ferguson, PC.

22. Ghrist shall return the Company Credit Card and his office key.


This agreement closes any and all matters between Ian Ghrist and/or Ghrist Law and J. Michael Ferguson, PC. If any issue was not addressed in this agreement, it will not be raised at any time in the future.

Signed the 4th day of December, 2015.

J. Michael Ferguson, PC

By: _____
    J.Michael Ferguson, President

Ian Douglas Ghrist, PLLC dba Ghrist Law

By: _____
    Ian Ghrist, Managing Member
    And Ian Ghrist, Individually

Exhibit C - Email and Attachments Showing Ownership Agreement

## J. Michael Ferguson

| | |
|---|---|
| **From:** | J. Michael Ferguson |
| **Sent:** | Saturday, June 6, 2015 11:45 PM |
| **To:** | Shawn Coker; Jessica Dorsett; Ian Ghrist |
| **Subject:** | Metro Buys Homes Status |
| **Attachments:** | 12-2014_0374.pdf; 01-2015_0375.pdf; 2-2015_0376.pdf; 3-2015_0377.pdf; 4-2015_0378.pdf; 5-2015_0379.pdf; 10-2014_0372.pdf; 11-2014_0373.pdf; March 2015_0167.pdf; 4-2015_0380.pdf; MBH Trust Agreement_0381.pdf; Metro Buys Summary.xlsx |

| | |
|---|---|
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Shawn,

I have attached the Monthly Registers for the loans from 10/2014 thru 5/31/2015. At this moment, we will need to collect at least $42,332.43 more before any distributions can be made. $7,493.24 is left owing to me for Expenses of the Suit and and/or Taxes paid on behalf of Metro. I agreed to take this case on a contingency basis and I told you I would stick with it to the very end and I did. I predict that we will find more assets hidden somewhere by Boles. My goal is to maximize the collections on this deal for you and for this law firm. It did not work in the past when you wanted to collect the mortgages. We are far better equipped to collect loans and the history of the loans you serviced shows that. I realize this was debt owed to you but I also realize (1) no attorney in a thousand miles would have taken this case on a contingency bases and (2) I have a great deal of employee expense, time invested in this not to mention the problems I personally have with Judge Lowe now. With us collecting this, you will collect all of your money back in time plus interest. The following is what I feel needs to occur in order to maximize the value of the portfolio:

1. We will establish a Trust in which you, or whatever entity(s) you designate are 60% Beneficiary of and J. Michael Ferguson, PC and/or whatever entity(s) I designate will be 40% Beneficiary of the Trust. I have attached a copy of the Trust Agreement that Ian drafted today for you to review. Please review the Agreement and let me know if you have any issues with this.

2. Once all the assets are dealt with, taxes paid, etc., then we will make monthly distributions of the rent, royalties and the Principal and Interest collected on the notes.

3. Anson will service this portfolio and it will be paid an annual fee of 1% of the assets serviced. (1%/12 to be deducted monthly from distributions.)

4. Anson and its employees will be responsible for all assets, vacancies, rekeying, etc. We have a system and these assets need to be worked through that system. I realize you felt we could not handle Street Capital in the past but the facts are we buy, sell and manage more assets than you do so we are more than capable of dealing with these properties. It will simply not work well if we do not manage these assets as we do our other assets. We will have all the vacant properties rekeyed and a lockbox put on them. The lockbox code is 4217. We will let you know the status of each property, when it is rekeyed and you can have your people assess the situation just as we will have ours. Then we can discuss what we feel is the best course of action.

5. Your people can still advertise and sell the properties but we too sell properties so we too will market the properties. We don't put signs out so we will not be in conflict with you your people. It is better for you and I both to move these as quickly as possible.

6. If you look at any property that I paid the taxes on and you feel I made a mistake, just let me know and Anson will reimburse the Trust and take ownership of the property.

7. Royalties- I will establish an online account with each operator and you will be given the login and password so that you can verify the money that is collected on the Royalties. I did not accomplish that yet and I am not certain that I got a scan of all royalty checks but if I missed any, I will update you once I get online access. Regardless, it is very little money.

**NPI-Anson Notes-**        Cordell Davis and McCurdy Property Loan- I would like to transfer these 2 loans in with the trust assets so we only have one report to deal with.  The following are the figures for getting the ownership to a 60/40 split for both loans:

|  | Balance | % Owned |  |  |  |
|---|---|---|---|---|---|
| Davis, Cordell | $15,371.40 | 50% | $7,685.70 | 40% | $6,148.56 |
| De La Rosa | $17,365.66 | 25.63% | $4,450.82 | 40% | $6,946.26 |
|  |  |  | $12,136.52 |  | $13,094.82 |
|  |  |  |  |  | $958.31 |

I will pay the report for May 2015 and then recalculate but I will need to pay you directly, approximately $950.00 when I move these loans over.

**HBS-Dragon Gas, Inc.**

According to the last K1 I got for Home Buyers Solutions, LLC, my 25% interest has a capital account of $77,812.  The Balance Sheet for Dragon Gas, Inc. has not changed except the debt to Wizard was paid off.  If 1/6 is worth $20,000, then to buy all 4/6, the price would be $80,000.  Therefore, I suggest that we just swap out our interest and the the law firm and Anson will forgo the $5500 or so that HBS owes them.

Let me know if that is acceptable to you and if it is, I will have Ian draw up the paperwork to transfer each of our interest.

If I have left anything off here, please let me know.  I will be happy to provide you with anything you want.  Also, to make it perfectly clear, as I have been told that you inquired, I do not now nor will I ever have a separate account for each entity that I service loans for.  In this case, you owe me money Shawn and you have for several years but I let it ride because I felt I would collect on this deal.  I was prepared to put my money where my mouth was.  I told you I would collect some of this for you and I did.

Let me know when you want to meet on these issues.

J. Michael Ferguson, P.C.
Attorney at Law
1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034
Phone (817)267-1008 Ext. 7004
Direct Line (817)756-2799
Fax (817)485-1117

_**THIS FIRM IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**_

*CONFIDENTIALITY NOTICE*
**This email and all attached documents may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact me immediately at <u>mike@jmichaelferguson.com</u> or call 800-322-8798 and delete and destroy all copies.**



Shawn,

I have attached the Monthly Registers for the loans from 10/2014 thru 5/31/2015. At this moment, we will need to collect at least $42,332.43 more before any distributions can be made. $7,493.24 is left owing to me for Expenses of the Suit and/or Taxes paid on behalf of Metro. I agreed to take this case on a contingency basis and I told you I would stick with it to the very end and I did. I predict that we will find more assets hidden somewhere by Boles. My goal is to maximize the collections on this deal for you and for this law firm. It did not work in the past when you wanted to collect the mortgages. We are far better equipped to collect loans and the history of the loans you serviced shows that. I realize this was debt owed to you but I also realize (1) no attorney in a thousand miles would have taken this case on a contingency bases and (2) I have a great deal of employee expense, time invested in this not to mention the problems I personally have with Judge Lowe now. With collecting this, you will collect all of your money back in time plus interest. The following is what I feel needs to occur in order to maximize the value of the portfolio.

1. We will establish a Trust in which you, or whatever entity(s) you designate are 60% Beneficiary of and J. Michael Ferguson, PC and/or whatever entity(s) I designate will be 40% Beneficiary of the Trust. I have attached a copy of the Trust Agreement that Ian drafted today for you to review. Please review the Agreement and let me know if you have any issues with this.
2. Once all the assets are dealt with, taxes paid, etc., then we will make monthly distributions of the rent, royalties and the Principal and Interest collected on the notes.
3. Anson will service this portfolio and it will be paid an annual fee of 1% of the assets serviced. (1%/12 to be deducted monthly from distributions.)
4. Anson and its employees will be responsible for all assets, vacancies, rekeying, etc. We have a system and these assets need to be worked through that system. I realize you felt we could not handle Street Capital in the past but the facts are we buy, sell and manage more assets than you do so we are more than capable of dealing with these properties. It will simply not work well if we do not manage these assets as we do our other assets. We will have all the vacant properties rekeyed and a lockbox put on them. The lockbox code is 4217. We will let you know the status of each property, when it is rekeyed and you can have your people assess the situation just as we will have ours. Then we can discuss what we feel is the best course of action.
5. Your people can still advertise and sell the properties but we too sell properties so we too will market the properties. We don't put signs out so we will not be in conflict with you your people. It is better for you and I both to move these as quickly as possible.
6. If you look at any property that I paid the taxes on and you feel I made a mistake, just let me know and Anson will reimburse the Trust and take ownership of the property.
7. Royalties- I will establish an online account with each operator and you will be given the login and password so that you can verify the money that is collected on the Royalties. I did not accomplish that yet and I am not certain that I got a scan of all royalty checks but if I missed any, I will update you once I get online access. Regardless, it is very little money.

NPI-Anson Notes- Cordell Davis and McCurdy Property Loan- I would like to transfer these 2 loans in with the trust assets so we only have one report to deal with. The following are the figures for getting the ownership to a 60/40 split for both loans:

|  | Balance | % Owned |  |  |  |  |
|---|---|---|---|---|---|---|
| Davis, Cordell | $15,371.40 | 50% | $7,685.70 | 40% | $6,148.56 |  |
| De La Rosa | $17,365.66 | 25.63% | $4,450.82 | 40% | $6,946.26 |  |
|  |  |  | $12,136.52 |  | $13,094.82 |  |
|  |  |  | $958.31 |  |  |  |

Defendants' Exhibit 61

| Expenses | Amount | Documentation |
|---|---|---|
| Expenses of Lawsuit | $14,250.38 | Exhibit A |
| Legal Expense to Receiver | $5,860.75 | Exhibit A |
| Guz Ruiz Mechanic Lien | $6,629.15 | Abstract of Judgment |
| Money collected by Shawn | $11,072.00 | Paid Directly to Shawn |
| 2525 Lipscomb Taxes | $7,160.29 | Taxes Paid by Anson |
| 4209 Penrose Taxes | $5,653.63 | Taxes Paid by Anson |
| 2021 Grainger St. Taxes | $3,187.23 | Taxes Paid by Anson |
| 3522 Reed St. Taxes | $3,376.49 | Taxes Paid by Anson |
| 2420 Purselley | $2,578.50 | Taxes Paid by Anson |
| 1613 Yale | $5,923.94 | Taxes Paid by Anson |
| 206 15th St. | $3,902.22 | Taxes Paid by Anson |
| | | |
| Total Expenses thru 5-31-2015 | $69,594.58 | |
| | | |
| Cash from Metro Account-Ian Ghrist Closed | $4,500.00 | Ian will provide a copy of the Account Statements |
| | | |
| Unposted Payments-937 Lowden | $320.00 | Received 2 payments then stopped and will not provide information- foreclosing on property to force issue |
| Net Collected from Loans thru 5-31-2015 | $57,019.24 | See Monthly Summary of Payments Tab |
| Royatly Checks | $262.10 | See Royalties Tab and PDF attached to Email |
| | $62,101.34 | |
| | | |
| | | |
| Available for Distribution | -$7,493.24 | |
| | | |
| Taxes Left to Pay | -$34,839.19 | |
| | | |
| Total need to be collected before any Distributions | -$42,332.43 | |

| Begin Report Period | End Report Period | Beginning Balance | Pincipal | Interest | Escrow | Escrow Balance | New Accounts Added | Ending Principal Balance | Service Fee | Net after Service Fees | Total Collected after Service Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/01/2014 | 10/31/2014 | $797,141.96 | $197.52 | $502.48 | $0.00 | $0.00 | $0.00 | $796,944.44 | $664.28 | $35.72 | $35.72 |
| 11/01/2014 | 11/30/2014 | $796,944.44 | $21,138.60 | $6,325.04 | $0.00 | $0.00 | $0.00 | $775,805.84 | $664.12 | $26,799.52 | $26,835.23 |
| 12/01/2014 | 12/31/2014 | $775,805.84 | $14,711.34 | $7,281.82 | $0.00 | $0.00 | $48,066.73 | $838,583.91 | $646.50 | -$8,076.02 | $18,759.21 |
| 01/01/2015 | 01/31/2015 | $838,583.91 | $618.57 | $5,198.44 | $162.35 | $162.35 | $0.00 | $837,965.34 | $698.82 | $5,118.19 | $23,877.40 |
| 02/01/2015 | 02/28/2015 | $837,965.31 | $1,622.08 | $7,116.28 | $162.35 | $324.70 | $0.00 | $836,343.23 | $698.30 | $8,040.06 | $31,917.46 |
| 03/01/2015 | 03/31/2015 | $836,343.23 | $1,990.43 | $6,439.77 | $361.15 | $685.85 | $61,760.74 | $896,113.54 | $696.95 | $7,733.25 | $39,650.70 |
| 04/01/2015 | 04/30/2015 | $896,113.54 | $2,460.38 | $7,369.53 | $280.80 | $966.65 | $0.00 | $893,653.16 | $746.76 | $9,083.15 | $48,733.85 |
| 05/01/2015 | 05/31/2015 | $893,653.16 | $2,678.69 | $7,093.89 | $181.40 | $1,148.05 | $0.00 | $890,974.47 | $744.71 | $9,027.87 | $57,761.72 |
| 06/01/2015 | 06/30/2015 | $890,974.47 | | | | $1,148.05 | $0.00 | $890,974.47 | $742.48 | -$742.48 | $57,019.24 |
| 07/01/2015 | 07/31/2015 | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| 08/01/2015 | 08/30/2015 | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| 09/01/2015 | 09/30/2015 | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| 10/01/2015 | 10/31/2015 | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| 11/01/2015 | 11/30/2015 | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| 12/01/2015 | 12/31/2015 | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| | | | | | | $1,148.05 | $0.00 | $0.00 | $0.00 | $0.00 | $57,019.24 |
| Totals | | | $15,994.93 | $47,327.25 | | | | | $6,302.94 | | $57,019.24 |

Defendants' Exhibit 61

| | Chesapeake | XTO | Vantage |
|---|---|---|---|
| Mar-15 | $183.00 | | |
| Apr-15 | $79.10 | | |
| | | | |
| Total | $262.10 | | |

| Number | Name | Property Address | City | State | Zip | Mailing Address | Balance in 2010 | Lien Position | Taxes Owed | Taxes Paid by Anson | Source | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Sierra & Herminia Cortes | 1016 Sycamore Ter. | Fort Worth | Texas | 76104 | | $1,759.00 | 2nd | | | Collateral | |
| 2 | Javier Alvarez | 1110 N. Chandler | Fort Worth | Texas | 76111 | | $2,101.00 | 2nd | | | Collateral | Sold@F/C |
| 3 | Mike Johnson | 1175 Mansfield Ave. | Fort Worth | Texas | 76104 | 2700 Carnation Ave., Fort Worth, Texas 76111 | $9,539.00 | 2nd | | | Collateral | |
| 4 | Joaquin Luque | 1216 E. Stella | Fort Worth | Texas | | | $0.00 | | | | Collateral | Paid off-Shawn Collected money |
| 5 | Jose Garcia | 125 Cottonwood St. | Fort Worth | Texas | 76111 | | $18,614.00 | 1st | | | Collateral | Paid Off -Paid to Anson |
| 6 | Ruben Macias | 1525 E. Park Row Dr | Fort Worth | Texas | 76010 | | ######## | 2nd | $1,423.54 | | Collateral | |
| 7 | Alba Lozano | 2100 Oakland Blvd. | Fort Worth | Texas | 76103 | | ######## | 2nd | | | Collateral | |
| 8 | Kathleen Bell | 2201 Lynnhaven | Fort Worth | Texas | | | $1,403.00 | 2nd | | | Collateral | |
| 9 | Daniel Loza | 3236 Bonnie Brae | Fort Worth | Texas | | | $0.00 | | | | Collateral | Foreclosed by David |
| 10 | David Smith | 3417 Hatcher St. | Fort Worth | Texas | 76119 | | $7,836.00 | 2nd | | | Collateral | |
| 11 | Angel Chavez | 3920 Frazier | Fort Worth | Texas | 76110 | | $4,877.00 | 2nd | | | Collateral | |
| 12 | Martin Perez | 4121 Ave. H | Fort Worth | Texas | 76105 | | $25,922.55 | 1st | | | Collateral | |
| 13 | Martin Perez | 4121 Ave. H | Fort Worth | Texas | 76105 | | $8,745.32 | 2nd | | | Collateral | |
| 14 | Janette Garcia | 4129 Littlejohn Ave. | Fort Worth | Texas | 76105 | | $907.00 | 2nd | | | Collateral | |
| 15 | Jose Bernardino | 4216 Littlejohn Ave. | Fort Worth | Texas | 76105 | 3124 Rodeo St., Fort Worth, Texas 76119 | $3,841.00 | 2nd | | | Collateral | |
| 16 | Frank Hightower | 429 Christie | Fort Worth | Texas | | | $0.00 | | $434.88 | | Collateral | Foreclosed by David |
| 17 | Samuel Arandy | 5113 Trueland | Fort Worth | Texas | | | $0.00 | 2nd | $35.39 | | Collateral | |
| 18 | Francisco Sepulveda | 515 N. Hansbarger St | Fort Worth | Texas | 76140 | | $9,046.00 | 2nd | | | Collateral | |
| 19 | Olga Sierra | 734 & 738 McCurdy; | Fort Worth | Texas | | Anson/NPI own | ######## | 1st | | | Collateral | |
| 20 | Jesus Mejia | 908 Schieffer Ave. | Fort Worth | Texas | 76110 | | $4,712.00 | 2nd | | | Collateral | |
| 21 | Juan Jaramillo | 937 E. Lowden St. | Fort Worth | Texas | 76104 | | ######## | 2nd | | | Collateral | |
| 1 | | 1110 N. Chandler | Fort Worth | Texas | | | | | | | Diff | Foreclosed -Do not record Transfer Documents |
| 2 | Paid Off-Need to clear Title | 125 Cottonwood St. | | | | | | | | | Diff | Need to clear Title - Paid off to Receiver |

Defendants' Exhibit 61

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Jim Diffenwierth | 1407 Swiss | Arlington | Texas | | $0.00 | | Diff | Nice looking house and title is clear |
| 4 | Jim Diffenwierth | 1709 Fort Worth | Grand Prairie | Texas | | $11,336.17 | | Diff | Need to Inspect the property prior to paying Taxes |
| 5 | Diffenwierth | 2021 Grainger | Fort Worth | Texas | | $0.00 | $3,187.23 | Diff | |
| 6 | Jim Diffenwierth & Angel | 2525 Lipscomb | Fort Worth | Texas | | $0.00 | $7,160.29 | Diff | D Hyder has superior Title- Tax Suit to clear title |
| 7 | Galvan | 3021 Ave. H | Fort Worth | Texas | 76105 | $0.00 | | Diff | |
| 8 | Diffenwierth | 3522 Reed | Fort Worth | Texas | | $0.00 | $3,376.49 | Diff | |
| 9 | Rafael Ambriz-Garcia | 3704 Brookline Ave. | Fort Worth | Texas | 76119 | $0.00 | | Diff | Tax F/C-Do Not record Documents -No Value-Austin Atty |
| 10 | Geratdo & Lorrai Hernandez | 3804 Duncan | Forest Hill | Texas | 76119 | 6011 Westridge Lane, Apt. 1812, Fort Worth, Tx 76116 | $5,373.31 | | Diff | Bane has superior Title-Tax Suit to clear title |
| 11 | Martin R and G Jimmenez Perez | 4121 Ave. H | Fort Worth | Texas | 76105 | $10,156.02 | | Diff | Vacant Lot-Do Not Record Documents |
| 12 | Diffenwierth | 4209 Penrose | Fort Worth | Texas | | $0.00 | $5,653.63 | Diff | |
| 13 | Griselda Garcia Torres & Yessica | 812 W. Felix | Fort Worth | Texas | 76115 | $4,393.34 | | Diff | Naugle has superio Lien -Taxes to clear title |
| 1 | Arzaga Raymundo Garcia & Elena | 1214 Cambridge St. | River Oaks | Texas | 76114 | $25.21 | | MBH | |
| 2 | N. Santos A Solis & A | 1303 E. Morphy St. | Fort Worth | Texas | 76104 | | | MBH | |
| 3 | Cervantes Solis Viridiana | 1308 E. Jessamine St. | Fort Worth | Texas | 76104 | $563.15 | | MBH | |
| 4 | Cardenas | 1613 Yale St. | River Oaks | Texas | 76114 | $1,339.38 | $5,923.94 | MBH | Paid off Propel |
| 5 | Pablo Orona Michelle Davila | 1902 Ida St. | Arlington | Texas | 76010 | 1807 Reever St., Arlington, Texas 76010 | $1,302.79 | | MBH | |
| 6 | Flores | 206 N.W. 15th St. | Grand Prairie | Texas | 75050 | | $3,952.22 | MBH | Leasing Property |
| 7 | Melecio Diaz | 2120 Daniel St. | Fort Worth | Texas | 76104 | | | MBH | |

Defendants' Exhibit 61

| # | Name | Address | City | State | Zip | Notes | Amount 1 | Amount 2 | |
|---|---|---|---|---|---|---|---|---|---|
| 8 | Adan Silva & Margarita Silva | 2144 Ridgeview St. | Fort Worth | Texas | 76119 | | | | MBH |
| 9 | Judith Correa | 2404 North Glen Driv | Fort Worth | Texas | 76119 | | | | MBH |
| 10 | Jesse D. Chenoweth & Valerie Grace Tejeda Chenoweth | 2420 Purselley Ave | Fort Worth | Texas | 76112 | 1602 Briarpath Ln., Arlington, Texas 76018 | $181.39 | $2,578.50 | MBH |
| 11 | Victor Nerio & Conrada Nerio | 2725 Ave C | Fort Worth | Texas | 76105 | | | | MBH |
| 12 | Jimenez & Delmy Benitez Torres | 3220 Collin St. | Fort Worth | Texas | 76119 | | | | MBH |
| 13 | & Maria I. Gomez | 3316 Skyline Drive | Fort Worth | Texas | 76114 | | | | MBH |
| 14 | David H. Smith | 3417 Hatcher St. | Fort Worth | Texas | 76119 | | | | MBH |
| 15 | & C. Cabral Najera | 3629 Baylor St. | Fort Worth | Texas | 76119 | | $4,602.27 | | MBH |
| 16 | Garza & Ursula Garza | 3701 Forbes St. | Fort Worth | Texas | 76105 | | | $2,252.82 | MBH |
| 17 | Hastings & Manuela Martinez | 3709 Millet Ave | Fort Worth | Texas | 76105 | | | | MBH |
| 18 | Moreno | 3725 Ave J | Fort Worth | Texas | 76105 | | $604.92 | | MBH |
| 19 | Angel Chavez | 3920 Frazier Ave | Fort Worth | Texas | 76110 | | | | MBH |
| 20 | Joel Lazo Corona and Maria Carmen | 4109 Earl St. | Haltom City | Texas | 76111 | | $246.42 | $5,393.12 | MBH |
| 21 | Herrera | 4212 Emerson St. | Fort Worth | Texas | 76119 | | $683.68 | | MBH |
| 22 | Ophelia Gomez | 4228 Ave N | Fort Worth | Texas | 76105 | Leasing Property | | | MBH |
| 23 | Maria Gonzales | 4809 Old Mansfield F | Fort Worth | Texas | 76119 | | | | MBH |
| 24 | Maria Mendoza | 5013 Lyndon D. | Fort Worth | Texas | 76116 | | $1,583.98 | | MBH |
| 25 | Francisco J. Sepulveda & Maria D. Sepulveda & S Oropeza | 515 N. Hansbarger St | Everman | Texas | 76140 | | | | MBH |
| 26 | White Ortega & Jaquita | 8405 Sussex St. | Settlement | Texas | 76104 | | $1,131.24 | | MBH |
| 27 | Simmons & Patricia | 905 Pangburn Ave | Grand Prairie | Texas | 75051 | | | | MBH |
| 28 | Lochridge | 937 Nannette St. | Fort Worth | Texas | 76114 | | $48.40 | | MBH |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | 332 Bollinger Blvd. | Fort Worth | Texas | | Prospect | Turpin Investments has superior lien to Diefienwierth |
| 2 | 512 Vicki | Fort Worth | Texas | | Prospect | Need to file eviction and take property-it is MBH Property |

| | | |
|---|---|---|
| | $45,465.48 | $39,478.24 |
| Less | $434.88 | |
| | $35.39 | |
| | $10,156.02 | |
| As of 6/6/2015 Taxes left to pay | $34,839.19 | |

| Address | First payment Date | # Payments Received | Amount | | Total Amount | | Last Received Date |
|---|---|---|---|---|---|---|---|
| 2100 Oakland | 10/18/2011 | 37 | $ | 171.00 | $ | 6,327.00 | 10/21/2014 |
| 2201 Lynnhaven | 11/17/2011 | 12 | $ | 125.00 | $ | 1,500.00 | 09/29/2012 |
| 1114 Chandler | 12/02/2011 | 1 | $ | 526.00 | $ | 526.00 | 12/02/2011 |
| 2213 Vickery | 12/05/2011 | 1 | $ | 250.00 | $ | 250.00 | 12/05/2012 |
| 1525 E. Park Row | 01/10/2012 | 3 | Odd Amounts | | $ | 2,169.00 | 06/08/2012 |
| 937 Lowden | 11/17/2012 | 1 | $ | 300.00 | $ | 300.00 | 11/17/2012 |
| | | | | | $ | 11,072.00 | |

| | |
|---|---|
| Judgment Amount | $5,549.00 |
| Judgment Date | 07/12/2011 |
| Judgment Interest Rate | 5% |
| Payoff Date: | 06/02/2015 |
| Per Diem | $0.76 |
| Days of Interest | 1421 |
| | |
| Accrued Interest | $1,080.15 |
| Judgment | $5,549.00 |
| Balance Owed | $6,629.15 |

Neighborhood Partner, Inc.
Blue Moon Realty Group
Wizard Funding, LLC
Shawn Coker
Total of Shaw Coker Et. Al.                                              60%


J. Michael Ferguson, PC                 27%
Ghrist Law                              13%
Total of JMFPC Et. Al.                                                   40%

Total Ownership                                                         100%

Metro Buys Homes, LLC
**Register: Notes**
Dates: 01/01/15-01/31/15 Printed on: 06/06/15
Order: Pay Date Investor: MBH Notes: No filter

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Corona, G | 01/02 R | 100.00 | 96.80 | 3.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 01/02 R | 410.00 | 150.26 | 259.74 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 01/02 R | 268.00 | 100.08 | 161.76 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 01/02 P | 0.00 | 6.16 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 01/03 S | -75.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 01/03 S | 75.00 | 0.00 | 0.00 | 0.00 | 0.00 | 75.00 | 0.00 |
| Silva, Ad | 01/03 Y | 37.50 | 37.47 | 0.03 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 01/03 r | 87.50 | 0.00 | 87.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 01/03 R | 500.00 | 82.16 | 410.34 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 01/03 P | 0.00 | 7.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 01/04 R | 95.00 | 14.12 | 80.88 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 01/04 R | 460.00 | 64.14 | 395.86 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 01/05 R | 150.00 | 0.00 | 100.00 | 0.00 | 50.00 | 0.00 | 0.00 |
| Lazo, Joe | 01/05 r | 250.00 | 0.00 | 87.65 | 0.00 | 0.00 | 0.00 | 162.35 |
| Lazo, Joe | 01/05 R | 400.00 | 0.00 | 380.95 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 01/05 P | 0.00 | 0.00 | 19.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 01/08 R | 375.72 | 42.05 | 333.67 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 01/08 R | 96.15 | 23.90 | 72.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Orona, Pa | 01/08 R | 750.00 | 150.49 | 74.51 | 0.00 | 0.00 | 0.00 | 0.00 |
| Orona, Pa | 01/08 R | 0.00 | 151.87 | 98.13 | 0.00 | 25.00 | 0.00 | 0.00 |
| Orona, Pa | 01/08 R | 0.00 | 153.26 | 96.74 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lozano, A | 01/08 R | 171.00 | 90.75 | 80.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 01/12 R | 300.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 01/12 r | 0.00 | 0.00 | 250.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Correa, J | 01/12 R | 370.00 | 42.65 | 327.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Smith, Da | 01/12 R | 100.00 | 4.85 | 95.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 01/19 S | -15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jimenez, | 01/19 S | -15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jones, Va | 01/19 S | -15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 01/19 S | -15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Solis, Au | 01/20 R | 75.00 | 47.55 | 27.45 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 01/21 S | -500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 01/21 S | 450.00 | 0.00 | 0.00 | 0.00 | 0.00 | 450.00 | 0.00 |
| Sepulved | 01/22 R | 135.00 | 49.18 | 85.82 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 01/22 R | 55.00 | 14.16 | 40.84 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 01/22 R | 495.00 | 72.66 | 377.34 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 01/22 P | 0.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 01/22 R | 100.00 | 32.47 | 67.53 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 01/22 r | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 01/22 R | 60.00 | 47.31 | 12.69 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 01/26 R | 600.00 | 137.08 | 412.92 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 01/26 r | 0.00 | 0.00 | 50.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 01/26 S | 50.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50.00 | 0.00 |
| Ortega, U | 01/26 P | -1536.51 | -1536.51 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Metro Buys Homes, LLC
**Register: Notes**
Dates: 01/01/15-01/31/15  Printed on: 06/06/15

2

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Garcia, R | 01/28 R | 400.00 | 90.72 | 109.28 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 01/28 P | 0.00 | 200.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Nerio, Vi | 01/30 R | 215.00 | 48.18 | 16.82 | 0.00 | 10.00 | 0.00 | 0.00 |
| Nerio, Vi | 01/30 R | 0.00 | 48.74 | 16.26 | 0.00 | 10.00 | 0.00 | 0.00 |
| Nerio, Vi | 01/30 R | 0.00 | 49.31 | 15.69 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jimenez, | 01/30 R | 270.00 | 9.63 | 45.37 | 0.00 | 25.00 | 0.00 | 0.00 |
| Jimenez, | 01/30 R | 0.00 | 9.74 | 45.26 | 0.00 | 25.00 | 0.00 | 0.00 |
| Jimenez, | 01/30 R | 0.00 | 9.84 | 45.16 | 0.00 | 25.00 | 0.00 | 0.00 |
| Jimenez, | 01/30 S | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 | 0.00 |
| Jimenez, | 01/30 r | 0.00 | 0.00 | 15.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +RC Tot: | 47 | 8300.87 | 2155.08 | 5198.44 | 0.00 | 195.00 | 590.00 | 162.35 |
| -RC Tot: | 7 | -1536.51 | -1536.51 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (January): | | 6764.36 | 618.57 | 5198.44 | 0.00 | 195.00 | 590.00 | 162.35 |
| +RC Tot: | 47 | 8300.87 | 2155.08 | 5198.44 | 0.00 | 195.00 | 590.00 | 162.35 |
| -RC Tot: | 7 | -1536.51 | -1536.51 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (Report): | | 6764.36 | 618.57 | 5198.44 | 0.00 | 195.00 | 590.00 | 162.35 |

# Metro Buys Homes, LLC
## Balances: Notes Receivable
Report as of: 01/31/15   Printed on: 06/06/15
Order: Name   Investor: MBH   Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|---|---|---|---|---|---|---|---|---|
| Arzaga, Di | 2770 | -RC | 0.00 | 6918.75 | 6918.75 | 0.00 | 0.00 | 0.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 43120.44 | 43120.44 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 2759 | -RC | 361.89 | 54919.28 | 54919.28 | 0.00 | 0.00 | 0.00 |
| Chavez, An | 2899 | -RC | 0.00 | 3225.80 | 3225.80 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2737 | -RC | 0.00 | 177.16 | 177.16 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 28184.64 | 28184.64 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 62940.84 | 62940.84 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 67.88 | 5839.26 | 5839.26 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5795.89 | 5795.89 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 45800.11 | 45800.11 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 11631.14 | 11631.14 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2777 | -RC | 12.14 | 8028.83 | 8028.83 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2778 | -RC | 57.17 | 47785.56 | 47785.56 | 0.00 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 15.00 |
| nenez, A | 2781 | -RC | 30.05 | 4158.64 | 4158.64 | 0.00 | 0.00 | 0.00 |
| Jones, Val | 2761 | -RC | 357.20 | 57626.37 | 57626.37 | 0.00 | 0.00 | 15.00 |
| Lazo, Joel | 2775 | -RC | 321.52 | 9032.52 | 9032.52 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 1054.75 | 45398.21 | 45398.21 | -162.35 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5751.63 | 5751.63 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 0.00 | 43007.23 | 43007.23 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 6787.96 | 6787.96 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13758.96 | 13758.96 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 6168.77 | 6168.77 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 36357.82 | 36357.82 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1295.30 | 1295.30 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38349.17 | 38349.17 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 0.00 | 10400.46 | 10400.46 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 17891.23 | 7961.44 | 7961.44 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44494.77 | 44494.77 | 0.00 | 0.00 | 15.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5755.62 | 5755.62 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 44973.76 | 44973.76 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7307.23 | 7307.23 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 54220.00 | 54220.00 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8150.44 | 8150.44 | 0.00 | 0.00 | 0.00 |
| Solis, Aur | 2779 | -RC | 0.00 | 2697.92 | 2697.92 | 0.00 | 0.00 | 0.00 |
| Total: 38 | | | 20153.83 | 837965.31 | 837965.31 | -162.35 | 0.00 | 45.00 |
| rerage: | | | 530.36 | 22051.72 | 22051.72 | -4.27 | 0.00 | 1.18 |
| Net: | | | | 858001.79 | | | | |

Metro Buys Homes, LLC
**Register: Notes**
Dates: 02/01/15-02/28/15  Printed on: 06/06/15
Order: Pay Date  Investor: MBH  Notes: No filter

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Corona, G | 02/02 R | 410.00 | 151.64 | 258.36 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 02/02 R | 100.00 | 97.93 | 2.07 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 02/02 R | 620.00 | 82.98 | 497.02 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 02/02 P | 0.00 | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 02/02 R | 100.00 | 31.76 | 67.88 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 02/02 r | 0.00 | 0.00 | 0.36 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 02/02 S | -75.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 02/03 R | 116.25 | 16.20 | 75.05 | 0.00 | 25.00 | 0.00 | 0.00 |
| Garza, Mo | 02/03 R | 403.75 | 0.00 | 366.26 | 0.00 | 25.00 | 0.00 | 0.00 |
| Garza, Mo | 02/03 r | 0.00 | 0.00 | 12.49 | 0.00 | 0.00 | 0.00 | 0.00 |
| Olivas, C | 02/04 R | 375.00 | 62.38 | 287.62 | 0.00 | 25.00 | 0.00 | 0.00 |
| Olivas, C | 02/04 R | 375.00 | 62.85 | 287.15 | 0.00 | 25.00 | 0.00 | 0.00 |
| Olivas, C | 02/04 R | 375.00 | 63.32 | 286.68 | 0.00 | 0.00 | 0.00 | 0.00 |
| Olivas, C | 02/04 r | 0.00 | 0.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Olivas, C | 02/04 R | 350.00 | 63.80 | 261.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| Olivas, C | 02/04 P | 0.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 02/05 R | 506.00 | 86.17 | 419.83 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 02/05 R | 99.00 | 31.38 | 67.62 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 02/05 R | 95.00 | 14.28 | 80.72 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 02/05 R | 460.00 | 64.73 | 395.27 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 02/06 R | 261.84 | 101.32 | 160.52 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 02/09 r | 670.00 | 68.04 | 576.96 | 0.00 | 25.00 | 0.00 | 0.00 |
| Gonzales, | 02/11 S | -550.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 02/11 S | 550.00 | 0.00 | 0.00 | 0.00 | 0.00 | 550.00 | 0.00 |
| Lazo, Joe | 02/11 R | 150.00 | 0.00 | 150.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 02/11 r | 250.00 | 0.00 | 62.65 | 0.00 | 25.00 | 0.00 | 162.35 |
| Lazo, Joe | 02/11 R | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Smith, Da | 02/11 R | 100.00 | 4.91 | 95.09 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lozano, A | 02/11 R | 171.00 | 91.81 | 79.19 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jimenez, | 02/12 r | 40.00 | 0.00 | 15.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Schock, M | 02/13 R | 100.00 | 32.85 | 67.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 02/13 r | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 02/13 R | 60.00 | 47.74 | 12.26 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 02/16 R | 96.15 | 24.18 | 71.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 02/16 R | 375.72 | 42.44 | 333.28 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jones, Va | 02/19 S | -3520.14 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 02/19 R | 459.00 | 43.31 | 415.69 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 02/19 R | 82.00 | 0.00 | 82.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 02/24 R | 55.00 | 14.26 | 40.74 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 02/24 r | 345.00 | 0.00 | 345.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 02/24 R | 150.00 | 73.69 | 31.31 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 02/24 P | 0.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 02/26 R | 550.00 | 138.11 | 361.89 | 0.00 | 25.00 | 0.00 | 0.00 |
| Cardenas, | 02/26 r | 0.00 | 0.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Metro Buys Homes, LLC

**Register: Notes**

Dates: 02/01/15-02/28/15  Printed on: 06/06/15

2

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| +RC Tot: | 41 | 9650.71 | 1622.08 | 7116.28 | 0.00 | 200.00 | 550.00 | 162.35 |
| -RC Tot: | 3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (February): | | 9650.71 | 1622.08 | 7116.28 | 0.00 | 200.00 | 550.00 | 162.35 |
| +RC Tot: | 41 | 9650.71 | 1622.08 | 7116.28 | 0.00 | 200.00 | 550.00 | 162.35 |
| -RC Tot: | 3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (Report): | | 9650.71 | 1622.08 | 7116.28 | 0.00 | 200.00 | 550.00 | 162.35 |

Metro Buys Homes, LLC
**Balances: Notes Receivable**
Report as of: 02/28/15  Printed on: 06/06/15
Order: Name  Investor: MBH  Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|---|---|---|---|---|---|---|---|---|
| Arzaga, Di | 2770 | -RC | 0.00 | 6904.47 | 6904.47 | 0.00 | 0.00 | 0.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 43055.71 | 43055.71 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 2759 | -RC | 385.86 | 54781.17 | 54781.17 | 0.00 | 0.00 | 0.00 |
| Chavez, An | 2899 | -RC | 0.00 | 3225.80 | 3225.80 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2737 | -RC | 0.00 | 79.23 | 79.23 | 0.00 | 0.00 | 75.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 28033.00 | 28033.00 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 62872.80 | 62872.80 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 67.39 | 5807.50 | 5807.50 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5764.51 | 5764.51 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 45713.94 | 45713.94 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 11631.14 | 11631.14 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2777 | -RC | 0.00 | 8012.63 | 8012.63 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2778 | -RC | 417.02 | 47785.56 | 47785.56 | 0.00 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 15.00 |
| menez, A | 2781 | -RC | 15.05 | 4158.64 | 4158.64 | 0.00 | 0.00 | 0.00 |
| Jones, Val | 2761 | -RC | 357.20 | 57626.37 | 57626.37 | 0.00 | 0.00 | 3535.14 |
| Lazo, Joel | 2775 | -RC | 276.90 | 9032.52 | 9032.52 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 1008.25 | 45398.21 | 45398.21 | -324.70 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5737.37 | 5737.37 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 0.00 | 42888.54 | 42888.54 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 6696.15 | 6696.15 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13657.64 | 13657.64 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 6144.59 | 6144.59 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 36315.38 | 36315.38 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1295.30 | 1295.30 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38071.82 | 38071.82 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 0.00 | 10400.46 | 10400.46 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 17861.58 | 7961.44 | 7961.44 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44451.46 | 44451.46 | 0.00 | 0.00 | 15.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5722.77 | 5722.77 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 44926.02 | 44926.02 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7307.23 | 7307.23 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 54097.02 | 54097.02 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8145.53 | 8145.53 | 0.00 | 0.00 | 0.00 |
| Solis, Aur | 2779 | -RC | 0.00 | 2697.92 | 2697.92 | 0.00 | 0.00 | 0.00 |
| Total: 38 | | | 20389.25 | 836343.23 | 836343.23 | -324.70 | 0.00 | 3640.14 |
| verage: | | | 536.56 | 22009.03 | 22009.03 | -8.54 | 0.00 | 95.79 |
| Net: | | | | 860047.92 | | | | |

## Metro Buys Homes, LLC
### Register: Notes
Dates: 03/01/15-03/31/15  Printed on: 06/06/15
Order: Pay Date  Investor: MBH  Notes: No filter

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Diaz, Mel | 03/02 R | 100.00 | 32.13 | 67.39 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 03/02 r | 0.00 | 0.00 | 0.48 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sepulved | 03/02 R | 135.00 | 49.75 | 85.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 03/03 R | 100.00 | 32.75 | 67.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 03/03 R | 506.00 | 86.96 | 419.04 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 03/04 S | 75.00 | 0.00 | 0.00 | 0.00 | 0.00 | 75.00 | 0.00 |
| Corona, G | 03/04 r | 25.00 | 24.08 | 0.92 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 03/04 R | 410.00 | 153.03 | 256.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Solis, Au | 03/04 R | 75.00 | 48.02 | 26.98 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 03/05 r | 500.00 | 4.11 | 495.89 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 03/05 R | 100.00 | 80.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 03/05 P | 0.00 | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 03/06 R | 1050.01 | 0.00 | 406.86 | 0.00 | 25.00 | 0.00 | 99.40 |
| Garza, Mo | 03/06 R | 0.00 | 10.98 | 408.37 | 0.00 | 0.00 | 0.00 | 99.40 |
| Garza, Mo | 03/06 R | 250.50 | 17.80 | 73.45 | 0.00 | 25.00 | 0.00 | 0.00 |
| Garza, Mo | 03/06 R | 0.00 | 17.96 | 73.29 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 03/06 P | 0.00 | 43.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 03/06 R | 261.84 | 102.50 | 159.34 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 03/09 R | 96.15 | 24.46 | 71.69 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 03/09 R | 375.85 | 42.83 | 332.89 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 03/09 P | 0.00 | 0.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 03/09 R | 320.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 03/09 r | 0.00 | 0.00 | 270.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Correa, J | 03/09 r | 350.00 | 43.90 | 306.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 03/09 r | 460.00 | 40.32 | 394.68 | 0.00 | 25.00 | 0.00 | 0.00 |
| Arzaga, D | 03/09 r | 95.00 | 0.00 | 70.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Chavez, A | 03/10 R | 300.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Chavez, A | 03/10 R | 0.00 | 67.99 | 32.01 | 0.00 | 25.00 | 0.00 | 0.00 |
| Chavez, A | 03/10 R | 0.00 | 68.67 | 31.33 | 0.00 | 25.00 | 0.00 | 0.00 |
| Chavez, A | 03/10 r | 0.00 | 0.00 | 0.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Lazo, Joe | 03/11 R | 150.00 | 0.00 | 150.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 03/11 r | 250.00 | 0.00 | 62.65 | 0.00 | 25.00 | 0.00 | 162.35 |
| Lazo, Joe | 03/11 R | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Smith, Da | 03/12 R | 100.00 | 4.97 | 95.03 | 0.00 | 0.00 | 0.00 | 0.00 |
| Nerio, Vi | 03/12 r | 65.00 | 39.89 | 15.11 | 0.00 | 10.00 | 0.00 | 0.00 |
| Jones, Va | 03/13 S | -35.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Najera, M | 03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Najera, M | 03/14 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lozano, A | 03/16 R | 171.00 | 92.88 | 78.12 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 03/19 R | 55.00 | 14.36 | 40.64 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 03/19 R | 495.00 | 74.73 | 375.27 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 03/19 P | 0.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 03/20 R | 100.00 | 33.23 | 66.77 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 03/20 r | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Metro Buys Homes, LLC                                     2
**Register: Notes**
Dates: 03/01/15-03/31/15  Printed on: 06/06/15

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Schock, M | 03/20 R | 60.00 | 48.18 | 11.82 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 03/20 R | 400.00 | 93.38 | 106.62 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 03/20 P | 0.00 | 200.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sepulved | 03/23 R | 135.00 | 50.33 | 84.67 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 03/23 S | -15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 03/25 R | 600.00 | 139.14 | 385.86 | 0.00 | 25.00 | 0.00 | 0.00 |
| Cardenas, | 03/25 S | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 | 0.00 |
| Cardenas, | 03/25 r | 0.00 | 0.00 | 35.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Nerio, Vi | 03/27 R | 75.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Nerio, Vi | 03/27 R | 0.00 | 50.47 | 14.53 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 03/30 R | 100.00 | 32.50 | 66.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 03/30 r | 0.00 | 0.00 | 0.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| +RC Tot: | 54 | 9141.35 | 1990.43 | 6439.77 | 0.00 | 260.00 | 90.00 | 361.15 |
| -RC Tot: | 2 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (March): | | 9141.35 | 1990.43 | 6439.77 | 0.00 | 260.00 | 90.00 | 361.15 |
| +RC Tot: | 54 | 9141.35 | 1990.43 | 6439.77 | 0.00 | 260.00 | 90.00 | 361.15 |
| -RC Tot: | 2 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (Report): | | 9141.35 | 1990.43 | 6439.77 | 0.00 | 260.00 | 90.00 | 361.15 |

### Metro Buys Homes, LLC
### New accounts: Notes Receivable
Dates: 03/01/15-03/31/15   Printed on: 06/06/15
Order: Name   Investor: MBH   Notes: No filter

| Name | Loan Number | | Orig Date | Balance | Amount Basis | Remain | Payment Amount |
|------|------|------|-----------|---------|--------------|--------|----------------|
| Najera, Ma | 2768 | -RC | 03/14/15 | 11025.79 | 11025.79 | 240/240 | 137.11 |
| Najera, Ma | 2769 | -RC | 03/14/15 | 50734.95 | 50734.95 | 240/240 | 523.68 |
| Total: 2 | | | | 61760.74 | 61760.74 | | 660.79 |
| Average: | | | | 30880.37 | 30880.37 | 240/240 | 330.40 |

Metro Buys Homes, LLC
**Balances: Notes Receivable**
Report as of: 03/31/15   Printed on: 06/06/15
Order: Name   Investor: MBH   Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|---|---|---|---|---|---|---|---|---|
| Arzaga, Di | 2770 | -RC | 10.55 | 6904.47 | 6904.47 | 0.00 | 0.00 | 0.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 43015.39 | 43015.39 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 2759 | -RC | 374.82 | 54642.03 | 54642.03 | 0.00 | 0.00 | 0.00 |
| Chavez, An | 2899 | -RC | 30.64 | 3064.14 | 3064.14 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2737 | -RC | 0.00 | 55.15 | 55.15 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 27879.97 | 27879.97 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 62803.90 | 62803.90 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 66.40 | 5742.87 | 5742.87 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5731.76 | 5731.76 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 45626.98 | 45626.98 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 11337.76 | 11337.76 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2777 | -RC | 0.00 | 7933.87 | 7933.87 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2778 | -RC | 0.00 | 47774.58 | 47774.58 | -198.80 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 15.00 |
| .nenez, A | 2781 | -RC | 15.05 | 4158.64 | 4158.64 | 0.00 | 0.00 | 0.00 |
| Jones, Val | 2761 | -RC | 357.20 | 57626.37 | 57626.37 | 0.00 | 0.00 | 3570.14 |
| Lazo, Joel | 2775 | -RC | 232.28 | 9032.52 | 9032.52 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 961.75 | 45398.21 | 45398.21 | -487.05 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5723.01 | 5723.01 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 0.00 | 42768.81 | 42768.81 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 6603.27 | 6603.27 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13555.14 | 13555.14 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 6120.13 | 6120.13 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 36272.42 | 36272.42 | 0.00 | 0.00 | 0.00 |
| Najera, Ma | 2768 | -RC | 0.00 | 11025.79 | 11025.79 | 0.00 | 0.00 | 0.00 |
| Najera, Ma | 2769 | -RC | 0.00 | 50734.95 | 50734.95 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1194.94 | 1194.94 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38071.82 | 38071.82 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 0.00 | 10400.46 | 10400.46 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 17861.58 | 7961.44 | 7961.44 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44451.46 | 44451.46 | 0.00 | 0.00 | 15.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5689.54 | 5689.54 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 44877.84 | 44877.84 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7207.15 | 7207.15 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 53992.91 | 53992.91 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8140.56 | 8140.56 | 0.00 | 0.00 | 0.00 |
| lis, Aur | 2779 | -RC | 0.00 | 2649.90 | 2649.90 | 0.00 | 0.00 | 0.00 |
| **Total: 40** | | | 19910.27 | 896113.54 | 896113.54 | -685.85 | 0.00 | 3600.14 |
| **Average:** | | | 497.76 | 22402.84 | 22402.84 | -17.15 | 0.00 | 90.00 |
| **Net:** | | | | 918938.10 | | | | |

Defendants' Exhibit 61

Metro Buys Homes, LLC
**Register: Notes**
Dates: 04/01/15-04/30/15 Printed on: 06/06/15
Order: Pay Date Investor: MBH Notes: No filter

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Corona, G | 04/01 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 04/01 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 04/01 Y | 80.79 | 55.15 | 0.64 | 0.00 | 25.00 | 0.00 | 0.00 |
| Corona, G | 04/01 R | 410.00 | 154.43 | 255.57 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 04/01 P | 19.21 | 19.21 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 04/01 r | 460.00 | 27.53 | 407.47 | 0.00 | 25.00 | 0.00 | 0.00 |
| Ortega, U | 04/01 r | 100.00 | 0.00 | 75.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Chavez, A | 04/01 R | 100.00 | 69.36 | 30.64 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jimenez, | 04/03 R | 135.00 | 9.95 | 15.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jimenez, | 04/03 R | 0.00 | 10.06 | 44.94 | 0.00 | 25.00 | 0.00 | 0.00 |
| Jimenez, | 04/03 r | 0.00 | 0.00 | 30.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Solis, Au | 04/06 R | 75.00 | 48.50 | 26.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| Smith, Da | 04/06 R | 100.00 | 5.03 | 94.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 04/06 R | 261.84 | 103.70 | 158.14 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 04/06 R | 485.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 04/06 R | 0.00 | 65.92 | 394.08 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 04/06 R | 70.00 | 14.45 | 10.55 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 04/06 r | 0.00 | 0.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 04/08 R | 375.72 | 43.22 | 332.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 04/08 R | 96.15 | 24.75 | 71.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 04/08 r | 250.00 | 0.00 | 87.65 | 0.00 | 0.00 | 0.00 | 162.35 |
| Lazo, Joe | 04/08 R | 400.00 | 0.00 | 380.95 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 04/08 r | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 19.05 |
| Lazo, Joe | 04/08 R | 150.00 | 0.00 | 150.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 04/08 r | 500.00 | 5.06 | 494.94 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 04/08 R | 200.00 | 80.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 04/08 P | 0.00 | 120.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Orona, Pa | 04/08 R | 800.00 | 154.66 | 95.34 | 0.00 | 25.00 | 0.00 | 0.00 |
| Orona, Pa | 04/08 R | 0.00 | 156.08 | 93.92 | 0.00 | 25.00 | 0.00 | 0.00 |
| Orona, Pa | 04/08 R | 0.00 | 157.51 | 92.49 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 04/09 R | 125.00 | 33.13 | 66.87 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 04/09 R | 531.00 | 87.75 | 418.25 | 0.00 | 25.00 | 0.00 | 0.00 |
| Garza, Mo | 04/10 R | 583.75 | 21.23 | 398.12 | 0.00 | 25.00 | 0.00 | 99.40 |
| Garza, Mo | 04/10 P | 0.00 | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 04/10 R | 156.25 | 18.52 | 72.73 | 0.00 | 25.00 | 0.00 | 0.00 |
| Garza, Mo | 04/10 P | 0.00 | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lozano, A | 04/13 R | 171.00 | 93.96 | 77.04 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 04/14 R | 670.00 | 50.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 04/14 r | 0.00 | 19.76 | 575.24 | 0.00 | 25.00 | 0.00 | 0.00 |
| Jones, Va | 04/14 S | -35.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 04/16 R | 55.00 | 14.46 | 40.54 | 0.00 | 0.00 | 0.00 | 0.00 |
| ochridge | 04/16 R | 495.00 | 75.77 | 374.23 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 04/16 P | 0.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 04/17 S | -5923.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Metro Buys Homes, LLC      2

**Register: Notes**

Dates: 04/01/15-04/30/15   Printed on: 06/06/15

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Correa, J | 04/20 R | 75.00 | 75.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 04/21 R | 100.00 | 0.00 | 20.55 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 04/21 r | 0.00 | 0.00 | 79.45 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 04/21 R | 400.00 | 24.27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 04/21 r | 0.00 | 0.00 | 375.73 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 04/21 r | 60.00 | 28.73 | 31.27 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 04/21 S | -15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sepulved | 04/22 R | 135.00 | 50.92 | 84.08 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 04/28 R | 1000.00 | 140.18 | 374.82 | 0.00 | 25.00 | 0.00 | 0.00 |
| Cardenas, | 04/28 r | 0.00 | 26.24 | 408.76 | 0.00 | 25.00 | 0.00 | 0.00 |
| Schock, M | 04/29 r | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 04/29 R | 60.00 | 48.62 | 11.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 04/29 R | 100.00 | 33.62 | 66.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Solis, Au | 04/29 R | 75.00 | 48.99 | 26.01 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 04/30 R | 100.00 | 32.88 | 66.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 04/30 P | 0.00 | 0.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Nerio, Vi | 04/30 R | 75.00 | 51.06 | 13.94 | 0.00 | 0.00 | 0.00 | 0.00 |
| Nerio, Vi | 04/30 P | 0.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +RC Tot: | 59 | 10435.71 | 2460.38 | 7369.53 | 0.00 | 325.00 | 0.00 | 280.80 |
| -RC Tot: | 3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (April): | | 10435.71 | 2460.38 | 7369.53 | 0.00 | 325.00 | 0.00 | 280.80 |
| +RC Tot: | 59 | 10435.71 | 2460.38 | 7369.53 | 0.00 | 325.00 | 0.00 | 280.80 |
| -RC Tot: | 3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (Report): | | 10435.71 | 2460.38 | 7369.53 | 0.00 | 325.00 | 0.00 | 280.80 |

Metro Buys Homes, LLC
**Balances: Notes Receivable**
Report as of: 04/30/15   Printed on: 06/06/15
Order: Name   Investor: MBH   Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|------|------|-----|--------|---------|--------|--------|------|---------|
| Arzaga, Di | 2770 | -RC | 35.38 | 6890.02 | 6890.02 | 0.00 | 0.00 | 0.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 42924.47 | 42924.47 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 2759 | -RC | 0.00 | 54475.61 | 54475.61 | 0.00 | 0.00 | 5938.84 |
| Chavez, An | 2899 | -RC | 0.00 | 2994.78 | 2994.78 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 27706.33 | 27706.33 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 62659.14 | 62659.14 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 0.00 | 5709.27 | 5709.27 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5698.63 | 5698.63 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 45539.23 | 45539.23 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 11337.76 | 11337.76 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2777 | -RC | 0.00 | 7875.35 | 7875.35 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2778 | -RC | 0.00 | 47713.35 | 47713.35 | -298.20 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 15.00 |
| Jimenez, A | 2781 | -RC | 14.84 | 4138.63 | 4138.63 | 0.00 | 0.00 | 0.00 |
| nes, Val | 2761 | -RC | 357.20 | 57626.37 | 57626.37 | 0.00 | 0.00 | 3605.14 |
| Lazo, Joel | 2775 | -RC | 187.66 | 9032.52 | 9032.52 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 1325.45 | 45398.21 | 45398.21 | -668.45 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5708.55 | 5708.55 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 0.00 | 42648.04 | 42648.04 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 6509.31 | 6509.31 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13451.44 | 13451.44 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 6095.38 | 6095.38 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 36229.20 | 36229.20 | 0.00 | 0.00 | 0.00 |
| Najera, Ma | 2768 | -RC | 0.00 | 11025.79 | 11025.79 | 0.00 | 0.00 | 0.00 |
| Najera, Ma | 2769 | -RC | 0.00 | 50734.95 | 50734.95 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1133.88 | 1133.88 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38071.82 | 38071.82 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 0.00 | 9932.21 | 9932.21 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 17845.80 | 7961.44 | 7961.44 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44370.93 | 44370.93 | 0.00 | 0.00 | 15.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5655.92 | 5655.92 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 44829.22 | 44829.22 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7156.23 | 7156.23 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 53787.85 | 53787.85 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8135.53 | 8135.53 | 0.00 | 0.00 | 0.00 |
| Solis, Aur | 2779 | -RC | 0.00 | 2552.41 | 2552.41 | 0.00 | 0.00 | 0.00 |
| tal: 39 | | | 19766.33 | 893653.16 | 893653.16 | -966.65 | 0.00 | 9573.98 |
| Average: | | | 506.83 | 22914.18 | 22914.18 | -24.79 | 0.00 | 245.49 |
| Net: | | | | 922026.82 | | | | |

*Metro Buys Homes, LLC*

Chesapeake Operating, LLC
P.O. Box 18496
Oklahoma City, OK 73154
(877) 245-1427

**PAGE: 1**

Retain this statement for tax purposes. No duplicates furnished. State taxes have been deducted and paid where required. When writing, refer to lease number and owner number.



| PROD DATE | P C | PRICE | I T | PY GP | LEASE |||| PAYMENT DECIMAL | OWNER ||||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | VOLUME | TAX | DEDUCT | NET VALUE | | VOLUME | GRS VALUE | TAX | DEDUCT | NET | BTU |

Gross Value refers to the sales price received by the operator/lessee before deduction of taxes. It may reflect the price received from an affiliated purchaser.

Deduct refers to the deductions identified in the Deduct Code below and are generally limited to taxes or deductions made by the operator/lessee. Deductions made by the purchaser (affiliated or non-affiliated) may or may not be shown.

Volume of gas is the volume (mcf) of gas produced which may or may not be equal to the volume of gas sold depending on fuel use.

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 630463 -VAQUERO 1H | | | | | | STATE: TX COUNTY: TARRANT | | | LEGAL: 702.034 ACRES; ROBERT R RAMEY, | | | | 7 | | |
| 114 2 | 2.25 | 2 | TB | -16990.00 | .00 | .00 | -38300.05 | .00031201 | -5.30 | -11.95 | .00 | .00 | -11.95 | 1000 |
| 114 2 | 2.26 | 2 | TB | 16990.00 | .00 | .00 | 38332.10 | .00031201 | 5.30 | 11.96 | .00 | .00 | 11.96 | 1000 |
| 115 2 | .90 | 2 | 01 | 52593.97 | 36.53 | .00 | 47373.80 | .00027378 | 14.40 | 12.98 | .01 | .00 | 12.97 | 1004 |
| 115 2 | .91 | 2 | TB | 10854.00 | .00 | .00 | 9839.43 | .00031201 | 3.39 | 3.07 | .00 | .00 | 3.07 | 1000 |
| | | | | | | LEASE TOTAL | | | | 16.06 | .01 | .00 | 16.05 | |
| | | | | | | | | | | | | | | |
| 635809 -VAQUERO 2H | | | | | | STATE: TX COUNTY: TARRANT | | | LEGAL: 702.034 ACRES; ROBERT R RAMEY, | | | | 7 | | |
| 1214 2 | .00 | 2 | X9 | .00 | -1427.25 | .00 | 1427.25 | .00028026 | .00 | .00 | -.40 | .00 | .40 | |
| 115 2 | .90 | 2 | 01 | 59559.56 | 3689.22 | .00 | 49878.26 | .00027106 | 16.14 | 14.52 | 1.00 | .00 | 13.52 | 1003 |
| 115 2 | .91 | 2 | TB | 17232.00 | 1121.76 | .00 | 14550.82 | .00031201 | 5.38 | 4.89 | .35 | .00 | 4.54 | 1000 |
| | | | | | | LEASE TOTAL | | | | 19.41 | .95 | .00 | 18.46 | |
| | | | | | | | | | | | | | | |
| 635810 -VAQUERO 3H | | | | | | STATE: TX COUNTY: TARRANT | | | LEGAL: 702.034 ACRES; ROBERT R RAMEY, | | | | 7 | | |
| 1214 2 | .00 | 2 | X9 | .00 | -1784.06 | .00 | 1784.06 | .00028026 | .00 | .00 | -.50 | .00 | .50 | |
| 115 2 | .90 | 2 | 01 | 74020.19 | 4648.42 | .00 | 61868.22 | .00027106 | 20.07 | 18.03 | 1.26 | .00 | 16.77 | 1003 |
| 115 2 | .91 | 2 | TB | 21513.00 | 1346.11 | .00 | 18204.54 | .00031201 | 6.71 | 6.10 | .42 | .00 | 5.68 | 1000 |
| | | | | | | LEASE TOTAL | | | | 24.13 | 1.18 | .00 | 22.95 | |
| | | | | | | | | | | | | | | |
| 635811 -VAQUERO 4H | | | | | | STATE: TX COUNTY: TARRANT | | | LEGAL: 633.31 ACRES; CLAIBORNE T HILL | | | | 859 | | |
| 1214 2 | .00 | 2 | X9 | .00 | -1677.01 | .00 | 1677.01 | .00028026 | .00 | .00 | -.47 | .00 | .47 | |
| 115 2 | .90 | 2 | 01 | 69885.46 | 4427.06 | .00 | 58474.14 | .00027106 | 18.95 | 17.05 | 1.20 | .00 | 15.85 | 1003 |
| 115 2 | .90 | 2 | TB | 20315.00 | 1314.06 | .00 | 17050.74 | .00031201 | 6.34 | 5.73 | .41 | .00 | 5.32 | 1000 |
| | | | | | | LEASE TOTAL | | | | 22.78 | 1.14 | .00 | 21.64 | |

INTEREST TYPE (IT)          PRODUCT CODE (PC)          DEDUCT CODE

| | | | | |
|---|---|---|---|---|
| **2-ROYALTY** | **2-GAS(MCF)** | BW-BACKUP WITHHOLDING | CP-COMPRESSION | FL-FUEL |
| | | GA-GATHERING | IT-INTEREST | MK-MARKETING |
| | | MS-MISCELLANEOUS | NE-NETTING EXPENSE | PC-PROCESSING |
| | | PD-OTH PIPELINE DEDUCT | RJ-ROY ADJUSTMENT | SW-STATE WITHHOLDING |
| | | TG-TREATING | TX-TRANSPORTATION | |

Defendants' Exhibit 64          Total on this check          Page 28 of 55          $78.10

| OWNER NUMBER | 256538 | CHECK NUMBER | 11229441 | CHECK DATE | 03/31/2015 |
|---|---|---|---|---|---|

Chesapeake Operating, LLC
P.O Box 18496
Oklahoma City, OK 73154
(*** *) 245-1427

**PAGE: 2**

Retain this statement for tax purposes. No
duplicates furnished. State taxes have been
deducted and paid where required. When writing,
refer to lease number and owner number.

| PROD DATE | P C | PRICE | I T | PY GP | LEASE | | | | PAYMENT DECIMAL | OWNER | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | VOLUME | TAX | DEDUCT | NET VALUE | | VOLUME | GRS VALUE | TAX | DEDUCT | NET | BTU |
| | | | | | | | | | OWNER TOTAL | | 82.38 | 3.28 | .00 | | |
| | | | | CHECK TOTAL | | | | | | | | | | 79.10 | |



INTEREST TYPE (IT)        PRODUCT CODE (PC)        DEDUCT CODE

| | | | | |
|---|---|---|---|---|
| 2-ROYALTY | 2-GAS(MCF) | BW-BACKUP WITHHOLDING | CP-COMPRESSION | FL-FUEL |
| | | GA-GATHERING | IT-INTEREST | MK-MARKETING |
| | | MS-MISCELLANEOUS | NE-NETTING EXPENSE | PC-PROCESSING |
| | | PD-OTH PIPELINE DEDUCT | RJ-ROY ADJUSTMENT | SW-STATE WITHHOLDING |
| | | TG-TREATING | TX-TRANSPORTATION | |

**Total for check**                                           **$79.10**

| OWNER NUMBER | 256538 | | CHECK NUMBER | 11229441 | | CHECK DATE | 03/31/2015 |
|---|---|---|---|---|---|---|---|

Chesapeake makes every effort to validate your mailing address with forwarding information from the United States Postal Service. Please note **if the address at the bottom of this page is not the address shown on your check**, Chesapeake requires your approval to change your address in the Chesapeake databases to reflect the address shown on this page. Please execute below and return this page to Chesapeake via the following methods:



Mail:   Chesapeake Operating, Inc.
          Division Order Department
          P.O. Box 18496
          Oklahoma City, OK 73154

Fax:     (405) 879-9563

Email:   oinquirydo@chk.com

If the address on this page and your check matches, there is no action needed on your part. Chesapeake will pay revenue once your balance exceeds $100, unless required in another amount by your lease or applicable state law. Any owner who agrees to receive payment by Electronic Funds Transfer ("EFT") will be eligible to be set up with a $25 minimum pay status. Instructions to sign up for EFT are located at www.chk.com/Owners/Pages/FAQ. Amounts over $10, but under your minimum pay amount, will be paid annually in July.

If you have any questions or comments, feel free to contact our Division Order Inquiry at 877-CHK-1GAS. Thank you for your cooperation,

Chesapeake Energy Corporation

Owner Approval

Signature: _____

Printed Name: _____

Date: _____

256538
March 31, 2015
11229441

16531 1 AT 0.406 064

Metro Buys Homes LLC
729 Grapevine Hwy Ste 336
Hurst TX 76054-2805

Metro Buys Homes, LLC
**Register: Notes**
Dates: 05/01/15-05/31/15 Printed on: 06/06/15
Order: Pay Date Investor: MBH Notes: No filter

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Smith, Da | 05/04 R | 100.00 | 5.09 | 94.91 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 05/04 R | 130.00 | 115.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 05/04 S | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 | 0.00 |
| Silva, Ad | 05/05 r | 500.00 | 6.94 | 493.06 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 05/05 R | 200.00 | 80.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 05/05 P | 0.00 | 120.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 05/05 R | 670.00 | 95.62 | 574.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 05/07 R | 150.00 | 0.00 | 150.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 05/07 r | 350.00 | 0.00 | 206.70 | 0.00 | 0.00 | 0.00 | 143.30 |
| Lazo, Joe | 05/07 R | 300.00 | 0.00 | 261.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 05/07 r | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 38.10 |
| Arzaga, D | 05/07 R | 95.00 | 14.62 | 35.38 | 0.00 | 25.00 | 0.00 | 0.00 |
| Arzaga, D | 05/07 r | 0.00 | 0.00 | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 05/07 r | 160.00 | 0.00 | 160.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 05/07 R | 300.00 | 66.53 | 233.47 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jimenez, | 05/07 R | 55.00 | 10.16 | 14.84 | 0.00 | 25.00 | 0.00 | 0.00 |
| Jimenez, | 05/07 r | 0.00 | 0.00 | 5.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 05/08 R | 100.00 | 33.52 | 66.48 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 05/08 R | 506.00 | 88.56 | 417.44 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 05/08 R | 435.00 | 156.03 | 253.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 05/08 P | 0.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 05/08 R | 96.15 | 25.04 | 71.11 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 05/08 R | 375.85 | 43.62 | 332.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 05/08 P | 0.00 | 0.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 05/08 R | 200.00 | 96.07 | 103.93 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 05/08 r | 500.00 | 92.30 | 407.70 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 05/08 R | 261.84 | 104.91 | 156.93 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lozano, A | 05/14 R | 171.00 | 95.06 | 75.94 | 0.00 | 0.00 | 0.00 | 0.00 |
| Orona, Pa | 05/15 R | 800.00 | 158.95 | 91.05 | 0.00 | 25.00 | 0.00 | 0.00 |
| Orona, Pa | 05/15 R | 0.00 | 160.41 | 89.59 | 0.00 | 0.00 | 0.00 | 0.00 |
| Orona, Pa | 05/15 P | 0.00 | 275.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Olivas, C | 05/18 R | 375.00 | 64.46 | 285.54 | 0.00 | 25.00 | 0.00 | 0.00 |
| Lochridge | 05/18 R | 55.00 | 14.56 | 40.44 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 05/18 R | 495.00 | 76.83 | 373.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 05/18 P | 0.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 05/21 R | 100.00 | 34.01 | 65.99 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 05/21 r | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 05/21 R | 60.00 | 49.07 | 10.93 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 05/22 S | -75.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 05/22 S | -75.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 05/22 R | 500.00 | 23.54 | 0.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Ortega, U | 05/22 r | 0.00 | 44.94 | 406.52 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 05/22 R | 7.81 | 7.81 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 05/22 R | 52.19 | 0.00 | 16.10 | 0.00 | 25.00 | 0.00 | 0.00 |

Metro Buys Homes, LLC 2
**Register: Notes**
Dates: 05/01/15-05/31/15 Printed on: 06/06/15

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|---|---|---|---|---|---|---|---|---|
| Ortega, U | 05/22 r | 0.00 | 0.00 | 11.09 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 05/22 R | 84.46 | 0.00 | 84.46 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sepulved | 05/22 R | 135.00 | 51.51 | 83.49 | 0.00 | 0.00 | 0.00 | 0.00 |
| Najera, M | 05/22 r | 500.00 | 9.93 | 465.07 | 0.00 | 25.00 | 0.00 | 0.00 |
| Najera, M | 05/22 R | 48.68 | 48.68 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 05/26 R | 700.00 | 50.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 05/26 R | 0.00 | 143.36 | 406.64 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 05/26 S | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 |
| Solis, Au | 05/28 R | 75.00 | 49.48 | 25.52 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 05/29 R | 200.00 | 96.95 | 103.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| +RC Tot: | 52 | 10243.98 | 2678.69 | 7093.89 | 0.00 | 175.00 | 115.00 | 181.40 |
| -RC Tot: | 2 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (May): | | 10243.98 | 2678.69 | 7093.89 | 0.00 | 175.00 | 115.00 | 181.40 |
| +RC Tot: | 52 | 10243.98 | 2678.69 | 7093.89 | 0.00 | 175.00 | 115.00 | 181.40 |
| -RC Tot: | 2 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (Report): | | 10243.98 | 2678.69 | 7093.89 | 0.00 | 175.00 | 115.00 | 181.40 |

Metro Buys Homes, LLC
**Balances: Notes Receivable**
Report as of: 05/31/15   Printed on: 06/06/15
Order: Name   Investor: MBH   Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|------|------|------|------|------|------|------|------|------|
| Arzaga, Di | 2770 | -RC | 60.21 | 6875.40 | 6875.40 | 0.00 | 0.00 | 75.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 42857.94 | 42857.94 | 0.00 | 0.00 | 75.00 |
| Cardenas, | 2759 | -RC | 0.00 | 54074.95 | 54074.95 | 0.00 | 0.00 | 5823.84 |
| Chavez, An | 2899 | -RC | 0.00 | 2994.78 | 2994.78 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 27525.30 | 27525.30 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 62563.52 | 62563.52 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 0.00 | 5709.27 | 5709.27 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5665.11 | 5665.11 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 45450.67 | 45450.67 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 11144.74 | 11144.74 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2777 | -RC | 0.00 | 7875.35 | 7875.35 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2778 | -RC | 0.00 | 47713.35 | 47713.35 | -298.20 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 15.00 |
| Jimenez, A | 2781 | -RC | 39.73 | 4128.47 | 4128.47 | 0.00 | 0.00 | 0.00 |
| nes, Val | 2761 | -RC | 357.20 | 57626.37 | 57626.37 | 0.00 | 0.00 | 3605.14 |
| Lazo, Joel | 2775 | -RC | 143.04 | 9032.52 | 9032.52 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 1273.00 | 45398.21 | 45398.21 | -849.85 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5693.99 | 5693.99 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 0.00 | 42526.21 | 42526.21 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 6414.25 | 6414.25 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13346.53 | 13346.53 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 6070.34 | 6070.34 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 36185.45 | 36185.45 | 0.00 | 0.00 | 0.00 |
| Najera, Ma | 2768 | -RC | 0.00 | 11025.79 | 11025.79 | 0.00 | 0.00 | 0.00 |
| Najera, Ma | 2769 | -RC | 0.00 | 50676.34 | 50676.34 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1133.88 | 1133.88 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38007.36 | 38007.36 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 0.00 | 9337.85 | 9337.85 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 17813.76 | 7961.44 | 7961.44 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44294.64 | 44294.64 | 0.00 | 0.00 | 15.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5621.91 | 5621.91 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 44780.15 | 44780.15 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7104.72 | 7104.72 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 53580.91 | 53580.91 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8130.44 | 8130.44 | 0.00 | 0.00 | 0.00 |
| Solis, Aur | 2779 | -RC | 0.00 | 2502.93 | 2502.93 | 0.00 | 0.00 | 0.00 |
| tal: 39 | | | 19686.94 | 890974.47 | 890974.47 | -1148.05 | 0.00 | 9608.98 |
| Average: | | | 504.79 | 22845.50 | 22845.50 | -29.44 | 0.00 | 246.38 |
| Net: | | | | 919122.34 | | | | |

## Metro Buys Homes, LLC
### Balances: Notes Receivable
Report as of: 10/27/14 Printed on: 06/06/15
Order: Name Investor: MBH Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|------|-------------|---|---------|---------|-------|--------|------|---------|
| Arzaga, Di | 2770 | -RC | 0.00 | 6936.03 | 6936.03 | 0.00 | 0.00 | 0.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 43286.35 | 43286.35 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 2759 | -RC | 0.00 | 55302.65 | 55302.65 | 0.00 | 0.00 | 0.00 |
| Chavez, An | 2899 | -RC | 0.00 | 3400.76 | 3400.76 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2737 | -RC | 0.00 | 464.23 | 464.23 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 28661.07 | 28661.07 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 63166.28 | 63166.28 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 0.00 | 5907.76 | 5907.76 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5952.28 | 5952.28 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 46219.34 | 46219.34 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 19452.76 | 19452.76 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 12532.77 | 12532.77 | 0.00 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 0.00 |
| Jimenez, A | 2781 | -RC | 0.00 | 4187.85 | 4187.85 | 0.00 | 0.00 | 0.00 |
| 'ones, Val | 2761 | -RC | 0.00 | 57626.37 | 57626.37 | 0.00 | 0.00 | 0.00 |
| .zo, Joel | 2775 | -RC | 0.00 | 9076.63 | 9076.63 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 0.00 | 38657.02 | 38657.02 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5793.81 | 5793.81 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 0.00 | 43356.77 | 43356.77 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 7057.08 | 7057.08 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13972.19 | 13972.19 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 5020.04 | 5020.04 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 34795.47 | 34795.47 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1489.16 | 1489.16 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38472.55 | 38472.55 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 0.00 | 11152.96 | 11152.96 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 0.00 | 6449.68 | 6449.68 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44494.77 | 44494.77 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5883.28 | 5883.28 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 45160.43 | 45160.43 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7500.56 | 7500.56 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2735 | -RC | 0.00 | 262.73 | 262.73 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 54481.57 | 54481.57 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8164.83 | 8164.83 | 0.00 | 0.00 | 0.00 |
| Solis, Aur | 2779 | -RC | 0.00 | 2860.54 | 2860.54 | 0.00 | 0.00 | 0.00 |
| Total: 37 | | | 0.00 | 797141.96 | 797141.96 | 0.00 | 0.00 | 0.00 |
| Average: | | | 0.00 | 21544.38 | 21544.38 | 0.00 | 0.00 | 0.00 |
| .et: | | | | 797141.96 | | | | |

Defendants' Exhibit 61

Metro Buys Homes, LLC
**Register: Notes**
Dates: 10/01/14-10/31/14  Printed on: 06/06/15
Order: Pay Date  Investor: MBH  Notes: No filter

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Lozano, A | 10/12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Gomez, J | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jones, Va | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sepulved | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Olivas, C | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Solis, Au | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Orona, Pa | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jimenez, | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Nerio, Vi | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Smith, Da | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Chavez, A | 10/27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 10/31 R | 580.00 | 80.59 | 499.41 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 10/31 R | 120.00 | 106.93 | 3.07 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 10/31 P | 0.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +RC Tot: | 39 | 700.00 | 197.52 | 502.48 | 0.00 | 0.00 | 0.00 | 0.00 |
| -RC Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (October): | | 700.00 | 197.52 | 502.48 | 0.00 | 0.00 | 0.00 | 0.00 |

Defendants' Exhibit 61

Metro Buys Homes, LLC                                                      2
**Register: Notes**
Dates: 10/01/14-10/31/14  Printed on: 06/06/15

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|---|---|---|---|---|---|---|---|---|
| +RC Tot: | 39 | 700.00 | 197.52 | 502.48 | 0.00 | 0.00 | 0.00 | 0.00 |
| -RC Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (Report): | | 700.00 | 197.52 | 502.48 | 0.00 | 0.00 | 0.00 | 0.00 |

Metro Buys Homes, LLC
**Balances: Notes Receivable**
Report as of: 10/31/14 Printed on: 06/06/15
Order: Name Investor: MBH Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|------|-------------|--|---------|---------|-------|--------|------|---------|
| Arzaga, Di | 2770 | -RC | 0.00 | 6936.03 | 6936.03 | 0.00 | 0.00 | 0.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 43286.35 | 43286.35 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 2759 | -RC | 0.00 | 55302.65 | 55302.65 | 0.00 | 0.00 | 0.00 |
| Chavez, An | 2899 | -RC | 0.00 | 3400.76 | 3400.76 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2737 | -RC | 0.00 | 464.23 | 464.23 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 28661.07 | 28661.07 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 63166.28 | 63166.28 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 0.00 | 5907.76 | 5907.76 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5952.28 | 5952.28 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 46219.34 | 46219.34 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 19452.76 | 19452.76 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 12532.77 | 12532.77 | 0.00 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 0.00 |
| Jimenez, A | 2781 | -RC | 0.00 | 4187.85 | 4187.85 | 0.00 | 0.00 | 0.00 |
| Jones, Val | 2761 | -RC | 0.00 | 57626.37 | 57626.37 | 0.00 | 0.00 | 0.00 |
| zo, Joel | 2775 | -RC | 0.00 | 9076.63 | 9076.63 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 0.00 | 38657.02 | 38657.02 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5793.81 | 5793.81 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 0.00 | 43356.77 | 43356.77 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 7057.08 | 7057.08 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13972.19 | 13972.19 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 5020.04 | 5020.04 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 34795.47 | 34795.47 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1489.16 | 1489.16 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38472.55 | 38472.55 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 0.00 | 11152.96 | 11152.96 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 0.00 | 6449.68 | 6449.68 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44494.77 | 44494.77 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5883.28 | 5883.28 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 45160.43 | 45160.43 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7500.56 | 7500.56 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2735 | -RC | 0.00 | 145.80 | 145.80 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 54400.98 | 54400.98 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8164.83 | 8164.83 | 0.00 | 0.00 | 0.00 |
| Solis, Aur | 2779 | -RC | 0.00 | 2860.54 | 2860.54 | 0.00 | 0.00 | 0.00 |
| Total: 37 | | | 0.00 | 796944.44 | 796944.44 | 0.00 | 0.00 | 0.00 |
| Average: | | | 0.00 | 21539.04 | 21539.04 | 0.00 | 0.00 | 0.00 |
| t: | | | | 796944.44 | | | | |

## Metro Buys Homes, LLC
### Register: Notes
Dates: 11/01/14-11/30/14  Printed on: 06/06/15
Order: Pay Date  Investor: MBH  Notes: No filter

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Corona, G | 11/03 R | 100.00 | 94.58 | 5.42 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 11/03 R | 440.00 | 147.27 | 262.73 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 11/03 P | 0.00 | 30.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sepulved | 11/07 R | 135.00 | 47.49 | 87.51 | 0.00 | 0.00 | 0.00 | 0.00 |
| Olivas, C | 11/07 R | 375.00 | 61.46 | 288.54 | 0.00 | 25.00 | 0.00 | 0.00 |
| Lazo, Joe | 11/07 r | 450.00 | 70.64 | 354.36 | 0.00 | 25.00 | 0.00 | 0.00 |
| Lazo, Joe | 11/07 r | 50.00 | 0.00 | 25.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Lazo, Joe | 11/07 r | 100.00 | 19.11 | 80.89 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 11/07 R | 300.00 | 85.12 | 114.88 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 11/07 P | 0.00 | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 11/07 R | 100.00 | 31.36 | 68.64 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 11/07 r | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 11/07 R | 60.00 | 46.03 | 13.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Smith, Da | 11/07 R | 100.00 | 4.74 | 95.26 | 0.00 | 0.00 | 0.00 | 0.00 |
| Chavez, A | 11/07 R | 225.00 | 65.99 | 34.01 | 0.00 | 25.00 | 0.00 | 0.00 |
| Chavez, A | 11/07 R | 0.00 | 66.65 | 33.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Ortega, U | 11/18 R | 125.00 | 24.75 | 75.25 | 0.00 | 25.00 | 0.00 | 0.00 |
| Solis, Au | 11/24 R | 75.00 | 21.39 | 28.61 | 0.00 | 25.00 | 0.00 | 0.00 |
| Jerio, Vi | 11/24 R | 75.00 | 47.63 | 17.37 | 0.00 | 10.00 | 0.00 | 0.00 |
| Sepulved | 11/24 R | 135.00 | 48.05 | 86.95 | 0.00 | 0.00 | 0.00 | 0.00 |
| Solis, Au | 11/24 R | 75.00 | 46.61 | 28.39 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 11/24 R | 695.00 | 90.98 | 579.02 | 0.00 | 25.00 | 0.00 | 0.00 |
| Orona, Pa | 11/24 R | 600.00 | 147.76 | 102.24 | 0.00 | 25.00 | 0.00 | 0.00 |
| Orona, Pa | 11/24 R | 0.00 | 149.12 | 100.88 | 0.00 | 25.00 | 0.00 | 0.00 |
| Orona, Pa | 11/24 r | 0.00 | 0.00 | 25.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Jones, Va | 11/24 r | 100.00 | 0.00 | 75.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Lochridge | 11/24 R | 495.00 | 70.63 | 379.37 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 11/24 r | 0.00 | 0.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 11/24 R | 55.00 | 13.96 | 41.04 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 11/24 R | 95.00 | 0.00 | 70.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Arzaga, D | 11/24 R | 460.00 | 38.21 | 396.79 | 0.00 | 25.00 | 0.00 | 0.00 |
| Diaz, Mel | 11/24 R | 100.00 | 6.08 | 68.92 | 0.00 | 25.00 | 0.00 | 0.00 |
| Cardenas, | 11/25 R | 550.00 | 110.23 | 414.77 | 0.00 | 25.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Metro Buys Homes, LLC                                                          2
**Register: Notes**
Dates: 11/01/14-11/30/14  Printed on: 06/06/15

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Garcia, J | 11/25 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 P | 21500.00 | 19574.12 | 1925.88 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, J | 11/25 P | -121.36 | -121.36 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +RC Tot: | 46 | 27970.00 | 21259.96 | 6325.04 | 0.00 | 385.00 | 0.00 | 0.00 |
| -RC Tot: | 1 | -121.36 | -121.36 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (November): | | 27848.64 | 21138.60 | 6325.04 | 0.00 | 385.00 | 0.00 | 0.00 |
| +RC Tot: | 46 | 27970.00 | 21259.96 | 6325.04 | 0.00 | 385.00 | 0.00 | 0.00 |
| -RC Tot: | 1 | -121.36 | -121.36 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (Report): | | 27848.64 | 21138.60 | 6325.04 | 0.00 | 385.00 | 0.00 | 0.00 |

## Metro Buys Homes, LLC
### Balances: Notes Receivable
Report as of: 11/30/14   Printed on: 06/06/15
Order: Name   Investor: MBH   Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|---|---|---|---|---|---|---|---|---|
| Arzaga, Di | 2770 | -RC | 10.92 | 6936.03 | 6936.03 | 0.00 | 0.00 | 0.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 43248.14 | 43248.14 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 2759 | -RC | 0.00 | 55192.42 | 55192.42 | 0.00 | 0.00 | 0.00 |
| Chavez, An | 2899 | -RC | 0.00 | 3268.12 | 3268.12 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2737 | -RC | 0.00 | 369.65 | 369.65 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 28483.80 | 28483.80 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 63075.30 | 63075.30 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 0.00 | 5901.68 | 5901.68 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5952.28 | 5952.28 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 46219.34 | 46219.34 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 12347.65 | 12347.65 | 0.00 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 0.00 |
| Jimenez, A | 2781 | -RC | 0.00 | 4187.85 | 4187.85 | 0.00 | 0.00 | 0.00 |
| Jones, Val | 2761 | -RC | 357.20 | 57626.37 | 57626.37 | 0.00 | 0.00 | 0.00 |
| .o, Joel | 2775 | -RC | 0.00 | 9057.52 | 9057.52 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 0.00 | 38586.38 | 38586.38 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5779.85 | 5779.85 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 333.75 | 43286.14 | 43286.14 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 7057.08 | 7057.08 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13972.19 | 13972.19 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 5020.04 | 5020.04 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 34795.47 | 34795.47 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1441.53 | 1441.53 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38411.09 | 38411.09 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 74.51 | 10856.08 | 10856.08 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 0.00 | 6424.93 | 6424.93 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44494.77 | 44494.77 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5851.92 | 5851.92 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 45114.40 | 45114.40 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7405.02 | 7405.02 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2735 | -RC | 0.00 | 145.80 | 145.80 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 54400.98 | 54400.98 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8160.09 | 8160.09 | 0.00 | 0.00 | 0.00 |
| Solis, Aur | 2779 | -RC | 0.00 | 2792.54 | 2792.54 | 0.00 | 0.00 | 0.00 |
| Total: 37 | | | 776.38 | 775805.84 | 775805.84 | 0.00 | 0.00 | 0.00 |
| Average: | | | 20.98 | 20967.73 | 20967.73 | 0.00 | 0.00 | 0.00 |
| : | | | | 776582.22 | | | | |

# Metro Buys Homes, LLC
## Register: Notes
Dates: 12/01/14-12/31/14  Printed on: 06/06/15
Order: Pay Date  Investor: MBH  Notes: No filter

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Garza, Mo | 12/01 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 12/01 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 12/01 R | 100.00 | 31.03 | 68.85 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 12/01 r | 0.00 | 0.00 | 0.12 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 12/02 R | 350.00 | 86.81 | 113.19 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 12/02 P | 0.00 | 150.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 12/03 R | 590.00 | 81.32 | 498.68 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 12/03 P | 0.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Silva, Ad | 12/03 R | 110.00 | 108.30 | 1.70 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 12/04 R | 410.00 | 148.90 | 261.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Corona, G | 12/04 R | 100.00 | 95.69 | 4.31 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 12/05 R | 270.00 | 98.83 | 163.01 | 0.00 | 0.00 | 0.00 | 0.00 |
| Macias, R | 12/05 P | 0.00 | 8.16 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 12/06 P | -1697.49 | -1697.49 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 12/06 P | -3811.03 | -3811.03 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 12/06 P | -1639.14 | -1639.14 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 12/06 P | -600.00 | -600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 12/06 S | -500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garza, Mo | 12/06 S | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 | 0.00 |
| Schock, M | 12/08 R | 100.00 | 31.73 | 68.27 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 12/08 r | 400.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 12/08 R | 60.00 | 46.45 | 13.55 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 12/08 R | 95.00 | 3.16 | 91.84 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arzaga, D | 12/08 R | 460.00 | 63.56 | 396.44 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 P | -1418.71 | -1418.71 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 P | -5393.12 | -5393.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 R | 25.00 | 0.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 S | -500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 S | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 | 0.00 |
| Lazo, Joe | 12/09 S | -50.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 R | 75.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 S | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50.00 | 0.00 |
| Lazo, Joe | 12/09 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lazo, Joe | 12/09 R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Correa, J | 12/10 r | 670.00 | 66.81 | 578.19 | 0.00 | 25.00 | 0.00 | 0.00 |
| Lozano, A | 12/10 R | 171.00 | 88.67 | 82.33 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lozano, A | 12/10 R | 171.00 | 89.70 | 81.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| Smith, Da | 12/13 R | 100.00 | 4.80 | 95.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 12/15 P | -1604.40 | -1604.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Moreno, B | 12/15 P | -1172.63 | -1172.63 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 12/16 R | 55.00 | 14.06 | 40.94 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 12/16 R | 495.00 | 71.25 | 333.75 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lochridge | 12/16 P | 0.00 | 90.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Defendants' Exhibit 61

Metro Buys Homes, LLC

**Register: Notes**

Dates: 12/01/14-12/31/14  Printed on: 06/06/15

2

| Name | Date/Type | Payment | Prin/RetCap | Int/Income | DiscEarn | LateFee | SvcFee | Escrow |
|------|-----------|---------|-------------|------------|----------|---------|--------|--------|
| Olivas, C | 12/16 R | 375.00 | 61.92 | 288.08 | 0.00 | 25.00 | 0.00 | 0.00 |
| Chavez, A | 12/18 r | 100.00 | 42.32 | 32.68 | 0.00 | 25.00 | 0.00 | 0.00 |
| Schock, M | 12/22 R | 460.00 | 46.88 | 413.12 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 12/22 r | 40.00 | 0.00 | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Schock, M | 12/22 r | 60.00 | 32.10 | 27.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| Solis, Au | 12/23 R | 75.00 | 47.07 | 27.93 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 2630.00 | 82.32 | 423.68 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 0.00 | 83.08 | 422.92 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 0.00 | 83.84 | 422.16 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 0.00 | 84.61 | 421.39 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 0.00 | 85.38 | 420.62 | 0.00 | 0.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 600.00 | 30.56 | 69.44 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 0.00 | 30.91 | 69.09 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 0.00 | 31.27 | 68.73 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 0.00 | 31.64 | 68.36 | 0.00 | 25.00 | 0.00 | 0.00 |
| Flores, M | 12/30 R | 0.00 | 32.01 | 67.99 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 12/30 R | 300.00 | 88.98 | 111.02 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, R | 12/30 P | 0.00 | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 12/31 R | 600.00 | 136.06 | 413.94 | 0.00 | 25.00 | 0.00 | 0.00 |
| Cardenas, | 12/31 r | 0.00 | 0.00 | 0.00 | 0.00 | 25.00 | 0.00 | 0.00 |
| Sepulved | 12/31 R | 135.00 | 48.61 | 86.39 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 12/31 R | 100.00 | 31.39 | 68.37 | 0.00 | 0.00 | 0.00 | 0.00 |
| Diaz, Mel | 12/31 r | 0.00 | 0.00 | 0.24 | 0.00 | 0.00 | 0.00 | 0.00 |
| +RC Tot: | 56 | 11282.00 | 2625.18 | 7281.82 | 0.00 | 325.00 | 1050.00 | 0.00 |
| -RC Tot: | 11 | -17336.52 | -17336.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (December): | | -6054.52 | -14711.34 | 7281.82 | 0.00 | 325.00 | 1050.00 | 0.00 |
| +RC Tot: | 56 | 11282.00 | 2625.18 | 7281.82 | 0.00 | 325.00 | 1050.00 | 0.00 |
| -RC Tot: | 11 | -17336.52 | -17336.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| -PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| +PY Tot: | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net (Report): | | -6054.52 | -14711.34 | 7281.82 | 0.00 | 325.00 | 1050.00 | 0.00 |

## Metro Buys Homes, LLC
### Balances: Notes Receivable
Report as of: 12/31/14   Printed on: 06/06/15
Order: Name   Investor: MBH   Notes: No filter

| Name | Loan Number | | Acc Int | Balance | Basis | Escrow | Late | Service |
|------|------|------|------|------|------|------|------|------|
| Arzaga, Di | 2770 | -RC | 0.00 | 6932.87 | 6932.87 | 0.00 | 0.00 | 0.00 |
| Arzaga, Di | 2771 | -RC | 0.00 | 43184.58 | 43184.58 | 0.00 | 0.00 | 0.00 |
| Cardenas, | 2759 | -RC | 412.92 | 55056.36 | 55056.36 | 0.00 | 0.00 | 0.00 |
| Chavez, An | 2899 | -RC | 0.00 | 3225.80 | 3225.80 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2737 | -RC | 0.00 | 273.96 | 273.96 | 0.00 | 0.00 | 0.00 |
| Corona, Gu | 2738 | -RC | 0.00 | 28334.90 | 28334.90 | 0.00 | 0.00 | 0.00 |
| Correa, Ju | 2764 | -RC | 0.00 | 63008.49 | 63008.49 | 0.00 | 0.00 | 0.00 |
| Diaz, Mele | 2763 | -RC | 67.88 | 5839.26 | 5839.26 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2753 | -RC | 0.00 | 5795.89 | 5795.89 | 0.00 | 0.00 | 0.00 |
| Flores, Ma | 2754 | -RC | 0.00 | 45800.11 | 45800.11 | 0.00 | 0.00 | 0.00 |
| Garcia, Jo | 2784 | -RC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Garcia, Ra | 2762 | -RC | 0.00 | 11921.86 | 11921.86 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2777 | -RC | 12.14 | 8028.83 | 8028.83 | 0.00 | 0.00 | 0.00 |
| Garza, Mon | 2778 | -RC | 57.17 | 47785.56 | 47785.56 | 0.00 | 0.00 | 0.00 |
| Gomez, Jos | 2760 | -RC | 0.00 | 3002.95 | 3002.95 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2755 | -RC | 0.00 | 8578.15 | 8578.15 | 0.00 | 0.00 | 0.00 |
| Gonzales, | 2756 | -RC | 0.00 | 48362.29 | 48362.29 | 0.00 | 0.00 | 0.00 |
| nenez, A | 2781 | -RC | 0.00 | 4187.85 | 4187.85 | 0.00 | 0.00 | 0.00 |
| Jones, Val | 2761 | -RC | 357.20 | 57626.37 | 57626.37 | 0.00 | 0.00 | 0.00 |
| Lazo, Joel | 2775 | -RC | 316.14 | 9032.52 | 9032.52 | 0.00 | 50.00 | 0.00 |
| Lazo, Joel | 2776 | -RC | 1126.25 | 45398.21 | 45398.21 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2751 | -RC | 0.00 | 5765.79 | 5765.79 | 0.00 | 0.00 | 0.00 |
| Lochridge, | 2752 | -RC | 0.00 | 43124.89 | 43124.89 | 0.00 | 0.00 | 0.00 |
| Lozano, Al | 2797 | -RC | 0.00 | 6878.71 | 6878.71 | 0.00 | 0.00 | 0.00 |
| Macias, Ru | 2796 | -RC | 0.00 | 13865.20 | 13865.20 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2773 | -RC | 0.00 | 6192.67 | 6192.67 | 0.00 | 0.00 | 0.00 |
| Moreno, Be | 2774 | -RC | 0.00 | 36399.87 | 36399.87 | 0.00 | 0.00 | 0.00 |
| Nerio, Vic | 2782 | -RC | 0.00 | 1441.53 | 1441.53 | 0.00 | 0.00 | 0.00 |
| Olivas, Cy | 2772 | -RC | 0.00 | 38349.17 | 38349.17 | 0.00 | 0.00 | 0.00 |
| Orona, Pab | 2780 | -RC | 74.51 | 10856.08 | 10856.08 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2757 | -RC | 0.00 | 6424.93 | 6424.93 | 0.00 | 0.00 | 0.00 |
| Ortega, Ul | 2758 | -RC | 0.00 | 44494.77 | 44494.77 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2766 | -RC | 0.00 | 5788.09 | 5788.09 | 0.00 | 0.00 | 0.00 |
| Schock, Ma | 2767 | -RC | 0.00 | 45021.07 | 45021.07 | 0.00 | 0.00 | 0.00 |
| Sepulveda, | 2765 | -RC | 0.00 | 7356.41 | 7356.41 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2735 | -RC | 0.00 | 37.50 | 37.50 | 0.00 | 0.00 | 0.00 |
| Silva, Ada | 2736 | -RC | 0.00 | 54309.66 | 54309.66 | 0.00 | 0.00 | 0.00 |
| Smith, Dav | 2674 | -RC | 0.00 | 8155.29 | 8155.29 | 0.00 | 0.00 | 0.00 |
| Solis, Aur | 2779 | -RC | 0.00 | 2745.47 | 2745.47 | 0.00 | 0.00 | 0.00 |
| tal: 39 | | | 2424.21 | 838583.91 | 838583.91 | 0.00 | 50.00 | 0.00 |
| Average: | | | 62.16 | 21502.15 | 21502.15 | 0.00 | 1.28 | 0.00 |
| Net: | | | | 841058.12 | | | | |

### Metro Buys Homes, LLC
### New accounts: Notes Receivable
Dates: 12/01/14-12/31/14   Printed on: 06/06/15
Order: Name   Investor: MBH   Notes: No filter

| Name | Loan Number | | Orig Date | Balance | Amount Basis | Remain | Payment Amount |
|------|-------------|---|-----------|---------|--------------|--------|----------------|
| Garza, Mon | 2777 | -RC | 12/01/14 | 6331.34 | 6331.34 | 145/145 | 91.25 |
| Garza, Mon | 2778 | -RC | 12/01/14 | 41735.39 | 41735.39 | 360/360 | 419.35 |
| Total: 2 | | | | 48066.73 | 48066.73 | | 510.60 |
| Average: | | | | 24033.37 | 24033.37 | 253/253 | 255.30 |

Chesapeake Operating, LLC
P.O. Box 18496
Oklahoma City, OK 73154
(877) 245-1427

**PAGE: 1**

Retain this statement for tax purposes. No duplicates furnished. State taxes have been deducted and paid where required. When writing, refer to lease number and owner number.

| PROD DATE | P/C | PRICE | I/T | PY/GP | LEASE VOLUME | TAX | DEDUCT | NET VALUE | PAYMENT DECIMAL | OWNER VOLUME | GRS VALUE | TAX | DEDUCT | NET | BTU |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Gross Value refers to the sales price received by the operator/lessee before deduction of taxes. It may reflect the price received from an affiliated purchaser.

Deduct refers to the deductions identified in the Deduct Code below and are generally limited to taxes or deductions made by the operator/lessee. Deductions made by the purchaser (affiliated or non-affiliated) may or may not be shown.

Volume of gas is the volume (mcf) of gas produced which may or may not be equal to the volume of gas sold depending on fuel use.



| PROD DATE | P/C | PRICE | I/T | PY/GP | LEASE VOLUME | TAX | DEDUCT | NET VALUE | PAYMENT DECIMAL | OWNER VOLUME | GRS VALUE | TAX | DEDUCT | NET | BTU |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 630463-VAQUERO 1H | | | | | | | STATE: TX COUNTY: TARRANT | | | LEGAL: 702.034 ACRES; ROBERT R RAMEY, 7 | | | | | |
| 1212 | 2 | 1.54 | 2 | TB | -21226.32 | -32.05 | .00 | -32563.06 | .00031201 | -6.62 | -10.17 | -.01 | .00 | -10.16 | 992 |
| 1212 | 2 | 1.54 | 2 | TB | 21226.32 | 32.05 | .00 | 32627.16 | .00031201 | 6.62 | 10.19 | .01 | .00 | 10.18 | 992 |
| 1214 | 2 | 1.93 | 2 | TB | 11233.00 | 32.05 | .00 | 21665.97 | .00031201 | 3.51 | 6.77 | .01 | .00 | 6.76 | 1007 |
| 1214 | 2 | 1.92 | 2 | 01 | 54604.74 | 36.53 | .00 | 104719.12 | .00027378 | 14.95 | 28.68 | .01 | .00 | 28.67 | 1007 |
| | | | | | | | | LEASE TOTAL | | | 35.47 | .02 | .00 | 35.45 | |
| 635809-VAQUERO 2H | | | | | | | STATE: TX COUNTY: TARRANT | | | LEGAL: 702.034 ACRES; ROBERT R RAMEY, 7 | | | | | |
| 1114 | 2 | .00 | 2 | X9 | .00 | -1498.61 | .00 | 1498.61 | .00028026 | .00 | .00 | -.42 | .00 | .42 | |
| 1214 | 2 | 1.93 | 2 | TB | 18643.00 | 2531.97 | .00 | 33364.32 | .00031201 | 5.82 | 11.20 | .79 | .00 | 10.41 | 1005 |
| 1214 | 2 | 1.91 | 2 | 01 | 64632.66 | 8632.78 | .00 | 115103.67 | .00027106 | 17.52 | 33.54 | 2.34 | .00 | 31.20 | 1005 |
| | | | | | | | | LEASE TOTAL | | | 44.74 | 2.71 | .00 | 42.03 | |
| 635810-VAQUERO 3H | | | | | | | STATE: TX COUNTY: TARRANT | | | LEGAL: 702.034 ACRES; ROBERT R RAMEY, 7 | | | | | |
| 1114 | 2 | .00 | 2 | X9 | .00 | -2105.19 | .00 | 2105.19 | .00028026 | .00 | .00 | -.59 | .00 | .59 | |
| 1214 | 2 | 1.93 | 2 | TB | 24181.00 | 3237.08 | .00 | 43363.99 | .00031201 | 7.55 | 14.54 | 1.01 | .00 | 13.53 | 1005 |
| 1214 | 2 | 1.91 | 2 | 01 | 83479.17 | 11104.55 | .00 | 148675.57 | .00027106 | 22.63 | 43.31 | 3.01 | .00 | 40.30 | 1005 |
| | | | | | | | | LEASE TOTAL | | | 57.85 | 3.43 | .00 | 54.42 | |
| 635811-VAQUERO 4H | | | | | | | STATE: TX COUNTY: TARRANT | | | LEGAL: 633.31 ACRES; CLAIBORNE T HILL 859 | | | | | |
| 1114 | 2 | .00 | 2 | X9 | .00 | -1926.78 | .00 | 1926.78 | .00028026 | .00 | .00 | -.54 | .00 | .54 | |
| 1214 | 2 | 1.93 | 2 | TB | 22719.00 | 3076.82 | .00 | 40703.82 | .00031201 | 7.09 | 13.66 | .96 | .00 | 12.70 | 1006 |
| 1214 | 2 | 1.92 | 2 | 01 | 78417.98 | 10477.39 | .00 | 139673.87 | .00027106 | 21.25 | 40.70 | 2.84 | .00 | 37.86 | 1006 |
| | | | | | | | | LEASE TOTAL | | | 54.36 | 3.26 | .00 | 51.10 | |

**INTEREST TYPE (IT)**     **PRODUCT CODE (PC)**     **DEDUCT CODE**

| INTEREST TYPE (IT) | PRODUCT CODE (PC) | DEDUCT CODE | | |
|---|---|---|---|---|
| 2-ROYALTY | 2-GAS(MCF) | BW-BACKUP WITHHOLDING | CP-COMPRESSION | FL-FUEL |
| | | GA-GATHERING | IT-INTEREST | MK-MARKETING |
| | | MS-MISCELLANEOUS | NE-NETTING EXPENSE | PC-PROCESSING |
| | | PD-OTH PIPELINE DEDUCT | RJ-ROY ADJUSTMENT | SW-STATE WITHHOLDING |
| | | TG-TREATING | TX-TRANSPORTATION | |

Defendants' Exhibit 64    Total of this check    Page 45 of 85    183.00

| OWNER NUMBER | 256538 | CHECK NUMBER | 11132768 | CHECK DATE | 02/27/2015 |
|---|---|---|---|---|---|

Chesapeake Operating, LLC
P.O. Box 18496
Oklahoma City, OK 73154
(877) 245-1427

**PAGE: 2**

Retain this statement for tax purposes. No duplicates furnished. State taxes have been deducted and paid where required. When writing, refer to lease number and owner number.

| JD DATE | P C | PRICE | I T | PY GP | LEASE VOLUME | TAX | DEDUCT | NET VALUE | PAYMENT DECIMAL | OWNER VOLUME | GRS VALUE | TAX | DEDUCT | NET | BTU |
|---------|-----|-------|-----|-------|--------------|-----|--------|-----------|-----------------|--------------|-----------|------|--------|--------|-----|
|         |     |       |     |       |              |     |        |           |                 |              |           |      |        |        |     |
| CHECK TOTAL | | | | | | | | | OWNER TOTAL | | 192.42 | 9.42 | .00 | 183.00 | |



INTEREST TYPE (IT)　　　PRODUCT CODE (PC)　　　DEDUCT CODE

| 2-ROYALTY | 2-GAS(MCF) | BW-BACKUP WITHHOLDING | CP-COMPRESSION | FL-FUEL |
|-----------|------------|-----------------------|----------------|---------|
| | | GA-GATHERING | IT-INTEREST | MK-MARKETING |
| | | MS-MISCELLANEOUS | NE-NETTING EXPENSE | PC-PROCESSING |
| | | PD-OTH PIPELINE DEDUCT | RJ-ROY ADJUSTMENT | SW-STATE WITHHOLDING |
| | | TG-TREATING | TX-TRANSPORTATION | |

**Total for check**　　　**$183.00**

| OWNER NUMBER | 256538 | | CHECK NUMBER | 11132768 | | CHECK DATE | 02/27/2015 |
|--------------|--------|--|--------------|----------|--|------------|------------|

Defendants' Exhibit 61

## MBH TRUST

## DECLARATION OF TRUST

Shawn Coker, Neighborhood Partner, Inc., Blue Moon Realty Group, Wizard Funding, LLC, J. Michael Ferguson, P.C., and Ian Douglas Ghrist, PLLC referred to in this Declaration as "Trustor," of Tarrant County, Texas, hereby establish this trust with J. Michael Ferguson, P.C. as trustee, referred to as the "Trustee," All property, referred to as the "Trust Estate" shall be held, administered, and distributed by the Trustee as provided in this Declaration, referred to as the "Declaration."

### ARTICLE 1 GENERAL TERMS

The Trustee is to be:

J. Michael Ferguson, P.C.

The beneficiaries of the trust are to be:

| Beneficiary | Percentage |
|---|---|
| Shawn Coker | 60.00% |
| J. Michael Ferguson, P.C. | 26.67% |
| Ian Douglas Ghrist, PLLC | 13.33% |

The Trust Estate is owned in the percentages listed above. The mailing address for the trust is to be 1210 Hall Johnson Road, Suite 100, Colleyville, Texas 76034.

The assets of the trust shall be serviced by Anson Financial, Inc. Anson Financial, Inc. is to receive a servicing fee in the amount of one percent (1.00%) per annum. The servicing fee shall be calculated monthly as follows: (Balance of Assets at beginning of month x 1.00% divided by 12) Distributions are to be net of the servicing expenses. There shall not be any other

Trust

Defendants' Exhibit 61

expenses incurred by Trustee in administering the assets other than the servicing fee and any

collection or third-party fees incurred in the ordinary course of business.

## ARTICLE 2 RIGHTS RESERVED TO TRUSTOR

### Additions to Trust

1.1     The Trustor shall have the right at any time to add other property to this Trust if assets
owned by Metro Buys Homes, LLC, et. al. can be seized. All property recovered in Cause Nos.
236-269254-13 and 236-248435-10 will be transferred to and held by this trust. Any additional
property, when received, shall become a part of the Trust Estate.

## ARTICLE 3 DISTRIBUTIONS BY TRUSTEE

### Net Income to Trustor

3.1.     During the life of the Beneficiaries, the Trustee shall pay to the Beneficiaries, or apply
for the benefit of the Beneficiaries, all of the net income from the Trust Estate. These
distributions shall be made in monthly distributions less a reserve for property taxes or insurance
owed on trust property.

## ARTICLE 4 POWERS AND DUTIES OF TRUSTEE

### Retain Property Received in Trust Estate

4.1.     The Trustee shall have the power to retain any property, including shares of the Trustee's
own stock received from the Trustor, in the Trust for as long as the Trustee deems advisable. The
Trustee shall have this power whether or not this property is of the character permitted by Texas
Trust Code for the investment of trust funds.

### Management of Trust Property

4.2.     The Trustee may exercise the following powers with respect to any and all property in the
Trust Estate. These powers apply to principal or accumulated income of the Trust. The Trustee
shall have the discretion to take the following actions at any time, on the terms and in the manner
that the Trustee deems advisable:

(a)     Sell, convey, exchange, convert, grant an option, assign, improve, build, manage, operate,
and control Trust property.

(b)     Partition, divide, subdivide, assign, develop, and improve Trust property.

(c)     Make or obtain the vacation of plats, adjust boundaries, adjust differences in valuation on
exchange or partition, and dedicate easements for public use, of Trust property, with or without
consideration.

(d)     Make ordinary and extraordinary repairs and alterations in buildings, demolish
improvements, raze party walls or buildings, and erect party walls or buildings on Trust property.

Defendants' Exhibit 61

(e)     Lease property in the Trust Estate for terms within the term of the Trust and for any purpose, and enter into any covenants and agreements relating to the leased property or any improvements that may be erected on the property.

(f)     Take the following actions regarding natural resources related to Trust property:

(i)     Enter into oil, gas, liquid or gaseous hydrocarbon, sulphur, metal and any and all other natural resource leases on terms the Trustee deems advisable.

(ii)    Enter into any pooling, unitization, repressurization, community, and other types of agreements relating to the exploration, development, operation, and conservation of properties containing minerals or other natural resources.

(iii)   Drill, mine, and otherwise develop oil, gas, and other minerals.

(iv)    Contract for the installation and operation of absorption and repressuring plants.

(v)     Install and maintain pipelines.

(g)     Encumber or hypothecate Trust property for any Trust purpose by mortgage, deed of trust, pledge, or otherwise.

(h)     Carry insurance of the kinds and in the amounts that the Trustee deems advisable to protect the Trust Estate or the Trustee at the expense of the Trust.

(i)     Invest and reinvest in property that the Trustee deems advisable, including the option to acquire an asset, whether or not of the character permitted by Texas Trust Code for the investment of trust funds.

(j)     Vote and give proxies to vote any securities in the Trust Estate, including stock of the Trustee.

(k)     Pay any assessments or other charges levied on any stock or other security in the Trust Estate.

(l)     Exercise any subscription, conversion, or other rights or options that may attach to the holders of any stocks, bonds, securities, or other instruments in the Trust Estate.

(m)    Continue and operate, sell, or liquidate any business or partnership interests received by the Trust Estate.

(n)     Participate in any plans or proceedings for the foreclosure, reorganization, consolidation, merger, or liquidation of any corporation or organization that has issued securities in the Trust Estate and, incident to that participation, deposit securities with and transfer title of securities to any protective or other committee established to further or defeat any such plan or proceeding.

(o)     Enforce any mortgage or deed of trust or pledge in the Trust Estate and, at any sale under any mortgage, deed of trust, or pledge, bid and purchase at Trust expense any property subject to the security instrument.

(p)    Employ any attorney, investment adviser, accountant, broker, tax specialist, or any other agent, and pay reasonable compensation from the Trust Estate for all services performed by any of them.

(q)    Compromise, submit to arbitration, release with or without consideration, extend time for payment, and otherwise adjust any claims in favor of or against the Trust.

(r)    Commence or defend any litigation with respect to the Trust or any Trust property at the expense of the Trust.

(s)    Abandon any Trust asset that the Trustee deems advisable.

(t)    Terminate the Trust and, regardless of the age of the income beneficiary, distribute the principal and any undistributed net income to the income beneficiary, or to his or her guardian, conservator, or other fiduciary if the fair market value of the Trust Estate becomes less than $10,000.

(u)    Do all acts, take part in any proceedings, and exercise all rights and privileges as could an absolute owner of property in the Trust Estate, subject to any limitations expressly set forth in this Agreement and the faithful performance of the Trustee's fiduciary obligations. The enumeration of powers in this Agreement shall not limit the general or implied powers of the Trustee or any additional powers provided by law.

Power to Borrow Money

4.3.    The Trustee shall have no power to borrow money from any person, firm, or corporation including the Trustee.

Power to Loan Money to Trust

4.4.    The Trustee shall have the power to loan or advance the Trustee's own funds to the Trust for any Trust purpose. This loan or advance shall be at the rate of interest the Trustee is then charging for similar loans or advances to other persons having a net worth equal to that of the Trust Estate. Any loan or advance, together with interest accruing on the loan or advance, shall be a first lien against and shall be repaid from the Trust Estate.

Manner of Holding Trust Property

4.5.    The Trustee may hold securities or other property in the Trust Estate: (1) in the Trustee's name as Trustee under this Agreement; (2) in the Trustee's own name without a designation showing it to be Trustee under this Agreement; or (3) in the name of the Trustee's nominee. Further, the Trustee may hold securities in an unregistered condition such that ownership passes by delivery.

Determination of Principal and Income

4.6.    Except as otherwise specifically provided in this Agreement, the Trustee shall have the power to determine, in the Trustee's discretion, what constitutes principal of the Trust Estate, gross income from the Trust Estate, and net income of the Trust Estate distributable under the

terms of this Agreement. The Trustee's determination as to what constitutes principal, gross income, or net income of the Trust Estate shall, except as may be otherwise expressly provided in this Agreement, be conclusive and binding on all persons in any manner interested in the Trust.

### Property Taxes and Expenses

4.7.    All property taxes, assessments, fees, charges, and other expenses the Trustee incurs in the administration or protection of the Trust, including the compensation of the Trustee provided for in this Agreement, shall be a charge on the Trust Estate and shall be paid by the Trustee before final distribution of the Trust Estate:

(a)    In full out of the principal of the Trust Estate.

(b)    In full out of the income of the Trust Estate.

(c)    Partially out of the principal and partially out of the income of the Trust Estate.

The payments shall be made in the manner and proportions that the Trustee deems advisable. The Trustee's determination regarding the payment of these expenses and charges from the principal or income of the Trust Estate or partially from each is conclusive and binding on all persons in any manner interested in the Trust.

### Limitation on Trustee's Powers

4.8.    All powers given to the Trustee in this Agreement are exercisable by the Trustee only in a fiduciary capacity. No power given to the Trustee shall enable the Trustor or any other person to:

(a)    Purchase, exchange, or otherwise deal with or dispose of the principal or income from the Trust for less than an adequate consideration in money or money's worth.

(b)    Borrow income or principal from the Trust.

(c)    Authorize loans to the Trustor or any other person except on the basis of an adequate interest charge and with adequate security.

### Limitation of Trustee's Liability

4.9.    No Trustee or Trustee's agent appointed under this Agreement shall be liable for the action or default of the Trustee or the Trustee's agent, unless caused by gross negligence or willful commission of an act in breach of trust by the Trustee or the Trustee's agent.

## ARTICLE 5 ADMINISTRATIVE PROVISIONS

### Bond

5.1.    Bond shall not be required of the original Trustee or of any successor trustee to secure faithful performance of the Trustee's duties.

### Mingling of Trust Property

Defendants' Exhibit 61

5.2.     The Trustee is authorized to mingle the trust property of the separate trusts established by this Trust Agreement, allotting to each separate trust an undivided interest in the mingled funds.

However, if the Trustee mingles trust property, the Trustee shall maintain reliable records to assure that each beneficiary shall receive his or her proportionate contribution, as adjusted for accumulation of income, payments of principal, and additions to principal.

Accounting

5.3.     The Trustee shall make monthly accounting to each beneficiary under this Agreement if such accounting is requested. The accounting shall include a report of the receipts, disbursements, and distributions since the last accounting, and the status of the principal and any undistributed income on hand on the date of the accounting. Each beneficiary shall have the right to inspect the Trustee's books and records, and the Trustee shall make the books and records available for inspection by the beneficiaries or by their representatives at any reasonable time and place. The Trustee and each beneficiary may apply for judicial settlement of the Trustee's accounts.

## ARTICLE 6 TRUSTEE

Rights and Powers of Successor Trustee

6.2.     Any successor trustee shall immediately succeed to the title of the Trustee and to all powers, rights, discretions, obligations, and immunities of the Trustee under this Agreement with the same effect as if the successor was originally named as the Trustee in this Agreement.

Compensation of Trustee

6.3.     The Trustee shall not receive compensation for its services under this Agreement, except as specified in Article 1 of this Trust.

## ARTICLE 7 CONSTRUCTION OF TRUST

Applicable Law

7.1.     This Trust has been accepted by the Trustee in the State of Texas, will be administered by the Trustee in Texas, and the validity, construction, and all rights under this Agreement shall be governed by the laws of Texas.

Severability

7.2.     Should any provision of this Agreement be or become void, invalid, or unenforceable, the remaining provisions of this Agreement shall continue to be fully effective.

Notices

7.3.     Any notices or other communications required or permitted by this Agreement to be delivered to or served on the Trustee shall be deemed properly delivered to, served on, and received by the Trustee when personally delivered to the Trustee or, if corporate trustee, to a trust officer of the Trustee. However, in place of personal service, notice shall be presumed to be

delivered when deposited in the United States mail, certified mail with postage prepaid, addressed to the Trustee's last known address or to the then-current address of the initial Trustee or any successor trustee.

Interpretative Clause

7.4.    As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number shall each be deemed to include the others whenever the context so indicates.

Copies

7.5.    Anyone may rely on a copy of this Agreement certified to be a true copy of this Agreement by a notary public to the same extent as if it were the original. Anyone may rely on any statement of fact certified by someone who appears to be the Trustee of this Trust from the original Agreement or a certified copy of the Agreement.

EXECUTED on this the _____ day of _____, 2015, at Tarrant County, Texas.

TRUSTORS

_____

Shawn Coker

NEIGHBORHOOD PARTNER, INC.

BY:_____

Shawn Coker, President

BLUE MOON REALTY GROUP

By: _____

Shawn Coker, President

WIZARD FUNDING, LLC

Defendants' Exhibit 61

By: _____
     Shawn Coker, President

J. MICHAEL FERGUSON, P.C.


By: _____
     J. Michael Ferguson, President

IAN DOUGLAS GHRIST, PLLC


By: _____
     Ian Ghrist, Member


TRUSTEE


J. MICHAEL FERGUSON, P.C.


By: _____
     J. Michael Ferguson, President


BENEFICIARIES:


_____
Shawn Coker

J. MICHAEL FERGUSON, P.C.


By: _____
     J. Michael Ferguson, President

IAN DOUGLAS GHRIST, PLLC

By: _____
     Ian Ghrist, Member

# Exhibit D, Affidavit of Ian Ghrist

Cause No. 141-295012-17

| | | |
|---|---|---|
| MBH REAL ESTATE LLC, | § | IN THE DISTRICT COURT |
| AFI LOAN SERVICING, LLC, | § | |
| ANSON FINANCIAL, INC., | § | |
| J. MICHAEL FERGUSON, P.C. | § | |
|    Plaintiffs | § | |
| | § | |
| V. | § | 141st JUDICIAL DISTRICT |
| | § | |
| IAN GHRIST, GHRIST LAW FIRM, PLLC, | § | |
| SHAWN COKER, NEIGHBORHOOD PARTNER, | § | |
| INC., BLUE MOON REALTY GROUP, LLC, | § | |
| WIZARD FUNDING, LLC, SILVER STAR TITLE | § | |
| , LLC DBA SENDERA TITLE, ELIZABETH | § | |
| ESPINO, KATHY E. MONTES, AND LUCY | § | |
| OLIVAS | § | |
|    Defendants | § | TARRANT COUNTY, TEXAS |

## IAN GHRIST'S AFFIDAVIT FOR THE RESPONSE TO PLAINTIFFS' NO EVIDENCE MOTION FOR PARTIAL SUMMARY JUDGMENT AND TRADITIONAL MOTION FOR SUMMARY JUDGMENT

BEFORE ME, the undersigned Notary Public, on this day personally appeared Ian Ghrist, the person whose name is subscribed hereto, and after being duly sworn under oath and subject to penalty of perjury deposed and stated as follows:

1.    "My name is Ian Ghrist. I am over the age of eighteen (18), of sound mind, and I am fully competent to make this affidavit. I have personal knowledge of the matters stated herein, except where otherwise indicated, and they are true and correct. I have reviewed the statements in the Response to Plaintiffs' No Evidence Motion for Partial Summary Judgment and Traditional Motion for Summary Judgment and those statements are true and correct and within my personal knowledge unless otherwise stated or shown in the instrument reviewed.

2.    The exhibits attached with this affidavit and the response to the motion referenced above are true and accurate copies of those pleadings and documents. The records were made at or near the time by—or from information transmitted by—someone with knowledge; were kept in the course of regular organized activity; making the records was a regular practice of that activity; and I am qualified to state the foregoing. I am the person with knowledge and I kept the records in the ordinary course of my law practice.

3.      J. Michael Ferguson drafted the email and the reports attached to the email that consists of Defendant's Exhibit 61 in the trial in the 17th District Court, which is Ex. C to the response to the plaintiffs' summary judgment motion in this case. The email and the reports attached to the email were part of the corporate books and records of MBH Real Estate LLC because they were part of the financials for the company. They were also the most formal discussions that the parties; being Ian Ghrist, Shawn Coker, and J. Michael Ferguson; had in relation to who would be an owner and in what percentages, and on what terms, of the entity to be formed. The records related to MBH Real Estate LLC and the assets to be added to that entity. The records demonstrated the terms of ownership of the new entity. Accordingly, the records are part of the company's records.

4.      MBH Portfolio, as used herein, means MBH Real Estate LLC and property recovered from Cause Nos. 236-269254-13 and 236-248435-10 in the 236th Judicial District Court of Tarrant County, Texas.

5.      Throughout the duration of the year 2015, Ian Ghrist had numerous conversations with Shawn Coker and J. Michael Ferguson. In those conversations, J. Michael Ferguson and Shawn Coker discussed how Ian Ghrist or Ghrist Law Firm PLLC would own 13.33% of any assets recovered, including but not limited to the MBH Portfolio; J. Michael Ferguson or J. Michael Ferguson or J. Michael Ferguson PC would own 26.66%; and Shawn Coker or his various entities would own 60.00%. Shawn Coker agreed to this at all relevant times. J. Michael Ferguson agreed to it at all relevant times. It was discussed. Ian Ghrist stated that Ghrist Law was intended to receive 1/3 of anything received by or obtained in any way by Ferguson PC. This was not objected to and was understood and accepted by both Shawn Coker and J. Michael Ferguson. No one objected to this arrangement. No one suggested that Mr. Ghrist's ownership would be cut out. No one suggested that Mr. Ferguson would somehow acquire Mr. Ghrist's 13.33%. No one suggested that Mr. Ghrist would get some contractual rights against Ferguson PC instead of or in lieu of a full 1/3 of anything due in exchange for legal work. The ownership spreadsheet on Page 14 of 55 of Defendant's Exhibit 61 from the trial in the 17th District Court is a report prepared by J. Michael Ferguson and emailed to Ian Ghrist and Shawn Coker on June 6, 2015. That report, drafted by Ferguson, says that J. Michael Ferguson PC would own 27%, Ian Ghrist would own 13%, and Shawn Coker et. al. would own 60%. That report was the agreement of the parties. The agreement never changed from that breakdown. J. Michael Ferguson and Shawn Coker both expressed agreement to those percentages of ownership and that all ownership would occur based upon those percentages, including in the new entity that was ultimately formed. The 13/27 percentage split was slightly in error as the actual split was intended to be 13.33/27.77 percent, respectively. J. Michael Ferguson specifically agreed, in writing and otherwise, to Ghrist Law's 13.33% membership interest in MBH Real Estate LLC.

Ferguson expressed such agreement when he signed the Separation Agreement on behalf of J. Michael Ferguson PC on December 4th, 2015.

6.     Ian Douglas Ghrist PLLC changed its name to Ghrist Law Firm PLLC. "Ghrist Law" is commonly used by the parties as a shorthand reference to Ghrist Law Firm PLLC. Also, Ferguson PC is commonly used as shorthand for J. Michael Ferguson PC.

7.     At the time that J. Michael Ferguson signed the Separation Agreement on December 4th, 2015, J. Michael Ferguson PC was one of the managing members of MBH Real Estate LLC. J. Michael Ferguson PC could and did execute the Separation Agreement as one of the corporate records of MBH Real Estate LLC. The Separation Agreement became a corporate record of MBH Real Estate LLC because it expressed the agreement of J. Michael Ferguson PC as a managing member to Ghrist Law's 13.33% membership in MBH Real Estate LLC. Additionally, MBH Real Estate LLC still lacked a company operating agreement because Ian Ghrist and Shawn Coker were still waiting on J. Michael Ferguson to draft a proposed operating agreement at the time that the Separation Agreement was signed. Because the operating agreement was never drafted, the Separation Agreement takes on additional importance as one of the few documents that shows what the agreement of the parties was with respect to the ownership percentages in the new entity. The Separation Agreement showed that Ghrist Law's 13.33% stake in MBH Real Estate LLC was a membership stake. The 13.33% stake referenced in the Separation Agreement was intended by all parties to be a membership stake. J. Michael Ferguson never drafted the operating agreement for MBH Real Estate LLC or got an agreement to any terms of any corporate operational documents. MBH Real Estate LLC has no operating agreement. Accordingly, the Court cannot look to any operating agreement, and must, instead, discern the intent of the parties. The intent of the parties was established by the jury in the lawsuit in the 17th District Court.

8.     The course of dealing between Ian Ghrist and J. Michael Ferguson was that Ghrist Law Firm PLLC would acquire 1/3 of anything, money or property, recovered by J. Michael Ferguson PC. On any cases wherein J. Michael Ferguson PC and Ghrist Law Firm PLLC joint ventured, Ghrist Law would acquire 1/3 of any recovery, whether in money or property. J. Michael Ferguson PC would acquire 2/3. The parties never agreed that Ghrist Law Firm PLLC would have merely a contractual right to recover from Ferguson PC. Instead, Ghrist Law Firm PLLC would directly acquire 1/3 of the assets recovered. For example, on the Teena Reynolds case (litigated extensively in the 17th District Court), Ghrist Law Firm acquired 11.5% of the promissory note, which it transferred to Gasget LLC. Ferguson PC acquired 23.5% of the promissory note. Ferguson PC did not acquire 25% of the promissory note and then pay 1/3 of the incomes to Ghrist Law. That was not the course of dealing. The course of dealing was for Ghrist Law to receive 1/3 of anything that Ferguson PC received. Ferguson PC could not receive any money or property without Ghrist Law also receiving 1/3 in

kind. That was the course of dealing of the parties. That was the terms of the joint venture. That was the terms of the agreement.

9. Ghrist Law and Ferguson PC were involved in a joint venture as found by the jury and judge in the 17th District Court lawsuit. Any time that Ghrist Law and Ferguson PC recovered money or property; like promissory notes, mortgages, or interests in a Limited Liability Company; the joint venture would own the property because the property was acquired through the joint efforts of the venturers. Ghrist Law Firm PLLC owned 1/3 of any joint venture property. Ferguson PC owned 2/3 of any joint venture property. Once the joint venture acquired property, Ghrist Law Firm PLLC would receive 1/3 of the property, whereas, Ferguson PC would receive 2/3. Anytime property was not titled in the name of the joint venture, the property was promptly disbursed, on at least a monthly basis, 1/3 to Ghrist Law Firm PLLC and 2/3 to J. Michael Ferguson PC. MBH Real Estate LLC and the MBH Portfolio were property acquired by the joint venture. Those assets were owned by the joint venture subject to prompt disbursement of 1/3 to Ghrist Law Firm PLLC and 2/3 to J. Michael Ferguson PC.

10. The unsigned trust agreement showing Ian Douglas Ghrist PLLC as having a 13.33% beneficial interest is probative of the percentages that were agreed to by Shawn Coker, J. Michael Ferguson, and Ian Ghrist. At no time were these percentages changed. At no time did Ian Ghrist or Ghrist Law Firm PLLC agree that the percentages could change. At no time did Ian Ghrist or Ghrist Law Firm PLLC agree that Ferguson PC would acquire Ghrist Law's 13.33% and then simply pay Ghrist Law based on some contractual theory of liability. No, the agreement was that Ghrist Law would own and be a member in a full, undivided, and unlimited 13.33% stake in the assets recovered, in whatever form they were recovered in, whether in a limited liability company or in a trust.

11. Ian Ghrist; J. Michael Ferguson; J. Michael Ferguson PC; Shawn Coker; Anson Financial, Inc.; Blue Moon Realty Group LLC; Neighborhood Partner Inc.; and Wizard Funding LLC, and any other relevant entity, all agreed, at all relevant times, that Ghrist Law would own 13.33% of MBH Real Estate LLC and property recovered from Cause Nos. 236-269254-13 and 236-248435-10 in the 236th Judicial District Court of Tarrant County, Texas.

12. MBH Real Estate LLC was a member-managed LLC. Any member, including Ian Ghrist or Ghrist Law Firm PLLC, could act for the LLC. Accordingly, Ian Ghrist or Ghrist Law Firm PLLC had authority to sign the Release of Lien recorded in Tarrant County Real Property Records as Instrument Number D217060901 on behalf of MBH Real Estate LLC.

13. No one signed or agreed to the certificate of formation for MBH Real Estate LLC that J. Michael Ferguson filed unilaterally without the knowledge or consent of Ian Ghrist

or Shawn Coker. Mr. Ferguson did not provide a copy of that document to Ian Ghrist or Shawn Coker prior to 2016. Mr. Ferguson represented that he would draft an operating agreement for MBH Real Estate LLC that would supersede and supplement anything filed to form the entity.

14.     Further affiant sayeth naught."

Ian Ghrist

STATE OF TEXAS           §

COUNTY OF DALLAS         §

This instrument was acknowledged before me on this the 13th day of March, 2019 by Ian Ghrist.

CHRISTINA GUERRA
Notary Public, State of Texas
Comm. Expires 09-06-2021
Notary ID 131270603

Notary Public