07-20-00027-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
4/3/2020 5:52 PM
Vivian Long, Clerk

Case 21-41517-elm11 Doc 244-15 Filed 02/24/22    Entered 02/24/22 10:14:52    Page 1 of 72

ACCEPTED

Exhibit ANS125

No. 07-20-00027-CV

## SEVENTH COURT OF APPEALS

## AMARILLO, TEXAS

ANSON FINANCIAL INC., AFI LOAN SERVICING LLC, J. MICHAEL
FERGUSON P.C., AND MBH REAL ESTATE LLC

Appellants

V.

GHRIST LAW FIRM PLLC AND IAN GHRIST,

Appellees

FROM THE 141ST DISTRICT COURT
TARRANT COUNTY, TEXAS
CAUSE NO. 141-311209-19

## BRIEF OF APPELLEES

GHRIST LAW FIRM PLLC
Ian Ghrist
State Bar No. 24073449
2735 Villa Creek Drive, Suite 140
Farmer's Branch, Texas 75234
Ph. (817) 778-4136
Fax (817) 900-2863
ian@ghristlaw.com

ATTORNEY FOR APPELLEES

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellants**
Ghrist Law Firm PLLC
Ian Ghrist

**Counsel for Appellants**
Ian Ghrist
Ghrist Law Firm PLLC
State Bar No. 24073449
ian@ghristlaw.com
2735 Villa Creek Drive, Suite 140
Farmer's Branch, Texas 75234
Phone (817) 778-4136
Fax (817) 900-2863
ian@ghristlaw.com

**Appellees**
J. Michael Ferguson P.C.
MBH Real Estate LLC
AFI Loan Servicing LLC
Anson Financial Inc.

**Counsel for Appellees**
J. Michael Ferguson
62 Main St., Suite 310
Colleyville, Texas 76034
Tel. (817) 267-1008
Fax (817) 485-1117
mike@jmichaelferguson.com
Attorney for Plaintiffs

# TABLE OF CONTENTS

**GLOSSARY OF DEFINED TERMS**....................................................9

**IDENTITY OF PARTIES**.............................................................10

**ABBREVIATIONS AND RECORD REFERENCES**.......................11

**STATEMENT OF THE CASE**.......................................................12

**STATEMENT REGARDING ORAL ARGUMENT**........................13

**ISSUES PRESENTED**..................................................................14

**STATEMENT OF FACTS**.............................................................16

**SUMMARY OF ARGUMENT**.......................................................21

**STANDARD OF REVIEW**............................................................24

**ARGUMENT**...............................................................................25

**I.    Whether the trial court should have granted plaintiffs' motion that purported to be a summary judgment motion yet was moot and sought only inappropriate fact findings.**....................................................................27

**II.    Whether *res judicata* and other similar defenses were waived by filing a general denial and a motion to dismiss under the TCPA prior to adding those defenses to the pleadings in a case where the 17th District Court case went to trial while this case was stayed pursuant to a TCPA appeal and whether the issues tried in the 17th District Court were sufficiently different that none of those defenses would apply.** ..................................................................29

**a.   Waiver by Filing a General Denial and a TCPA Motion** ...........................30

**b.    Whether Issue and Claim Preclusion Apply**.............................................36

**III.    Whether the attorney's fees should be stricken due to various causes of action that were not raised in this lawsuit and that the plaintiffs' already lost on in the 17th District Court.** ..................................................................39

**IV.    Whether there was more than a scintilla of evidence to support the amount of attorney's fees that the trial court awarded.**....................................40

**V.    Whether attorney's fees can be awarded on a frivolous DTPA action when a frivolous DTPA action is nonsuited prior to the hearing on the request for the award of the attorney's fees.**....................................................................44

**VI.    Whether the Yammine Tax Loan claims should have survived the second TCPA motion.** ...........................................................................48

**VII.    Whether the Alvord Joint Venture claims should have survived the third TCPA motion.** ...............................................................................53

**VIII.    Whether the trial court had not only the ability, but also a legal duty to not award sanctions that are mandatory under the TCPA.** .............................58

**IX.    Whether attorney fees are barred because the attorney charging the fees also worked for a law firm that was a party to the case.**....................................62

**X.    Whether sanctions should have been awarded separately instead of jointly and severally.** ..............................................................................63

**XI.    Whether the constitution precludes the dollar amount of sanctions awarded.**.................................................................................................64

**XII.    The motion for new trial was filed late. As a result, the deadline for notice of appeal was not extended and this court lacks jurisdiction over this appeal.**……………………………………………………………………………67

**XIII.    Prayer** ........................................................................................70

**INDEX TO APPENDIX TO BRIEF OF APPELLEES** .....................................73

# INDEX OF AUTHORITIES

Cases

*All Valley Acceptance Co. v. Durfey*, 800 S.W.2d 672 (Tex. App.—Austin 1990, writ denied) ..................................................................................................21

*Amigos Meat Distributors, L.P. v. Guzman*, 526 S.W.3d 511 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ................................................................50

*Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627 (Tex. 1992) ..................................................................................................................32

*Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984) ...........................32

*Burton v. Prince*, 577 S.W.3d 280 (Tex. App.—Houston [14th Dist.] 2019, no pet.). ....................................................................................................................20

*Caleb Moore and the Law Firm of Caleb Moore PLLC v. Anson Financial Inc.*, 02-19-00201-CV, 2020 WL 1293695, at *2 (Tex. App.—Fort Worth Mar. 19, 2020, no pet. h.) ...................................................................... 40, 51, 55

*Cantu v. Dominguez*, 14-08-00156-CV, 2009 WL 3365854, at *5 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, pet. denied). ................................................21

*Castleman v. Internet Money Ltd.*, 546 S.W.3d 684 (Tex. 2018) ...........................44

*City of Beaumont v. Guillory*, 751 S.W.2d 491 (Tex. 1988) ..................................62

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005). ..........................................19

*Cuidado Casero Home Health of El Paso, Inc. v. Ayuda Home Health Care Services, LLC*, 404 S.W.3d 737 (Tex. App.—El Paso 2013, no pet.) .................46

*Deaver v. Desai*, 483 S.W.3d 668 (Tex. App.—Houston [14th Dist.] 2015, no pet.). ....................................................................................................................52

*DeBord v. Muller*, 446 S.W.2d 299 (Tex. 1969) ....................................................30

*Divine Bus. Enterprises, LLC v. Ablegrowth, Inc.*, 12-16-00206-CV, 2018 WL 2112148, at *2, n. 2 (Tex. App.—Tyler May 8, 2018, no pet.) .............. 20, 36, 46

*Dixon v. Freese*, 3:13CV236-LG-JMR, 2014 WL 11444119, at *4 (S.D. Miss. Apr. 14, 2014), aff'd, 615 Fed. Appx. 245 (5th Cir. 2015) ..........................................23

*FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868 (Tex. 2000) .........33

*Gilbert v. City of El Paso*, 327 S.W.3d 332 (Tex.App.–El Paso 2010, no pet.) ......20

*Goldstein v. Comm'n for Lawyer Discipline*, 109 S.W.3d 810 (Tex. App.—Dallas 2003, pet. denied) ..................................................................................................30

*Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d 517 (Tex.1984) .....................32

*Guerra v. State*, 14-16-00719-CV, 2018 WL 1057502, at *2 (Tex. App.—Houston [14th Dist.] Feb. 27, 2018, no pet.)........................................................50

*Hersh v. Tatum*, 526 S.W.3d 462 (Tex. 2017)...........................................42

*Horrocks v. Texas Dept. of Transp.*, 852 S.W.2d 498 (Tex. 1993). .......................63

*Horton v. Horton*, 965 S.W.2d 78 (Tex. App.—Fort Worth 1998, no pet.)............20

*In Interest of S.R.-B.*, 02-15-00301-CV, 2016 WL 269565, at *2 (Tex. App.—Fort Worth Jan. 21, 2016, no pet.)...................................................31

*In re A.E.A.*, 406 S.W.3d 404 (Tex. App.—Fort Worth 2013, no pet.)..................22

*In re Estate of Perez-Muzza*, 446 S.W.3d 415 (Tex. App.—San Antonio 2014, pet. denied)........................................................................ 35, 54

*In re M.I.L.*, 2-08-349-CV, 2009 WL 1740066, at *4 (Tex. App.—Fort Worth June 18, 2009, no pet.) .......................................................................54

*Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290 (Tex. 2011) ...........56

*Kawcak v. Antero*, 2019 Tex. App. LEXIS 1322 (Tex. App.—Fort Worth Feb. 21, 2019) .................................................................................51

*Kinney v. BCG Attorney Search, Inc.*, 03-12-00579-CV, 2014 WL 1432012, at *12 (Tex. App.—Austin Apr. 11, 2014, pet. denied). .....................................58

*Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41 (Tex. App.—Houston [14th Dist.] 2018, pet. filed), reh'g denied (Dec. 31, 2018)..................................59

*Langdale v. Villamil*, 813 S.W.2d 187 (Tex. App.—Houston [14th Dist.] 1991, no writ)................................................................................66

*Law Offices of Robert D. Wilson v. Texas Univest-Frisco, Ltd.*, 291 S.W.3d 110 (Tex. App.—Dallas 2009, no pet.). ............................................... 19, 29

*Lederer v. Lederer*, 561 S.W.3d 683 (Tex. App.—Houston [14th Dist.] 2018, no pet.), reh'g denied (Oct. 9, 2018). .......................................................37

*Lee v. Lee*, 43 S.W.3d 636 (Tex. App.—Fort Worth 2001, no pet.). .....................33

*Low v. Henry*, 221 S.W.3d 609 (Tex. 2007).............................................58

*Matlock Realty Enter., Inc. v. Crown Fin., LLC*, 02-15-00189-CV, 2016 WL 438381, at *3 (Tex. App.—Fort Worth Feb. 4, 2016, no pet.)...........................29

*Matter of Furr's Estate*, 553 S.W.2d 676 (Tex. Civ. App.—Amarillo 1977, writ ref'd n.r.e.). ........................................................................23

*Mazaheri v. Tola*, 05-18-01367-CV, 2019 WL 3451188, at *6 (Tex. App.—Dallas July 31, 2019, pet. denied)...............................................................38

*McGehee v. Hagan*, 367 S.W.3d 848 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)...............................................................................46

*McIntyre v. Castro*, 13-17-00565-CV, 2018 WL 6175858, at *8 (Tex. App.—Corpus Christi Sept. 6, 2018, pet. denied), reh'g denied (Mar. 8, 2019)..............57

*Moon v. Spring Creek Apartments*, 11 S.W.3d 427 (Tex. App.—Texarkana 2000, no pet.) ........................................................................................................58

*Mosk v. Thomas*, 183 S.W.3d 691 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ........................................................................................................39

*Nath v. Texas Children's Hosp.*, 375 S.W.3d 403 (Tex. App.—Houston [14th Dist.] 2012) ........................................................................................................57

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ............................42

*Parker v. Lancon*, 14-00-01497-CV, 2002 WL 192371 (Tex. App.—Houston [14th Dist.] Feb. 7, 2002, pet. denied) ........................................................54

*Price v. Short*, 931 S.W.2d 677 (Tex. App.—Dallas 1996, no writ)............... 19, 25

*Rauhauser v. McGibney*, 508 S.W.3d 377 (Tex. App.—Fort Worth 2014, no pet.) ........................................................................................................40

*Ray v. Fikes*, 02-19-00232-CV, 2019 WL 6606170 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied)................................................................................45

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019). ........................................................................................................57

*Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex. 1986) ....................................25

*Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240 (5th Cir. 2000) ..............30

*Soloman v. Whataburger Restaurants, LLC*, 04-17-00255-CV, 2018 WL 2121360 (Tex. App.—San Antonio May 9, 2018, no pet.) ................................17

*Sw. Bell Tel. v. Utex Communications Corp.*, A-07-CV-435 RP, 2010 WL 11506414 (W.D. Tex. Aug. 18, 2010)....................................................30

*Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203 (Tex. 1996)................................25

*Valadez .v Avita*, (Tex. App.—El Paso 2007, no pet.), 238 S.W.3d 843 ................20

*Vertex Services, LLC v. Oceanwide Houston, Inc.*, 583 S.W.3d 841 (Tex. App.—Houston [1st Dist.] 2019, no pet.)........................................................23

*Wakefield v. Ayers*, 01-14-00648-CV, 2016 WL 4536454 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no pet.) ........................................................50

*Wheeler v. Wheeler*, 713 S.W.2d 148 (Tex. App.—Texarkana 1986, writ dism'd) 17

*Wilson v. Armer Oil Co.*, 496 S.W.2d 702 (Tex. Civ. App.—Fort Worth 1973, no writ)........................................................................................................22

Statutes

Tex. Bus. & Com. Code § 101.103(b)(3) ...............................................................23

Tex. Bus. Orgs. Code Ann. § 101.103 ...................................................................23

Tex. Civ. Prac. & Rem. Code § 27.005(c)..............................................................49

Tex. Civ. Prac. & Rem. Code Ann. § 27.005 ........................................................42

Tex. Civ. Prac. & Rem. Code Ann. § 27.010(b).....................................................44

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b).....................................................27

# GLOSSARY OF DEFINED TERMS

Texas Citizens Participation Act ("TCPA")

Statements that a legal action is based on, relates to, or is in response to that implicate the right of free speech, the right to petition, or the right of association as defined by the TCPA ("TCPA Statements")

J. Michael Ferguson or J. Michael Ferguson P.C. ("Ferguson")

MBH Real Estate LLC ("MBH Real Estate")

MBH Real Estate LLC and property recovered from Cause Nos. 236-269254-13 and 236-248435-10 (The "MBH Portfolio")

AFI Loan Servicing LLC or Anson Financial Inc. ("Anson")

2420 Purselley Ave, Fort Worth, TX 76112 (The "Subject Property" or the "Purselley Property")

J. Michael Ferguson ("Ferguson")

Deceptive Trade Practices Act ("DTPA")

Shawn Coker; Neighborhood Partner, Inc.; Blue Moon Realty Group LLC, and Wizard Funding LLC are sometimes referred to herein as ("Coker *et. al.*" or similar)

Ian Ghrist and Ghrist Law Firm PLLC (collectively "Ghrist" or the "Ghrist Defendants")

J. Michael Ferguson, J. Michael Ferguson PC, Anson Financial Inc., MBH Real Estate LLC, and AFI Loan Servicing LLC (collectively the "Ferguson Parties")

## **IDENTITY OF PARTIES**

Ghrist Law Firm PLLC (Ian Ghrist's law firm)

J. Michael Ferguson PC (J. Michael Ferguson's law firm)

Anson Financial, Inc. (J. Michael Ferguson's wholly-owned-and-operated mortgage company)

AFI Loan Servicing LLC (J. Michael Ferguson's wholly-owned-and-operated loan servicing company)

MBH Real Estate LLC (A company that Ghrist claims an interest in that Ferguson formed to hold Coker *et. al.'s* assets recovered from Cause Nos. 236-269254-13 and 236-248435-10 both in Tarrant County, Texas)

Metro Buys Homes LLC (A company owned by David Boles, who is currently in federal prison for running a ponzi-type scheme involving owner-financed houses. This company was in a receivership, Ian Ghrist was the receiver, and Coker *et. al.* were the creditors. Ferguson was Coker's lawyer until Coker found out that Ferguson was stealing from Coker and Ghrist.)

Elmer Hernandez (J. Michael Ferguson sold the Purselley Property to Mr. Hernandez and his wife.)

Sendera Title (Sendera Title company handled the sale of Elmer Hernandez's house to a buyer who acquired a title insurance policy after the mortgage payoff funds were deposited into the court's registry in Cause No. 017-287611-16, 17th District Court, Tarrant County, Texas).

Elizabeth Espino, Kathy Montes, and Lucy Olivas are employees of Sendera Title that were sued individually for no discernable reason.

Shawn Coker, Neighborhood Partner Inc., Blue Moon Realty Group LLC, and Wizard Funding LLC were Attorney Ferguson's clients in Cause Nos. 236-269254-13 and 236-248435-10 wherein the Purselley Property was acquired by Coker *et. al.* due to Ghrist's legal work in recovery of assets.

## ABBREVIATIONS AND RECORD REFERENCES

CR[page#]                          Clerk's Record

[Vol.#] RR [Page#]                 Reporter's Record

Appx. [Tab#]                       Appellants' Appendix

App. Br. [page#]                   Appellants' Brief

Supplemental Records               Supp.

## <u>STATEMENT OF THE CASE</u>

This is an appeal from three TCPA motions to dismiss and one motion for summary judgment. All claims raised by Plaintiffs/Appellants were dismissed. The judgment also awarded attorney's fees and sanctions, under the TCPA and otherwise, to the Defendants/Appellees.

## STATEMENT REGARDING ORAL ARGUMENT

Appellants do not request oral argument. But, if the Court grants oral argument,
then Appellants wish to give oral argument and rebuttal.

## ISSUES PRESENTED

1. Whether the trial court should have granted plaintiffs' motion that purported to be a summary judgment motion yet was moot and sought only inappropriate fact findings.

2. Whether *res judicata* and other similar defenses were waived by filing a general denial and a motion to dismiss under the TCPA prior to adding those defenses to the pleadings in a case where the 17th District Court case went to trial while this case was abated pursuant to a TCPA appeal and whether the issues tried in the 17th District Court were sufficiently different that none of those defenses would apply.

3. Whether the attorney's fees should be stricken due to various causes of action that were not raised in this lawsuit and that the plaintiffs' already lost on in the 17th District Court.

4. Whether there was more than a scintilla of evidence to support the amount of attorney's fees that the trial court awarded.

5. Whether attorney's fees can be awarded on a frivolous DTPA action when a frivolous DTPA action is nonsuited prior to the hearing on the request for the award of the attorney's fees.

6. Whether the Yammine Tax Loan claims should have survived the second TCPA motion.

7. Whether the Alvord Joint Venture claims should have survived the third TCPA motion.

8. Whether the trial court had not only the ability, but also a legal duty to not award sanctions that are mandatory under the TCPA.

9. Whether attorney fees are barred because the attorney charging the fees also worked for a law firm that was a party to the case.

10.  Whether sanctions should have been awarded separately instead of jointly
and severally.

11.  Whether the constitution precludes the dollar amount of sanctions awarded.

12.  Whether the motion for new trial was filed late and, as a result, the Court
lacks jurisdiction over this appeal

## STATEMENT OF FACTS

The Statements of Facts in the Appellants' Brief should be disregarded because it contains only one citation to the record. Many alleged "facts" are outside of the record or simply wrong.

The Appellants/Plaintiffs' pleadings and claims have always been in flux, vague, and difficult to comprehend. Regardless, the crux of the dispute appeared to be that the Plaintiffs/Appellants were upset that "approximately $76,000 in cash from 2 closings"[1] went into the registry of the 17th District Court on 2/14/2017.[2] Those funds were disbursed to the Plaintiffs/Appellants on 4/12/2017.[3] The amount was actually $28,374.94, not $76,000 as the Appellant's Brief incorrectly states.[4]

The fifty-seven days that the money sat in the court's registry allegedly occurred due to a *lis pendens* from the 17th District Court[5] and a release of lien that Ghrist signed.[6] The parties reached an agreement in the 17th District Court that

---

[1] App. Br. 2, Paragraph 6.
[2] 1 Supp. CR 36, 31.
[3] 1 Supp. CR 37-38.
[4] 1 Supp. RR 31 (Appellant's attorney, Mr. Herald, admits that the amount was "about $28,000").
[5] 1 Supp. CR 31-32.
[6] 1 CR 91-92.

resulted in all disputed funds going to the Plaintiffs/Appellants,[7] which means that the Plaintiffs/Appellants had no damages to claim in this lawsuit.[8]

This case was filed 9/20/2017.[9] The 17th District Court case was filed 9/20/2016[10] and the first scheduling order in the 17th District Court case was signed 11/29/2016.[11] On 7/18/2017 the Appellants/Defendants filed many of the claims litigated in this case in the 17th District Court case[12] including violation of Section 12.002 of the Civil Practice & Remedies Code for "presenting to a title company a fraudulent document (related to the Purselley Note)" and DTPA claims.[13] On 9/6/2017, the Appellants/Defendants abandoned, in the 17th District Court, the Section 12.002 cause of action litigated in this case, but kept the DTPA and other claims.[14]

On 10/16/2017, the Ghrist Parties moved to dismiss this lawsuit under the TCPA.[15] On 11/14/2017, Judge Lowe denied the TCPA motion to dismiss.[16] On 11/17/2017, the Ghrist Parties appealed the denial of the TCPA motion to

---

[7] 1 Supp. CR 29-38.
[8] 1 Supp. CR 31-32.
[9] 1 Supp. CR 5.
[10] 1 Supp. CR 33.
[11] 2 CR 586-88.
[12] 2 CR 567.
[13] 2 CR 574.
[14] 2 CR 577, 583.
[15] 1 Supp. CR 182.
[16] 1 Supp. CR 184.

BRIEF OF APPELLEES                                                    Page 17 of 74

dismiss.[17] Then, by operation of Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b), all proceedings in this lawsuit were stayed pending resolution of the TCPA appeal. Also, the 17th District Court case went to a two-week jury trial while the TCPA appeal in this case was pending.[18] On 9/5/2018, the mandate from the Court of Appeals issued in this case and the stay of all proceedings ended.[19] On 9/12/2018, only seven (7) days later, the Ghrist Parties moved to abate this case because the 17th District Court case had already gone to trial.[20]

On 9/13/2018, Judge Lowe recused himself *sua sponte*.[21] On 9/17/2018, the administrative judge transferred the case from Judge Lowe in the 236th District Court to Judge Chupp in the 141st District Court and assigned a new case number.[22]

The Alvord Joint Venture claims were added on 3/13/2019 to the Plaintiffs' Fifth Amended Petition.[23] A TCPA motion to dismiss those claims was filed 3/26/2019.[24] After the TCPA motion to dismiss was filed, the Plaintiffs/Appellants nonsuited those claims,[25] but the request for attorney's fees, sanctions, and costs survived the nonsuit. The Ghrist Parties filed and served notice of hearing on the

---

[17] 1 Supp. CR 185.
[18] 2 CR 549.
[19] 1 Suppl. CR 186.
[20] 1 Supp. CR 187-88.
[21] 1 Supp. CR 107.
[22] 1 Supp. CR 108.
[23] 3 CR 1723, 1749.
[24] 5 CR 2125, 2404-06.
[25] 4 CR 2233.

TCPA motion on 4/1/2019.[26] The hearing was set for 5/9/2019.[27] On 5/9/2019, the Plaintiffs/Appellants failed to show up for the hearing. No record of the hearing was made. The same day, at the hearing, the trial judge signed an order dismissing the claims with prejudice.[28] The judge took the issue of attorney's fees, sanctions, and costs under advisement.[29] Accordingly, the Ghrist Parties set, served, and filed notice for a new hearing on 5/23/2019.[30] There was a record of this hearing, but the Plaintiffs/Appellants missed this hearing as well.[31] At this point, the only remaining issues were attorney's fees and sanctions.

On 6/24/2019, the trial court signed an order awarding $700,000 in sanctions, plus fees.[32] Then, on 6/18/2019, the Plaintiffs/Appellants filed a motion to re-hear fees and sanctions and a response to the sanctions and other relief, but did not ask to rehear or reconsider the dismissal with prejudice of the Alvord Joint Venture claims.[33] The Plaintiffs/Appellants also submitted no evidence, and certainly not clear and specific evidence of each element, in support of the Alvord Joint Venture claims.[34]

---

[26] 6 CR 3377 (NOT OF HRG 5/9/19 9AM-3RD MTN TO DIS CLAIMS)
[27] *Id.*
[28] 4 CR 2239-40; 6 RR 14.
[29] *Id.*
[30] 6 CR 3377.
[31] 5 RR 4-9.
[32] 4 CR 2421.
[33] 6 CR 3377; 4 CR 2308.
[34] *Id.*

BRIEF OF APPELLEES

The trial court re-heard the fees and sanctions on 6/28/2019.[35] The trial court agreed to re-hear the issues despite an order having already been signed.[36] At the time, the parties did not realize that the order granting fees and sanctions had already been signed because it had not been sent by the clerk yet.[37]

Then, on 7/11/2019, the Plaintiffs/Appellants filed a motion to vacate and for another re-hearing on fees and sanctions, without contesting the TCPA dismissal with prejudice.[38] That was heard on 8/9/2019.[39] At this hearing, the Plaintiffs/Appellants failed to explain to the Court why we were doing another re-hearing of a matter that had previously been re-heard.[40] They complained that the updated fee information had not been submitted, but it clearly had already been filed on 6/28/2019, the Plaintiffs/Appellants just apparently did not read it.[41] At no time did the Plaintiffs/Appellants try to establish "by clear and specific evidence a prima facie case for each essential element"[42] of breach of fiduciary duty or tortious interference as to the Alvord Joint Venture claims.

---

[35] 6 RR 4-22.
[36] 6 RR 5.
[37] 6 RR 8-9; 7 RR 4-5.
[38] 4 CR 2424.
[39] 7 RR 4.
[40] 7 RR 9-10.
[41] 7 RR 10; 4 CR 2326.
[42] Tex. Civ. Prac. & Rem. Code § 27.005(c).

On 9/16/2019, the trial court signed an order severing the claims of the Ghrist Parties and Ferguson Parties from the rest of the claims in the lawsuit.[43] The order provides that the prior interlocutory orders awarding fees, sanctions, costs, dismissal, *etcetera*, were made final and appealable by the severance.[44] This appeal ensued.

## SUMMARY OF ARGUMENT

The motion for new trial was filed late and did not preserve no evidence or factual sufficiency points of error. As to collateral estoppel, the motion for new trial says there was "no evidence" yet goes on to explain why the trial judge allegedly interpreted the evidence wrong, which is inconsistent with the "no evidence" allegation. Again, with attorney's fees, the motion for new trial states that the fee affidavits were too "conclusory" yet goes on to argue the trial judge's interpretation of the evidence rather than whether the evidence existed or was more than a scintilla. Accordingly, any challenges to no-evidence or factual insufficiency have not been properly preserved for appellate review.

As to the claims dismissed pursuant to summary judgment, the Appellants admitted to the trial judge that most of their claims were, in fact, pursued in the

---

[43] 4 CR 2542-44.
[44] *Id.*

17th District Court and that the remaining claims could easily have been pursued in the 17th District Court under the compulsory counterclaim rule. The Appellants offer no compelling reason for why the trial judge had to find, as a matter of law rather than in an exercise of discretion, that *res judicata* or other defenses were waived such that those claims could be tried twice in two different courts that are practically next door to each other.

As to the Yammine claim dismissed pursuant to the TCPA, the Appellants' argument that the commercial speech exception applies is meritless as the exemption applies only when the statement is made for the purpose of securing sales of the services of the person making the statement, which was not the allegation made by Plaintiff/Appellant in this case. The Appellants do not appear to dispute whether the TCPA applies, but allege that they made a *prima facie* showing of their case by clear and specific evidence. However, given that they submitted no evidence, they could not have possibly made a *prima facie* showing.

As to the Alvord Joint Venture claims, the Appellants wrongfully try to rely on evidence attached to their motion for new trial without offering any reasonable excuse for why such evidence was not submitted prior to the rendering of final

judgment.[45] Moreover, even the alleged "new evidence" fails to come anywhere near establishing by clear and specific evidence a *prima facie* case. The Fort Worth Court of Appeals, in a virtually identical case against Ghrist's attorney Caleb Moore, found that the TCPA did apply to the same facts.[46]

Also, as a result of the motion for new trial being filed late, the notice of appeal was not timely filed and, accordingly, this Court lacks jurisdiction to hear this appeal.

---

[45] *Wheeler v. Wheeler*, 713 S.W.2d 148, 151 (Tex. App.—Texarkana 1986, writ dism'd) (evidence that "could have been timely discovered and produced . . . by the exercise of due care and diligence" cannot be considered "newly discovered" evidence justifying the granting of a new trial); *Soloman v. Whataburger Restaurants, LLC*, 04-17-00255-CV, 2018 WL 2121360, at *2 (Tex. App.—San Antonio May 9, 2018, no pet.) (The trial court's listening to argument at a motion for new trial hearing does not constitute a re-opening of the evidence such that the appellate court can review post-judgment evidence).

[46] *Moore v. Anson Fin., Inc.*, 02-19-00201-CV, 2020 WL 1293695, at *3 (Tex. App.—Fort Worth Mar. 19, 2020, no pet. h.).

## <u>STANDARD OF REVIEW</u>

The trial court's decision on whether to allow *res judicata* and other defenses to be added to the pleadings is reviewed for abuse of discretion.[47] The sanctions awarded are also reviewed for abuse of discretion.[48] Under factual sufficiency review, the appellate court "must view the evidence in the light favorable to the verdict."[49] Legal arguments, on the other hand, are generally reviewed *de novo*.

---

[47] *Price v. Short*, 931 S.W.2d 677, 686 (Tex. App.—Dallas 1996, no writ).
[48] *Law Offices of Robert D. Wilson v. Texas Univest-Frisco, Ltd.*, 291 S.W.3d 110, 113 (Tex. App.—Dallas 2009, no pet.).
[49] *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005).

# **ARGUMENT**

The Appellant's brief fails to comply with T.R.A.P. 38.1(g) because it lacks a concise statement of facts supported by record references. Moreover, the brief fails to contain citations to the record as required by T.R.A.P. 38.1(i).

"[I]f an appellant's issues are unsupported by clear and concise legal argument with appropriate citations to authorities, the appellant waives error. . . . A party must not only cite relevant authority and the record but must also provide substantive legal analysis."[50] Moreover, it is not the Court of Appeals' duty to fashion a legal argument for a party.[51] The Appellant waived most, if not all, of its points of error by failing to follow the foregoing rules. "Briefing waiver occurs when a party fails to make proper citations to authority or to the record or provide any substantive legal analysis."[52] It would be inappropriate for an appellate court to attempt to re-draft and articulate what it believes an appellant intended to raise as error on appeal.[53] An appellate court has no duty, or even right, to perform an independent review of the record and applicable law to determine if there was

---

[50] *Burton v. Prince*, 577 S.W.3d 280, 292 (Tex. App.—Houston [14th Dist.] 2019, no pet.).
[51] *Id.*
[52] *Divine Bus. Enterprises, LLC v. Ablegrowth, Inc.*, 12-16-00206-CV, 2018 WL 2112148, at *2, n. 2 (Tex. App.—Tyler May 8, 2018, no pet.); *also see Horton v. Horton*, 965 S.W.2d 78, 88 (Tex. App.—Fort Worth 1998, no pet.) ("By raising an issue and failing to present any argument or authority on that issue, the party waives that issue.").
[53] *See Gilbert v. City of El Paso*, 327 S.W.3d 332, 336 (Tex.App.–El Paso 2010, no pet.); *Valadez .v Avita*, (Tex. App.—El Paso 2007, no pet.), 238 S.W.3d 843, 845.

error.[54]  If an appellate court were to do so, even on behalf of a *pro se* appellant, it would be abandoning its role as a neutral adjudicator and become an advocate for that party.[55]

The Appellant also failed to preserve factual sufficiency errors on several points. As such, this Court should affirm the trial court whether evidence was found on those points or not.[56]

Additionally, the Appellant chose not to order a complete trial record.[57] As such, related to any omissions or potential omissions from the record, this Court must affirm the trial court. "Generally, absent a complete record of the proceedings, reviewing courts must presume that the evidence before the trial judge was adequate to support the decision."[58]

---

[54] See *Gilber*t, 327 S.W.3d at 336; Valadez, 238 S.W.3d at 845.
[55] See *Gilbert*, 327 S.W.3d at 336; Valadez, 238 S.W.3d at 845.
[56] *All Valley Acceptance Co. v. Durfey*, 800 S.W.2d 672, 676 (Tex. App.—Austin 1990, writ denied) (if a no-evidence or factual insufficiency point of error is not raised, then it is waived and, even when the appellate court finds no evidence in the record, the appellate court still has to affirm the judgment of the trial court due to the lack of factual sufficiency challenge).
[57] 6 CR 3373-78; 6 CR 3371-72.
[58] *Cantu v. Dominguez*, 14-08-00156-CV, 2009 WL 3365854, at *5 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, pet. denied).

I. **Whether the trial court should have granted plaintiffs' motion that purported to be a summary judgment motion yet was moot and sought only inappropriate fact findings.**

The allegation in Appellant's brief[59] that statements made in a response to a summary judgment motion in a different case somehow judicially admitted the allegations in the Plaintiff's motion for summary judgment is unfounded. The summary judgment response merely recited the allegations that Ferguson was making. For example, the alleged "admissions" say things like "Ferguson alleged" or "Ferguson . . . claimed."[60] The response to the summary judgment motion[61] acknowledges Ferguson's allegations, then goes on to refute them. That is the opposite of an admission. Moreover, judicial admissions are only conclusive in the case in which they are filed, and not in other cases.[62] None of the other alleged "admissions" are, in fact, admissions. Moreover, as the Plaintiffs' claims were dismissed due to *res judicata* there is no need to rehear fact disputes from the 17th District Court in this Court, especially in the summary judgment context.

---

[59] App. Br. 8, paragraphs 23-24.

[60] 2 CR 601-02.

[61] 2 CR 594.

[62] *In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.); *Wilson v. Armer Oil Co.*, 496 S.W.2d 702, 707 (Tex. Civ. App.—Fort Worth 1973, no writ) ("Admissions by a party contained in a pleading that he filed in another case are not conclusive against him . . . .").

The prayer to the denied motion[63] sets out four facts that the movant wanted the trial judge to "find" prior to trial. However "findings of fact have no place in a summary judgment proceeding."[64] Tex. R. Civ. P. 166a allows the movant to move for judgment on a claim, counterclaim, cross-claim, or declaratory judgment, not on a fact. Summary judgment is not a vehicle to obtain pre-trial findings of fact. Accordingly, the motion was moot and requested relief that the trial court has no ability to award.

Regardless, the response to the motion for summary judgment[65] did raise fact issues that precluded summary judgment. First, Ghrist became a member of MBH Real Estate LLC "on approval or consent of all of the company's members."[66] Evidence of such consent or approval was submitted.[67] Second, Ghrist became a member by inclusion in company records.[68] Evidence of two qualifying records was submitted.[69] Moreover, the jury findings from the 17th District Court disposed of the issue.[70] Ownership of or membership in a Limited Liability Company is a

---

[63] 3 CR 1545-46.
[64] *Matter of Furr's Estate*, 553 S.W.2d 676, 679 (Tex. Civ. App.—Amarillo 1977, writ ref'd n.r.e.); *Vertex Services, LLC v. Oceanwide Houston, Inc.*, 583 S.W.3d 841, 849 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (findings of fact in summary judgment are inappropriate because there are "no facts to find").
[65] 3 CR 1573.
[66] Tex. Bus. Orgs. Code Ann. § 101.103; *Dixon v. Freese*, 3:13CV236-LG-JMR, 2014 WL 11444119, at *4 (S.D. Miss. Apr. 14, 2014), aff'd, 615 Fed. Appx. 245 (5th Cir. 2015).
[67] 1 CR 1719-21,
[68] Tex. Bus. & Com. Code § 101.103(b)(3).
[69] 3 CR 1642-43 (jury findings of ownership); 3 CR 1659-60; 3 CR 1661-62, 75 (this is a document created and emailed by J. Michael Ferguson stating that Ghrist Law had 13% ownership); 3 CR 1720.
[70] 3 CR 1642-43 (jury findings).

matter of fact for the jury to decide, not for the trial court to rule on.[71] Given that MBH was a member-managed LLC, the complaints about management rights made in Appellants' brief are misplaced.[72]

**II.    Whether *res judicata* and other similar defenses were waived by filing a general denial and a motion to dismiss under the TCPA prior to adding those defenses to the pleadings in a case where the 17th District Court case went to trial while this case was stayed pursuant to a TCPA appeal and whether the issues tried in the 17th District Court were sufficiently different that none of those defenses would apply.**

At one point, all of the Defendants in the trial court had filed motions to abate the case while the appeal in the 17th District Court was pending because the judgment in the 17th District Court could change on appeal. Those motions were heard on 11/30/2018[73] and 12/07/2018.[74] On 11/30/2018 an on-the-record discussion ensued as to whether the case should be abated or move forward despite the *res judicata* issues.[75]

The trial judge gave the Plaintiffs/Appellants' counsel the choice of either abating this case while the appeal in the 17th District Court was pending or "any

---

[71] *Rocklon, LLC v. Paris*, 09-16-00070-CV, 2016 WL 6110911, at *6, *8 (Tex. App.—Beaumont Oct. 20, 2016, no pet.).
[72] 3 CR 1581, 1721.
[73] 2 Supp. RR 1.
[74] 3 Supp. RR 1.
[75] 2 Rupp. RR 59-69.

argument that" a "motion for summary judgment" was "premature" because the judgment on appeal was not final would be "waived."[76] Plaintiffs/Appellants decided that they did not want the abatement and announced, on the record, both on 11/30/2018,[77] and again on 12/07/2018[78] that they waived any complaints that the judgment in the 17th District Court was not ripe for issue and claim preclusion in this case.

Regardless of the Plaintiffs/Appellants' express waiver of ripeness objections, it appears to be the law in Texas that both issue and claim preclusion apply to judgments even when they are on appeal, so the waiver was unnecessary.[79]

### a. Waiver by Filing a General Denial and a TCPA Motion

The trial court's decision on whether to allow *res judicata* and other defenses to be added to the pleadings is reviewed for abuse of discretion.[80] In this

---

[76] 2 Supp. RR 64.

[77] 2 Supp. RR 64 (Mr. Herald (representing Plaintiffs/Appellants) said "obviously I don't want the abatement, so I guess that's just the road we'll take" and the Court went on to clarify that Mr. Herald was waiving any argument that a dismissal on summary judgment for issue preclusion was waived).

[78] 3 Supp. RR 11-12 (Mr. Herald states on the record that he will not object "on ripeness" as to Ghrist filing for summary judgment and dismissal as opposed to abatement pending the 17th District Court judgment becoming final and unappealable. He goes on to say that his waiver of the "ripeness" of the dismissal motions "goes for all the defendants.")

[79] *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) ("a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.'"); *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 208 (Tex. 1996) (enforcing the *Smithwick* rule, but carving out an exception for malicious prosecution cases).

[80] *Price v. Short*, 931 S.W.2d 677, 686 (Tex. App.—Dallas 1996, no writ).

BRIEF OF APPELLEES

case, the trial court did not abuse its discretion when issue and claim preclusion were added to a motion to abate on 9/12/2018 and to the pleadings on 12/07/2018 after the lifting of a stay of all activity under the TCPA. [81]

This case was filed 9/20/2017.[82] The 17th District Court case was filed 9/20/2016[83] and the first scheduling order in the 17th District Court case was signed 11/29/2016.[84] On 7/18/2017 the Appellants/Defendants filed many of the claims litigated in this case in the 17th District Court case[85] including violation of Section 12.002 of the Civil Practice & Remedies Code for "presenting to a title company a fraudulent document (related to the Purselley Note)" and DTPA claims.[86] On 9/6/2017, the Appellants/Defendants abandoned, in the 17th District Court, the Section 12.002 cause of action litigated in this case, but kept the DTPA and other claims.[87]

On 10/16/2017, the Ghrist Parties moved to dismiss this lawsuit under the TCPA.[88] On 11/14/2017, Judge Lowe denied the TCPA motion to dismiss.[89] On 11/17/2017, the Ghrist Parties appealed the denial of the TCPA motion to

---

[81] 1 CR 383 (Defendants/Appellees latest pleadings), 394.
[82] 1 Supp. CR 5;
[83] 1 Supp. CR 33.
[84] 2 CR 586-88.
[85] 2 CR 567.
[86] 2 CR 574.
[87] 2 CR 577, 583.
[88] 1 Supp. CR 182.
[89] 1 Supp. CR 184.

dismiss.[90] Then, by operation of Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b), all proceedings in this lawsuit were stayed pending resolution of the TCPA appeal. As a result of the stay, the Ghrist Parties were unable to file additional defenses like issue and claim preclusion during the pendency of the appeal and if the appeal resulted in a dismissal then such amended pleadings would be moot. Also, the 17th District Court case went to a two-week jury trial while the TCPA appeal in this case was pending. On 9/5/2018, the mandate from the Court of Appeals issued in this case and the stay of all proceedings ended.[91] On 9/12/2018, only seven (7) days later, the Ghrist Parties moved to abate this case because the 17th District Court case had already gone to trial.[92]

On 9/13/2018, Judge Lowe recused himself *sua sponte*.[93] On 9/17/2018, the administrative judge transferred the case from Judge Lowe in the 236th District Court to Judge Chupp in the 141st District Court and assigned a new case number.[94] On 9/16/2019, Judge Chupp severed the Ghrist Parties' from the other Defendants and transferred all claims between the Plaintiffs/Appellants and the Ghrist Parties

---

[90] 1 Supp. CR 185.
[91] 1 Suppl. CR 186.
[92] 1 Supp. CR 187-88.
[93] 1 Supp. CR 107.
[94] 1 Supp. CR 108.

into a new cause number that would be final and appealable as to all claims between the Ghrist Defendants and the Plaintiffs/Appellants.[95]

This lawsuit was only pending for fifty-eight (58) days before all proceedings were stayed as a result of the TCPA appeal. The stay ended on 9/5/2018 and the Ghrist Parties raised the issue and claim preclusion issues on 9/12/2018, a mere seven (7) days later. The lawsuit was live and unabated for only a total of sixty-five (65) days before issue and claim preclusion was raised. Given that no summary judgments were filed and no discovery was allowed to be conducted due to the TCPA's ban on discovery and stay of discovery pending appeal, the Plaintiffs/Appellants experienced no prejudice whatsoever from the issue and claim preclusion defenses not being raised in the initial general denial. In fact, the Plaintiffs/Appellants had most of their claims in this lawsuit in their pleadings in the 17th District Court at one point or another and, as such, could have pursued those claims there. Given the foregoing, there was certainly nothing that prevented the Plaintiffs/Appellants from pursuing those claims to trial in the 17th District Court.

---

[95] 1 CR 2542-44.

"Generally, *res judicata* prevents a plaintiff from abandoning claims and subsequently asserting them when the claims could have been litigated in the prior suit. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex.2007)."[96] That is exactly what the Plaintiffs/Appellants did. They went to trial in the 17th District Court on some of the exact claims raised in this lawsuit, like conversion, abandoned other claims, like DTPA and the Section 12.002 cause of action, and raised those claims in a courtroom practically next door to the 17th District Court. Other than forum-shopping, there was no excuse or justification offered for why the Plaintiffs/Appellants did that.

The Appellants/Plaintiffs' pleadings have always been a moving target. They are constantly changing their pleadings in both the 17th District Court and in this lawsuit. Then, at trial, in the 17th District Court, they litigated issues that were not even in their pleadings and abandoned many of their claims prior to the jury charge conference. What is clear is that any and all business dealings between the

---

[96] *Matlock Realty Enter., Inc. v. Crown Fin., LLC*, 02-15-00189-CV, 2016 WL 438381, at *3 (Tex. App.—Fort Worth Feb. 4, 2016, no pet.); *also see Law Offices of Robert D. Wilson v. Texas Univest-Frisco, Ltd.*, 291 S.W.3d 110, 114 (Tex. App.—Dallas 2009, no pet.) (Claims within the same cause of action that were or could have been litigated in a previous action are precluded from subsequent litigation by res judicata).

Ghrist Parties and the Ferguson Parties could have, in the exercise of diligence, have been litigated in the 17th District Court.

Under those circumstances, it is not possible that *res judicata* and collateral estoppel were waived by failing to timely raise them. In *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex. 1969), *res judicata* was raised in a summary judgment motion after the plaintiff's motion for summary judgment had already been filed, argued, and heard yet because the trial judge took the motion under advisement, the Texas Supreme Court found that the trial judge committed reversible error by failing to deny the plaintiff's summary judgment based on the *res judicata* defense despite the defendant even forgetting to amend the defendant's pleadings to include *res judicata*. In this case, the issue and claim preclusion pleadings were filed far in advance of any dispositive motions by the Plaintiffs/Appellants. Accordingly, based on Supreme Court precedent, it is not possible for issue and claim preclusion to have been waived.

Moreover, the trial judge had broad discretion to allow those defenses to be added to the pleadings[97] at a time when there was no scheduling order, the

---

[97] *Goldstein v. Comm'n for Lawyer Discipline*, 109 S.W.3d 810, 812 (Tex. App.—Dallas 2003, pet. denied) ("When collateral estoppel is being used offensively, as here, the plaintiff uses the doctrine to estop a defendant from relitigating an issue that the defendant litigated and lost in prior litigation with another party. *Yarbrough's Dirt Pit, Inc. v. Turner,* 65 S.W.3d 210, 216 (Tex.App.-Beaumont 2001, no pet.). **A trial court has broad discretion in**

Plaintiffs/Appellants had not filed any dispositive motions, discovery had not started due to the TCPA stay, and the trial had just been set for ten months out.

Other claims litigated in this lawsuit include claims like conversion that were part of the pleadings that the Appellants/Plaintiffs went to trial on in the 17th District Court.[98]

### b. Whether Issue and Claim Preclusion Apply

"After a jury trial, factual sufficiency challenges must be raised in a motion for new trial."[99] In this case, the Appellants' motion for new trial and Appellate Brief primarily allege that *res judicata* does not apply because the "Judgement in the 17th District Court did not rely"[100] on the issues in this lawsuit and that the issues in this lawsuit were not "essential"[101] issues in the 17th District Court. These do not appear to be no-evidence or factual insufficiency challenges. Accordingly,

---

**determining whether to allow a plaintiff to use collateral estoppel offensively**.) (emphasis added); *Simi Inv. Co., Inc. v. Harris County, Tex*., 236 F.3d 240, 252 (5th Cir. 2000) ("District courts, of course, have discretion to allow late amendments 'when no prejudice would result to the other party, and the ends of justice so require.' *See Mozingo*, 752 F.2d at 172. Our review is under an abuse of discretion standard."); *Sw. Bell Tel. v. Utex Communications Corp.*, A-07-CV-435 RP, 2010 WL 11506414, at *4 (W.D. Tex. Aug. 18, 2010) ("The standard is whether the issue was raised at a pragmatically sufficient time as well as whether the party responding to the defense suffered prejudice. Utex here has failed to even suggest it was not aware of the possibly preclusive effects of the litigation history of the parties, and similarly has not indicated any prejudice suffered by having to respond to the issue of res judicata at this later stage of the litigation. Accordingly, the undersigned finds Plaintiff has not waived the defense of res judicata by raising it for the first time in seeking summary judgment as to Utex's counterclaim for fraud.").

[98] 2 CR 435, 450, 454, 457 (These are the pleadings that the Plaintiffs/Appellants went to trial on in the 17th District Court, which were filed and served 3/30/2018).

[99] *In Interest of S.R.-B.*, 02-15-00301-CV, 2016 WL 269565, at *2 (Tex. App.—Fort Worth Jan. 21, 2016, no pet.).

[100] App. Br. 18.

[101] App. Br. 20.

this Court need not review the entire record, including the trial record from the 17th District Court, to determine whether there was factually sufficient evidence that the claims in the 141st District Court could, in the exercise of diligence, have been litigated in the 17th District Court.

The Appellants' brief misstates the law regarding issue and claim preclusion by saying that this case involves issues that were not "essential" in the 17th District Court.[102] The issue is not whether the claims raised in this lawsuit were "essential" to the claimed tried in the 17th District Court. The issue is whether the Plaintiffs/Appellants "in the exercise of diligence . . . could have" litigated those claims in the earlier-filed suit.[103]

The claims for conversion,[104] DTPA,[105] and conspiracy to commit fraud[106] were actually litigated at trial in the 17th District Court as seen by the Plaintiffs/Appellants trial pleadings in the 17th District Court.[107] The Appellants/Plaintiffs admitted to the trial judge that the claims for fraud by non-

---

[102] App. Br. 20, Paragraph 63.
[103] *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) ("We reaffirm the 'transactional' approach to res judicata. A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which **through the exercise of diligence, could have been litigated in a prior suit**.") (emphasis added); *also see Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex.1984); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984).
[104] 2 CR 450 (Plaintiff's/Appellant's trial pleadings in the 17th District Court).
[105] 2 CR 451 (Plaintiff's/Appellant's trial pleadings in the 17th District Court).
[106] 2 CR 454 (Plaintiff's/Appellant's trial pleadings in the 17th District Court).
[107] 4 RR 35 (the fifth amended pleading was the pleading that the Plaintiffs/Appellants went to trial on in the 17th District Court).

BRIEF OF APPELLEES

disclosure and fraud by misrepresentation could have, in the exercise of diligence, been litigated in the 17th District Court.[108] Counsel's statements on behalf of a client may serve as judicial admissions.[109] The Plaintiffs/Appellants also admitted that some claims raised in this case, like the Section 12.002 claim, were abandoned in the 17th District Court and could not be re-litigated here, yet the Plaintiffs/Appellants pled them anyways.[110]

Furthermore, "When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious."[111] As a result, this Court must sustain the summary judgment on any sustainable grounds. Given that the Plaintiffs/Appellants got paid all money that they claimed to be owed and had no damages or causation of damages, their claims were meritless and sanctionable.[112]

The Plaintiffs/Appellants also lied to the trial court judge about whether they were suing for the same approximately $525,000 in damages in this lawsuit as they

---

[108] 3 Supp. RR 6 (Plaintiffs/Appellants' counsel says "Could we have submitted a charge with regard to fraud? Yes, we could have. I mean, obviously, we could have."); 3 Supp. RR 5 (Mr. Ghrist states that the same facts that are now claimed to be "fraud" were submitted as being "breach of fiduciary duty" at trial in the 17th District Court.).
[109] *Lee v. Lee*, 43 S.W.3d 636, 641 (Tex. App.—Fort Worth 2001, no pet.).
[110] 1 Supp. CR 24, 35-36.
[111] *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).
[112] 1 Supp. CR 29.

BRIEF OF APPELLEES

sued for in the 17th District Court.[113] The Plaintiffs/Appellants, in fact, asked the jury in the 17th District Court to award $525,493.08 in damages on the same facts raised in the 141st District Court.[114]

### III. Whether the attorney's fees should be stricken due to various causes of action that were not raised in this lawsuit and that the plaintiffs' already lost on in the 17th District Court.

The Plaintiffs/Appellants in this alleged "point of error" summarize the breach of fiduciary duty claim that they lost at a jury trial in the 17th Court, and then go on to claim that the trial judge in the 141st Court should have stricken the legal fees on a TCPA motion because the Plaintiffs/Appellants lost a breach of fiduciary duty claim in a different lawsuit in the 17th Court. The Plaintiffs/Appellants cite no legal authority for why a mandatory award of attorney's fees under the TCPA must be stricken, as a matter of law, when the party whose claims were dismissed under the TCPA previously lost a breach of fiduciary duty claim against the TCPA movant in a different lawsuit.

---

[113] 4 RR 29 (The trial judge asks if the Plaintiffs/Appellants asked the jury in the 17th District Court to award approximately $525,000 in damages, and the Plaintiffs/Appellants counsel proceeded to lie to the trial judge saying "No, Your Honor."); also see 1 Supp. RR 49.

[114] Appx. 2 – Trial Transcript from the 17th District Court Case, 9 RR 75 (Plaintiffs/Appellants' counsel, in closing argument to the jury, asks them to award $525,493.08 in damages on the same issues that the Plaintiffs/Appellants raised in the 141st District Court).

This "point of error" was groundless and brought in bad faith. This point of error has no basis in law or fact and is not warranted by a good faith argument for the extension, modification, or reversal of existing law. As a result, the Appellant should be sanctioned under T.R.C.P. 13 and this Court's inherent sanctions power or other authority to sanction.[115]

## IV.    Whether there was more than a scintilla of evidence to support the amount of attorney's fees that the trial court awarded.

The fee evidence consisted largely of Exhibit A to the motion filed 3/26/2019,[116] the affidavit and other exhibits attached to the supplement filed 5/20/2019,[117] the fee affidavit attached as Exhibit M to the 1/17/2019 motion,[118] and the supplemental fee affidavit filed 6/28/2019.[119] The trial judge offered Ghrist the opportunity to revise the fee affidavits to address various concerns raised by Mr. Herald.[120] The Ghrist Parties took the opportunity and revised the fee information through 6/28/2019.[121] The revision addressed and resolved most, if not all, of the Appellants' counsel's concerns.

---

[115] *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 424 (Tex. App.—San Antonio 2014, pet. denied).
[116] 4 CR 2139.
[117] 4 CR 2242-2307.
[118] 2 CR 1415.
[119] 4 CR 2326.
[120] 6 CR 21.
[121] 4 CR 2326-2338.

The Appellants' attorneys, J. Michael Ferguson and Tom Herald, both billed $300.00 for their time, whereas their other attorneys with Sullivan & Cook, LLC billed up to $400 per hour.[122] Mr. Ferguson and his attorney's produced documents, in discovery, indicating that they planned on claiming $111,117.00 to be their reasonable and necessary attorney's fees through only 11/14/2018.[123] When Ghrist received, in discovery, the $111,117 in legal fees claimed by the Ferguson Parties through only 11/14/2018 with rates ranging from $300 per hour to $400 per hour, Ghrist realized that the initial case billing rate of $200, from prior to the TCPA appeal, should have been at least $250 per hour, and probably more considering the Plaintiffs' fee claims, complexity of the issues, and other factors. Despite the foregoing, the Ghrist Parties had only $68,450 in total, unsegregated fees through 6/28/2019,[124] which was little more than half of what the Plaintiffs' fees were through only November, before the substantive dispositive motions and majority of the work had even occurred. Where one party's legal fees "greatly exceed" the others, the trial court may consider the greater amount and award to the prevailing party more fees than that party requested at trial based on the other

---

[122] 4 CR 2284-2307 (Ex. 5 to Supplemental Fee Response (4 CR 2242).
[123] *Id.*, *also see* 4 CR 2243.
[124] 4 CR 2336.

side's fee claim.[125] The fees from the fee supplement were incurred as per the invoice affidavits.[126]

Plaintiffs/Appellants claim that Ghrist's fee segregation percentages added up to 105% of Ghrist's time, but this is false.[127] The latest fee affidavit that the judgment appears to be based on is the 6/28/2019 supplement.[128] The affidavit explains that 20% is taken off of the 30% from the date the lawsuit was filed through 6/21/2018 where the DTPA claims played a lesser part and where there was overlap with inextricably intertwined work with other matters. So, the 30% for the DTPA claims would only apply after 6/21/2018.[129] The 75% number is for time spent on the claim dismissed and matters inextricably intertwined with that matter.[130] The 75% number ended on 6/21/2018.[131] Accordingly, there was no period of time where recovery for 105% of time spent was sought.

The allegation that Ghrist failed to segregate fees is meritless. The Appellants' Brief complains that merely stating a percentage of time spent on recoverable

---

[125] *Divine Bus. Enterprises, LLC v. Ablegrowth, Inc.*, 12-16-00206-CV, 2018 WL 2112148, at *3 (Tex. App.—Tyler May 8, 2018, no pet.).
[126] 4 CR 2274, 2248, 2328; 4 CR 2406.
[127] App. Br. 32.
[128] 4 CR 2326.
[129] 4 CR 2337.
[130] *Id.*
[131] *Id.*

versus unrecoverable claims is insufficient.[132] The Courts of Appeals have held, however, that "Segregation is sufficiently established if, for example, an attorney testifies that a given percentage of the drafting time would have been necessary even if the claim for which attorney's fees are unrecoverable had not been asserted."[133] Moreover, "Attorneys are not required to keep separate records documenting the exact amount of time working on one recoverable claim versus an unrecoverable claim."[134] In this case, the percentages given and statements of time spent on recoverable matters and matters inextricably intertwined with those recoverable matters was sufficient. No further detail regarding parties or claims was required. Moreover, the Appellant cites no caselaw to explain the level of detail that Appellant thinks is missing. Further, the argument that the fee segregation failed for not segregating per client is meritless given that the work was done on each cause of action regardless of which client the cause of action applied to (which was very difficult to even decipher from the plaintiffs' vague and conclusory pleadings that did not clearly spell out which cause of action was alleged against which party) and the segregation by cause of action and testimony

---

[132] App. Br. 33.
[133] *Lederer v. Lederer*, 561 S.W.3d 683, 701 (Tex. App.—Houston [14th Dist.] 2018, no pet.), reh'g denied (Oct. 9, 2018).
[134] *Id.*

about inextricably intertwined work was all that was necessary in this particular case.

While the Appellant failed to raise the issue, we would point out that the trial court had authority to consider all applicable attorney's fees evidence after the case was remanded back from the TCPA appeal.[135]

## V. Whether attorney's fees can be awarded on a frivolous DTPA action when a frivolous DTPA action is nonsuited prior to the hearing on the request for the award of the attorney's fees.

The Appellant may have nonsuited the DTPA claims on 12/07/2018,[136] however, the Ghrist Parties filed pleadings on 11/10/2017 [137] alleging that the DTPA claims were "in bad faith and for the purpose of harassment" and "groundless in fact and law" and requested attorney's fees and costs under Tex. Bus. & Com. Code § 17.50(c).[138] The fee affidavits and invoice sought fees related

---

[135] *Mazaheri v. Tola*, 05-18-01367-CV, 2019 WL 3451188, at *6 (Tex. App.—Dallas July 31, 2019, pet. denied) ("Section 27.005 requires only that the trial court determine whether the cause of action should be dismissed; it does not require the trial court to resolve issues relating to the statutorily-required attorney's fees and sanctions within thirty days of the dismissal hearing. *Pope-Nixon v. Howard*, 05-18-01215-CV, 2019 WL 911745, at *1–2 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op.); *DeAngelis v. Protective Parents Coalition*, 556 S.W.3d 836, 859 (Tex. App.—Fort Worth 2018, no pet.); *Leniek v. Evolution Well Servs., LLC*, No. 14-18-00954-CV, 2019 WL 438825, at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (per curiam). Accordingly, the trial court did not err in considering and ruling on Tola's motions for attorney's fees more than thirty days after the hearing on the motion to dismiss. *See, e.g., DeAngelis*, 556 S.W.3d at 859—60.").
[136] 1 CR 398.
[137] 1 CR 12, 22 (Paragraph 2.33).
[138] *Mosk v. Thomas*, 183 S.W.3d 691, 695 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("The Texas Supreme Court has held the term 'groundless' has the same meaning in the DTPA and Rule 13, *i.e.,* '[n]o basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.;").

to the frivolous DTPA claims in the amount of $2,372.50 through 6/21/2018 and $7,845 from 6/21/2018 to 01/05/2019 when the request for DTPA fees and costs was presented to the trial judge. As the nonsuit order that was signed failed to address the amount of attorney's fees and costs to award under Tex. Bus. & Com. Code § 17.50(c), the nonsuit order failed to dispose of all claims resulting from the frivolous DTPA pleadings. As such, the nonsuit did not render the issue of how much fees to award moot.

Texas law is clear that a nonsuit does not cause pending claims for attorney's fees to be unrecoverable.[139] The reason is that the plaintiff's decision to abandon claims does not control the fate of independent claims for affirmative relief like a request for attorney's fees.[140] The same principal was followed when Mr. Ferguson sued Caleb Moore, Ian Ghrist's attorney in the 17th District Court, and lost on yet another TCPA motion.[141]

---

[139] *Caleb Moore and the Law Firm of Caleb Moore PLLC v. Anson Financial Inc.*, 02-19-00201-CV, 2020 WL 1293695, at *2 (Tex. App.—Fort Worth Mar. 19, 2020, no pet. h.) ("nonsuit does not prevent us from considering the merits of the motion. Though a plaintiff decides which of its own claims to pursue or to abandon, that decision does not control the fate of a nonmoving party's independent claims for affirmative relief. *Rauhauser v. McGibney*, 508 S.W.3d 377, 381 (Tex. App.—Fort Worth 2014, no pet.) (per curiam), disapproved of on other grounds by Hersh v. Tatum, 526 S.W.3d 462 (Tex. 2017). We have held that when a defendant's TCPA motion seeks more relief than a simple nonsuit, that motion states independent claims for affirmative relief which survive a nonsuit. Id. Beyond a nonsuit, Moore seeks dismissal with prejudice, attorneys' fees, sanctions, and costs. His TCPA motion therefore survives Anson's nonsuit.").
[140] *Id.*
[141] *Id.*

The Appellant's claim that the trial court abused its discretion because the reasons that the DTPA action was filed in bad faith were "conclusory" is without merit.[142] Ghrist's affidavit gave detail as to the various reasons that the DTPA claim was frivolous.[143] There were several reasons that the DTPA action was frivolous. Most importantly, the Ferguson Parties had no evidence or allegations to explain how they were seeking or acquiring goods or services from the Ghrist Defendants in connection with this lawsuit. Ian Ghrist worked for Anson Financial Inc. and Ghrist Law Firm PLLC was joint ventured with J. Michael Ferguson and J. Michael Ferguson P.C. These relationships, however, undisputedly ended in December of 2015 when the Ghrist Parties and the Ferguson Parties signed the written separation agreement litigated in the 17th District Court and separated their physical offices.[144] Because the Ferguson Parties never sought or acquired goods or services from the Ghrist Parties after the 2015 separation, the DTPA claims were frivolous. The Ferguson Parties submitted no evidence of seeking or acquiring goods or services from Ian Ghrist after December of 2015 or in connection with the claims raised in this lawsuit.

---

[142] App. Br. 37.
[143] 2 CR 1426-30.
[144] 2 CR 670; 2 CR 438.

BRIEF OF APPELLEES

The receivership claims were litigated in the 17th District Court, not in this lawsuit. Nevertheless, it bears mentioning that a receiver is an "agent of the trial court, not the owners."[145] The receiver is "not an agent of the creditors or any of the other parties."[146] A receivership cannot be the basis of seeking or acquiring goods or services and was not alleged so to be in this suit.

Moreover, the DTPA claims were frivolous because they were abandoned at the "directed verdict phase" of the lawsuit in the 17th District Court.[147] The Plaintiffs/Appellants even admitted that they already tried it in the 17th District Court.[148] Further, several DTPA exceptions applied. Worse, the DTPA pleadings failed to give adequate notice of the factual basis for the claims and despite Judge Chupp giving multiple opportunities to the Plaintiffs to clean up their pleadings, they refused or failed to do so, which indicated that the Plaintiffs never had a reason to have DTPA in their pleadings in the first place.

Moreover, there was ample evidence that the DTPA claims were part of a harassment campaign. The trial court could have looked at the case and history of litigation between the parties and determined that Mr. Ferguson was determined to

---

[145] *Spigener v. Wallis*, 80 S.W.3d 174, 183 (Tex. App.—Waco 2002, no pet.).
[146] *Sec. Tr. Co. of Austin v. Lipscomb Cty.*, 142 Tex. 572, 584, 180 S.W.2d 151, 158 (1944).
[147] 2 CR 1426.
[148] 1 Supp. CR 24.

keep suing Mr. Ghrist for any reason or no reason because he was upset that he lost the lawsuit in the 17th District Court. See Section VIII of this Brief for a more detailed description of all the harassing events that occurred as those events are already discussed in the sanctions context.

## VI. Whether the Yammine Tax Loan claims should have survived the second TCPA motion.

The burden of proving the commercial-speech exemption to the TCPA was on the Ferguson Parties.[149] Given that they nonsuited their claim and declined to offer any evidence, they failed to carry their burden.

Where, as here, the defendants deny making the statements at issue, the Court nevertheless looks at the Plaintiffs' pleadings to determine whether the TCPA applies.[150] The Court cannot, however, look at the Plaintiff's unverified pleadings[151] and unauthenticated and inadmissible hearsay[152] to determine that the Plaintiff has established "by clear and specific evidence a prima facie case for each essential element of the claim in question."[153] This is because, under § 27.006, both

---

[149] *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 89 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("the burden of proving the applicability of an exemption from the provisions of an anti-SLAPP statute falls on the party asserting it.").

[150] *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

[151] 1 CR 370.

[152] 1 CR 371, 2 CR 431 (The Ghrist Parties objected to the email allegedly sent by Yammine as being hearsay. As such, the trial court could have disregarded the email as evidence.).

[153] Tex. Civ. Prac. & Rem. Code Ann. § 27.005.

pleadings and evidence can be considered, whereas under § 27.005, the party bringing the action must have clear and specific "evidence" not clear and specific pleadings. Here, the plaintiff's pleadings were anything but clear and specific, and they submitted no evidence at all.

Regardless, for the commercial-speech exemption to apply, the TCPA statements must be made "to secure the sale of goods or services."[154] Here, Anson alleged that Ghrist told Mr. Yammine the contact information for one of Anson's clients whose loan Anson was servicing that Mr. Yammine was the borrower on and that Mr. Yammine called the client directly instead of trying to communicate with his lender through Anson. This was clearly not a statement that was made for the purpose of securing the sale of legal services by Ghrist to Anson. Ghrist's and Anson's relationship dissolved in December of 2015 and Ghrist and Anson were involved in acrimonious litigation. At no time was there any suggestion that Ghrist wanted to or tried to solicit a new business relationship from Anson to try to sell legal services to Anson. Moreover, even though no communications with Mr. Yammine ever happened, Anson alleged that Mr. Ghrist's communications to Mr.

---

[154] *Id.* at 89-90 ("Although the Hotel's residents may have learned about Patterson's statements and complaints through reading the newspaper, **she did not direct the complained-of comments to them to secure the sale of goods or services**.") (emphasis added).

Yammine were made in furtherance of an attorney-client relationship, not for the purpose of soliciting Mr. Yammine to establish a new business relationship or to sell legal services to Mr. Yammine, but rather in furtherance of a pre-existing alleged attorney-client relationship that allegedly already existed prior to the provision of the contact information.[155]

The Texas Supreme Court has clarified that the commercial-speech exemption only applies where the speech "does no more than propose a commercial transaction."[156] The Supreme Court rejected the broader and more expansive definition of commercial speech urged by the Appellee and adopted a narrower, more limited definition. Specifically, the Supreme Court said that the Appellee was not "pursuing business for himself" and as a result, the exception did not apply.

Furthermore, there was no allegation that Mr. Yammine ever paid anything to Mr. Ghrist and, as such, there was no alleged "sale" of services to Mr. Yammine.[157] The commercial-speech exception does not appear to apply to gifts or *pro bono* work. In fact, Mr. Ghrist said nothing to Mr. Yammine and there was no attorney-client relationship, so this discussion is moot.[158]

---

[155] *See* 2 CR 1411, the employment agreement between J. Michael Ferguson, Ghrist, and Mr. Yammine dated June 9, 2014.
[156] *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 690 (Tex. 2018).
[157] Tex. Civ. Prac. & Rem. Code Ann. § 27.010(b).
[158] App. Br. 42, Paragraph 119.

BRIEF OF APPELLEES

The way that the Fort Worth Court of Appeals has described the commercial-speech exemption's interpretation under *Castleman* is:

> "Statements or conduct related to a service in the marketplace are exempt from the TCPA's application **if the statement or conduct did no more than propose a commercial transaction**. *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 690 (Tex. 2018) (per curiam). In other words, **if a defendant, by statement or conduct, proposes a commercial transaction regarding the services he provides in the marketplace, the statement or conduct is not made as a protected exercise of the right to petition**; thus, the commercial-speech exemption applies to cause any claim based on the alleged statement or conduct to fall outside the protections of the TCPA."[159]

Under this definition, Mr. Ghrist telling Mr. Yammine the contact information for Mr. Yammine's lender was not a proposal by Ghrist to Yammine to enter into a commercial transaction. The statement does not even appear to constitute legal advice, despite Anson's characterization of the statement as being legal advice. As such, the statement cannot even legitimately be considered part of a legal service to Mr. Yammine. The statement, in fact, has no commercial transaction context whatsoever. The alleged statement was the identification of contact information for a lender that was allegedly loaning money to Mr. Yammine.

The Appellant's Brief does not appear to challenge, on appeal, the trial court's finding that the TCPA applied to the Yammine claim, only that "there is specific

---

[159] *Ray v. Fikes*, 02-19-00232-CV, 2019 WL 6606170, at *4 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied) (emphasis added).

evidence of each element."[160] "To prevail on a breach-of-fiduciary-duty claim, a party must prove the existence of a fiduciary duty, breach of the duty, causation, and damages."[161] "The elements of tortious interference with a contract are (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss."[162] The Appellant did not state the foregoing elements and explain how the facts alleged met each element in the trial court and the Appellant's brief also fails to set out the elements and explain how clear and specific evidence was offered as to each element. This is a briefing waiver and a failure to preserve error at the trial court level as well.[163]

Regardless, even if, *arguendo*, the Plaintiffs had some evidence of existence and breach of duty or wrongful interference with a contract, there was certainly no evidence of damages or causation of any damages. Plaintiff/Appellant cites *Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999) for the idea that they did not have to plead or prove any damages. *Burrow*, however, was a case where the plaintiffs' sought disgorgement of fees. The Plaintiff/Appellant in this case has neither pled nor

---

[160] App. Br. 43.
[161] *Cuidado Casero Home Health of El Paso, Inc. v. Ayuda Home Health Care Services, LLC*, 404 S.W.3d 737, 752 (Tex. App.—El Paso 2013, no pet.).
[162] *McGehee v. Hagan*, 367 S.W.3d 848, 854 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).
[163] *Divine Bus. Enterprises, LLC v. Ablegrowth, Inc*., 12-16-00206-CV, 2018 WL 2112148, at *2, n. 2 (Tex. App.—Tyler May 8, 2018, no pet.).

proved that Yammine paid anything for the alleged contact information or that there was anything to disgorge or any of the elements of proof set out in *Burrow* for fee disgorgement were present in this case.

Further, the Yammine Tax Loan claim could have been dismissed on summary judgment that was filed as well as under the TCPA.[164] Based on the allegations, the alleged statements to Mr. Yammine related to free speech, the right to petition, or the right to associate in an attorney-client relationship. Anson offered no evidence in support of its allegations. Anson failed to prove a *prima facie* case. The affirmative defense of attorney immunity clearly applied.[165]

## VII.     Whether the Alvord Joint Venture claims should have survived the third TCPA motion.

The Alvord Joint Venture claims were added on 3/13/2019 to the Plaintiffs' Fifth Amended Petition.[166] A TCPA motion to dismiss those claims was filed 3/26/2019.[167] After the TCPA motion to dismiss was filed, the Plaintiffs/Appellants nonsuited those claims,[168] but the request for attorney's fees, sanctions, and costs survived the nonsuit. The Ghrist Parties filed and served notice of hearing on the

---

[164] 2 CR 431.
[165] *Caleb Moore and the Law Firm of Caleb Moore PLLC v. Anson Financial Inc.*, 02-19-00201-CV, 2020 WL 1293695 (Tex. App.—Fort Worth Mar. 19, 2020, no pet. h.).
[166] 3 CR 1723, 1749.
[167] 5 CR 2125, 2404-06.
[168] 4 CR 2233.

TCPA motion on 4/1/2019.[169] The hearing was set for 5/9/2019.[170] On 5/9/2019, the Plaintiffs/Appellants failed to show up for the hearing. No record of the hearing was made. The same day, at the hearing, the trial judge signed an order dismissing the claims with prejudice.[171] The judge took the issue of attorney's fees, sanctions, and costs under advisement.[172] Accordingly, the Ghrist Parties set, served, and filed notice for a new hearing on 5/23/2019.[173] There was a record of this hearing, but the Plaintiffs/Appellants missed this hearing as well.[174] At this point, the only remaining issues were attorney's fees and sanctions.

On 6/24/2019, the trial court signed an order awarding $700,000 in sanctions, plus fees.[175] Then, on 6/18/2019, the Plaintiffs/Appellants filed a motion to re-hear fees and sanctions and a response to the sanctions and other relief, but did not ask to rehear or reconsider the dismissal with prejudice of the Alvord Joint Venture claims.[176] The Plaintiffs/Appellants also submitted no evidence, and certainly not clear and specific evidence of each element, in support of the Alvord Joint Venture claims.[177]

---

[169] 6 CR 3377 (NOT OF HRG 5/9/19 9AM-3RD MTN TO DIS CLAIMS)
[170] Id.
[171] 4 CR 2239-40; 6 RR 14.
[172] Id.
[173] 6 CR 3377.
[174] 5 RR 4-9.
[175] 4 CR 2421.
[176] 6 CR 3377; 4 CR 2308.
[177] Id.

The trial court re-heard the fees and sanctions on 6/28/2019.[178] The trial court agreed to re-hear the issues despite an order having already been signed.[179] At the time, the parties did not realize that the order granting fees and sanctions had already been signed because it had not been sent by the clerk yet.[180]

Then, on 7/11/2019, the Plaintiffs/Appellants filed a motion to vacate and for another re-hearing on fees and sanctions, without contesting the TCPA dismissal with prejudice.[181] That was heard on 8/9/2019.[182] At this hearing, the Plaintiffs/Appellants failed to explain to the Court why we were doing another re-hearing of a matter that had previously been re-heard.[183] They complained that the updated fee information had not been submitted, but it clearly had already been filed on 6/28/2019, the Plaintiffs/Appellants just apparently did not read it.[184] At no time did the Plaintiffs/Appellants try to establish "by clear and specific evidence a prima facie case for each essential element"[185] of breach of fiduciary duty or tortious interference as to the Alvord Joint Venture claims.

---

[178] 6 RR 4-22.
[179] 6 RR 5.
[180] 6 RR 8-9; 7 RR 4-5.
[181] 4 CR 2424.
[182] 7 RR 4.
[183] 7 RR 9-10.
[184] 7 RR 10; 4 CR 2326.
[185] Tex. Civ. Prac. & Rem. Code § 27.005(c).

BRIEF OF APPELLEES                                    Page 55 of 74

The citations in Appellant's Brief to Ghrist's partial deposition attached post-trial to the Motion for New Trial should be ignored because this Court cannot consider post-judgment evidence on the issue of what the trial judge should have done at the time of the judgment.[186]

Finally, this Court should not change the dismissal of the TCPA claims because no error was preserved. "[A]ny issues that a non-movant contends avoid summary judgment must be expressed in a written response or answer to the motion."[187] The Appellant's summary judgment responses complain only about the amount of fees and sanctions awarded, and not about whether the claims should have been dismissed with prejudice under the TCPA. Unless the trial court "affirmatively indicates" in the record that it "considered" the evidence attached to a post-judgment motion, the appellate court cannot consider the post-judgment evidence.[188] In this case, the trial court's order on the motion for new trial does not affirmatively indicate that the trial judge agreed to re-open the evidence or

---

[186] *Amigos Meat Distributors, L.P. v. Guzman*, 526 S.W.3d 511, 523 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (post-trial evidence cannot be considered on the issue of what the trial judge should have done "*at trial*.").
[187] *Guerra v. State*, 14-16-00719-CV, 2018 WL 1057502, at *2 (Tex. App.—Houston [14th Dist.] Feb. 27, 2018, no pet.).
[188] *Wakefield v. Ayers*, 01-14-00648-CV, 2016 WL 4536454, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no pet.); *also see* Tex. R. Civ. P. 166a (Summary judgment must be determined by issues presented to the trial court in an "answer or other response," which does not generally include post-judgment motions).

consider any new arguments related to why the claim dismissals should not have occurred.[189]

Perhaps most importantly, Ferguson sued Ghrist's attorney, Caleb Moore, in a different court over the exact same Alvord Joint Venture allegations made against Ghrist in this lawsuit.[190] On these identical claims, the Fort Worth Court of Appeals has already held that the TCPA applied, no prima facie case was presented, and the attorney immunity defense (raised in this case)[191] applied. This case cannot be resolved any differently. The Appellants' citations to *Kawcak v. Antero*, 2019 Tex. App. LEXIS 1322 (Tex. App.—Fort Worth Feb. 21, 2019) are inapposite as that case was decided on right of association, whereas *Moore* (with facts literally identical to this case given that it is the same allegations made against Ghrist and Ghrist's lawyer), was decided on the right to petition. So, this Court does not need to decide whether to follow, on the definition of "common," the Austin Court of Appeals, the Fort Worth Court of Appeals, or distinguish the facts.

---

[189] 6 CR 3334.
[190] *Caleb Moore and the Law Firm of Caleb Moore PLLC v. Anson Financial Inc.*, 02-19-00201-CV, 2020 WL 1293695 (Tex. App.—Fort Worth Mar. 19, 2020, no pet. h.).
[191] 1 CR 12, 17.

The TCPA also applies due to the statements' relation to free speech. "Communication about a lawyer's handling of cases was a matter of public concern" and related to legal services provided in the marketplace.[192]

Just as with the Yammine Loan claims, the Appellants submitted no evidence, only unverified pleadings, in support of their Alvord Joint Venture claims. The trial court had no duty to consider the "evidence" attached to the motion for new trial. Accordingly, there was no evidence upon which any finding of clear and specific evidence could be based. Even on appeal, the Appellant submits no evidence of damages or causation of damages, saying only that "at a minimum these damages are $35,000" as evidenced by an offer made in some other lawsuit to some unspecified entity of which no evidence was submitted or cited to.

## VIII.     Whether the trial court had not only the ability, but also a legal duty to not award sanctions that are mandatory under the TCPA.

The trial court gave the Plaintiffs/Appellants "a bunch of opportunities" to fix their pleadings.[193] The Plaintiffs/Appellants admitted, on 3/20/2019, that they had multiple opportunities to fix their pleadings.[194] The trial court told the

---

[192] *Deaver v. Desai*, 483 S.W.3d 668, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.).
[193] 4 RR 37, lines 20-21
[194] 4 RR 37, lines 22-25

Plaintiffs/Appellants that he thought that they "didn't care" about their pleadings and that he felt that he needed to give them an "incentive" to fix them.[195]

As an example, the trial judge told the Plaintiffs/Appellants at a hearing on 11/30/2018 that they were "lucky" that the Defendants had not filed "a 91(a)" against them.[196] The Judge, at many of the hearings, brought up Rule 91(a) as he kept thinking it was an issue in this lawsuit.[197] Tex. R. Civ. P. 91(a) is, of course, the procedure for moving to dismiss a frivolous and baseless cause of action. Again, on 12/07/2020, the trial judge expressed annoyance with Plaintiffs/Appellants counsel for adding a fraud claim, then admitting that he could have tried the claim in the 17th District Court.[198] Later, the trial judge suggested that if Plaintiffs/Appellants keep filing claims, they will end up in front of Judge Evans, the local administrative judge for the region.[199] This was a thinly-veiled reference to the possibility that the Plaintiffs/Appellants will end up on the list of vexatious litigants, pursuant to Chapter 11 of the Tex. Civ. Prac. & Rem. Code, managed by the local administrative judge. Despite the foregoing, the

---

[195] *Id.*
[196] 2 Supp. RR 62
[197] 6 RR 6; 7 RR 10-11.
[198] 3 Supp. RR 6, 8 (the trial judge asks Plaintiffs/Appellants' counsel twice how many times were we going to try the case?) (then, the trial judge says "I don't understand. I don't understand why you didn't just try all this over there and just leave this guy alone. I man, try him and get it over with. You had the opportunity over there.") (then, the trial judge expresses skepticism, "Oh, so he did some more fraud last week?").
[199] 6 RR 22.

Plaintiffs/Appellants showed a cavalier attitude towards their pleadings and the distinct lack of evidentiary support, or even basic factual detail, for those pleadings.

Sanctions are available and have been imposed for pursuing repetitive litigation of matters clearly barred by *res judicata*.[200] "Asserting claims known to be barred by *res judicata* constitutes bad-faith."[201] To any extent that the Appellant's brief challenges the portion of the sanctions made under the trial court's own power as opposed to the TCPA, the Appellant waived such objection by failing to raise it in the trial court.[202] Additionally, when sanctions are issued under the Court's inherent power, that power is broader than the Court's Rule 13 power.[203]

The Court, in issuing sanctions, also could have considered the inappropriate litigation tactics,[204] frivolous and harassing discovery requests,[205] net worth of J. Michael Ferguson,[206] and the fact that Anson Financial Inc. "manages assets of an

---

[200] § 4405 Raising and Enforcing Res Judicata, 18 Fed. Prac. & Proc. Juris. § 4405 (3d ed.) (listing numerous caselaw examples where sanctions were applied for repetitive litigation of barred matters).

[201] *Parker v. Lancon*, 14-00-01497-CV, 2002 WL 192371, at *3 (Tex. App.—Houston [14th Dist.] Feb. 7, 2002, pet. denied).

[202] *In re M.I.L.*, 2-08-349-CV, 2009 WL 1740066, at *4 (Tex. App.—Fort Worth June 18, 2009, no pet.) (when the trial judge's failure to spell out the reasons for the sanctions was not raised in the trial court, the Fort Worth Court of Appeals was unable to consider the issue).

[203] *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 424 (Tex. App.—San Antonio 2014, pet. denied).

[204] 4 CR 2245-46.

[205] 4 CR 2247-48, 2252-73 (at the outset, the Plaintiffs/Appellants served 137 requests for admissions, most of which were just thinly-veiled insults put into the format of questions and did not have any legitimate purpose for obtaining discoverable information).

[206] 4 CR 2248, 2251.

approximate value of $17.2 million."[207] Moreover, the trial court could have considered the fact that Mr. Ferguson needed additional deterrence because of his history of filing meritless TCPA actions as evidenced by the fact that Mr. Ferguson sued Mr. Ghrist's lawyer in the 17th District Court and that lawyer, Caleb Moore, had a TCPA motion granted against Mr. Ferguson's company, Anson Financial Inc.[208]

Under the version of the TCPA in effect at the time of this lawsuit, TCPA sanctions were mandatory in an amount "sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter."[209] In this case, the evidence showed that J. Michael Ferguson owned and controlled all of the Plaintiffs.[210] Given that Mr. Ferguson was the person deciding to file the various claims, all on behalf of companies that he owned and controlled, Mr. Ferguson was the person whose conduct needed to be deterred. As such, his net worth was relevant to the issue of what amount of deterrence would sufficiently affect him in order for him to take the deterrence seriously. The amount of assets under management by Anson Financial Inc. was relevant for the same reasons.

---

[207] 4 CR 2251.

[208] 4 CR 2246; *Caleb Moore and the Law Firm of Caleb Moore PLLC v. Anson Financial Inc.*, 02-19-00201-CV, 2020 WL 1293695 (Tex. App.—Fort Worth Mar. 19, 2020, no pet. h.).

[209] Tex. Civ. Prac. & Rem. Code Ann. § 27.009 (version in effect from 6/17/2011 to 08/31/2019, HB 2973, 82nd Leg.).

[210] 4 CR 2387.

Ferguson alleges that the evidence of his ownership and control of the Plaintiffs was "conclusory," yet there were hundreds of pages of summary judgment records from the 17th District Court lawsuit along with other ownership/control records,[211] together with the trial record from the 17th District Court, to consider, not merely the Ghrist affidavit dated 3/25/2019. There was, in fact, overwhelming evidence that Mr. Ferguson owned and controlled Anson Financial Inc. as well as the other Plaintiffs.

## IX. Whether attorney fees are barred because the attorney charging the fees also worked for a law firm that was a party to the case.

Appellant cites *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 299 (Tex. 2011) for the idea that a *pro se* attorney can never recover attorneys fees in the State of Texas, which is completely wrong. *Jackson* held that in a statutory cause of action under the Texas Public Information Act, a *pro se* attorney litigant could only recover fees incurred under the statutory language at issue. *Jackson*, by its own language, applied exclusively to claims under the TPIA. This is TCPA.

In a newer Texas Supreme Court case, the Court found that "a corporate client can be awarded fees for representation by its in-house counsel" and attorneys can

---

[211] 2 CR 594-1439; *see specifically*, 2 CR 669 (Affidavit of Ian Ghrist); 2 CR 872 (J. Michael Ferguson admits in an affidavit that he is "President of Anson Financial, Inc."); 2 CR 880-83, 895; 2 CR 551; 5 CR 3209.

BRIEF OF APPELLEES

be awarded fees for "their own pro se representation."[212] Here, fees were

incurred.[213]

The fees were properly awarded in this case.

## X. Whether sanctions should have been awarded separately instead of jointly and severally.

TCPA sanctions can be awarded jointly and severally, particularly where the

Appellant fails to adequately brief the issue.[214] The Appellant cites a statute, Tex.

Civ. Prac. & Rem. Code § 41.006, and a case related to joint and several liability as

to exemplary damages. The Appellant fails to explain in the brief how these

authorities could apply to TCPA sanctions or sanctions under the Court's inherent

power to sanction. Accordingly, this issue is not preserved for appellate review.

Regardless, where a party, such as the Ghrist Parties, seeks recovery of no

damages, only sanctions, Chapter 41 of the Texas Civil Practice and Remedies

Code does not apply.[215]

---

[212] *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488 (Tex. 2019).

[213] 4 CR 2274, 2248, 2328 (fees incurred); 2406.

[214] *McIntyre v. Castro*, 13-17-00565-CV, 2018 WL 6175858, at *8 (Tex. App.—Corpus Christi Sept. 6, 2018, pet. denied), reh'g denied (Mar. 8, 2019).

[215] *Nath v. Texas Children's Hosp.*, 375 S.W.3d 403, 412 (Tex. App.—Houston [14th Dist.] 2012), *reversed on other grounds* 446 S.W.3d 355 (Tex. 2014).

Sanctions were requested in the pleadings.[216] Sanctions were also requested in each TCPA motion.[217] Moreover, a pleading deficiency cannot be raised on appeal when the issue was submitted to the trial court without a pleading objection raised such that the trial judge could have ruled on a trial amendment to the pleadings.[218] No pleading objection was raised prior to the submission deadlines for the responses to the summary judgment or TCPA motions.

## XI. Whether the constitution precludes the dollar amount of sanctions awarded.

The Appellant's Brief waives this issue by failing to cite any caselaw or legal authority related to the constitutionality of TCPA sanctions or the Court's inherent sanctions power. Instead, the Appellant's Brief solely cites cases related to the constitutionality of punitive damages not at issue in this lawsuit. As pointed out before, where a party, such as the Ghrist Parties, seeks recovery of no damages, only sanctions, Chapter 41 of the Texas Civil Practice and Remedies Code (related to punitive damages) does not apply.[219]

---

[216] 1 CR 394.
[217] 2 CR 413, 2125.
[218] *Moon v. Spring Creek Apartments*, 11 S.W.3d 427, 436 (Tex. App.—Texarkana 2000, no pet.).
[219] *Nath v. Texas Children's Hosp.*, 375 S.W.3d 403, 412 (Tex. App.—Houston [14th Dist.] 2012), *reversed on other grounds* 446 S.W.3d 355 (Tex. 2014).

With regard to the amount of sanctions awarded, the amount of attorney fees involved in the case serves as a "monetary guidepost."[220] In another case with similar attorney's fees and other circumstances, a $75,000 sanction was upheld.[221] In this case the sanctions of approximately $97,000 was not substantially more and the Plaintiffs/Appellants engaged in much more abusive tactics, particularly given that they sought half of a million dollars in damages plus well over a hundred thousand in attorney's fees on claims involving no actual damages.

Here are some factors that the trial court could look at:

> "a. the good faith or bad faith of the offender;
> b. the degree of willfulness, vindictiveness, negligence, or frivolousness involved in the offense;
> c. the knowledge, experience, and expertise of the offender;
> d. any prior history of sanctionable conduct on the part of the offender;
> e. the reasonableness and necessity of the out-of-pocket expenses incurred by the offended person as a result of the misconduct;
> f. the nature and extent of prejudice, apart from out-of-pocket expenses, suffered by the offended person as a result of the misconduct;
> g. the relative culpability of client and counsel, and the impact on their privileged relationship of an inquiry into that area;
> h. the risk of chilling the specific type of litigation involved;
> i. the impact of the sanction on the offender, including the offender's ability to pay a monetary sanction;
> j. the impact of the sanction on the offended party, including the offended person's need for compensation;
> k. the relative magnitude of sanction necessary to achieve the goal or goals of the sanction;

---

[220] *Low v. Henry*, 221 S.W.3d 609, 621 (Tex. 2007).
[221] *Kinney v. BCG Attorney Search, Inc.*, 03-12-00579-CV, 2014 WL 1432012, at *12 (Tex. App.—Austin Apr. 11, 2014, pet. denied).

l. burdens on the court system attributable to the misconduct, including consumption of judicial time and incurrence of juror fees and other court costs;

...

n. the degree to which the offended person's own behavior caused the expenses for which recovery is sought...."[222]

In this case, there was ample evidence on most, if not all of these factors.[223] The offender acted in bad faith as he knew that he had already gone to trial on the same claims, lied to the trial court judge about whether he already asked the 17th District Court for the same damages, had no damages model that made any kind of sense, and filed conclusory pleadings without explaining how the facts alleged could meet the elements of the causes of action raised. The offender was an attorney who owned several companies and should have known better. The offender had a prior history of raising claims that lacked merit subject to TCPA dismissal,[224] and in fact, had not one or even two TCPA motions granted against him in this one lawsuit, but three separate TCPA motions all granted against him in the same lawsuit after he continued to file meritless pleadings and after multiple warnings.

---

[222] *Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 71–72 (Tex. App.—Houston [14th Dist.] 2018, pet. filed), reh'g denied (Dec. 31, 2018).
[223] 4 CR 2245-47.
[224] 4 CR 2246; *Caleb Moore and the Law Firm of Caleb Moore PLLC v. Anson Financial Inc.*, 02-19-00201-CV, 2020 WL 1293695 (Tex. App.—Fort Worth Mar. 19, 2020, no pet. h.).

The excessive and harassing discovery requests;[225] the pointless motions (like the denied TRO);[226] or the time that Mr. Herald lied in a certificate of conference about whether the motion to disqualify counsel was agreed upon;[227] the multiple missed hearings;[228] the request for findings of fact as the only relief in a summary judgment motion;[229] the vitriolic, hyperbolic, and conclusory nature of all of Plaintiffs/Appellants' drafting; and most importantly, the Plaintiffs' inability to draft pleadings that explained the factual basis for the elements of the causes of action pled, all served as indicators that the Plaintiffs were not taking the litigation seriously, and instead, were motivated by malicious intent.

## XII.    The motion for new trial was filed late. As a result, the deadline for notice of appeal was not extended and this court lacks jurisdiction over this appeal.

A motion for new trial must be filed prior to or within thirty days after the judgment or other order complained of is signed.[230] In this case, there are three orders complained of, being: (1) The Order on Ian Ghrist's and Ghrist Law Firm PLLC's Third Motion to Dismiss Claims Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (The Texas Citizens Participation Act (TCPA))

---

[225] 4 CR 2247, 2252.
[226] 2 RR 4-8; 1 CR 114.
[227] 1 CR 54, 112.
[228] 6 RR 16 (Plaintiffs/Appellants' counsel admits that he missed multiple hearings).
[229] 3 CR 1545.
[230] Texas Rule of Civil Procedure 329b(a).

signed 5/9/2019, (2) the Order on Ian Ghrist's and Ghrist Law Firm PLLC's First Amended Motion for Traditional Summary Judgment on Res Judicata and Collateral Estoppel and Motion to Dismiss Claims Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (The Texas Citizens Participation Act (TCPA)) signed 4/1/2019, and (3) the Order on Ian Ghrist's and Ghrist Law Firm PLLC's Requests for Attorney's Fees, Costs, and Sanctions signed 9/11/2019. The Motion for New Trial was filed on 10/17/2019, far past thirty (30) days after any of the orders complained of were signed.

Accordingly, the motion was not timely as to any of the complained-of orders of the Court. The movant apparently tried to file the motion for new trial within thirty (30) days of the Order on the Motion to Sever signed 09/16/2019, but the only effect of the Order on the Motion to Sever was to remove the Ghrist parties out of the lawsuit which still had claims pending against the Coker parties. This had the effect of making the case final and appealable. Accordingly, the Plaintiff could have filed a notice of appeal within thirty (30) days of the signing of the 09/16/2019 order, but the motion for new trial deadline runs based on the signing of the "judgment or other order complained of," and not based on the signing of an order that causes any pending interlocutory orders to become final and appealable by severing claims into a new cause number that contains less parties.

Accordingly, the Plaintiff's Motion for Leave to File Motion for New Trial filed 10/17/2019 was moot because the Motion for New Trial was still untimely even if it was filed one day previously to the date that it was filed-stamped.

Under T.R.A.P. 26.1(a), the deadline to file a notice of appeal is extended only when "any party timely files . . . a motion for new trial." In this case, the only motion for new trial was filed more than thirty (30) days after each of the three orders or interlocutory judgments complained of. Accordingly, no motion for new trial was timely and the deadline to file notice of appeal was not extended.

The notice of appeal deadline starts when any interlocutory judgments are resolved by an order "disposing of all parties and issues."[231] In this case the Plaintiffs could have appealed after the severance order created a new cause number wherein all parties and issues were disposed of, however, the Plaintiffs still needed to file new trial motions after the orders that were complained of were signed if the Plaintiffs wanted those motions to extend the deadlines to file notice of appeal.

Additionally, we would point out that this court should not render judgment for the Appellant on any issues since the only error that could be preserved by a

---

[231] *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988).

BRIEF OF APPELLEES

request for a new trial is a new trial, and not a rendering of judgment by the Court of Appeals.[232]

## XIII.    Prayer

Appellees ask that the trial court judgment be affirmed and for recovery of court costs, sanctions, and pre- and post-judgment interest thereon.

---

[232] *Horrocks v. Texas Dept. of Transp.*, 852 S.W.2d 498, 499 (Tex. 1993).

Respectfully submitted,

_____/s/ Ian Ghrist_____
Ian Ghrist
State Bar No. 24073449
ian@ghristlaw.com

GHRIST LAW FIRM PLLC
2735 Villa Creek Drive, Suite 140
Farmers Branch, Texas
Telephone: (817) 778-4136
Fax:        (817) 900-2863

ATTORNEY FOR APPELLEES

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure 9.4, I hereby certify that, absent the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendices, the computer program used to prepare this document prior to its conversion to portable document format calculates the number of words in the foregoing brief as 13,540. I further certify that this brief complies with the typeface requirements of Texas Rule of Civil Procedure 9.4(e) because this brief has been prepared in a proportionately spaced typeface using "Microsoft Word 2010" in fourteen (14) point "Times New Roman" style font.

_____/s/ Ian Ghrist_____
Ian Ghrist

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following via electronic service upon this the __3rd__ day of __April_____, 2020 to the following counsel of record via electronic filing.

J. Michael Ferguson
62 Main St., Suite 310
Colleyville, Texas 76034
Tel. (817) 267-1008
Fax (817) 485-1117
legal@fnalegal.com
Attorney for Plaintiffs

___/s/ Ian Ghrist_____
Ian Ghrist