236-269254-13

FILED
TARRANT COUNTY
9/16/2014 9:49:59 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-269254-13

| | | |
|---|---|---|
| Shawn Coker, Neighborhood Partner, Inc, Blue Moon Realty Group, and Wizard Funding, LLC | § § § § | IN THE DISTRICT COURT |
| v. | § § | 236TH JUDICIAL DISTRICT |
| David C. Boles, Metro Buys Homes, LLC, Metro Affordable Homes, Inc., and Metro Buys Homes II, LLC | § § § | TARRANT COUNTY, TEXAS |

## MOTION FOR TURNOVER ORDER AND
## FOR APPOINTMENT OF TURNOVER RECEIVER

TO THE HONORABLE COURT:

The judgment creditors, referred to in this motion as Movants, apply for an order to aid the satisfaction of a judgment rendered by the Court in favor of Movants and against the above-named judgment debtors, referred to as Defendants, and as grounds for the order shows:

I.

Movants, as the Plaintiffs in the underlying lawsuit, in the above styled and numbered cause, were awarded judgment of this Court on November 14th, 2013 against the defendants, jointly and severally, for damages totaling $1,488,336.78, together with interest on that amount from the date of judgment until paid, and costs of court. The judgment is now final, fully enforceable, and due to Movant with 5% per annum post-judgment interest accruing from the date of judgment.

II.

Defendant owns or controls one or more properties not exempt from attachment, execution, or other seizure for the satisfaction of liabilities. These properties, their value and location, are described as follows:

1. Real estate interests, including but not limited to the following:

Real estate rented or promissory notes secured by real estate with the following persons on the following twenty-eight properties:

| Borrower | Collateral Address | City | State | Zip | Instrument # |
|---|---|---|---|---|---|
| Cardenas, Viridiana | 1613 Yale St. | River Oaks | TX | 76114 | D212042130 |
| Diaz, Melecio | 2120 Daniel St. | Fort Worth | TX | 76104 | D208154893, D210312369 |
| Lazo, Joel | 4109 Earl St. | Haltom City | TX | 76111 | D211066639, D211066640 |

| Nerio, Victor & Conrada | 2725 Ave C | Fort Worth | TX | 76105 | D202106361 |
|---|---|---|---|---|---|
| Solis, A & A Cervantes | 1308 E. Jessamine St. | Fort Worth | TX | 76104 | D203069980 |
| Silva, Adan & Margarita | 2144 Ridgeview St. | Fort Worth | TX | 76119 | D210092278, D210092279 |
| Chavez, Angel | 3920 Frazier Ave | Fort Worth | TX | 76110 | D199060268 |
| Ortega, Ulysses & S Oropeza | 8405 Sussex St. | White Settlement | TX | 76104 | D211035864 |
| Michelle Davila Flores | 206 N.W. 15th St. | Grand Prairie | TX | 75050 | 200900347733 |
| Monservata Garza | 3701 Forbes St. | Fort Worth | TX | 76105 | D210094643, D210094644 |
| Arzaga, Diego & Yessica | 1214 Cambridge St. | River Oaks | TX | 76114 | D211047913, D211047914 |
| Bertha V. Moreno | 3725 Ave J | Fort Worth | TX | 76105 | D210233765, D210233766 |
| Smith, David H | 3417 Hatcher St. | Fort Worth | TX | 76119 | D200123197 |
| Judith Corvec | 2404 Northglenn Drive | Fort Worth | TX | 76119 | D210257098 |
| Shawn D. Hastings & Manuela Martinez | 3709 Millett Ave | Fort Worth | TX | 76105 | D200255400 |
| Jose T. Gomez & Maria I. Gomez | 3316 Skyline Drive | Fort Worth | TX | 76114 | D204257913 |
| Patricia Lochridge | 937 Nannette St. | Fort Worth | TX | 76114 | D209075209 |
| Ophelia Gomez | 4228 Ave N | Fort Worth | TX | 76105 | D211154807 |
| Gonzales, Maria | 4809 Old Mansfield Road | Fort Worth | TX | 76119 | D210094737 |
| Martin J Najera and Claudia Cabral | 3629 Baylor St. | Fort Worth | TX | 76119 | D211077985 |
| Francisco J. Sepulveda-Raya & Maria D. Sepulveda | 515 N. Hansbarger St. | Everman | TX | 76140 | D202154024 |
| Zhyla Alvarado and Jaquita Simmons | 905 Pangburn Ave | Grand Prairie | TX | 75051 | D212042132 |
| Raymundo Garcia M. and Elena N. Santos | 1303 E. Morphy St. | Fort Worth | TX | 76104 | D209338355 |
| Delmy Benitez Torres | 3220 Collin St. | Fort Worth | TX | 76119 | D201296107 |
| Jesse D. Chenoweth and Valerie Grace Tejeda Chenoweth | 2420 Purselley Ave | Fort Worth | TX | 76112 | D209238737 |
| Mendoza, Maria | 5013 Lyndon D. | Fort Worth | TX | 76116 | D211092772 |

| Guadalupe Corona and Maria Carmen Herrera | 4212 Emerson St. | Fort Worth | TX | 76119 | D211154804 |
| Pablo Orona | 1902 Ida St. | Arlington | TX | 76010 | D210183678 |

Given the location and status of these properties, they are worth less than half of the value of the judgment, and likely less than a quarter of the value. Given the uncertainty on underwriting and origination, the loans are likely worth significantly less than the properties themselves.

## Exhibits

The following attached exhibits show additional non-exempt real estate assets subject to process:

Exhibit A: A list of properties and mortgages secured by the note, referred to in the judgment, payable to Neighborhood Partner, Inc.

Exhibit B: A list of mineral rights acquired by the judgment debtors. Most of these have been leased to Chesapeake Operating, Inc.

Exhibit C: A list of properties that the judgment debtors acquired interests in. Research needs to be done to determine whether the judgment debtors have retained interests in these properties or others.

2. Cash in checking, savings, and other bank accounts. The cash appears to be leaving the accounts as soon as it arrives.

3. Business equipment including computers and software.

4. Financial and other business records, including but not limited to pay histories, insurance records, and any other records pertaining to the non-exempt assets

5. Financial instruments including checks, promissory notes, and money orders.

III.

The property owned or controlled by Defendant listed above cannot be readily attached or levied on by ordinary legal process. The bank accounts can only be reached by garnishment, which is an extraordinary remedy. Moreover, the plaintiffs have had writs of execution issue, once in March of this year and again in August. The Constable of Precinct 3, Tarrant County, has through counsel at the Civil Division of the Tarrant County District Attorney, requested that the plaintiffs apply for turnover relief in lieu of the execution process because "The complex nature of this case makes ordinary service of process unnecessarily complex and burdensome to the point that the parties to the case and the properties associated with the case risk being forever being stained with improper legal descriptions and a host of other issues that will cloud the titles

of the affected properties because of the manner in which the properties were mortgaged by a private individual who provided the financing for the individuals to buy their homes in the first place. Further, the complexity of this case as well as the diverse nature and location of the legal instruments associated with the case also make ordinary process impractical and expensive. Consequently, a turnover order will simplify the process without the burden and complexity of providing ordinary service."

IV.

Movant asks the court to appoint an appropriate person, Ian Ghrist, as receiver of the property and order Defendant to turn over the property and the rights to receive such property, as well as all documents and records relating to the property, to the receiver. The Court should authorize and empower the receiver to seize or otherwise take possession and control of all of Defendant's right, title, and interest in nonexempt property and to sell property now known or later discovered, manage the business of the judgment debtors, collect and disburse proceeds of income-producing property, seize and compel turnover of bank accounts. The Court should further authorize and empower the receiver to seize and compel the debtor to turn over all real estate (other than homestead), all bank accounts, all accounts receivable, all instruments, all notes, all deeds of trust, all leases, all cash, all equipment, all software, all business records, all causes of action, all income from business, all property located outside Texas, all nonexempt property held by third party yet subject to the debtor's control, and all shares of stock or other business equity. The Court should further authorize and empower the receiver to sell property to satisfy the judgment or to turn over property to the constable for sale. The Court should finally authorize the receiver and the constable to issue appropriate deeds and such other instruments as necessary to convey the sold property to the buyers of such property. Alternatively or in addition, Movant requests that the Court order Defendant to turn over the property listed above, together with all documents and records related to the property, to the County Sheriff for sale as under writ of execution and application of the proceeds to the satisfaction of Movant's judgment.

V.

As a result of Defendant's failure and refusal to pay the judgment rendered in this cause, Movant has been required to retain the undersigned legal counsel to institute and prosecute this motion. Movant will pay and incur liability to pay the fees for those services. Movant is, therefore, entitled to recover from Defendant the sum of $2,500.00 as a reasonable fee for the attorney's services rendered and to be rendered in this Court. In the event of an appeal or other proceeding in the court of appeals, Movant would be further entitled to $5,000.00 as a reasonable attorney's fee; in the event of an appeal or other proceeding in the Texas Supreme Court, Movant would be entitled to an additional $10,000.00.

VI.

WHEREFORE, Movant requests that the Court:

After notice and hearing, grant this motion and:

236-269254-13

   a. Appoint a qualified person, Ian Ghrist, as receiver for the property described in this motion.

   b. Order Defendant to turn over and deliver to the receiver or to the constable, without delay, all property listed in this motion and all documents relating to or evidencing Defendant's interest in that property.

   c. Direct and empower the receiver to possess, control, and deal with the property as set out in this motion or otherwise so as to apply the property toward satisfaction of Movant's judgment.

3. Render judgment against Defendant in favor of Movant for attorney's fees as requested, together with interest as allowed by law, costs of suit, and such other and further relief as to which Movant may be entitled.

                      Respectfully submitted,

                      Ghrist Law Firm

                      By: _____
                      Ian Ghrist
                      State Bar No. 24073449
                      1210 Hall Johnson Road, Suite 100C
                      Colleyville, Texas 76034
                      Ph. 817-778-4136
                      Fax 817-485-1117
                      ian@ghristlaw.com

236-269254-13

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Motion for Turnover Order has this day been delivered via eFile.TXCourts.gov to Rick Disney, attorney of record for David Boles and the other judgment debtors, at rdisney@csa-lawfirm.com.

Rick Disney
Attorney for Metro Buys Homes, LLC, David C. Boles,   Ian Ghrist
Metro Affordable Homes, Inc. and Metro Buys Homes II, LLC
Cotton, Schmidt & Abbott, LLP
550 Bailey Ave., Suite 600
Fort Worth, Texas 76107
Phone 817-338-4500
Fax 817-338-4599