FILED
TARRA T C        T
                          M
TH MA  A  I DER
DI TRICT C ER

**Cause No. 141-311209-19**

| | | |
|---|---|---|
| **MBH REAL ESTATE LLC,** | § | **IN THE DISTRICT COURT** |
| **AFI LOAN SERVICING, LLC,** | § | |
| **ANSON FINANCIAL, INC.,** | § | |
| **J. MICHAEL FERGUSON, P.C.** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **141st JUDICIAL DISTRICT** |
| | § | |
| **GHRIST LAW FIRM, PLLC *ET. AL.*** | § | |
| **Defendants** | § | **TARRANT COUNTY, TEXAS** |

---

### DEFENDANTS' MOTION TO COMPEL
### RELATED TO TRANSFER OR DISSIPATION OF ASSETS

---

TO:    MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael
Ferguson PC
62 Main St., Ste 310
Colleyville, Texas 76034
Phone 817-267-1008
817-485-1117 Fax

COMES NOW, Ian Ghrist and Ghrist Law Firm PLLC, judgment creditors herein, and

files this, their Motion to Compel, and would show:

Post-judgment discovery requests were served on the Plaintiffs on 12/04/2019. The

response deadline was 01/03/2020. The Plaintiffs failed to respond. The Plaintiffs, as a result of

failing to respond to the discovery requests, waived any objections to the discovery requests. As

a result, and because no valid objection could lie, the Defendants ask that the Plaintiffs be

ORDERED to comply with the discovery requests.

## I.    EXHIBITS

**Exhibit A**:    Defendants' First Set of Post Judgment Requests for Production Related to
Transfer or Dissipation of Assets Served 12/4/2019

**Exhibit B**:    Defendants' First Set of Post Judgment Interrogatories Related to Transfer or Dissipation of Assets Served 12/4/2019

**Exhibit C**:    Proof of Service of Interrogatories and Requests for Production

**Exhibit D**:    Bill of Costs from Second Court of Appeals

## II.    LAW

Regardless of whether the Plaintiffs post a supersedes bond or not, this Court has authority to order that the Plaintiffs refrain from transferring or dissipating assets, except in the ordinary course of business, while the case is on appeal. Defendants served post judgment discovery requests for the purpose of learning whether the Plaintiffs have transferred or dissipated assets, are likely to transfer or dissipate assets, and whether this Court should so enjoin the Plaintiffs. The Plaintiffs are opposed to the entry of an order enjoining them from transferring or dissipating assets except in the ordinary course of business.

A hearing must be held on whether such an injunction should issue. Prior to the hearing, we need discovery from the Plaintiffs as to whether such an injunction should issue.

Under Tex. R. App. P. 24.2(d), "The trial court may enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment, but the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business." (emphasis added).

Under Tex. Civ. Prac. & Rem. Code Ann. § 52.006(e), "Nothing in this section prevents a trial court from enjoining the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment, but the trial court may not make any order that interferes with the

judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business." (emphasis added).

Tex. R. Civ. P. 621a specifically allows post-judgment discovery "for the purpose of obtaining information relevant to motions allowed by Texas Rules of Appellate Procedure 47 and 49." Texas Rules of Appellate Procedure 47 and 49 have become Rule 24:

> Tex. R. Civ. P. 621a. Rule of Civil Procedure 621a thus authorizes post-judgment discovery in two specific instances. First, post-judgment discovery is authorized "for the purpose of obtaining information to aid in the enforcement of [a] judgment," but only "so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant." *Id.* Second, Rule of Civil Procedure 621a authorizes post-judgment discovery "for the purpose of obtaining information relevant to motions allowed by **Texas Rules of Appellate Procedure 47 and 49 [now Rule 24]**."
>
> *In re Emeritus Corp.*, 179 S.W.3d 112, 114 (Tex. App.—San Antonio 2005, no pet.) (emphasis added).

Accordingly, Rule 621a has been interpreted as specifically and explicitly allowing post-judgment discovery related to motions for injunctions prohibiting the transfer or dissipation of assets while the case is on appeal. *In re Emeritus Corp.*, 179 S.W.3d at 114.

## III.     FACTS

On December 4th, 2019, the Defendants served a set of requests for production related to transfer or dissipation of assets. On the same date, Defendants served a set of interrogatories related to transfer or dissipation of assets.

On 12/06/2019, Defendants served J.P. Morgan Chase Bank two subpoenas compelling production of financial records related to transfer or dissipation of assets. On 01/06/2020, Defendants served Veritex Community Bank with two subpoenas compelling production of financial records related to transfer or dissipation of assets.

Exhibit ANS134 - Page 4 of 29

On 12/16/2019, the Plaintiffs filed motions to quash all four third party subpoenas and asked for protective orders. The request to quash should be DENIED. The requests for protective orders should be DENIED. J. P. Morgan Chase and Veritex Community Bank should be ORDERED to comply with the subpoenas.

## IV.    ARGUMENT

A hearing must be held on whether the Plaintiffs should be enjoined from transferring or dissipating assets while this case is on appeal. The evidence at such hearing must consist of the responses to the discovery requests and third-party subpoenas. Otherwise, the only option is to set the hearing and issue a subpoena *duces tecum* on J. Michael Ferguson, the owner/operator of the Plaintiffs, to appear and bring with him thousands of pages of financial records. Then, the parties and the Court would have to spend countless hours reviewing voluminous records instead of summarizing those records in advance of the hearing as allowed by Texas Rule of Evidence 1006. Moreover, the Plaintiffs should not be allowed to surprise the Defendants with the Plaintiffs' testimony and documents at the hearing on the matter.

With regard to the discovery requests, the Plaintiffs did not object to the requests in writing within thirty days as required by law. As a result, the Plaintiffs have waived any objections that the Plaintiffs may wish to raise. The Plaintiffs must be ORDERED to comply with the discovery requests.

With regard to the third-party subpoenas, the Plaintiffs are not entitled to a protective order and the motions to quash should be DENIED. Additionally, the third parties should be ORDERED to comply with the subpoenas.

Exhibit ANS194 - Page 5 of 29

Under Tex. R. Civ. P. 205.2, "A notice of oral or written deposition must be served before or at the same time that a subpoena compelling attendance **or production** under the notice is served. A notice to produce documents or tangible things **under Rule 205.3** must be served at least 10 days before the subpoena compelling production is served." (emphasis added). The Plaintiffs, in their motions to quash, failed to read this rule. The rule provides that the 10-day pre-subpoena notice applies to Rule 205.3. Rule 205.3 is titled "Production of Documents and Tangible Things Without Deposition," and in fact, it governs requests for documents that are not accompanied by a deposition.

In this case, J.P. Morgan Chase and Veritex Community Bank were served with subpoenas requiring a deposition on written questions, as allowed by Rule 205.1. The deposition subpoenas compelled attendance at the deposition on written questions by appearing at the date and time specified and producing the answers to the written questions together with the documents requested. No request for production of documents without deposition exists in this case. Accordingly, Rule 205.3 is inapplicable to this case. As such, there is no 10-day pre-subpoena notice to produce under Rule 205.3 as referenced in Rule 205.2.

Even the official comments to Rule 205.3 specifically state that the rule does not apply to a deposition on written questions. "Under this rule, a party may subpoena production of documents and tangible things from nonparties without need for a motion or oral or written deposition." Tex. R. Civ. P. 205.3 (Official Comments – 1999).

Additionally, the Plaintiffs failed to post an adequate supercedeas bond. The Plaintiffs still have to produce discovery on the transfer/dissipation injunction issue regardless of whether the Plaintiffs have superceded the judgment since the rules specifically allow the trial court to enjoin the transfer or dissipation of assets, not in the ordinary course of business, regardless of whether

the judgment is bonded or not bonded. However, since the Plaintiffs raised the issue in their motion to quash, we will address it here.

The Plaintiffs filed on 12/5/2019 a Notice of Cash Bond, claiming the deposit of the following:

| Description of Compensable Damages Awarded | Amount |
|---|---|
| Taxable Court Costs – Appeal from 236th District | $865.00 |
| Taxable Court Cost | $125.00 |
| Mediation Fee | $1,800.00 |
| Compensatory Damages | $0.00 |
| | |
| Total Compensable Damages with Cost & Interest | $2,790.00 |

### CALCULATIONS FOR SUPERSEDEAS BOND

| Method of Calculating Supersedeas Bond | Amounts/Rates |
|---|---|
| | |
| Interest Rate on Judgment | 5% per annum |
| Post Judgment Interest which would accrue in Year 1 | $139.50 |
| Post Judgment Interest which would accrue in Year 2 | $139.50 |
| Total Supersedeas Bond | $3,069.00 |
| | |

Those calculations are wrong. The costs should be:

| Item | Amount |
|---|---|
| | |
| Bill of Costs from Second Court of Appeals, Exhibit D | $1,342.00 |
| Mediation Fee | $1,800.00 |
| Filing fee for severance of case | $289.00 |
| Process server fees for four subpoenas | $300.00 ($75 each) |
| Total: | $3,731.00 |
| | |
| Interest year 1 | $186.55 |
| Interest year 2 | $186.55 |
| | |
| Total: | $4,104.10 |

The current bond is short by at least $1,035.10. Accordingly, nothing is stayed at this time.

## V.    PRAYER

The Defendants ask that the Plaintiffs be ORDERED to comply with the discovery requests served 12/4/2019. The Defendants ask that the Plaintiffs' complaints regarding the two subpoenas on JP Morgan Chase and the two subpoenas on Veritex be overruled and denied. The Defendants ask that the third parties (JP Morgan Chase and Veritex) be ORDERED to comply with the subpoenas. The Defendants further ask for recovery of attorney's fees incurred in connection with this motion as discovery sanctions.

Respectfully submitted,

GHRIST LAW FIRM PLLC

_____/s/ Ian Ghrist_____

Ian Ghrist
SBOT No. 24073449
2735 Villa Creek Drive, Suite 140
Farmer's Branch, Texas 75234
Phone (817) 778-4136
Fax (817) 900-2863
ian@ghristlaw.com
Attorney for Ian Ghrist and Ghrist Law Firm PLLC

### Certificate of Service

I hereby certify that on this the 27th day of January, 2020, this instrument was served upon the following by electronic service, and to the rest of the electronic service list for the case.

| | |
|---|---|
| MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC<br>62 Main Street, Suite 310<br>Colleyville, Texas 76034 | _____/s/ Ian Ghrist_____<br>Ian Ghrist |

by their Attorney, J. Michael Ferguson
legal@fnalegal.com

### Certificate of Conference

A conference was held on 1/27/2020 with J. Michael Ferguson on the merits of this motion. A reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed. Therefore it is presented to the Court for determination.

   /s/ Ian Ghrist
Ian Ghrist

Exhibit ANS194 - Page 9 of 29

# Exhibit A

Exhibit ANS-154 - Page 10 of 29

Cause No. 141-311209-19

| | | |
|---|---|---|
| **MBH REAL ESTATE LLC,** | § | **IN THE DISTRICT COURT** |
| **AFI LOAN SERVICING, LLC,** | § | |
| **ANSON FINANCIAL, INC.,** | § | |
| **J. MICHAEL FERGUSON, P.C.** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **141st JUDICIAL DISTRICT** |
| | § | |
| **IAN GHRIST, GHRIST LAW FIRM, PLLC,** | § | |
| **SHAWN COKER, NEIGHBORHOOD PARTNER,** | § | |
| **INC., BLUE MOON REALTY GROUP, LLC,** | § | |
| **WIZARD FUNDING, LLC, SILVER STAR TITLE** | § | |
| **, LLC DBA SENDERA TITLE, ELIZABETH** | § | |
| **ESPINO, KATHY E. MONTES, AND LUCY** | § | |
| **OLIVAS** | § | |
| **Defendants** | § | **TARRANT COUNTY, TEXAS** |

---

## DEFENDANTS' FIRST SET OF POST JUDGMENT REQUESTS FOR PRODUCTION RELATED TO TRANSFER OR DISSIPATION OF ASSETS

---

TO:     MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael
        Ferguson PC
        62 Main St., Ste 310
        Colleyville, Texas 76034
        Phone 817-267-1008
        817-485-1117 Fax

COMES NOW, Ian Ghrist and Ghrist Law Firm PLLC, Judgment creditors herein, and

files this, their First Set of Post-Judgment Requests for Production, and in support thereof would

show as follows:

Please produce the following items, in whatever form you keep them in, preferably bates-

labelled and categorized in digital format to ian@ghristlaw.com, or the event that the items are

Exhibit ANS154 - Page 1 of 25

too voluminous or large to send via email, then please advise us so that we can set up an account that will allow you to upload the documents to our web portal. Please produce the items on or before thirty (30) days from the date of service of this instrument. Alternatively, please send the items on a Compact Disk or USB Flash Drive. We can provide a drive upon request if the production is voluminous.

Instructions. Unless otherwise specified, each Defendant is asked to produce the items requested.

You are specifically instructed not to create any accounting spreadsheets, documents, or date for the purpose of responding to these discovery requests. You are specifically instructed to produce only the original business records in the form that they are kept in the ordinary course of business. In the event that the financial records are voluminous, then we will compile the data ourselves or may apply for the appointment of an auditor under the Texas Rules of Civil Procedure. You are instructed not to attempt to compile the data for us at this time. However, if you store the data in digital format in any computer system, then we would ask you to disclose the name of the program and contact information for the software vendor. We would ask you to produce the database used by the computer program and any reports that the program is designed to generate that are responsive to these requests. Producing reports based on business records from a program designed for such purpose is an acceptable form of production.

Please deliver by electronic mail, file-transfer protocol link, compact disk, USB drive, or other digital means of production. If the production is voluminous, then please bates-label it. Deliver to

Ghrist Law Firm
2735 Villa Creek Dr, Ste 140
Farmers Branch, Texas 75234
817-778-4136
Fax 817-900-2863
ian@ghristlaw.com

"Proceeds" herein is given its ordinary meaning. It is usually used herein to refer to the proceeds generated by the MBH Portfolio, which means any revenues, incomes, or value paid or generated by the notes and properties that comprise the MBH Portfolio as defined in the Charge of the Court in Cause No. 17-287611-16 in the 17th District Court of Tarrant County, Texas.

**REQUESTS FOR PRODUCTION RELATED TO TRANSFER OR DISSIPATION OF
ASSETS**

1. Produce a monthly Notesmith report for each loan in the MBH Portfolio as defined in the
   Charge of the Court. These should be the same or similar reports that we were getting up
   until January of 2018. Do not editorialize the reports.


   ANSWER:


2. Produce the Notesmith computer file used to account for the loans that are the subject of
   the MBH Portfolio as defined in the Charge of the Court.


   ANSWER:


3. Produce bank statements for the past sixty (60) months for Defendants J. Michael
   Ferguson PC, Anson Financial Inc., AFI Loan Servicing LLC, and MBH Real Estate
   LLC for each account held by each of those named Defendants.


   ANSWER:


4. Produce the past twelve (12) months of bank statements for any bank accounts holding
   proceeds of the MBH Portfolio.


   ANSWER:


5. Produce any documents, records, or other information in whatever format it is in that
   shows transactions that caused a transfer or dissipation of assets of MBH Real Estate
   LLC in the past twenty-four (24) months.


   ANSWER:

6.   Produce any documents, records, or other information in whatever format it is in that
     shows transactions that caused a transfer or dissipation of assets of AFI Loan Servicing
     LLC in the past twenty-four (24) months.

ANSWER:

7.   Produce any documents, records, or other information in whatever format it is in that
     shows transactions that caused a transfer or dissipation of assets of Anson Financial Inc.
     in the past twenty-four (24) months.

8.   Produce any documents, records, or other information in whatever format it is in that
     shows transactions that caused a transfer or dissipation of assets of J. Michael Ferguson
     PC in the past twenty-four (24) months.

ANSWER:

9.   Produce checks, ACH receipts, wire transfer receipts or line items on a bank statement, or
     any other records that exist in whatever format they exist for each disbursement made to
     anyone in the past twelve (12) months of proceeds generated by the MBH Portfolio as
     defined in the Charge of the Court.

ANSWER:

10.  Produce checks, ACH receipts, wire transfer receipts or line items on a bank statement, or
     any other records that exist in whatever format they exist for payments made for
     attorney's fees incurred by J. Michael Ferguson PC or Anson Financial Inc. for the past
     twelve (12) months.

ANSWER:

11.  Produce invoices, receipts, and any other evidence of expenses incurred or things paid for
     that were paid for in the past twelve (12) months from the proceeds generated by the
     MBH Portfolio as defined in Cause No. 17-287611-16 in the 17th District Court of
     Tarrant County, Texas.

ANSWER:

12. Produce any financial statements like a statement of cash flows, balance sheet, income statement, or other financial statements or reports for J. Michael Ferguson PC, Anson Financial Inc., MBH Real Estate LLC, or AFI Loan Servicing LLC that were created in the past forty-eight (48) months for any purpose.


ANSWER:


13. Produce the past two years of tax returns, with all attachments and schedules, for MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC.


ANSWER:


14. Produce any other accounting, financial, or other records that would show how assets of MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., or J. Michael Ferguson PC have been spent in the past twelve (12) months.


ANSWER:


15. Produce any documents, items, or evidence of any transfers of or encumbrances upon or pledges of assets of MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., or J. Michael Ferguson PC that occurred during the past twenty-four (24) months.


ANSWER:


16. If the cash incomes generated by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., or J. Michael Ferguson PC for the past forty-eight (48) months have been converted into other non-cash assets, then produce any documents, items, or other evidence of what those other non-cash assets are.


ANSWER:

17. Produce all documents, records, items, or other evidence of any substantial liabilities incurred by or related to MBH Real Estate LLC, J. Michael Ferguson PC, Anson Financial Inc., AFI Loan Servicing LLC during the past forty-eight (48) months.

ANSWER:

Respectfully submitted,

Ghrist Law Firm PLLC


_____/s/ Ian Ghrist_____
Ian Ghrist
SBOT No. 24073449
2735 Villa Creek Drive, Suite 140
Farmer's Branch, Texas 75234
Phone (817) 778-4136
Fax (817) 900-2863
ian@ghristlaw.com
Attorney for Ian Ghrist and Ghrist Law Firm PLLC

**Certificate of Service**

I hereby certify that on this the 4th day of December, 2019, this instrument was served upon the following by electronic service, and to the rest of the electronic service list for the case.

MBH Real Estate LLC, AFI Loan Servicing
LLC, Anson Financial Inc., and J. Michael
Ferguson PC
62 Main Street, Suite 310
Colleyville, Texas 76034
by their Attorney, J. Michael Ferguson


_____/s/ Ian Ghrist_____
Ian Ghrist

Exhibit ANS154 - Page 16 of 29

# Exhibit B

Cause No. 141-311209-19

| | | |
|---|---|---|
| **MBH REAL ESTATE LLC,** | § | **IN THE DISTRICT COURT** |
| **AFI LOAN SERVICING, LLC,** | § | |
| **ANSON FINANCIAL, INC.,** | § | |
| **J. MICHAEL FERGUSON, P.C.** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **141st JUDICIAL DISTRICT** |
| | § | |
| **IAN GHRIST, GHRIST LAW FIRM, PLLC,** | § | |
| **SHAWN COKER, NEIGHBORHOOD PARTNER,** | § | |
| **INC., BLUE MOON REALTY GROUP, LLC,** | § | |
| **WIZARD FUNDING, LLC, SILVER STAR TITLE** | § | |
| **, LLC DBA SENDERA TITLE, ELIZABETH** | § | |
| **ESPINO, KATHY E. MONTES, AND LUCY** | § | |
| **OLIVAS** | § | |
| **Defendants** | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANTS' FIRST SET OF POST JUDGMENT INTERROGATORIES RELATED TO TRANSFER OR DISSIPATION OF ASSETS

TO:    MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael
Ferguson PC
62 Main St., Ste 310
Colleyville, Texas 76034
Phone 817-267-1008
817-485-1117 Fax

COMES NOW, Ian Ghrist and Ghrist Law Firm PLLC, Defendants herein, and files this,

his First Set of Post-Judgment Interrogatories, and in support thereof would show as follows:

Please answer the following interrogatories under oath, within thirty (30) days, subject to

penalty of perjury, and in accordance with the rules. Please deliver the responses to the

undersigned by email or mail.

"Proceeds" herein is given its ordinary meaning. It is usually used herein to refer to the

proceeds generated by the MBH Portfolio, which means any revenues, incomes, or value paid or

generated by the notes and properties that comprise the MBH Portfolio as defined in the Charge of the Court in Cause No. 17-287611-16 in the 17th District Court of Tarrant County, Texas.

      "MBH Portfolio" herein means the MBH Portfolio as defined by the Charge of the Court in Cause No. 17-287611-16 in the 17th District Court of Tarrant County, Texas.

## INTERROGATORIES

1. When the borrowers on the loans in the MBH Portfolio make payments, what is the name of the bank or banks that those payments are deposited into?

ANSWER:

2. How many accounts are used to hold the deposits of the borrower's loan payments?


ANSWER:


3. When the borrowers on the loans in the MBH Portfolio make payments, those payments go into a bank account. Who are the signers on any such bank accounts?


ANSWER:


4. When the borrowers on the loans in the MBH Portfolio make payments, those payments go into a bank account. Who are the accountholders on any such bank accounts?


ANSWER:


5. What companies or entities have authority to use the cash or other proceeds generated by the MBH Portfolio?


ANSWER:


6. Please give the name, phone number, email address, fax number, physical address, and mailing address for any internal or external accountants, bookkeepers, or other financial professionals that would have knowledge of the finances of J. Michael Ferguson PC, Anson Financial Inc., and the cash or other proceeds generated by the MBH Portfolio.

ANSWER:

7.  When and how have disbursements been made to MBH Real Estate LLC's owners in the past sixty (60) months? Give dates and dollar amounts, among other details.

ANSWER:

8.  When and how have disbursements been made to Anson Financial Inc.'s owners in the past sixty (60) months? Give dates and dollar amounts, among other details.

ANSWER:

9.  When and how have disbursements been made to AFI Loan Servicing LLC's owners sixty (60) months? Give dates and dollar amounts, among other details.

ANSWER:

10. When and how have disbursements been made to J. Michael Ferguson PC's owners sixty (60) months? Give dates and dollar amounts, among other details.

ANSWER:

11. Please list the dates and amounts of each substantial disbursement made of MBH Real Estate LLC's assets for the past sixty (60) months.

ANSWER:

12. Please list the dates and amounts of each substantial disbursement made of Anson Financial Inc.'s assets for the past sixty (60) months.

ANSWER:

13. Please list the dates and amounts of each substantial disbursement made of AFI Loan Servicing LLC's assets for the past sixty (60) months.

Exhibit ANS154 - Page 20 of 29

ANSWER:

14. Please list the dates and amounts of each substantial disbursement made of J. Michael Ferguson PC's assets for the past sixty (60) months.

ANSWER:

15. For the disbursements referenced in any question herein related to dates and amounts of substantial disbursements made, who received those disbursements? Please give a name, address, and phone number.

ANSWER:

16. Have any transactions occurred during the past forty-eight (48) months that are out of the normal course of business for MBH Real Estate LLC, J. Michael Ferguson PC, AFI Loan Servicing LLC, or Anson Financial Inc.?

ANSWER:

17. Please describe the nature of each transaction that is responsive to the previous question. In your answer, give the date of the transaction, the dollar value of the transaction, the parties to the transaction, and all other materials details of the transaction.

ANSWER:

18. Where are the cash or other proceeds generated by the MBH Portfolio currently held? In your response, please list the name of the bank or other financial institution or other location, the signers on the accounts (and full contact information for each signer).

ANSWER:

19. List all encumbrances upon the assets of MBH Real Estate LLC that were created by J. Michael Ferguson; J. Michael Ferguson PC; Anson Financial Inc.; or AFI Loan Servicing LLC or any entities or persons affiliated with or under the control of or related to the foregoing.

ANSWER:

20. Describe any agreements made by MBH Real Estate LLC or that affect or could affect the assets of MBH Real Estate LLC by any persons that were made or negotiated within the past forty-eight (48) months that are out of the ordinary course of business.


ANSWER:

21. What is the current total amount of cash on hand that exists that is held by AFI Loan Servicing LLC, Anson Financial Inc., J. Michael Ferguson PC, and MBH Real Estate LLC or their assigns, affiliates, agents, or related entities?


ANSWER:


22. How much of the cash in the previous question is escrow money that belongs to the borrowers on the loans in the MBH Portfolio or money that is being held for third-parties that are not owners, subsidiaries, or affiliates of AFI Loan Servicing LLC, Anson Financial Inc., J. Michael Ferguson PC, or MBH Real Estate LLC?


ANSWER:


23. What is the total gross amount of cash that has been generated by the MBH Portfolio for the past forty-eight (48) months?


ANSWER:


24. How much of the cash referenced in the previous question is escrow money that belongs to the borrowers on the loans in the MBH Portfolio?

ANSWER:

Exhibit ANS154 - Page 23 of 29

25. Please disclose all transactions or events in the past forty-eight (48) months that caused a substantial or material transfer or dissipation of assets of J. Michael Ferguson PC; AFI Loan Servicing LLC; Anson Financial Inc.; MBH Real Estate LLC; or the assets that comprise the MBH Portfolio or proceeds therefrom. This request is ongoing in nature such that you are required to disclose any events that occur at any time until the judgment is fully satisfied.

ANSWER:

Respectfully submitted,

Ghrist Law Firm

_____/s/ Ian Ghrist_____
Ian Ghrist
SBOT No. 24073449
2735 Villa Creek Drive, Suite 140
Farmer's Branch, Texas 75234
Phone (817) 778-4136
Fax (817) 900-2863
ian@ghristlaw.com
Attorney for Ian Ghrist and Ghrist Law Firm PLLC

**Certificate of Service**

I hereby certify that on this the 4th day of December, 2019, this instrument was served upon the following by electronic service, and to the rest of the electronic service list for the case.

MBH Real Estate LLC, AFI Loan Servicing
LLC, Anson Financial Inc., and J. Michael
Ferguson PC
62 Main Street, Suite 310
Colleyville, Texas 76034
by their Attorney, J. Michael Ferguson

_____/s/ Ian Ghrist_____
Ian Ghrist

Exhibit ANS154 - Page 23 of 29

# Exhibit C

Exhibit ANS154 - Page 24 of 29

Print this page

# Case # 141-311209-19 - MBH REAL ESTATE, LLC; ET AL VS. GHRIST LAW FIRM, PLLC, ET AL

## Case Information

| | |
|---|---|
| Location | Tarrant County - 141st District Court |
| Date Filed | 12/4/2019 3:33 PM |
| Case Number | 141-311209-19 |
| Case Description | MBH REAL ESTATE, LLC; ET AL VS. GHRIST LAW FIRM, PLLC, ET AL |
| Assigned to Judge | |
| Attorney | Ian Ghrist |
| Firm Name | Ghrist Law Firm |
| Filed By | Ian Ghrist |
| Filer Type | Attorney |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Capital One Spark Business Card |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 58056580 |
| Order # | |

## Service Only

| | |
|---|---|
| Filing Type | Serve |
| Filing Code | Service Only |
| Filing Description | Request for Production |
| Reference Number | |

Exhibit ANS154 - Page 25 of 29

Comments
Status                                    Served
**Fees**
Court Fee                                 $0.00
Service Fee                               $0.00
**Documents**
*Service Document*          GLF First Set of Post Jmt RfP.pdf      [Original]   [Transmitted]

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | EServe | Sent | Yes | Not Opened |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | EServe | Sent | Yes | 12/4/2019 7:08 PM |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | EServe | Sent | Yes | 12/4/2019 7:02 PM |

**Service Only**
Filing Type                               Serve
Filing Code                               Service Only
Filing Description                        Interrogatories
Reference Number
Comments
Status                                    Served
**Fees**
Court Fee                                 $0.00
Service Fee                               $0.00
**Documents**
*Service Document*          GLF First Set of Post Jmt Rogs.pdf     [Original]   [Transmitted]

Exhibit ANS154 - Page 26 of 29

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | EServe | Sent | Yes | Not Opened |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | EServe | Sent | Yes | 12/4/2019 7:08 PM |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | EServe | Sent | Yes | 12/4/2019 7:02 PM |

---

**No Fee Documents**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | No Fee Documents |
| Filing Description | Third Party Subpoena File |
| Reference Number | |
| Comments | |
| Status | Accepted |
| Accepted Date | 12/4/2019 3:58 PM |
| Accept Comments | Thank you, Stacci 817-884-1198 |

**Fees**

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

**Documents**

| | | | |
|---|---|---|---|
| *Lead Document* | Third Party Subpoena file.pdf | [Original] | [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| | | EServe | Sent | Yes | Not Opened |

Exhibit ANS154 - Page 27 of 29

| | | | | | |
|---|---|---|---|---|---|
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | | | | |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | EServe | Sent | Yes | 12/4/2019 7:08 PM |
| Ian Ghrist Ian@ghristlaw.com | Ghrist Law Firm | EServe | Sent | Yes | Not Opened |
| J. Michael Ferguson legal@fnalegal.com | Ferguson & Associates, LLC | EServe | Sent | Yes | 12/4/2019 7:02 PM |

Exhibit ANS154 - Page 28 of 29

# Exhibit D

Exhibit ANS154 - Page 29 of 29
FILE COPY

# BILL OF COSTS

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

No. 02-17-00411-CV

**Ian Ghrist; Ghrist Law Firm, PLLC; Shawn Coker; Neighborhood Partner, Inc.; Blue Moon Realty Group, LLC; and Wizard Funding, LLC**
v.
**MBH Real Estate LLC, AFI Loan Servicing, LLC, Anson Financial, Inc., J. Michael Ferguson, P.C.**

(No. 236-295012-17 IN THE 236TH DISTRICT COURT OF TARRANT COUNTY)

| Fee date | Type of Fee | Charges | Paid | By |
|---|---|---|---|---|
| 11/27/2017 | Clerk's record | $865.00 | PAID | APPELLANTS |
| 11/27/2017 | Reporter's record | $272.00 | PAID | Appellants |
| 11/21/2017 | Indigent | $25.00 | E-PAID | Ian D Ghrist |
| 11/21/2017 | Statewide efiling fee | $30.00 | E-PAID | Ian D Ghrist |
| 11/21/2017 | Filing | $100.00 | E-PAID | Ian D Ghrist |
| 11/21/2017 | Supreme Court chapter 51 fee | $50.00 | E-PAID | Ian D Ghrist |

*Balance of costs owing to the Court of Appeals, Second District of Texas, Fort Worth:* **0.00**

---

***Court costs in this cause shall be paid as per the Judgment issued by this Court.***

---

I, **DEBRA SPISAK, CLERK** OF THE SECOND COURT OF APPEALS OF THE STATE OF TEXAS, do hereby certify that the above and foregoing is a true and correct copy of the cost bill of THE COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS, showing the charges and payments, in the above numbered and styled cause, as the same appears of record in this office.

**IN TESTIMONY WHEREOF,** witness my hand and the Seal of the **COURT OF APPEALS** for the Second District of Texas, this September 5, 2018.



DEBRA SPISAK, CLERK

*Debra Spisak*