No. 07-20-00027-CV

| | | |
|---|---|---|
| J. Michael Ferguson, PC, Anson Financial, Inc., AFI Loan Servicing, LLC, and MBH Real Estate, LLC<br> Appellants | § <br><br>§ <br><br>§ | From the 141st District Court<br> of Tarrant County |
| v. | § | December 21, 2020 |
| Ian Ghrist and Ghrist Law Firm, PLLC<br> Appellees | § | Opinion by Justice Parker |

## J U D G M E N T

Pursuant to the opinion of the Court dated December 21, 2020, it is ordered, adjudged, and decreed that the judgment of the trial court be affirmed.

It is further ordered that appellant pay all costs in this behalf expended for which let execution issue.

It is further ordered that this decision be certified below for observance.

o O o



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

### No. 07-20-00027-CV

---

**J. MICHAEL FERGUSON, PC, ANSON FINANCIAL, INC., AFI LOAN SERVICING, LLC, AND MBH REAL ESTATE, LLC, APPELLANTS,**

V.

**IAN GHRIST AND GHRIST LAW FIRM, PLLC, APPELLEES**

---

On Appeal from the 141st District Court
Tarrant County, Texas[1]
Trial Court No. 141-311209-19, Hon. John C. Chupp, Presiding

---

### December 21, 2020

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In eleven issues, appellants complain of the trial court's orders granting summary judgment, dismissing their claims, imposing sanctions, and awarding attorney's fees. For the reasons set forth below, we affirm the judgment of the trial court.

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). In the event of any conflict, we apply the transferor court's caselaw. TEX. R. APP. P. 41.3.

## Background

This appeal deals with one of several lawsuits involving these parties, whose history of litigation stretches back several years and has spanned a number of Texas courts. Because the parties are familiar with the underlying facts, we will recite only those facts relevant to the disposition of this case.

J. Michael Ferguson, PC, is the law firm of attorney J. Michael Ferguson. Anson Financial, Inc., and AFI Loan Servicing, LLC, are a mortgage company and loan servicing company, respectively, owned and operated by J. Michael Ferguson. MBH Real Estate, LLC, is a company formed by Ferguson to hold certain assets. Attorney Ian Ghrist claims an interest in those assets. Ghrist formerly worked with Ferguson and for Anson, until Ghrist and Ferguson parted ways.

Ian Ghrist and Ghrist Law Firm, PLLC ("Ghrist") sued the Ferguson parties in September of 2016 in cause number 017-287611-16 in the 17th District Court in Tarrant County ("the 17th District Court case"). Ghrist brought claims including breach of contract, breach of fiduciary duty, conversion, fraud, and negligent misrepresentation. Ghrist's claims arose from disputes about the parties' separation and fee sharing agreements, and included the loans which were part of the "MBH Portfolio." The Ferguson parties answered and filed counterclaims for, among other things, breach of fiduciary duty, conversion, breach of contract, violations of the Deceptive Trade Practices Act ("DTPA"), violations of section 12.002 of the Texas Civil Practice and Remedies Code, conspiracy, and fraud. Some of the Ferguson parties' claims were abandoned by the time of trial. The case was tried to a jury over two weeks in April of 2018. As the 46-question jury charge reveals, the case encompassed a wide variety of claims.

Meanwhile, in September of 2017, the Ferguson parties, appellants herein, filed the instant lawsuit against Ghrist and others for defamation, conversion, civil conspiracy, violations of section 12.002 of the Texas Civil Practice and Remedies Code, fraud, breach of fiduciary duty, violations of the DTPA, and declaratory judgment. Appellants' claims were apparently based on Ghrist's involvement in two real estate closings that occurred while the 17th District Court case was pending. Proceeds from these transactions were deposited into the registry of the 17th District Court and disbursed to appellants about two months later. In connection with the transactions, Ghrist signed a release of lien, purportedly on behalf of MBH.

Appellants' suit was filed in the 236th District Court in Tarrant County. Ghrist filed a motion for summary judgment based on res judicata and collateral estoppel, along with motions to dismiss under the Texas Citizens Participation Act ("TCPA"). He also sought attorney's fees, costs, and sanctions. The trial court granted Ghrist's motion for summary judgment and his first and third motions to dismiss claims pursuant to the TCPA. The trial court awarded attorney's fees to Ghrist and imposed sanctions on the Ferguson parties.

Appellants brought this appeal, identifying three orders being appealed in this cause: (1) the September 11, 2019 order on appellees' requests for attorney's fees, costs, and sanctions; (2) the May 9, 2019 order granting appellees' third motion to dismiss claims under the TCPA; and (3) the April 1, 2019 order granting appellees' first amended motion for summary judgment and motion to dismiss claims under the TCPA. Appellants raise eleven issues in this appeal.

Analysis

**Issue 1: Denial of Appellants' Motions for Summary Judgment**

In their first issue, appellants claim that the trial court erred in denying their no-evidence and traditional motions for summary judgment. Appellants contend this was error "because the appellees, as a matter of law, can never be a 'member' of MBH and if they cannot be a 'member' then Ian Ghrist did not have authority to draft the release of lien that the appellees prepared and Ian Ghrist fraudulently signed as a 'member' of MBH and then had Sendera Title Company record the document."

Our review of the record reveals that appellants filed a no-evidence motion for partial summary judgment on February 6, 2019, and a traditional motion for partial summary judgment on February 27, 2019. The trial court denied both motions on March 21, 2019.

We first assess the denial of appellants' no-evidence motion. When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam). Appellants' motion sets forth two grounds for summary judgment as to appellees. Their first ground is, "There is no evidence that the Ghrist Defendants were members of MBH Real Estate, LLC in 2017 and there is no evidence that the Ghrist Defendants have ever been members of MBH Real Estate, LLC." Their second ground states, "There is no evidence that the Ghrist Defendants had authority to sign the Release of Lien . . . ."

Appellants' motion does not identify which cause or causes of action it encompasses or the elements of those causes of action. Nor does it specify the element or elements of a claim or defense on which appellees would have the burden of proof that lacks evidentiary support. Rule 166a(i) of the Texas Rules of Civil Procedure requires the movant in a no-evidence summary judgment motion to specifically state which elements of the nonmovant's claims lack supporting evidence. *See* TEX. R. CIV. P. 166a(i). "A no-evidence challenge that only generally challenges the sufficiency of the non-movant's case and fails to state specific elements is fundamentally defective and insufficient to support summary judgment as a matter of law." *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 824 (Tex. App.—Fort Worth 2008, no pet.). While a no-evidence motion for summary judgment may be directed at specific factual theories or allegations, it may do so "*only* if the challenge to the factual allegation is connected to a no-evidence challenge to a specified element of a claim or defense." *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied) (emphasis in original). Because appellants' motion fails to identify the essential elements of the cause or causes of action being attacked, it is fundamentally defective.

Moreover, appellants concluded their no-evidence motion for partial summary judgment with what appears to be a request that the trial court make four factual findings. Findings of fact and conclusions of law have no place in a summary judgment proceeding. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam). If summary judgment is proper, then there are no facts to find, and the legal conclusions have already been set forth in the motion and response. *Coastal Transp. Co. v. Crown Cent. Petro. Corp.*, 20 S.W.3d 119, 125 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

We conclude that the trial court committed no error in denying appellants' no-evidence motion for summary judgment, as the motion was insufficient to satisfy the requirements of Rule 166a(i).

We next assess the denial of appellants' traditional motion for partial summary judgment. Under the traditional motion for summary judgment standard of review, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

Appellants' traditional motion for partial summary judgment is very nearly identical to its no-evidence motion. As they did in the no-evidence motion, appellants assert two "grounds" for summary judgment against appellees: (1) the Ghrist defendants were not members of MBH Real Estate in 2017, and (2) the Ghrist defendants did not have authority to sign a release of lien. Again, appellants failed to identify what causes of action or elements thereof were at issue. Again, appellants sought the same four factual findings as they had in the previous motion.

In their brief, appellants provide some references to the record in support of their argument that the trial court erred in denying their motion. However, many of those record references are outside the summary judgment record.[2] Evidence outside the summary judgment record cannot be relied on to evaluate the trial court's summary judgment

---

[2] For example, there are several references to appellants' motion for new trial.

decision. *See Rutkoski v. Evolv Health, LLC*, No. 05-17-00088-CV, 2019 Tex. App. LEXIS 1610, at *11 n.4 (Tex. App.—Dallas Mar. 4, 2019, no pet.) (mem. op.).

A summary judgment movant must establish his entitlement to summary judgment on the issues expressly presented to the trial court by conclusively establishing all essential elements of his cause of action or defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). In our analysis, considering appellants' arguments and the limited, scattered evidence appellants direct us to in the summary judgment record, we conclude that appellants did not meet their burden to establish that they were entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). Therefore, the trial court did not err in denying appellants' traditional motion for summary judgment. We overrule appellants' first issue.

**Issue 2: Grant of Appellees' Motion for Summary Judgment**

Appellants' second issue contends that the trial court erred in granting appellees' motion for summary judgment, which was based on appellees' affirmative defenses of res judicata, collateral estoppel, and the compulsory counterclaim doctrine.

<u>Waiver</u>

In their first argument under this issue, appellants assert that the appellees waived any claim to res judicata, collateral estoppel, and compulsory counterclaim because they filed a general denial and motion to dismiss under the TCPA before they pleaded these affirmative defenses. As the record reflects, appellees filed a general denial in response to appellants' petition in this lawsuit, in which they did not raise the affirmative defenses of res judicata, collateral estoppel, or compulsory counterclaim. On October 16, 2017,

the same day appellees' answer was filed, appellees filed their motion to dismiss under the TCPA. On appeal, appellants claim that appellees "waived their right to claim compulsory counterclaim as Appellees filed a TCPA action to try and dismiss all claims for all Defendants," which we construe as a challenge to the timeliness of appellees' pleadings raising their affirmative defenses.

An affirmative defense that is not timely pleaded is waived. *See Caston v. Wiley*, No. 14-14-01001-CV, 2016 Tex. App. LEXIS 5806, at *14 (Tex. App.—Houston [14th Dist.] June 2, 2016, no pet.) (mem. op.) (limitations defense waived when raised for first time on appeal); *Allright, Inc. v. O'Neal*, 596 S.W.2d 208, 209 (Tex. App.—Houston [14th Dist.] 1980, writ dism'd) (limitations defense waived when party went to trial on pleadings not containing any such plea and plea was raised in trial amendment after close of all testimony).

In this case, the trial court denied appellees' TCPA motion to dismiss and appellees timely appealed that decision on November 17, 2017. Proceedings in the lawsuit were then stayed pending resolution of the TCPA appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2020). The stay ended on September 5, 2018, when the Second Court of Appeals issued mandate on the TCPA appeal.[3] On September 12, 2018, appellees moved to abate the case on the basis that many of the facts and claims involved were then being litigated in the 17th District Court case. Then, on

---

[3] The Second Court of Appeals reversed in part and affirmed in part the trial court's order denying appellees' motion to dismiss. The case was remanded to the trial court to enter an order granting dismissal as to appellants' claim for defamation per se and a reconsideration of the determination as to frivolousness. The trial court's order was affirmed as to its denial of the dismissal of appellants' claims for breach of fiduciary duty, conversion, civil conspiracy, and violations of the DTPA and fraudulent filing statutes. *See Ghrist v. MBH Real Estate LLC*, No. 02-17-00411-CV, 2018 Tex. App. LEXIS 4578, at *4 (Tex. App.—Fort Worth June 21, 2018, no pet.).

December 7, 2018, appellees added the aforementioned affirmative defenses to their second amended answer.

Thus, the case had been on file for less than two months when the stay was instituted during the TCPA appeal. Roughly three months after that stay was lifted, appellees raised their affirmative defenses in their written pleadings. At that point, the case was relatively young; little or no discovery had taken place, no motions for summary judgment had been filed, and trial was many months away.

Texas Rule of Civil Procedure 63 allows amendments of pleadings to be filed without leave of court "at such time as not to operate as a surprise to the opposite party" or with leave of court if within seven days before the date of trial. TEX. R. CIV. P. 63. Appellants have not shown, nor have they claimed, that appellees' amended answer operated as a surprise. Moreover, appellants have not cited any authority for the proposition that a defendant cannot amend his answer after he files a TCPA motion to dismiss. Finally, appellants have not pointed us to any place in the record indicating that they objected to the amended pleading.

We thus conclude that appellees properly and timely pleaded their affirmative defenses. We overrule appellants' second issue as to the waiver argument.

Res Judicata, Collateral Estoppel, and Compulsory Counterclaim

In their second argument under their second issue, appellants challenge appellees' entitlement to summary judgment based on their affirmative defenses of res judicata, collateral estoppel, and the compulsory counterclaim rule. Specifically, appellants claim that the trial court erred in granting summary judgment "because the issue of whether Ian

Ghrist is a member was not tried in the 17th District Court and the issue of whether Ian [Ghrist] was a member or not was not an essential element in the 17th District Court case or the final judgment in the 17th District Court case as it is a money judgment and gives the appellees no ownership rights in MBH."

Appellees' motion for summary judgment based on res judicata, collateral estoppel, and joinder of compulsory counterclaim was filed on January 17, 2019. In their motion, appellees argued that the claims made in this case were or should have been litigated in appellants' earlier-filed lawsuit in the 17th District Court of Tarrant County, as the cases are related to the same nucleus of facts and circumstances. Appellees alleged that "[t]he nature of the [17th District Court] lawsuit was that the parties argued over how to divide up the forty-plus mortgage loans that belonged to the Coker Parties. Specifically, ownership of MBH Real Estate LLC was in dispute." One property at issue in the instant lawsuit, known as the Purselley Property, was one of the properties in the loan portfolio in dispute in the 17th District Court lawsuit. The jury charge in the 17th District Court lawsuit included two questions regarding Ghrist's interest in MBH.

The trial court granted appellees' motion for summary judgment on April 1, 2019. The judgment did not specify which type of claim or issue preclusion was the basis of the judgment. When, as here, the trial court's summary judgment order does not state the basis for the court's decision, we must uphold the judgment if any of the theories advanced in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). Thus, on appeal, appellants must negate all grounds that support the judgment. *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.). "If summary judgment may have been

rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Id*.

We begin our analysis with the third ground urged by appellees in their summary judgment motion, in which they argued that appellants' claims were barred by the compulsory counterclaim rule. Under the rule, the doctrine of res judicata bars the assertion of a claim that should have been raised as a compulsory counterclaim in a prior action. *Lesbrookton, Inc. v. Jackson*, 796 S.W.2d 276, 281 (Tex. App.—Amarillo 1990, pet. denied). A compulsory counterclaim is any counterclaim (1) within the jurisdiction of the trial court, (2) not the subject of a pending action, (3) which is mature at the time of filing the pleading, (4) arising out of the same transaction or occurrence as the claim asserted by the opposing party, and (5) not requiring for adjudication the presence of third parties over whom the court cannot obtain jurisdiction. *Id*. A defendant who fails to assert a compulsory counterclaim cannot subsequently recover on it against the plaintiff in a later suit. *Id*.

On appeal, appellants challenge two elements of the compulsory counterclaim rule. They assert that "no action was matured or owned by the pleader at the time of filing the answer in the 17th District Court case against the Ghrist Defendants," which addresses the third element. Then, they claim, "the basic crux of this lawsuit is the Ghrist Defendants claiming to be a 'Member' of MBH Real Estate, LLC with governing authority which is a completely different dispute than in the 17th District Court case. The 17th District Court case was a dispute over the Separation Agreement," which addresses the fourth element. In support of these arguments, appellants provide citations to (1) appellants' original petition and (2) two pages of a document titled "Agreement," and

11

which appears to be a portion of the Separation Agreement between Ferguson and Ghrist.  Appellants' conclusory statements and unexplained record references fail to shed light on their argument.

Appellants have failed to provide any substantive analysis to support their arguments that they did not have a matured counterclaim at the time they filed the instant lawsuit and that the instant claims did not arise from the same transaction as the 17th District Court lawsuit.  Where a party fails to advance a viable argument with citations to appropriate authority, an appellate court is not required to independently review the record and applicable law to determine whether the alleged error occurred.  *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g) ("We will not do the job of the advocate."); *see also Natural Gas Clearinghouse v. Midgard Energy Co.*, 113 S.W.3d 400, 416 (Tex. App.—Amarillo 2003, pet. denied) ("To adequately brief an issue, a litigant must do more than provide us with mere conclusions.  He must analyze and explain his contention.").

In the absence of any analysis or appropriate citations in support of appellants' argument, and because we have no duty to search the record to uncover evidence in support of appellants' complaint, we conclude that appellants have failed to meet their burden to negate this ground for the trial court's summary judgment in favor of appellees.  Accordingly, we must uphold the summary judgment.  *Provident Life & Accident Ins. Co.*, 128 S.W.3d at 216.  We overrule appellants' second argument and affirm the trial court's grant of summary judgment for appellees.

**Issue 6 and Issue 7: Dismissal of Claims under the TCPA**

Appellants' sixth issue urges that the trial court erred in granting Ghrist a dismissal with prejudice "for the $129,000 Yammine Tax Loan Claims of Breaches of Fiduciary Duty and Tortious Interference to Anson Financial, Inc.," in its order of April 1, 2019. As we understand this argument and its subpoints, appellants contend that (1) these claims are not subject to dismissal under the TCPA because the commercial speech exemption applies, (2) the claims had already been nonsuited and thus should not have been dismissed by the trial court, and (3) even if the TCPA applies, appellants met their burden to provide evidence of each element.

We will first dispose of appellants' second and third subpoints under this argument. As to the second subpoint, the nonsuit issue, appellants' entire argument consists of the following paragraph: "The Court Erred in dismissing the Plaintiffs['] claim with prejudice. The cause had already been nonsuited as Nate Richards was dealing with the birth of his new son and his health problems and the process server was not able to get Joseph Yammine served. Plaintiffs were limited in time under the TCPA limited discovery rule." Appellants do not provide any references to the record or any other authority in support of this argument. The presentation of a point in such a conclusory fashion does not comply with appellate briefing rules. *See* Tex. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Lewis v. Deaf Smith Elec. Coop., Inc.*, 768 S.W.2d 511, 512-13 (Tex. App.—Amarillo 1989, no writ). Issues that are not supported by argument and authorities are deemed waived. *Columbia Rio Grande Regional Hosp.*

*v. Stover*, 17 S.W.3d 387, 392 (Tex. App.—Corpus Christi 2000, no pet.). Accordingly, this point is waived.

As to the third subpoint, the evidentiary issue, appellants argued, "Even if Defendants are deemed to meet the initial burden, there is specific evidence of each element for the claim brought against Defendants." Once again, appellants fail to direct us to any authorities in support of their argument. Appellants recite factual allegations, but do not cite any evidence in the record that supports their contentions. They provide a citation to one case in which the TCPA was held not to apply, but fail to provide any analysis that would reflect the import of that decision as applied to the facts of this case. In the absence of any such support for appellants' claim, we deem it waived for inadequate briefing.[4] *Id.*

We are left, then, with appellants' first subpoint, which appears to be that the claims should not have been dismissed pursuant to the TCPA because the commercial speech exemption applies. The TCPA provides a framework for the dismissal of legal actions that are based on, relate to, or are in response to a defendant's exercise of the right of free speech. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019). However, the act exempts commercial speech from its application. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(2) (West 2020). Under section 27.010, the TCPA does not apply to a claim against a person who is "primarily engaged in the business of selling

---

[4] In what is possibly meant to be another subpoint, appellants state, "No rights protected by the TCPA can be invoked and the Defendants are not entitled to dismissal under the statute." To the extent this statement is intended to raise a challenge to the applicability of the TCPA to appellants' claims, we observe that it is unsupported by any legal authority, record references, or analysis, and, therefore, deem it waived as inadequately briefed. *See* Tex. R. APP. P. 38.1; *Columbia Rio Grande Regional Hosp.*, 17 S.W.3d at 392.

or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services . . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer." *Id.* For the commercial speech exemption to apply, four conditions must be met:

> (1) the defendant was primarily engaged in the business of selling or leasing goods [or services], (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides.

*Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (per curiam). If an action falls under a TCPA exemption, then the TCPA does not apply and may not be used to dismiss the action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010; *Best v. Harper*, 562 S.W.3d 1, 13 (Tex. 2018) (movant cannot invoke TCPA's protections if exemption applies). The party that relies on the commercial speech exemption has the burden to prove these elements by a preponderance of the evidence. *Forget About It., Inc. v. BioTE Med., LLC*, 585 S.W.3d 59, 68 (Tex. App.—Dallas 2019, pet. denied).

In their brief to this Court, appellants make several assertions that seem to support their claim that the commercial speech exemption applies. For example, appellants address elements of the exemption by stating, "In this case, Ghrist is an attorney that engages in the business of selling legal services to [sic] and the complained of conduct would have been a commercial transaction in which the intended audience is an actual customer, Yammine." However, the sole record reference appellants provide to support this statement is a reference to one page of appellees' motion to dismiss, on which

appellees recite what the appellants have alleged.  Although appellees' discussion of appellants' claim at least provides us with some description of the alleged conduct at issue,[5] it falls far short of meeting appellants' burden of proving the elements of the commercial speech exemption.  Because appellants have failed to link facts in the record to each essential element of the exemption and failed to provide any analysis to support their argument, we conclude that they have failed to satisfy their burden to establish the elements of the commercial speech exemption by a preponderance of the evidence.  Therefore, we overrule appellants' sixth issue.

In their seventh issue, appellants claim that the trial court erred by dismissing with prejudice appellants' breach of fiduciary duty claim on the Alvord matter and tortious interference claim concerning Anson Financial.[6]  Specifically, appellants argue that appellees failed to meet their burden to establish that the TCPA applies to the claims at issue.

A court reviewing a TCPA motion to dismiss employs a three-step analysis, the first step of which is to determine whether the moving party showed by a preponderance of the evidence that the TCPA properly applies to the legal action against it.  *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018).  If the movant satisfies that threshold burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim.  *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c) (West Supp. 2020).  If the nonmovant meets that requirement, the burden

---

[5] From appellees' pleadings, we glean that appellants have alleged that Ghrist advised Joseph Yammine to "go around" Anson in dealing with a tax lien, and that this purported advice is the basis for appellants' claim to the commercial speech exemption.

[6] Appellants' issue refers to the order signed by the trial court on April 1, 2019; however, the Alvord claims were dismissed by a separate order, dated May 9, 2019.

shifts back to the moving party to prove each essential element of any valid defenses by a preponderance of the evidence. *Id.* at 679-80.

Thus, we begin with the threshold question of whether the TCPA applies to appellants' claims. Appellants brought their claims for breach of fiduciary duty and tortious interference in their Fifth Amended Petition, filed on March 13, 2019. As set forth in that pleading and in appellants' brief on appeal, the basis of appellants' claims is as follows: Ghrist previously represented Anson; Ghrist obtained confidential information by virtue of his representation; Ghrist revealed this confidential information to his own attorney, Caleb Moore; and Ghrist conspired with Moore to harm Anson "and to cause as much litigation as possible." Appellants further allege that Ghrist, not Moore, authored pleadings in litigation involving the parties in the 342nd District Court.

Appellants argue that appellees failed to establish that these claims are based on, relate to, or are in response to their exercise of the right of free speech, right to petition, or right of association as required to come within the gambit of the TCPA. We need not undertake this analysis. The Second Court of Appeals, whose precedent we follow in this transfer case, has already considered the same allegations in the context of a TCPA motion to dismiss. *See Moore v. Anson Financial, Inc.*, No. 02-19-00201-CV, 2020 Tex. App. LEXIS 2302 (Tex. App.—Fort Worth Mar. 19, 2020, no pet.) (mem. op.). In the *Moore* case, Anson Financial, Inc., appellant herein, sued Caleb Moore and the Law Firm of Caleb Moore, PLLC. *Id.*, at *3. As explained by the Second Court of Appeals:

> Anson's theory was that Moore was in a civil conspiracy to help Ghrist breach his fiduciary duty as Anson's former attorney. Anson alleged that through the conspiracy, Moore was helping Ghrist harm Anson in multiple ways. First, Ghrist had allegedly given Moore confidential information about Anson's inner workings, and Moore was exploiting that information when he

17

> represented third parties against Anson. Second, Anson claimed that even though it was Moore who purportedly represented the third parties, there was evidence showing that Ghrist, not Moore, had drafted the third party's petition and briefs, in violation of conflict rules. Third, Anson produced emails showing that Moore was consulting with still other third parties about suing Anson, and in those emails, Moore reported that Ghrist was excited about the prospect of bringing in more parties to attack Anson.

*Id.* at *3-4. Moore filed a motion to dismiss the case under the TCPA, which the trial court denied. *Id.* at *4.

The appellate court reversed, remanding the matter to the trial court to grant the TCPA motion to dismiss. *Id.* at *12. The court determined:

> The thrust of the suit was that Moore conspired with Ghrist to sue Anson, that Moore and Ghrist were orchestrating third-party litigation against Anson, and that Moore was communicating with still other third parties about bringing more litigation against Anson. Each of these alleged forms of misconduct is a communication in or pertaining to a judicial proceeding. Because Anson's suit is based on Moore's exercise of the right to petition, Moore satisfied his initial burden to show that the TCPA applies.

*Id.* at *6.

In the instant case, appellants' breach of fiduciary duty and tortious interference claims on the Alvord matter arise from the same facts. Anson's complaints against appellees in this case are based on the same conduct as Anson's complaints against appellees' attorney, Moore, in the *Moore* case. The Second Court of Appeals has determined that these claims are based on the exercise of the protected right to petition, and appellees sought dismissal on those grounds. Therefore, we follow the precedent of

18

the Second Court of Appeals and conclude that the TCPA applies to appellants' claims. *See* Tᴇx. R. Aᴘᴘ. P. 41.3. We overrule appellants' seventh issue.[7]

## Issue 3, Issue 4, Issue 5, and Issue 9: Attorney's Fees

We consider appellants' third, fourth, fifth, and ninth issues together, as they all relate to the trial court's award of attorney's fees.

In their third issue, appellants assert that "[t]he trial court erred in awarding Ghrist attorney fees under the 10/16/2017 TCPA action because Ghrist breached his fiduciary duties" and violated the Texas Rules of Professional Conduct. We understand appellants' argument to be that Ghrist was not entitled to attorney's fees in connection with the referenced TCPA action because Ghrist engaged in conduct that constituted a breach of his fiduciary duties as an attorney.

We will not reverse the trial court's award of attorney's fees on this basis absent a determination by the factfinder that such misconduct occurred. Appellants have failed to direct us to any finding by the trial court that Ghrist breached his fiduciary duty.[8] Moreover, to the extent that appellants seek to have this Court determine that Ghrist breached his fiduciary duty or violated the Texas Rules of Professional Conduct, we remind appellants that this Court is not a factfinder. *Isaacs v. Bishop*, 249 S.W.3d 100, 106 n.4 (Tex. App.—Texarkana 2008, pet. denied). Findings of fact are the exclusive

---

[7] We observe that, within their "Statement of Facts on the Alvord 287 Claim," appellants make a passing reference to newly discovered evidence purportedly showing "that Appellants [sic] and Mr. Ghrist conspired to harm Anson Financial, Inc." To the extent that appellants intend to raise a separate issue on appeal related to newly discovered evidence, we deem it waived for inadequate briefing. *See* Tᴇx. R. Aᴘᴘ. P. 38.1.

[8] Further, as appellees note, appellants brought a breach of fiduciary duty claim against Ghrist in the 17th District Court lawsuit, and the jury found that Ghrist complied with his fiduciary duty.

province of the jury and/or trial court. *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744-45 (Tex. 1986). Therefore, we overrule appellants' third issue.

By their fourth issue, appellants claim, "The trial court erred by awarding Ghrist excessive attorney fee [sic] versus reasonable and necessary attorney fees as required [by] Tex. Civ. Prac. & Rem. Code § 27 and because the amount is based on a conclusory statements [sic] of Ian Ghrist with no consideration given for the evidence or rule of law and appellees failed to segregate their billings." The trial court awarded appellees $17,043.75 in attorney's fees for the defamation or libel claims dismissed under the TCPA pursuant to the mandate issued by the Second Court of Appeals. We review the amount of attorney's fees awarded under the TCPA for abuse of discretion. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016).

Appellants state that, in his brief to the Second Court of Appeals on the appeal of the trial court's denial of his motion to dismiss under the TCPA, Ghrist requested "$6,550.00 in attorney's fees on the TCPA motion, $5,000.00 for the appeal, and three times the foregoing as sanctions." Appellants claim that this is a "judicial admission made by Ghrist." Appellants provide no analysis to illuminate the import of this claim, but we interpret it as an assertion that Ghrist's request for $6,550 in attorney's fees negates appellees' right to recover an amount greater than $6,550. A judicial admission consists of a clear, deliberate, and unequivocal statement made during the course of a judicial proceeding that contradicts or negates an essential fact or defense asserted by the declarant. *Kaplan v. Kaplan*, 129 S.W.3d 666, 669 (Tex. App.—Fort Worth 2004, pet. denied). To the extent that appellants contend that appellees' request for $6,550 in attorney's fees in an earlier appeal is a judicial admission that conclusively establishes

20

the amount of attorney's fees to which they are ultimately entitled, we reject this contention. We further note that appellants have supported their claim with a document attached to their motion for new trial. The action of the trial court in overruling the motion for new trial is not before us for review. Further, if any evidence was introduced in support of appellants' motion for new trial, it was not brought forward and is not properly before us. *See Wilburn v. K.W. Martin Lumber Co.*, 407 S.W.2d 270, 272 (Tex. Civ. App.—Waco 1966, writ ref'd n.r.e.).

Appellants then include a table purportedly illustrating that Ghrist's attorney's fee recovery should be in the amount of $664.79.[9] Appellants do not provide any record references to establish the evidentiary basis for these calculations or, more importantly, to show that they were before the trial court. Therefore, we will not consider this information and we cannot conclude that the trial court abused its discretion on this basis.

Finally, appellants claim that the trial court erred by (1) failing to consider certain facts and (2) relying on Ghrist's affidavit regarding attorney's fees because it is conclusory and self-serving and because Ghrist's fees were not segregated. Upon review of the record, we perceive that Ghrist presented an affidavit in which he testified to the amount of "reasonable and necessary" attorney's fees incurred in appellees' TCPA action, the amount of time attributable to the claims that were dismissed pursuant to the TCPA (or intertwined with the actions necessary to achieve dismissal), and the amount of time attributable to claims that were not dismissed. Based on this information, Ghrist averred that his attorney's fees for the dismissal of the defamation/libel claims were $17,043.75,

---

[9] Despite offering this figure as an appropriate amount for attorney's fees, appellants go on to say that Ghrist is "not entitled to any attorney[']s fees" and that if any are awarded, they should be forfeited.

which is the amount that the trial court awarded. If Ghrist's evidence supporting his claim to $17,043.75 in attorney's fees was controverted, appellants have wholly failed to direct us to any such controverting evidence in the trial court record. Therefore, we cannot conclude that the trial court abused its discretion in awarding attorney's fees in this amount. *See Enterprising Gals of Tex., L.L.C. v. Sprehe*, No. 02-17-00063-CV, 2018 Tex. App. LEXIS 5785, at *8-9 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op.) (uncontroverted testimony showing amount of fees incurred and percentage of those fees related to recoverable claims sufficiently satisfied burden to segregate fees). Appellants' fourth issue is overruled.

In issue five, appellants argue that the trial court erred by awarding attorneys' fees under the DTPA, because those claims were nonsuited. Specifically, appellants contend that the trial court's award of $10,217.50 in attorney's fees to appellees was error because MBH Real Estate, LLC, nonsuited its DTPA claims, making the issue moot. Appellants further allege, "Not only is it a [m]oot [i]ssue, but there are no pleadings, facts, evidence[,] or law to support this claim."

The trial court signed an order non-suiting the DTPA claim brought by MBH Real Estate, LLC, against appellees on December 7, 2018. Before that, however, appellees had filed an answer in which they contended that appellants' DTPA claim was groundless in fact and in law and brought in bad faith and for the purpose of harassment. In their pleading, appellees sought their reasonable and necessary attorney's fees and court costs in connection with defending against the DTPA claim.

Appellees' request for attorney's fees was not rendered moot by appellants' nonsuit. "Although a plaintiff decides which of its claims to pursue or abandon, that

decision does not control the fate of a non-moving party's independent claims for affirmative relief." *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). A defendant's request for attorney's fees under section 17.50(c) of the DTPA is an independent claim for affirmative relief. *See Knoderer v. State Farm Lloyds*, 515 S.W.3d 21, 47 (Tex. App.—Texarkana 2017, pet. denied). Thus, a plaintiff's nonsuit does not extinguish a defendant's counterclaim for costs and attorney's fees. *Villafani*, 251 S.W.3d at 469. Because appellees brought an independent claim for relief before appellants non-suited their DTPA claim, the nonsuit did not extinguish appellees' claim for attorney's fees. Moreover, the record reflects that appellees presented "pleadings, facts, evidence, [and] law" to support their claim. Appellants' argument to the contrary is without merit. We overrule appellants' fifth issue.

In issue nine, appellants assert that the trial court erred by awarding appellees attorney's fees, because appellee is a pro se litigant not entitled to attorney's fees. In support of this very brief argument, appellants cite just one case, *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 299-300 (Tex. 2011), which held that a pro se litigant could not recover attorney's fees under the Texas Public Information Act. We observe that other courts have held that a law firm can be awarded fees for representation by its own attorneys and that attorneys can be awarded fees for their own pro se representation. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP,* 578 S.W.3d 469, 488 (Tex. 2019) (discussing arrangements encompassed within requirement that party must be represented by an attorney to secure an award of attorney's fees) (citing *Campbell, Athey & Zukowski v. Thomasson*, 863 F.2d 398, 400 (5th Cir. 1989)); *Beckstrom v. Gilmore*, 886 S.W.2d 845, 847 (Tex. App.—Eastland 1994, writ denied)); *see also AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 520-21 (Tex.

App.—Fort Worth 2009, no pet.) (op. on reh'g) (discussing right to recover in-house attorney's fees). Therefore, we decline to reverse the trial court's award of attorney's fees on this basis. Appellants' ninth issue is overruled.

**Issue 8, Issue 10, and Issue 11: Sanctions**

We consider appellants' eighth, tenth, and eleventh issues together, as they all relate to the trial court's imposition of sanctions against appellants.

Appellants argue, in issue eight, that the trial court erred in awarding sanctions. Appellants claim that appellees failed to request sanctions against any particular plaintiff and that Ghrist makes conclusory statements in his affidavit. In support of these claims, appellants provide two record citations: one to appellees' first amended motion for traditional summary judgment and one to a supporting affidavit from Ghrist. We note that sanctions were not awarded under the motion for summary judgment, but were imposed pursuant to the TCPA. Thus, appellants' arguments are inapposite. Appellants' brief fails to direct us to any evidence supporting this point. *See Most Worshipful Prince Hall Grand Lodge v. Jackson*, 732 S.W.2d 407, 412 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (not appellate court's duty to search record for evidence which may fall within issue presented on appeal).

Appellants also claim that the trial court erred because the order awarding sanctions "fails to set out the particulars, the grounds, or the actions taken that would warrant sanctions." This argument is without merit. The trial court's order on appellees' request for sanctions clearly sets forth that a sanctions award is mandatory when a motion to dismiss is granted under the TCPA, and the court explains the basis for its award. We overrule appellants' eighth issue.

In issue ten, appellants contend that the trial court erred in awarding sanctions jointly and severally against MBH, Anson, AFI, and J. Michael Ferguson, PC. In support of their position, appellants direct the Court to section 41.006 of the Texas Civil Practice and Remedies Code and to one case, *Horizon Health Corp. v. Acadia Healthcare Co.*, 520 S.W.3d 848, 881-883 (Tex. 2017). These authorities establish that a plaintiff seeking exemplary damages must "secure a specific assessment of exemplary damages against each defendant" rather than an award that is joint-and-several in nature. *Id.* at 882. While section 41.006 and the *Horizon Health Corp.* case address the propriety of joint and several exemplary damages, they do not speak to the propriety of joint and several sanctions under the TCPA. Exemplary damages are not the same as sanctions.[10] *See, e.g., McGibney v. Rauhauser*, 549 S.W.3d 816, 836 (Tex. App.—Fort Worth 2018, pet. denied) (explaining that sanctions authorized under TCPA have different purpose than punitive damages). In short, the legal authority on which appellants rely does not support appellants' argument. Additionally, we note that the Second Court of Appeals has upheld a trial court's order that parties pay sanctions jointly and severally. *See Allison v. Conglomerate Gas II, L.P.*, No. 02-13-00205-CV, 2015 Tex. App. LEXIS 9230, at *36-37 (Tex. App.—Fort Worth Aug. 31, 2015, no pet.) (mem. op.). Because appellants cite no applicable authority in support of their tenth issue, appellants have waived this issue on appeal, and we overrule it on that basis. *See* TEX. R. APP. P. 38.1(i).

In issue eleven, appellants assert that the trial court erred in awarding sanctions that are unconstitutionally high. As they did in issue ten, appellants rely on caselaw addressing exemplary damages in support of their argument. Appellants cite no

---

[10] Appellants do not raise any argument that sanctions imposed under the TCPA should be treated as exemplary damages.

applicable authority regarding the constitutionality of sanctions imposed under the TCPA. Nor do appellants include any appropriate record references in support of their argument. Once again, then, appellants have waived their issue on appeal.  *See id.*  Issue eleven is overruled.

## Conclusion

Having overruled each of appellants' issues raised on appeal, we affirm the trial court's judgment.   We decline to sanction appellants in this appeal as requested by appellees.


Judy C. Parker
Justice