**EXHIBIT ANS115**

# EXHIBIT 15

067-311209-19

FILED
TARRANT COUNTY
6/1/2021 12:00 AM
THOMAS A. WILDER
DISTRICT CLERK

**Cause No. 067-311209-19**

| | | |
|---|---|---|
| **MBH REAL ESTATE LLC,** | § | **IN THE DISTRICT COURT** |
| **AFI LOAN SERVICING, LLC,** | § | |
| **ANSON FINANCIAL, INC.,** | § | |
| **J. MICHAEL FERGUSON, P.C.** | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | **67th JUDICIAL DISTRICT** |
| | § | |
| **GHRIST LAW FIRM, PLLC** *ET. AL.* | § | |
| Defendants | § | **TARRANT COUNTY, TEXAS** |

**MOTION TO PLACE MBH REAL ESTATE LLC, AFI LOAN SERVICING LLC, ANSON FINANCIAL INC., AND J. MICHAEL FERGUSON PC INTO POST-JUDGMENT RECEIVERSHIP**

TO THE HONORABLE COURT

COMES NOW, Ian Ghrist and Ghrist Law Firm PLLC, judgment creditors herein, and files this, their Motion for Receivership and would show:

### EXHIBITS

**Exhibit A**: Post-Judgment Discovery Responses

**Exhibit B**: Financial Reports

**Exhibit C**: Opinion in 067-311209-19 in the 67th District Court (transferred from the 141st District Court, prior cause number 141-311209-19)

**Exhibit D**: Charge of the Court in 017-287611-16

**Exhibit E**: Net Worth Affidavit of J. Michael Ferguson and Anson Financial Inc.

**Exhibit F:** Real Estate Records of Judgment Debtors

**Exhibit G:** Hearing in this case on AFI's fees, inter alia

**Exhibit H:** Attorney fee affidavit

## SUMMARY

The Court of Appeals affirmed the judgment of this Court. The mandate is issuing any day now as all deadlines for further contest of the judgment have now expired.

The judgment debtors are currently in contempt of court for failure to respond to post-judgment discovery after being ordered to respond. The judgment debtors are currently incurring a $200.00 per day daily penalty for this noncompliance. They have also been sanctioned twice for non-compliance, once for $500.00 and then for $11,175.00 when the $500.00 proved ineffective. None of these sanctions have been paid.

The judgment debtors own and are in possession of or have control over property and assets, including present or future rights thereto, that cannot readily be attached or levied on by ordinary legal process and that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Specifically, the judgment debtors are servicing and collecting the payments from the mortgage loans and properties defined in Exhibit D as the "MBH Portfolio." Furthermore, Anson Financial Inc. (hereinafter "Anson") manages assets of an approximate value of $17.2 million.[1] Anson owns and holds numerous mortgages.[2] Anson collects the monthly payments on those mortgages, tens of thousands of dollars' worth monthly, and has remitted none of those funds to pay the sanctions levied against it or any portion of the judgment.

The mortgages are non-exempt property. The fees collected by Anson Financial Inc. for servicing the mortgages are also non-exempt property. The cash held by Anson Financial Inc. and the other judgment debtors is also non-exempt property.

---

[1] Ex. E, Paragraph 12.
[2] Ex. F.

## I.    LEGAL STANDARD

A judgment creditor is entitled to a post-judgment receivership "if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a). Unlike a pre-judgment receivership, in a post-judgment receivership, the only issue for the Court to determine is whether the debtor owns non-exempt property or not. Before 2017, the judgment creditor had to prove that the property could not be readily attached or levied on by ordinary legal process, however, the statute was amended to remove the foregoing requirement such that it no longer matters whether the receivership property can readily be attached or levied on by ordinary legal process or not.[3]

The Court need not identify any specific property subject to turnover to the receiver.[4] Instead, the court may order the judgment debtors to turnover all their non-exempt property until such time as the judgment is satisfied.

As a result of the foregoing, the only issue for this Court to determine is whether the judgment debtors "own property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a).

---

[3] *Hamilton Metals, Inc. v. Glob. Metal Services, Ltd.*, 597 S.W.3d 870, 876 (Tex. App.—Houston [14th Dist.] 2019, pet. filed) ("Under the unambiguous language of the amended statute, a judgment creditor no longer has the burden of proving that a judgment debtor's property cannot readily be attached or levied on by ordinary legal process. See Act of May 24, 2017, 2017 Tex. Sess. Law Serv. at 4026.").

[4] "A court may enter or enforce an order under this section that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(h).

## II. STATUS OF JUDGMENT

Case Number Chronology:

| Date | Event | Case Number |
|---|---|---|
| 9/20/2017 | Original Case Filed | 236-295012-17 – this was the original case number |
| 9/17/2018 | Case transferred from 236th District Court to 141st District Court | Case Number changed from 236-295012-17 to 141-295012-17 |
| 06/13/2019 | Sendera Defendants severed into a different case number | All claims related to the Sendera Defendants were severed out of Case Number 141-295012-17 and became Case Number 141-295012-17<br><br>Judgement became final upon severance in the new Case Number |
| 09/16/2019 | Ghrist Defendants severed into a different case number | All claims related to the Ghrist Defendants were severed out of Case Number 141-295012-17 and became Case Number 141-311209-19<br><br>Judgment became final upon severance in the new Case Number |
| 9/24/2018 | Original case ended | The original case with the remaining defendants ended in an order of dismissal with prejudice of Cause Number 141-295012-17 |
| 9/3/2020 | Cause Number 141-311209-19 transferred from 141st District Court to 67th District Court | Case Number changed from 141-311209-19 to 067-311209-19 |

On the 9th day of May, 2019, the 141st Judicial District Court of Tarrant County, Texas, in Cause Number 141-295012-17 styled *MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC v. Ghrist Law Firm PLLC et. al.*, signed an order awarding monetary judgment to Ghrist Law Firm PLLC against MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC. On August 28th, 2020, Judge Chupp of the 141st District Court recused himself and, as a result, the case was transferred to Judge Cosby in the 67th Judicial District Court of Tarrant County, Texas by order signed by David L.

Evans, the Presiding Judge for the Eighth Administrative Judicial Region of Texas, on September 3rd, 2020. The new cause number in the 67th District Court became 067-311209-19. On May 26th, 2020, the 141st Judicial District Court signed an order imposing a monetary sanction on MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC for failure to comply with post-judgment discovery. On November 19th, 2020, the 67th District Court signed an order imposing an additional monetary sanction for the continued failure to comply with post-judgment discovery.

Furthermore, the foregoing lawsuit was originally filed in the 236th Judicial District Court on 9-20-2017 under Cause Number 236-295012-17. On 9-13-2018, Judge Lowe recused, *sua sponte*, resulting in Judge R. H. Wallace, Jr., Acting Presiding Judge for the Eighth Administrative Judicial Region of Texas, signing an order on 9-17-2018 transferring Cause Number 236-295012-17 to Cause Number 141-295012-17 in the 141st Judicial District Court.

The amounts currently due from MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to Ghrist Law Firm PLLC are as follows:

| Order signed 9-11-2019 | $17,043.75 jointly and severally owed by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to Ghrist Law Firm PLLC<br><br>$97,623.75 jointly and severally owed by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to Ghrist Law Firm PLLC<br><br>Subtotal: $114,667.50<br>Interest on Subtotal: $17.28 per day for each day after 9-11-2019<br><br>$6,300.00 owed by Anson Financial Inc. to Ghrist Law Firm PLLC<br><br>$9,197.50 owed by Anson Financial Inc. to Ghrist Law Firm PLLC<br><br>Subtotal: $15,497.50<br>Interest on Subtotal: $2.34 per day for each day after 9-11-2019 |

| | |
|---|---|
| | $10,217.50 owed by MBH Real Estate LLC to Ghrist Law Firm PLLC<br><br>Subtotal: $10,217.50<br>Interest on Subtotal: $1.54 per day for each day after 9-11-2019<br><br>$15,000.00 jointly and severally owed by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to Ghrist Law Firm PLLC<br><br>Subtotal: $15,000.00<br>Interest on Subtotal: $2.26 per day for each day after 12-2-2020 (date of oral argument when most of the work had been completed for the appeal)<br><br>Total owed under the 9-11-2019 order: $155,382.50 plus interest |
| Order signed 5-26-2020 | $500.00 jointly and severally owed by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to Ghrist Law Firm PLLC |
| Order signed 11-19-2020 | $11,175.00 jointly and severally owed by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to Ghrist Law Firm PLLC<br><br>And $200.00 per day jointly and severally owed by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to the Court for each date after 11-19-2020 that MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC fail to comply with the Court's order signed 5/26/2020 |
| | |
| Court costs | $3,731.00 from the spreadsheet filed 1-27-2020 jointly and severally owed by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to Ghrist Law Firm PLLC<br><br>Subtotal: $3,731.00<br>Interest on Subtotal: $0.56 per day since 9-11-2019<br><br>$592.00 paid to Tina Fett on 1-17-2020 for supplemental reporter's record<br>$212.00 paid on or about 1-21-2020 for the supplemental clerk's record<br><br>Subtotal: $804.00<br>Interest on Subtotal: $0.12 per day since 1-21-2020<br><br>Court costs (may continue to accrue and subject to adjustment upon receipt of a bill of costs): $4,535.00 plus interest |
| | |

| | |
|---|---|
| | Total due to Ghrist Law Firm PLLC under all orders to date: $171,592.50 plus interest |
| | |
| | Total due to the Court: $200.00 per day jointly and severally owed by MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC to the Court for each date after 11-19-2020 that MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC fail to comply with the Court's order signed 5/26/2020 |

The judgment debtors include:

| | |
|---|---|
| Anson Financial Inc.<br>62 Main Street, Suite 310<br>Colleyville, Texas 76034<br>817-267-1007<br>Fax 817-485-1117<br>Last three digits of EIN: x741 | MBH Real Estate LLC<br>62 Main Street, Suite 310<br>Colleyville, Texas 76034<br>817-267-1007<br>Fax 817-485-1117<br>Last three digits of EIN: x410 |
| AFI Loan Servicing LLC<br>62 Main Street, Suite 310<br>Colleyville, Texas 76034<br>817-267-1007<br>Fax 817-485-1117<br>Last three digits of EIN: unknown | J Michael Ferguson PC<br>62 Main Street, Suite 310<br>Colleyville, Texas 76034<br>817-267-1007<br>Fax 817-485-1117<br>Last three digits of EIN: x373 |

### III. PROPERTY SUBJECT TO COLLECTIONS

The judgment debtors have stated that the judgment debtor's assets in the MBH Portfolio,[5] generated $748,514.92 in gross income for the past 48 months.[6] Furthermore, the judgment debtors have $600,000.00 in cash on hand. AFI Loan Servicing LLC earns loan servicing fees and has income from loan servicing.[7] As of 7-31-2018, the MBH Portfolio assets

---

[5] As defined in Exhibit D
[6] Ex. A, Answer #23
[7] Ex. G, p. 25 *et. seq.*

held in MBH Real Estate LLC[8] included mortgages with a combined total principal balance of $745,452.21.[9]

J. Michael Ferguson previously signed an affidavit stating that "Anson [Financial Inc.] has been in business for nearly thirty (30) years and currently manages assets of an approximate value of $17.2 million. I am the sole shareholder of Ferguson PC, and my personal net worth is in excess of seven million dollars."[10]

Anson Financial Inc. not only services mortgage loans, but owns numerous mortgages in Tarrant County alone.[11] Anson Financial Inc. owns and services mortgage loans, which are non-exempt assets that may be placed into receivership. Given that all judgment debtors are business entities, all of their property and assets are non-exempt. If the judgment debtors plan to claim an exemption, then they should be ordered to state the basis for the exemption and describe the property that is claimed as being exempt—all with reasonable specificity.

While the receivership statute no longer requires evidence that property of the judgment debtors cannot be readily attached or levied on by ordinary legal process and no longer requires the order to turn over the assets to a receiver to specifically identify any particular assets, these assets, mortgage loans, are not the type of assets that the constable could readily seize and auction off at the courthouse. Probably, a receiver needs to be appointed who can hire a loan servicing company, a bookkeeper, and such other employees and staff as are necessary to take over the collections of the payments on the mortgage loans held by Anson Financial Inc. and the

---

[8] Ex. C, p. 8
[9] Ex. B (2018-7-31 Balance Report)
[10] Ex. E, Paragraph 12
[11] Ex. F. (Ex. F_0129 to Ex F_0147 were produced by the judgment debtors in post-judgment discovery).

assets of the other judgment debtors, including but not limited to the MBH Portfolio and any fees charged or obtained by AFI Loan Servicing LLC or fees due to J. Michael Ferguson PC.

### IV. REQUEST FOR RECEIVERSHIP

Movant asks the Court to appoint an appropriate person as receiver of the property and order judgment debtors to turn over their present and future property and rights to receive property, as well as all documents and records relating to the property, to the receiver. The Court should authorize and empower the receiver to seize or otherwise take possession and control of all of the judgment debtor's right, title, and interest in nonexempt property and to sell property now known or later discovered, manage the business of the judgment debtors to the extend necessary to preserve and maintain the property and assets of the judgment debtors for the benefit of the judgment creditors, collect and disburse proceeds of income-producing property, and seize and compel turnover of bank accounts.

The Court should further authorize and empower the receiver to seize and compel the debtor to turn over all real estate (other than homestead), all bank accounts, all accounts receivable, all instruments, all notes, all deeds of trust, all leases, all cash, all equipment, all software, all business records, all causes of action, all income from business, all nonexempt property held by third party yet subject to the debtor's control, and all shares of stock or other business equity. The Court should further authorize and empower the receiver to sell property to satisfy the judgment or to turn over property to the constable for sale. The Court should finally authorize the receiver and the constable to issue appropriate deeds and such other instruments as necessary to convey the sold property to the buyers of such property. Alternatively, or in addition, Movant requests that the Court order judgment debtors to turn over the property listed above along with all of their other non-exempt property, together with all documents and records related to any of

the judgment debtor's property, to the County Sheriff or the Receiver for sale as under writ of execution and application of the proceeds to the satisfaction of Movant's judgment.

The movant's preferred receivers include, but are not limited to:

1. Jonathan Gitlin
   972-435-4312
   JGitlin@patellegal.com
   1125 Executive Circle, Suite 200
   Irving, Texas 75038

2. Guillermo H. Ramos
   The Ramos Law Firm PLLC
   ghr@theramosfirm.com
   2704 Valley View Lane
   Farmer's Branch, Texas 75234
   Phone: (972) 201-9977
   Fax: (972) 247-3501

3. Brett Jackson Wyatt
   1320 South University Drive Suite 806
   Fort Worth, Texas 76107
   Phone: 817-338-0724
   Fax: 817-338-0769
   bwyatt@GordonSykes.com

## V. ATTORNEY'S FEES AND RECEIVER'S FEES

As a result of the judgment debtor's failure to pay the judgment rendered in this cause, the judgment creditors incurred or will incur attorney's fees. Movant asks to recover the amounts in the attached fee affidavit.[12]

The Receiver should also be awarded and receive, out of the assets of the judgment debtors, a reasonable fee for the Receiver's services. The order on this motion should provide for the Receiver to set aside the judgment debtor's funds and assets to secure payment of the Receiver's fee and allow the Receiver to deposit the judgment debtor's assets into this Court's registry.

---

[12] Ex. H

## VI.    PRAYER

WHEREFORE, Movant requests that the Court:

After notice and hearing, grant this motion, award the relief referenced in the proposed order filed contemporaneously herewith, and:

   a. Appoint a qualified person as Receiver for the property described in this motion.

   b. Order judgment debtors, and J. Michael Ferguson (their agent, controlling person, and attorney), to turn over and deliver to the Receiver or to the constable, without delay, all of their property and evidence related to their property and all documents relating to or evidencing Defendant's interest in that property.

   c. Direct and empower the receiver to possess, control, and deal with the property as set out in this motion or otherwise so as to apply the property toward satisfaction of Movant's judgment or the Receiver's compensation, or other costs.

   d. Render judgment against judgment debtors in favor of Movant for attorney's fees as requested, together with interest as allowed by law, costs of suit, and such other and further relief as to which Movant may be entitled.

   e. Furthermore, the $5,150 in fees from the 1/25/2021-filed motion in this case are still under advisement and we ask those fees to be added on to the amounts due hereunder.

Respectfully submitted,

GHRIST LAW FIRM PLLC

____/s/ Ian Ghrist_____
Ian Ghrist
SBOT No. 24073449
4016 Gateway Drive Suite 130
Colleyville, Texas 76034
Phone (817) 778-4136
Fax (817) 900-2863
ian@ghristlaw.com
Attorney for Ian Ghrist and Ghrist Law Firm PLLC

## Certificate of Service

I hereby certify that on this the 30th day of May, 2021, this instrument was served upon the following by electronic service, and to the rest of the electronic service list for the case.

| | |
|---|---|
| MBH Real Estate LLC, AFI Loan Servicing LLC, Anson Financial Inc., and J. Michael Ferguson PC<br>62 Main Street, Suite 310<br>Colleyville, Texas 76034<br>by their Attorney, J. Michael Ferguson<br>legal@fnalegal.com | ___/s/ Ian Ghrist_____<br>Ian Ghrist |

## Certificate of Conference

Mr. Ferguson stated that, instead of complying with his post-judgment obligations, he plans to file a federal court lawsuit seeking a stay of all state court proceedings against him and his companies for reasons that he was unable to articulate. As such, this motion is presented as being opposed.

___/s/ Ian Ghrist_____
Ian Ghrist

## Verification

My name is Ian Ghrist. My date of birth is 1983. My address is 4016 Gateway Drive, Suite 130, Colleyville, Texas 76034. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tarrant County, State of Texas, on the 30th day of May, 2021.

___/s/ Ian Ghrist__
Ian Ghrist