Exhibit ANS145 - Page 1 of 29

FILED
TARRANT COUNTY
4/17/2019 4:28 PM
THOMAS A. WILDER
DISTRICT CLERK

141-295012-17

## CAUSE NO. 141-295012-17

| | | |
|---|---|---|
| MBH REAL ESTATE, LLC, | § | IN THE DISTRICT COURT |
| AFI LOAN SERVICING, LLC, | § | |
| ANSON FINANCIAL, INC. | § | |
| J. MICHAEL FERGUSON, P.C. | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | 141ST DISTRICT COURT |
| | § | |
| IAN GHRIST, GHRIST LAW | § | |
| FIRM, PLLC, SHAWN COKER, | § | |
| NEIGHBORHOOD PARTNER, | § | |
| INC., BLUE MOON REALTY | § | |
| GROUP, LLC AND WIZARD | § | |
| FUNDING, LLC, SILVER STAR | § | |
| TITLE, LLC DBA SENDERA | § | |
| TITLE, ELIZABETH ESPINO, | § | |
| KATHY E. MONTES, and LUCY | § | |
| OLIVAS | § | |
| *Defendants* | § | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' SIXTH AMENDED PETITION AND
## REQUEST FOR DISCLOSURE

**TO THE HONORABLE COURT:**

Plaintiff's, AFI Loan Servicing, LLC ("AFI") and MBH Real Estate, LLC ("MBH"), file this Plaintiffs' Sixth Amended Petition and Request for Disclosure against Defendant IAN GHRIST, GHRIST LAW FIRM, PLLC, SHAWN COKER, NEIGHBORHOOD PARTNER, INC., BLUE MOON REALTY GROUP, LLC, WIZARD FUNDING, LLC, SILVER STAR TITLE, LLC D/B/A SENDERA TITLE, ELIZABETH ESPINO, KATHY E. MONTES, and LUCY OLIVAS, CATHERINE COKER and SALVADOR ESPINO & ASSOCIATES, LLC in support would show:

## DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Discovery Control Plan Level 3. *See* Tex. R. Civ. P. 190.

## PARTIES

2.     Plaintiff, MBH Real Estate, LLC (also referred to herein as MBH) is a Texas Limited Liability Company located in Tarrant County with its principal place of business at 62 Main Street, Suite 310, Colleyville, Texas 76034.

3.     Plaintiff, AFI Loan Servicing, LLC (also referred to herein as AFI) is a Texas Limited Liability Company located in Tarrant County with its principal place of business at 62 Main Street, Suite 300, Colleyville, Texas, 76034.

4.     Plaintiff, ANSON FINANCIAL, INC. (also referred to herein as ANSON) is a domestic corporation located in Tarrant County with its principal place of business at 62 Main Street, Suite 300, Colleyville, Texas, 76034.

5.     Plaintiff, J. MICHAEL FERGUSON, P.C. (also referred to herein as JMF) is a domestic professional corporation located in Tarrant County with its principal place of business at 62 Main Street, Suite 300, Colleyville, Texas, 76034.

6.     Defendant IAN GHRIST is an individual residing in Tarrant County, Texas.  Ian Ghrist has made a pro se appearance and is being served with a copy of this petition by e-file.

7.     Defendant, GHRIST LAW FIRM, PLLC (hereafter referred to as GHRIST LAW) is a Texas Professional Limited Liability Company with its principal place of business located in Tarrant County, Texas.  GHRIST LAW has made an appearance and is being served with a copy of this petition by serving its attorney, Ian Ghrist, via e-file.

8.     Defendant Shawn Coker, an Individual located in Tarrant County.  SHAWN COKER has made an appearance and is being served with a copy of this petition by e-file by serving his new attorney of record Anthony Cuesta of Decker Jones, P.C., 801 Cherry Street, Unit #46, Burnett Plaza, Suite 2000, Fort Worth, Texas 76102 via e-file.

9.      Defendant Blue Moon Realty Group, LLC, a Texas Limited Liability Company located in Tarrant County.   Defendant Blue Moon Realty Group, LLC has made an appearance and is being served with a copy of this petition by e-file by serving its new attorney of record Anthony Cuesta of Decker Jones, P.C., 801 Cherry Street, Unit #46, Burnett Plaza, Suite 2000, Fort Worth, Texas 76102 via e-file.

10.     Defendant Wizard Funding, LLC, a Texas Limited Liability Company located in Tarrant County.  Wizard Funding, LLC has made an appearance and is being served with a copy of this petition by e-file by serving its new attorney of record Anthony Cuesta of Decker Jones, P.C., 801 Cherry Street, Unit #46, Burnett Plaza, Suite 2000, Fort Worth, Texas 76102 via e-file.

11.     Defendant Neighborhood Partner, Inc., a Texas Corporation located in Tarrant County. Neighborhood Partner, Inc. has made an appearance and is being served with a copy of this petition by e-file by serving its new attorney of record Anthony Cuesta of Decker Jones, P.C., 801 Cherry Street, Unit #46, Burnett Plaza, Suite 2000, Fort Worth, Texas 76102 via e-file.

12.     Defendant, Silver Star Title, LLC dba Sendera Title (hereafter referred to as SENDERA TITLE) is a Texas Limited Liability Company located in Dallas County, Texas. SENDERA TITLE has made an appearance and is being served with a copy of this petition by e-file by serving its attorneys of record Roland Johnson of HARRIS, FINLEY & BOGLE, P.C., 777 Main Street, Suite 1800, Fort Worth, Texas 76102 and Salvador Espino, 1205 North Main Street, Fort Worth, Texas 76164 via e-file.

13.      Defendant Elizabeth Espino, an individual residing in Tarrant County,  Defendant Elizabeth Espino has made an appearance and is being served with a copy of this petition

by e-file by serving her attorneys of record Roland Johnson of HARRIS, FINLEY & BOGLE, P.C., 777 Main Street, Suite 1800, Fort Worth, Texas 76102 and Salvador Espino, 1205 North Main Street, Fort Worth, Texas 76164 via e-file.

14. Defendant Kathy Espino Montes, an individual residing in Tarrant County. Defendant Kathy Montes has made an appearance and is being served with a copy of this petition by e-file by serving her attorneys of record Roland Johnson of HARRIS, FINLEY & BOGLE, P.C., 777 Main Street, Suite 1800, Fort Worth, Texas 76102 and Salvador Espino, 1205 North Main Street, Fort Worth, Texas 76164 via e-file.

15. Defendant Lucy Olivas, an individual residing in Tarrant County, Texas. Defendant Lucy Olivas has made an appearance and is being served with a copy of this petition by e-file by serving her attorneys of record Roland Johnson of HARRIS, FINLEY & BOGLE, P.C., 777 Main Street, Suite 1800, Fort Worth, Texas 76102 and Salvador Espino, 1205 North Main Street, Fort Worth, Texas 76164 via e-file.

16. Defendant Catherine Coker, an Individual residing in Tarrant County, Texas. Catherine Coker has made an appearance in this matter and is being served through her counsel of record, Anthony Cuesta of Decker Jones, P.C., 801 Cherry Street, Unit #46, Burnett Plaza, Suite 2000, Fort Worth, Texas 76102 via e-file.

17. LAW OFFICE OF SALVADOR ESPINO, PLLC, is a Texas Professional Limited Liability Corporation who may be served with process through its registered agent, Salvador Espino, at 1205 North Main Street, Fort Worth, Texas 76164 or any place he may be found.

## JURISDICTION AND VENUE

18. The district court has jurisdiction over this cause of action because it is within the jurisdictional limits of the court.

19. Venue in Tarrant County is proper under the Civil Practice and Remedies Code because:

   a) Pursuant to 15.011 of the Tex. Civ. Prac. & Rem. Code because this lawsuit involves an action for recovery of real property or an estate or interest in real property, or to quiet title to real property and Tarrant County is the county in which the real property is located;

   b) Pursuant to 15.017 of the Tex. Civ. Prac. & Rem. Code, Tarrant County is the county in which this suit must be brought because the lawsuit involves a claim of libel or slander and because at the election of Plaintiffs, Tarrant County is the county in which one or more defendants resided at the time filing suit, and/or Tarrant County is the county of residence of one or more defendants or is the domicile of any corporate defendant.

   c) Pursuant to 15.002(a)(1) of the Tex. Civ. Prac. & Rem. Code, Tarrant County is the county in which all or a substantial part of the events giving rise to the claim occurred;

   d) Pursuant to 15.002(a)(2) of the Texas Civil Practice and Remedies Code, Tarrant County is the county of residence for one or more of the Defendants who are natural persons at the time the cause of action accrued;

   e) Pursuant to 15.002(a)(3) of the Tex. Civ. Prac. & Rem. Code, Tarrant County is the county of the principal place of business for one or more Defendants who are not natural persons.

20. Pursuant to Tex. R. Civ. P. 47, Plaintiff states that the damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief over monetary relief over $200,000 but not more than $1,000,000.

## ASSUMED NAMES; AGENTS AND EMPLOYEES

21. Pursuant to Rule 28 of the of the Tex. R. Civ P., Plaintiffs are suing any partnership, unincorporated association, private corporation, or individual whose name contains the words or who does business under or as:

a)   GHRIST LAW FIRM, PLLC;

b)   SILVER STAR TITLE, LLC DBA SENDERA TITLE;

c)   NEIGHBORHOOD PARTNER, INC.;

d)   BLUE MOON REALTY GROUP, LLC; and

e)   WIZARD FUNDING, LLC.

f)   LAW OFFICE OF SALVADOR ESPINO, PLLC

22. Whenever alleged in this Petition that any non-natural Defendant did or failed to do any act or thing, it is meant that such Defendant's vice-principals, directors, officers, managers, members, agents, servants, employees, representatives and/or contractors subject to such Defendant's control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's directors, officers, managers, members, agents, servants, employees, representatives and/or contractors subject to such Defendant's control, making that Defendant responsible and liable for all such conduct. Plaintiffs invoke the doctrine of *respondeat superior*.

23.     Whenever alleged in this Petition that THE GHRIST DEFENDANTS did or failed to do any act or thing, it is meant that IAN GHRIST and GHRIST LAW FIRM, PLLC did or failed to do the act(s) or thing(s).   Further, at all relevant times, Defendant IAN GRIST was a vice-principal, member, employee, and/or agent of Defendant GHRIST LAW FIRM, PLLC. In committing the acts and omissions alleged herein, Defendant IAN GRIST acted in the course and scope of his agency and/or employment with and/or as a vice-principal, member, employee of GHRIST LAW FIRM, PLLC and was acting with the consent, permission, authorization and knowledge of Defendant GHRIST LAW FIRM, PLLC.

24.     At all relevant times, Defendants ELIZABETH ESPINA, KATHY MONTES and LUCY OLIVAS were employees and agents of Defendant LAW OFFICE OF SALVADOR ESPINO, PLLC or SENDERA TITLE. In committing the acts and omissions alleged herein, Defendants ELIZABETH ESPINA, KATHY MONTES and LUCY OLIVAS acted in the course and scope of their agency and/or employment with LAW OFFICE OF SALVADOR ESPINO, PLLC or SENDERA TITLE. and was acting with the knowledge, consent, permission, authorization and knowledge of Defendant LAW OFFICE OF SALVADOR ESPINO, PLLC  or SENDERA TITLE.

25.     Whenever alleged in this Petition that THE COKER DEFENDANTS did or failed to do any act or thing, it is meant that SHAWN COKER, individually, CATHERINE COKER, and NEIGHBORHOOD PARTNER, INC.; BLUE MOON REALTY GROUP, LLC; and WIZARD FUNDING, LLC. did or failed to do the act(s) or thing(s).  Further, at all relevant times, Defendant SHAWN COKER and CATHERINE COKER were acting not only in their individual capacity, but also as a vice principal, owner, officer, director, managing member, member, employee, and/or agent of Defendant NEIGHBORHOOD PARTNER,

INC., Defendant BLUE MOON REALTY GROUP, LLC, Defendant WIZARD FUNDING, LLC, Defendant IAN GHRIST, and for Defendant GHRIST LAW.

26.    In committing the acts and omissions alleged herein, Defendant SHAWN COKER and CATHERINE COKER acted not only in their individual capacity, but also in the course and scope of their agency and/or employment with and/or as a statutory employee of Defendant NEIGHBORHOOD PARTNER, INC., Defendant BLUE MOON REALTY GROUP, LLC, Defendant WIZARD FUNDING, LLC.

27.    Further, Defendant IAN GHRIST and for Defendant Ghrist Law Firm, PLLC and was acting with the knowledge, consent, permission, authorization and knowledge of Defendant NEIGHBORHOOD PARTNER, INC., Defendant BLUE MOON REALTY GROUP, LLC, Defendant WIZARD FUNDING, LLC, Defendant IAN GHRIST and/or Defendant GHRIST LAW FIRM, PLLC.    Moreover, Defendant NEIGHBORHOOD PARTNER, INC., Defendant BLUE MOON REALTY GROUP, LLC, Defendant WIZARD FUNDING, LLC, Defendant IAN GHRIST and/or Defendant GHRIST LAW FIRM, PLLC have ratified the acts and omissions of IAN GHRIST and GHRIST LAW.

---

**FOR THE COURT ONLY**

28.    Plaintiff J. MICHAEL FERGUSON, P.C. has filed a non-suit of its claims against Defendant IAN GHRIST and a nonsuit of its claims against GHRIST LAW FIRM, PLLC. Therefore, nothing in this petition is intended or should be construed as asserting any claims for affirmative relief by Plaintiff J. MICHAEL FERGUSON, P.C. against IAN GHRIST or GHRIST LAW FIRM, PLLC.

---

## DESCRIPTION OF THE PROPERTY & SETTLEMENT

29.     The Purselley Property at issue in this lawsuit is commonly known as 2420 Purselley Ave., Fort Worth, Texas (hereafter referred to as The Purselley Property) is located in Tarrant County, Texas.  The legal and common description of The Purselley Property is:

> **Lot 23, Block 1, W. B. Moncrief Addition, an Addition to the City of Fort Worth, Tarrant County, Texas according to the Plat recorded in Volume 388-F, Page 471, Deed Records of Tarrant County, Texas. (commonly known as 2420 Purselley Ave., Fort Worth, Texas 76112)**

30.     The Settlement at issue in this lawsuit refers to the Settlement Agreement and Release ("Agreement") executed by J. Michael Ferguson and Plaintiffs J. Michael Ferguson, PC and Anson Financial, Inc., as "Purchasers" on July 28, 2016.   THE COKER DEFENDANTS, Shawn Coker, Neighborhood Partners, Inc., Blue Moon Realty Group, LLC and Wizard Funding, LLC executed the Agreement on July 28, 2016 as the "Sellers". The Agreement by definition shall include all Transfer of Liens and Allonges that were executed as part of the Agreement.  It shall also include the Transfer of Judgment that was executed as part of the Agreement and which was filed of record under Instrument Number D216299058 in the Deed Records of Tarrant County, Texas.

## BACKGROUND

31.     This lawsuit arises from the agreements between J. Michael Ferguson, PC and the COKER DEFENDANTS' in J. Michael Ferguson, PCs' representation of the COKER DEFENDANTS in Cause No. 236-248435-10 and in Cause No. 236-269254-13 in a case styled Shawn Coker, Neighborhood Partner, Inc., Blue Moon Realty Group, and Wizard Funding, LLC v. David C. Boles, Metro Buys Homes, LLC, Metro Affordable Homes, Inc., and Metro Buys Homes, II, LLC (hereafter the "Boles Lawsuit").

32.     The Court in Cause No. 236-248435-10 of the Boles Lawsuit entered a Interlocutory Summary Judgment on or about May 15, 2013.  The Court then entered an Order Granting Plaintiff's Motion to Sever Claims which severed the portion of Cause No. 236-248435-10 in which the court granted Plaintiff's Interlocutory Summary Judgment signed on May 15, 2013 in Cause No. 236-248435-10 into Cause No. 236-269254-13.  An Abstract of the Judgment dated January 24, 2014 was filed of record under Instrument Number D214016934 in the Deed Records of Tarrant County, Texas.  These judgments are hereafter collectively referred to herein as the "Metro Buys Homes Judgment."

33.     This lawsuit also arises out of the Settlement Agreement and Release between the Plaintiffs and the COKER DEFENDANTS.  That Settlement Agreement and Release was executed on July 28, 2016 by Plaintiffs and by authorized representatives of the COKER DEFENDANTS.   Specifically, as is shown below the Settlement Agreement was executed by THE COKER DEFENDANTS as follows:

   a.  Shawn Coker, individually;
   b.  Shawn Coker as President of Neighborhood Partner, Inc.;
   c.  Catherine Coker as Managing Member of Blue Moon Realty Group, LLC; and
   d.  Wizard Funding, LLC by Catherine Coker as Managing Member of Blue Moon Realty Group, LLC the managing member of Wizard Funding, LLC.



34.    THE COKER DEFENDANTS conspired with THE GHRIST DEFENDANTS to defraud J. MICHAEL FERGUSON, P.C. and ANSON FINANCIAL, INC as part of a fraud scheme to take over the assets of MBH by threatening a Temporary Restraining Order.

35.    When that action did not work, the COKER DEFENDANTS and THE GHRIST DEFENDANTS then conspired to:

    a)    Have Plaintiffs pay the COKER DEFENDANTS $525,493.08 as part of the Settlement Agreement and Release;

    b)    As part of the fee of $50,000 paid to THE GHRIST DEFENDANTS by THE COKER DEFENDANTS, THE GHRIST DEFENDANTS would sue or threaten to sue the Plaintiffs and attempt to have MBH Real Estate, LLC forced into a Receivership or to force a liquidation of MBH Real Estate, LLC. or otherwise claim the assets of MBH. As part of this plan THE GHRIST DEFENDANTS, who were representing THE COKER DEFENDANTS, asserted that the MBH assets were "NOT" sold, transferred or conveyed to J. Michael Ferguson, P.C. and Anson Financial, Inc. in the Settlement Agreement and Release; and

    c)    Conceal, misrepresent and fail to disclose material facts during the negotiations and execution of the Settlement Agreement and Release. Both THE COKER DEFENDANTS and THE GHRIST DEFENDANTS knowingly and purposely concealed, misrepresented and failed to disclose material facts to put J. Michael Ferguson, P.C. and Anson Financial, Inc. at a disadvantage and to cause financial harm to the J. Michael Ferguson, P.C. and Anson Financial, Inc.

36.    This lawsuit also arises from the agreements and efforts of THE GHRIST DEFENDANTS, THE COKER DEFENDANTS, LAW OFFICE OF SALVADOR ESPINO, PLLC, SENDERA TITLE, ELIZABETH ESPINO, KATHY E. MONTES, and LUCY OLIVAS to defraud Plaintiffs of their interests in The Purselley Property, to convert those funds, and to cause Plaintiffs harm.

37.    As is shown below in greater detail, THE GHRIST DEFENDANTS prepared a fraudulent court record and fraudulent liens (a Partial Release of Judgment for THE COKER DEFENDANTS' signature, and a Release of Lien executed by Ian Ghrist falsely and fraudulently claiming to be a member of MBH Real Estate, LLC) against The Purselley Property to be filed of record in order to cause Plaintiffs financial harm.

## FRAUDULENT RECORD FILING AGAINST REAL PROPERTY, CONVERSION AND CONSPIRACY TO COMMIT FRAUD

38.    MBH and AFI incorporate by reference the above facts herein by reference

39.    MBH and AFI bring this lawsuit against THE GHRIST DEFENDANTS, THE COKER DEFENDANTS, LAW OFFICE OF SALVADOR ESPINO, PLLC , SENDERA TITLE, ELIZABETH ESPINO, KATHY E. MONTES, and LUCY OLIVAS for conversion and for a civil conspiracy to commit fraud which were a proximate and producing cause of MBH's and AFI's financial harm and damages.   MBH and AFI bring this lawsuit against THE GHRIST DEFENDANTS, THE COKER DEFENDANTS, AND SENDERA TITLE for violations of § 12.002(a) of the Texas Civil Practice and Remedies Code which were a proximate and producing cause of MBH's and AFI's financial harm and damages.

40.    MBH and AFI would show that THE GHRIST DEFENDANTS prepared a fraudulent Release of Judgment for THE COKER DEFENDANTS to sign.

41.    Once THE COKER DEFENDANTS signed the fraudulent Partial Release of Judgment, THE GHRIST DEFENDANTS forwarded it to SENDERA TITLE so that the fraudulent Partial Release of Judgment would eventually be filed of record in Tarrant County Clerk.



42.     In addition, THE GHRIST DEFENDANTS also forwarded to SENDERA TITLE a false

payoff figure to SENDERA TITLE.

43.     THE GHRIST DEFENDANTS also forwarded a fraudulent Release of Lien to SENDERA

TITLE.   In the fraudulent Release of Lien, IAN GHRIST falsely and fraudulently

represented that he was a member of MBH Real Estate, LLC with authority to release

MBH's security interest and lien against The Purselley Property.



44.     Despite knowing that the Partial Release of Judgment and the Release of Lien were

fraudulent, LAW OFFICE OF SALVADOR ESPINO, PLLC or SENDERA TITLE

through its agents ELIZABETH ESPINO, KATHY E. MONTES AND LUCY OLIVAS

conspired with THE GHRIST DEFENDANTS and agreed to and in fact filed both

fraudulent liens and documents of record with the Tarrant County Clerk and used such

fraudulent documents with the intent to cause MBH's and AFI's financial harm.  In addition,

SENDERA TITLE closed on The Purselley Property and disregarded Plaintiffs' pay off

instructions and MBH's interests in The Purselley Property.

45.     MBH and AFI therefore bring this lawsuit against THE GHRIST DEFENDANTS, THE

COKER DEFENDANTS, and LAW OFFICE OF SALVADOR ESPINO, PLLC  and/or

SENDERA TITLE each of whom violated §12.002(a) of the Tex. Civ. Prac. and Rem.

Code.  Pursuant to §12.002(a) a person may not make present, or use a document or other

record with:

    a.     Knowledge that the document or other record is a fraudulent court record or a
        fraudulent lien or claim against real or personal property or an interest in real or
        personal property.
    b.     Intent that the document or other record be given the same legal effect as a court
        record or document of a court created by or established under the constitution or laws
        of this state or the United States or another entity listed in Section 37.01, Penal Code,
        evidencing a valid lien or claim against real or personal property or an interest in real
        or personal property; and
    c.     Intent to cause another person to suffer financial injury.

46.     Defendants conduct is a proximate and producing cause of MBH's and AFI's financial

injuries and damages for which MBH and AFI sue together with all applicable statutory

penalties and attorney's fees.

**FRAUD BY NON-DISCLOSURE**

47.     Plaintiffs incorporate by reference the above facts herein by reference.

48. In June of 2016, the COKER DEFENDANTS entered into negotiations with the Plaintiffs

to sell THE COKER DEFENDANTS'  interest in MBH Real Estate, LLC and in the Metro

Buys Homes' Judgement dated January 24, 2014, being filed of record under Instrument

Number D214016934, Real Property Records of Tarrant County, Texas to J. Michael

Ferguson, P.C. and to Anson Financial, Inc.

49.     Shawn Coker was a Managing Member of MBH Real Estate, LLC and Shawn Coker had

a duty to disclose all the facts to the Plaintiffs regarding the Settlement Agreement and

Release and sale and purchase of Shawn Coker's Interest in MBH.  Shawn Coker was also

President of Neighborhood Partner, Inc. and Shawn Coker had a duty to disclose all the facts to the Plaintiffs regarding the sale and purchase related to the Settlement Agreement and Release.

50.    Catherine Coker was the Managing Member of Blue Moon Realty Group, LLC and Catherine Coker had a duty to disclose all the facts to the Plaintiffs regarding the sale and purchase related to the Settlement Agreement and Release.  Blue Moon Realty Group, LLC is a Managing Member and Director of Wizard Funding, LLC.  Catherine Coker was the Managing Member of Blue Moon Realty Group, LLC.  Therefore, Catherine Coker had a duty to disclose all the facts to the Plaintiffs regarding the sale and purchase related to the Settlement Agreement and Release on behalf of Wizard Funding, LLC.

51.    THE COKER DEFENDANTS concealed and/or failed to disclose material facts to the transaction.  The concealment and non-disclosure of such facts has caused financial harm to MBH Real Estate, LLC.

52.    THE COKER DEFENDANTS knew the Plaintiffs were not aware of the fact that THE GHRIST DEFENDANTS were secretly representing THE COKER DEFENDANTS.  THE COKER DEFENDANTS paid THE GHRIST DEFENDANTS to breach fiduciary duties owed by THE GHRIST DEFENDANTS to Anson Financial, Inc. and to J. Michael Ferguson, P.C. in this transaction.   THE GHRIST DEFENDANTS failed to disclose their representation of THE COKER DEFENDANTS and numerous conflicts of interest.  As a result, ANSON FINANCIAL, INC. and J. MICHAEL FERGUSON, P.C. did not have an equal opportunity to discover the true facts because THE COKER DEFENDANTS and THE GHRIST DEFENDANTS concealed the facts and failed to disclose material facts

surrounding the purchase of Shawn Coker's interest in MBH as well as the purchase of

THE COKER DEFENDANTS' interest in the Metro Buys Homes' Judgment.

53.  THE COKER DEFENDANTS were deliberately silent about the numerous material facts

involving THE GHRIST DEFENDANTS, including, but not limited to:

a.  The plan to allege that Ian Ghrist and/or Ghrist Law Firm, PLLC is an owner or
member of MBH;
b.  The plan to allege that Ian Ghrist and/or Ghrist Law Firm, PLLC claim to have an
ownership interest in the Metro Buys Homes' Judgment;
c.  The plan to allege that Ian Ghrist and/or Ghrist Law Firm, PLLC claim to have an
ownership interest in the assets of MBH;
d.  The plan take over MBH after the completing the Settlement Agreement and
Release and receiving the $525,493.08 for the sale of MBH.

54. THE COKER DEFENDANTS and THE GHRIST DEFENDANTS deliberately remained

silent about these plans.

55.  THE COKER DEFENDANTS failed to disclose:

a.  That Coker was acting as an agent on behalf of THE GHRIST DEFENDANTS;
b.  That THE GHRIST DEFENDANTS were secretly representing THE COKER
DEFENDANTS in the negotiations for the Settlement Agreement and Release with
and against the Plaintiffs,
c.  That THE COKER DEFENDANTS and THE GHRIST DEFENDANTS were
sharing with each other Plaintiffs' privileged and confidential information;
d.  That THE GHRIST DEFENDANTS were planning to claim to be an owner and
member of MBH;
e.  That THE GHRIST DEFENDANTS were planning to claim an ownership interest
in the Metro Buys Homes' Judgment;
f.  That THE GHRIST DEFENDANTS were planning to claim an ownership interest
in the assets of MBH;
g.  That THE COKER DEFENDANTS and/or THE GHRIST DEFENDANTS were
planning to take over MBH after the completing the Settlement Agreement and
Release and receiving the $525,493.08 for the sale of MBH
h.  THE COKER DEFENDANTS failed to disclose to Plaintiffs that the GHRIST
DEFENDNATS had collected and converted for his own personal use $5,107.51 in
Chesapeake Royalties paid to MBH which THE GHRIST DEFENDANTS offered
with THE COKER DEFENDANTS to the exclusion of Plaintiffs' interest in those
funds.

56.   By concealing material facts and failing to disclose material facts, THE COKER DEFENDANTS intended to induce the Plaintiffs to pay $525,493.08 for THE COKER DEFENDANTS' interests in MBH as well as THE COKER DEFENDANTS interest in the Metro Buys Homes' Judgment.

57.   The Plaintiffs relied on the nondisclosure by THE COKER DEFENDANTS and did in fact pay $525,493.08 to THE COKER DEFENDANTS.

58.   Plaintiffs have been injured by THE COKER DEFENDANTS' and THE GHRIST DEFENDANTS' concealment of material facts and nondisclosure of material facts.

## FRAUD BY MISREPRESENTATION

59.   Plaintiffs incorporate by reference the above facts herein by reference.

60.   The elements of Fraud by Misrepresentation are:

   a.   A material representation was made;
   b.   The representation was false;
   c.   When the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;
   d.   The speaker made the representation with the intent that the other party should act upon it;
   e.   The party acted in reliance on the representation; and
   f.   The party thereby suffered injury.

61.   THE COKER DEFENDANTS misrepresented material facts about the proposed modification to the Settlement Agreement and Release on or about July 25, 2016 in which THE COKER DEFENDANTS and THE GHRIST DEFENDANTS conspired to change the language in the Agreement as follows:

   a.   ¶1.2c. To the extent Shawn Coker held any interest in MBH transfer his interest, **if any,** at the closing to occur on July 29, 2016….

   b.   ¶ 1.4.   No Participation in MBH.  The parties stipulate and agree that (i) the Sellers did not participate in the management of MBH at any time, (ii) the Sellers were not aware of MBH's business transactions at any time, (iii) no share of MBH's income or losses should be allocated to Sellers for 2015 or any subsequent period.  The parties

further stipulate that Coker's alleged interest in MBH, to the extent it exists, is of nominal value.

c.  ¶1 of the "Consent of Members Regarding Transfer of Members Interest Concerning MBH Real Estate, LLC" the words in red were deleted and the words "purported" and "alleged" were added:

   i.  The undersigned, J. Michael Ferguson, P.C., and Shawn Coker, the sole purported members of MBH Real Estate, LLC, a Texas Limited Liability Company (the **"Company"),** hereby acknowledge the receipt of a true and correct copy of the *Transfer of Member Interests Concerning MBH Real Estate, LLC,* which documents the transfer by Coker as Transferor, of his alleged Fifty Percent (50.00%) ownership interest in the Company to Anson Financial, Inc., as Transferee. The Members approve of the transfer of Coker's Fifty Percent (50.00%) ownership interest in the Company and acknowledge that as a result of the transfer set forth in the *Transfer of Member Interests Concerning MBH Real Estate, LLC,* Coker is relinquishing his entire alleged ownership interest in the Company and Anson Financial, Inc., is acquiring that entire interest.

d.  The "Transfer of Member Interests concerning MBH Real Estate, LLC" was modified by THE COKER DEFENDANTS and THE GHRIST DEFENDANTS with the items in red being deleted and the items in blue being inserted:

   i.  In exchange for the sum of $525,493.08, and other good and valuable consideration described in the Settlement Agreement and Release, the undersigned, **SHAWN COKER,** does hereby transfer and assign to **ANSON FINANCIAL, INC.,** Fifty Percent (50%) of the Member Interests in ***MBH Real Estate, LLC,*** which represents all of the Member Interests in ***MBH Real Estate, LLC,*** that have been purportedly issued to **SHAWN COKER** as of the date of this *Transfer of Member Interests.* In this transfer, Shawn Coker hereby disclaims any and all interests in MBH Real Estate, LLC. SHAWN COKER warrants that the units of the Member Interests being transferred and assigned to **ANSON FINANCIAL, INC.,** constitute Fifty Percent (50%) of the Member Interests in ***MBH Real Estate, LLC,*** and all of the Member Interests in ***MBH Real Estate, LLC*** that have been issued to SHAWN COKER as of the date of this transfer SHAWN COKER also hereby consents and agrees to defend title to the units of the Member Interests in ***MBH Real Estate, LLC,*** that are being transferred by this document to **ANSON FINANCIAL, INC.**

62.  THE COKER DEFENDANTS misrepresented that the changes were being made for tax purposes only.  However, the representation was false.  THE GHRIST DEFENDANTS

and THE COKER DEFENDANTS conspired to make these modifications so THE GHRIST DEFENANTS could asset a fraudulent claim that J. Michael Ferguson unilaterally set up MBH Real Estate, LLC.  Therefore, THE GHRIST DEFENDANTS and THE COKER DEFENDANTS inserted the words "*Purported*" and "*Alleged*" into the agreements on the false pretense that it was for tax purposes.

63.   THE COKER DEFENDANTS further misrepresented their intent and reasoning behind the modification that THE GHRIST DEFENDANTS and THE COKER DEFENDANTS conspired to make to the "Transfer of Member Interest concerning MBH Real Estate, LLC" on July 25, 2016.

64.   When the representation was made, THE COKER DEFENDANTS knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion.

65.   THE COKER DEFENDANTS made the representation with the intent that the Plaintiffs would act upon it. The Plaintiffs refused to allow the language that Coker did not participate in the management of MBH and did not have any knowledge as these material facts were completely false.

66.   Plaintiffs acted in reliance on the representation by allowing the words "purported" and "alleged" to remain in the agreement and paid THE COKER DEFENDANTS the sum of $525,493.08.

67.   The actions of SHAWN COKER and of CATHERINE COKER are outside the course and scope of their duties as members, officers or directors of NEIGHBORHOOD PARTNER, INC., BLUE MOON REALTY GROUP, LLC, and WIZARD FUNDING, LLC.

68.   Further, CATHERINE COKER, is the managing member of BLUE MOON REALTY GROUP, LLC. and is therefore a vice-principal of BLUE MOON REALTY GROUP, LLC.

69.     Further, BLUE MOON REALTY GROUP, LLC is a member of WIZARD FUNDING, LLC. and is therefore a vice-principal of WIZARD FUNDING, LLC.

70.     The actions of CATHERINE COKER in fraudulently executing the Settlement Agreement and Release as a managing member of BLUE MOON REALTY GROUP, LLC, and in fraudulently executing the Settlement Agreement and Release on behalf of WIZARD FUNDING, LLC through CATHERINE COKER as the authorized representative of WIZARD FUNDING, LLC's member BLUE MOON REALTY GROUP, LLC are actions which have been ratified and approved by those entities.

71.     Plaintiffs have suffered damages due to the misrepresentations made and continue to suffer damages.

## EXEMPLARY DAMAGES AGAINST THE COKER DEFENDANTS

72.     Plaintiffs incorporate by reference the above facts herein by reference.

73.     The above-mentioned acts and omissions THE COKER DEFENDANTS were of such malicious character as to make THE COKER DEFENDANTS guilty of malice. THE COKER DEFENDANTS' acts and omissions when viewed objectively from the standpoint of such Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.   THE COKER DEFENDANTS had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights of Plaintiffs.   THE COKER DEFENDANTS' acts and omissions of malice involve such entire want of care as could only have resulted from actual conscious indifference to the rights of Plaintiffs, and were a proximate cause of the incident in question and of the damages alleged herein.

74.     As a result of THE COKER DEFENDANTS' acts and omissions, Plaintiffs seek exemplary damages.

**THE COKER DEFENDANTS' BREACHES OF FIDUCIARY DUTIES**

75.  MBH incorporates by reference the above facts herein by reference

76.  MBH brings this lawsuit against SHAWN COKER for his acts and omissions which constitute breaches of fiduciary duties owed by SHAWN COKER to MBH which were a proximate or producing cause of MBH's financial harm and damages.

77.  During the time of the events in question, SHAWN COKER was a managing member of MBH.  As a Managing Member, SHAWN COKER owed MBH fiduciary duties.  While acting as a Managing Member for MBH, SHAWN COKER:

   a)   had conflicts of interest with MBH which SHAWN COKER failed to disclose and which MBH did not consent to waive;
   b)   knowingly and intentionally took steps to defraud MBH,
   c)   Knowingly and intentionally took steps to conceal fraudulent activities of THE GHRIST DEFENDANTS which caused financial harm to MBH.
   d)   knowingly and intentionally took actions against the best interests of MBH; and
   e)   Acted with a malicious intent to conspire with THE GHRIST DEFENDANTS to cause financial harm to MBH.

**EXEMPLARY DAMAGES AGAINST THE GHRIST DEFENDANTS**

78.  Plaintiff MBH incorporates by reference the above facts herein by reference

79.  The above-mentioned acts and omissions THE GHRIST DEFENDANTS were of such malicious character as to make THE GHRIST DEFENDANTS guilty of fraud.

80.  THE GHRIST DEFENDANTS' acts and omissions when viewed objectively from the standpoint of such Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

81.  THE GHRIST DEFENDANTS had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights of Plaintiffs.

Exhibit ANSI 43 - Page 29 of 29

82.   THE GHRIST DEFENDANTS' acts and omissions of malice involve such entire want of care as could only have resulted from actual conscious indifference to the rights of Plaintiffs, and were a proximate cause of the incident in question and of the damages alleged herein.

83.   As a result of THE GHRIST DEFENDANTS' acts and omissions, Plaintiff MBH seeks exemplary damages.

**LAW OFFICE OF SALVADOR ESPINO, PLLC AND
SENDERA TITLE'S NEGLIGENCE**

84.   AFI and MBH incorporate by reference the above facts herein by reference

85.   Pleading in the alternative, AFI and MBH also bring this lawsuit against Defendant LAW OFFICE OF SALVADOR ESPINO, PLLC and Defendant SENDERA TITLE for their negligence in the closing of The Purselley Property.

86.   LAW OFFICE OF SALVADOR ESPINO, PLLC and SENDERA TITLE were negligent because LAW OFFICE OF SALVADOR ESPINO, PLLC and SENDERA TITLE knew, or in the exercise of ordinary care, should have known, that:

a)   THE COKER DEFENDANTS held no interest in The Purselley Property at the time they executed the fraudulent Release of Judgment;

b)   The Release of Judgment was fraudulent;

c)   The payoff figure forwarded to SENDERA TITLE by THE GHRIST DEFENDANTS was not a valid payoff statement and that it was so insufficient and unclear that SENDERA TITLE could not rely upon such statement;

d)   It needed to verify the validity of all claims and liens being asserted against The Purselley Property;

e)   THE GHRIST DEFENDANTS were not members of MBH;

f)   THE GHRIST DEFENDANTS had no authority to forward a payoff figure concerning The Purselley Property;

g)   THE GHRIST DEFENDANTS had no authority to sign a Release of Lien concerning The Purselley Property;

h)   The Release of Lien was fraudulent;

i)   The proceeds from the closing of The Purselley Property were to be paid to AFI and to MBH;

    j)    Paying or recommend paying the portion of the proceeds that belong to MBH and that SENDERA TITLE should have paid to AFI from the closing on The Purselley Property to anyone other than to AFI and to MBH would cause financial harm to AFI and to MBH;

    k)    Paying or recommend paying the portion of the proceeds that belong to MBH and that SENDERA TITLE should have paid to AFI from the closing into the registry of the 17th District Court without filing an Interpleader action was not a proper payment or resolution of competing interests concerning The Purselley Property.

87.    Nevertheless, LAW OFFICE OF SALVADOR ESPINO, PLLC and SENDERA TITLE, through its agents filed the fraudulent Release of Judgment of record. The negligent acts and omissions of LAW OFFICE OF SALVADOR ESPINO, PLLC and SENDERA TITLE were a proximate cause of Plaintiffs' damages. Such negligence includes, but is not limited to, the following:

    a.    Failing to investigate the claims and liens concerning The Purselley Property;

    b.    Failing to conduct a reasonable investigation of the claims and liens concerning The Purselley Property;

    c.    Failing to determine proper execution, acknowledgment, and delivery of all conveyances, mortgage papers, and other title instruments necessary to consummate a transaction

    d.    Failing to resolve conflicting claims and liens concerning The Purselley Property;

    e.    Accepting any payoff figure from THE GHRIST DEFENDANTS;

    f.    Disregarding the payoff statement provided by AFI;

    g.    Failing to ensure that all proceeds have been properly disbursed;

    h.    Failing to timely and properly pay to AFI the funds from the closing on The Purselley Property;

    i.    Paying the funds into the registry of the Court without filing an Interpleader action; and

        i.    Insuring around MBH's interests in The Purselley Property by willfully issuing a title insurance policy showing no outstanding enforceable recorded liens on the real property when SENDERA TITLE knew an outstanding enforceable recorded lien existed and still exist against The Purselley Property.

        ii.    A title insurance company knows that an outstanding enforceable recorded lien exists against real property if, based on an examination of the title under which the binder for title insurance or title insurance policy is issued, the company determines that the lien is valid and enforceable.

88.    The negligence of SENDERA TITLE was a proximate cause of AFI's and MBH's damages for which they sue.

## LAW OFFICE OF SALVADOR ESPINO, PLLC AND
## SENDERA TITLE'S GROSS NEGLIGENCE & MALICE

89. Plaintiffs incorporate by reference the above facts herein by reference

90. The above-mentioned acts and omissions of negligence on the part of LAW OFFICE OF SALVADOR ESPINO, PLLC AND SENDERA TITLE were of such character as to make LAW OFFICE OF SALVADOR ESPINO, PLLC and SENDERA TITLE guilty of gross negligence. LAW OFFICE OF SALVADOR ESPINO, PLLC and SENDERA TITLE's acts of negligence when viewed objectively from the standpoint of such Defendant involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant LAW OFFICE OF SALVADOR ESPINO, PLLC and Defendant SENDERA TITLE had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights of Plaintiffs. LAW OFFICE OF SALVADOR ESPINO, PLLC and SENDERA TITLE's acts and omissions of malice involve such entire want of care as could only have resulted from actual conscious indifference to the rights, safety, and welfare of Plaintiffs.

91. The respective negligence and gross negligence of Defendant LAW OFFICE OF SALVADOR ESPINO, PLLC and Defendant LAW OFFICE OF SALVADOR ESPINO, PLLC and Defendant SENDERA TITLE was a proximate cause of the incident in question and of the damages alleged herein. As a result of Defendant LAW OFFICE OF SALVADOR ESPINO, PLLC and Defendant SENDERA TITLE's gross negligence, Plaintiffs seek exemplary damages against each such defendant.

## EXEMPLARY DAMAGES AGAINST ESPINO, MONTES & OLIVAS

92. Plaintiffs incorporate by reference the above facts herein by reference

93. Pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code, AFI and MBH bring their claims for exemplary damages for malicious conduct and omissions of ELIZABETH ESPINO, KATHY E. MONTES, and LUCY OLIVAS which conduct was a proximate or producing cause of AFI's and MBH's' financial harm and damages.

94. As a result of ELIZABETH ESPINO, KATHY E. MONTES, and LUCY OLIVAS' acts and omissions, Plaintiffs ANSON, JMF, AFI and MBH seek exemplary damages.

## SUIT FOR DECLARATORY RELIEF

95. Further, MBH brings this Declaratory Judgments Action to determine the rights and interests in The Purselley Property. Pursuant to Chapter 37 of the Tex. Civ. Prac. & Rem. Code, the Declaratory Judgment Act provides that a person interested under a deed, will, written contract, or other writing constituting a contract may have the court determine any question of construction or validity arising under the instrument and obtain a declaration of rights, status, or other legal relations under it. Tex. Civ. Prac. & Rem. Code § 37.004(a).

96. MBH seeks to have this Court declare:

    a) MBH was the true holder of the secured interest in The Purselley Property at the time closing as the holder of the judgment that has been properly filed of record with the Real Property Records of Tarrant County, Texas;

    b) THE COKER DEFENDANTS executed, used, presented and filed a Fraudulent Partial Release of Judgment under Instrument No. D217032046, Real Property Records of Tarrant County, Texas. The Partial Release of Judgment asserts a fraudulent interest in The Purselley Property, and the Partial Release of Judgment is null and void and is of no effect on the chain of title in The Purselley Property.

    c) THE GHRIST DEFENDANTS made, executed, used, presented and filed a Fraudulent Release of Lien under Instrument No. D217060901, Real Property Records of Tarrant County, Texas. The Release of Lien asserts a fraudulent interest in The Purselley Property, and the Release of Lien is null and void and is of no effect on the chain of title in The Purselley Property.

    d) THE COKER DEFENDANTS hold no valid interests or ownership rights in The Metro Buys Homes Judgment, in the Purselley Property, MBH Real Estate, LLC, and did not hold any valid interests or ownership rights in The Purselley Property at the time of the closing; and

e) THE GHRIST DEFENDANTS hold no valid ownership rights in The Metro Buys Homes Judgment, or any valid membership interests or ownership rights in MBH Real Estate, LLC, did not have authority to sign the Release of Lien, do not have authority to sign any legal documents on behalf of MBH Real Estate, LLC, and held no valid interests or ownership rights in The Purselley Property at the time of The Judgment.

97. MBH seeks such declaratory relief, and for the recovery of its equitable and just, reasonable and necessary Attorney Fees which have been incurred in this matter and those fees which, reasonable probability, will be incurred in this matter in the future.

## PLEADING IN THE ALTERNATIVE

98. Plaintiffs incorporate by reference the above facts herein by reference into each of the following causes of action and theory of liability asserted herein.

99. Further, Plaintiffs assert the right to plead in the alternative.

## ATTORNEY'S FEES

100. Plaintiffs MBH and AFI have retained legal counsel and seek recovery of just and equitable, reasonable and necessary attorney's fees, including all such fees and expenses:

a) For preparation and trial;
b) For an appeal to the Court of Appeals;
c) For making or responding to an application for writ of error to the Supreme Court of Texas; and
d) If application for writ of error is granted by the Supreme Court of Texas.

## PLAINTIFFS' DAMAGES

101. As a result of this occurrence, Plaintiffs have suffered financial harm and actual damages.

102. Plaintiff MBH seeks the following damages:

a) Actual, economic damages and financial harm
b) Statutory penalties;
c) Equitable and just, reasonable Attorneys' Fees and expenses, and
d) Exemplary damages.

103. Plaintiff AFI seeks the following damages:

Exhibit ANS143 - Page 29 of 29

    a)    Actual, economic damages and financial harm

    b)    Statutory penalties;

    c)    Reasonable Attorneys' Fees and expenses, and

    d)    Exemplary damages.

104.    Plaintiff JMF seeks the following damages:

    a)    Actual, economic damages and financial harm

    b)    Exemplary damages.

105.    Plaintiff ANSON seeks the following damages:

    a)    Actual, economic damages and financial harm

    b)    Exemplary damages.

106.    By reasons of the above and foregoing, Plaintiffs have been damaged in a sum within the jurisdictional limits of this Court, for which Plaintiffs hereby sue.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and upon final hearing, Plaintiffs have and recover of and from each Defendant, jointly and severally, Plaintiffs' damages, including all actual damages, economic damages, financial harm, and exemplary damages, penalties, and attorneys' fees as permitted by law, together with prejudgment and post-judgment interest at the highest rate permitted by law, plus all costs of Court, and such other and further relief, general and special, at law or in equity, as Plaintiffs may be entitled to receive.

Respectfully submitted,

**THOMAS A. HERALD, P.C.**

By: _____
    Thomas A. Herald
    Texas Bar No. 09499520
    Attorney at Law
    62 Main St., Suite 310
    Colleyville, Texas 76034
    Tel. (817) 756-6437
    Fax. (817) 485-1117
    Email: Tom@TAHeraldPC.com
    Attorney for Plaintiffs
    *MBH REAL ESTATE, LLC*
    *AFI LOAN SERVICING, LLC*
    *ANSON FINANCIAL, INC. and*
    *J. MICHAEL FERGUSON, P.C.*

**J. Michael Ferguson, PC**

By: _____
    James Nathan Richards
    State Bar. No. 24091810
    nate@jmichaelferguson.com
    62 Main Street, Suite 310
    Colleyville, Texas 76034
    817-778-4159 Phone
    817-485-1117 Facsimile

**CERTIFICATE OF SERVICE**

This is to certify that on the 17th day of April, 2019, a true and correct copy of the above and foregoing document was delivered as indicated below to the following party:

**VIA E-FILE**
Ian Ghrist
Ghrist Law Firm, PLLC
2735 Villa Creek Drive, Suite 140
Farmer's Branch, TX 75234

**VIA E-FILE**
Anthony Cuesta
Decker Jones, P.C.
801 Cherry Street, Unit #46
Burnett Plaza, Suite 2000
Fort Worth, Texas 76102

**VIA E-FILE**
Salvador Espino
1205 North Main Street
Fort Worth, Texas 76164

**VIA E-FILE**
Roland Johnson
Harris, Finley & Bogle, P.C.
777 Main Street, Suite 1800
Fort Worth, Texas 76102

JAMES N. RICHARDS