Ian Ghrist, SBOT No. 24073449
GHRIST LAW FIRM, PLLC
4016 Gateway Drive Suite 130
Colleyville, Texas 76034
Phone: 817.778.4136
Fax: 817.900.2863

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **IIN RE** | § | |
| **ANSON FINANCIAL INC.** | § | **Case No. 21-41517-11** |
| | § | **Chapter 11 Case** |
| **Debtor** | § | |

## AFFIDAVIT OF IAN GHRIST

I, Ian Ghrist, declare as follows: Myself and Ghrist Law Firm PLLC are creditors holding judgments that are no longer appealable. I have personal knowledge of the allegations herein, except where otherwise indicated, or where the allegations reference documents or other sources of information not my own. The exhibits attached to the Appendix are true and correct copies.

1. I do not consent to the bankruptcy court determining any issues raised by the Debtor or by MBH Real Estate LLC; J. Michael Ferguson; or AFI Loan Servicing LLC or any other company owned, operated, or controlled by J. Michael Ferguson in this bankruptcy case.

2. I was a post-judgment turnover receiver under the Texas turnover statute (Tex. Civ. Prac. & Rem. Code § 31.002) in Case Number 236-269254-13 in the 236th Judicial District Court of Tarrant County, Texas, which was later transferred to the 141st District Court under Cause Number 141-269254-13. I was not a pre-judgment receiver under the Texas Pre-Judgment Receivership Statute (hereinafter the "TPJRS") (Tex. Civ. Prac. & Rem. Code § 64.021).

3. At all relevant times before, during, and after such receivership, I was a Texas citizen and qualified voter in Texas. I lived in Tarrant County and was registered to vote there.

4. The judgments of the 67th District Court of Tarrant County, Texas are not void or voidable due to fraud. When the Debtor Anson Financial Inc. complains that I made various arguments to the trial judge, I prevailed on those arguments because they were meritorious. The Debtor also admitted that the two documents that it complains of were

legitimate documents, the Debtor just disagreed with the legal interpretation of those documents. The trial judge agreed with my legal interpretation and disagreed with the Debtor's legal determination. I did not make any false statements in the 67th District Court case.

5. The post-judgment receivership in Cause Number 236-269254-13 had nothing to do with the lawsuit in the 67th District Court and was only tangentially related to the lawsuit in the 17th District Court.

6. Mr. Joe Michael Ferguson was warned multiple times by the Judge of the 141st District Court and the Judge of the 67th District Court that his position that he could not be compelled to answer post-judgment discovery was meritless due to the portion of T.R.C.P. 621a that specifically authorizes post-judgment discovery while a supercedeas bond is in place if the discovery relates to a post-judgment transfer/dissipation injunction under T.R.A.P. 24, which it did.

7. The two post-judgment sanctions awards were both not timely appealed and are no longer appealable. Those are not "interlocutory" judgments as alleged by Debtor. They are final and nonappealable judgments. At this point, all judgments issued by the 141st and 67th District Courts at issue here are final and nonappealable judgments.

8. The approx. 18k worth of bank records produced by J.P. Morgan Chase bank were produced only after the 141st District Court signed the order dated 5/26/2020, which required Chase bank to answer the subpoena and produce the records. The motion to quash the subpoena was denied. The production of the banking records was not quashed and the bank was, in fact, ordered to produce the records. I stopped working for or representing Anson Financial Inc. at the end of 2015, which is when Mr. Ferguson and I parted ways and entered into the written "business divorce" separation agreement that was litigated in the 17th District Court.

9. Proof of Claim Number 5 does not include and thus double-count the amounts in Proof of Claim Number 6. Those amounts are separate as can be seen from the spreadsheet attached.

10. In Texas, the issuance of the mandate indicates that a judgment is final and no longer appealable as all appellate avenues have been exhausted. Here, the mandate issued on 6/10/2021. As a result, the judgment of the 141st District Court, which was transferred to the 67th District Court is no longer appealable.

11. Exhibit 9 to the Appendix is true and accurate copies of records received in post-judgment discovery from Anson Financial Inc. in the lawsuit in the 67th Judicial District Court of Tarrant County, Texas. I had pre-bankruptcy abstracts of judgments filed in Tarrant, Denton, Dallas, Collin, and Wise counties, Texas. The property addresses listed in the post-

judgment discovery responses appear to be mostly in those counties. Anson Financial Inc.'s balance sheet showed the real estate owned to be in excess of two million dollars.

I verify under penalty of perjury under the laws of the United States of America that the factual allegations herein are true and correct.

_____
Ian Ghrist

State of Texas     §
County of Tarrant  §

This instrument was acknowledged before me on the 22nd day of October, 2021 by Ian Ghrist.

_____
Notary Public

AMBER ANN AUGUST
Notary Public, State of Texas
Comm. Expires 08-03-2025
Notary ID 133247654