```
 1                    REPORTER'S RECORD

 2                  VOLUME 1 OF 1 VOLUMES

 3                CAUSE NO. 141-311209-19

 4
   MBH REAL ESTATE, LLC,      X IN THE DISTRICT COURT
 5 AFI LOAN SERVICING, LLC,   X
   ANSON FINANCIAL, INC.      X
 6 J. MICHAEL FERGUSON,       X
   P.C.                       X
 7           Plaintiff,       X
                              X
 8 VS.                        X 141ST JUDICIAL DISTRICT
                              X
 9 IAN GHRIST AND GHRIST      X
   LAW FIRM, PLLC             X
10                            X
           Defendants.        X TARRANT COUNTY, TEXAS
11

12

13          *-*-*-*-*-*-*-*-*-*-*-*-*-*

14                      HEARING

15          *-*-*-*-*-*-*-*-*-*-*-*-*-*

16

17

18

19      BE IT REMEMBERED that on the 21st day of

20 February, 2020, the following proceedings came on to

21 be heard in the above-entitled and -numbered cause

22 before the Honorable John P. Chupp, judge presiding,

23 held in Fort Worth, Tarrant County, Texas.

24      The proceedings were reported by machine

25 shorthand.
```

```
1                 A P P E A R A N C E S

2   APPEARING FOR PLAINTIFF:

3   Mr. Michael A. Ferguson
    State Bar No. 24000644
4   FERGUSON & ASSOCIATES, LLC
    62 Main Street
5   Suite 310
    Colleyville, Texas  76034
6   Telephone:  (817) 267-1008
    Facsimile:  (817) 485-1117
7   mike@fnalegal.com

8   APPEARING PRO SE:

9   Mr. Ian Ghrist
    State Bar No. 24073449
10  Ghrist Law Firm
    2735 Villa Creek Drive
11  Suite 140
    Farmers Branch, Texas  75234
12  Telephone:  (817) 778-4136
    ian@ghristlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    CHRONOLOGICAL INDEX

 2                  VOLUME 1 OF 1 VOLUME

 3   FRIDAY, FEBRUARY 21, 2020              PAGE    VOL.

 4   Caption ...................................    1      1

 5   Appearances ...............................    2      1

 6   Proceedings ...............................    4      1

 7   Adjournment ...............................   19      1

 8   Reporter's Certificate ....................   20      1

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              P R O C E E D I N G S

 2          (Friday, February 21, 2020, 9:30 a.m.)

 3                  *-*-*-*-*-*-*-*

 4              THE COURT:  What are we doing today?

 5              MR. GHRIST:  Well, we served post

 6  judgment discovery, and they're opposing it.

 7              THE COURT:  Okay.

 8              MR. GHRIST:  Okay.  So basically the

 9  sanctions and attorney's fees don't have to be bonded.

10  The court costs have to be bonded.  They bonded the

11  court costs.

12              The Rules of Procedure and the Civil

13  Procedure Remedies Code provide that the -- regardless

14  of whether a bond is posted, the Court can enjoin the

15  defendants from transferring or dissipating assets

16  except in the ordinary course of business, and we

17  served discovery related to that, which is

18  specifically authorized by the rules, and they didn't

19  respond to that at all.

20              THE COURT:  They didn't object or

21  anything?

22              MR. GHRIST:  They filed a response

23  recently with some, like, global objections, but that

24  is not in compliance with the rules, which requires

25  that the objections be preceded by each question that
```

1  they're being objected to.  That is 193.1.  I think

2  part of the revisions that were intended to do away

3  with global objections.

4              From their response it looks like

5  they're saying -- let me see how to put this.  Rule

6  621a provides that postjudgment discovery is allowed

7  for any matters under Texas Rules of Appellate

8  Procedure 49 and 47, which according to the official

9  comment, it will consolidate it into Rule 24, which is

10  the Rule related to postjudgment transfer or

11  dissipation injunctions.

12              And we also cited case law where they

13  found that that reference to 47 and 49 is now a

14  reference based on this to Rule 24.  And 47 and 49

15  don't reference anything related, and it would make no

16  sense for that to be the case.

17              So as far as I can tell, that is their

18  main objection is that they -- they don't have to

19  respond because of this reference to rules 47 and 49,

20  which were later consolidated into Rule 24.

21              I highlighted all the relevant parts if

22  we need to go through them of each rule.  It's

23  Appellate Rule 24.2(d) provides that the trial court

24  can enjoin the judgment debtor from transferring or

25  dissipating assets to avoid satisfaction of the

1   judgment except in the ordinary course of business.

2             Then Texas Rules of Civil Practice and

3   Remedies Code 52.006(e) provides that nothing in this

4   section prevents the trial court from enjoining the

5   judgment debtor from transferring or dissipating

6   assets to avoid satisfaction of the judgment, as long

7   as the order does not interfere with the use,

8   transfer, conveyance or dissipation of assets in the

9   normal course of business.

10            We filed a motion asking for that

11  injunction, but we need to do discovery on whether

12  it's necessary or not because under the case law, the

13  court has to find it's necessary to do that before

14  ordering it.

15            THE COURT:  If we had an injunction

16  hearing, will there be testimony?

17            MR. GHRIST:  I believe so.

18            THE COURT:  Why don't we just do that

19  and put him on the stand and ask him the questions you

20  want to ask him?

21            MR. GHRIST:  Well, we would have to do

22  a subpoena duces tecum for all the financial records,

23  and we would have to all go through them at the

24  hearing.  It would take forever.  We're talking about

25  a lot of financial records that have to be gone

1  through.  It would be very inefficient to do that all

2  live at the hearing, but I suppose it could be done

3  that way, but there would be hundreds of pages of bank

4  records and other records related to where that money

5  is going.  So I think it would be more productive to

6  do discovery first and get the financial records

7  instead of going through them all at the hearing

8  without reviewing them before the hearing.

9             THE COURT:  When was the judgment?

10            MR. GHRIST:  I believe it was October

11 or September possibly.

12            THE COURT:  I mean, is the information

13 just more relevant from that time forward?  I mean,

14 you want to see fraudulent transfers after the

15 judgment, right?

16            MR. GHRIST:  I don't think so, because

17 all of the cases, like the Americas case that we

18 cited, they looked at the past practices of the

19 judgment debtor to see if it was likely that the

20 judgment debtor would transfer or dissipate assets.

21 They didn't only look at what happened from the date

22 of the judgment onwards.  The issue is whether they're

23 likely to transfer or dissipate assets, not just

24 whether they did since the day of the judgment.

25            THE COURT:  Okay.  How can he ever get

1  an injunction against this company if he doesn't have

2  any information?  How can you hide behind that?

3                  MR. FERGUSON:  Because we posted a cash

4  bond, Your Honor.

5                  THE COURT:  Okay.

6                  MR. FERGUSON:  And once you file a cash

7  bond for the amount that is required with two years of

8  interest --

9                  THE COURT:  It shouldn't matter.

10                  MR. FERGUSON:  -- it's suspended.

11                  THE COURT:  What about -- what other

12  money are you talking about?  Is there sanctions?

13                  MR. GHRIST:  Sanctions were --

14                  THE COURT:  How much was all that?

15                  MR. GHRIST:  About 140,000.

16                  THE COURT:  Oh.

17                  MR. GHRIST:  The rules specifically

18  authorize discovery as it relates to a transfer

19  dissipation injunction, and specifically provides that

20  all other collections in stay except for the granting

21  of that injunction.  I would agree that if the

22  injunction is, you know, entered, then we don't need

23  discovery.

24                  THE COURT:  Do you -- well --

25                  MR. GHRIST:  And they can still do in

1  the ordinary course of business, whatever is --

2                    THE COURT:  Are you opposed to the

3  injunction?

4                    MR. FERGUSON:  Yes, I'm opposed to the

5  injunction.  He has no evidence.  This was about real

6  estate.  Real estate is public record.  He can go

7  right over to the courthouse and see if anything is

8  transferred.  He has no evidence.  All this is doing

9  is he has filed one subpoena after another.  Even

10  after we superceded the judgment, he still continued.

11                    I paid the additional, because he

12  claimed that we didn't pay enough.  And so he's coming

13  into court with these pleadings that I'm not even real

14  sure what they are, because they talk about

15  injunctions, but he has no pleadings as required by

16  680 or 683 of the Texas Rules of Civil Procedure.

17  There's got to be threats of imminent harm.  He

18  doesn't have any pleadings to support any of this, and

19  he has no evidence to support any of this.  And he's

20  trying to go back five years to look at bank records

21  when everything that this case and both cases have

22  been about was real estate, and all of that is public

23  record.

24                    THE COURT:  Does MBH have any assets

25  other than real estate?

1          MR. FERGUSON:  No.

2          THE COURT:  Do you think they do?

3          MR. GHRIST:  Of course they do, because

4    there's mortgages and there's payments being made

5    every month, and none of the records of where that

6    money went are public.  All I only know is if there is

7    currently a lien on the property or not.  I don't have

8    any idea what happened to all of the money.

9          MR. FERGUSON:  Your Honor, we had to

10   file reports monthly in the court.  We had to pay

11   money into the court every month with a report, what

12   money was collected.  All of that was done in the 17th

13   District Court.  He knows exactly what happened to

14   that money.

15         MR. GHRIST:  He is referring to that,

16   which was several years ago -- well, it was two -- let

17   me think.  It was back in -- those reports stopped in

18   maybe May of '18, I would say.  Those reports are only

19   related to MBH Real Estate, LLC, not any of the other

20   judgment debtors.

21         MR. FERGUSON:  Your Honor, at the end

22   of the day, he's trying to compel something that he

23   doesn't even have a motion --

24         THE COURT:  I think he just filed it.

25   Did you just file it?

1          MR. GHRIST:  Yes.  I saw that the

2  response said, well, you didn't have a motion, so I

3  went ahead and filed a motion, and I don't know that

4  that's really important, but --

5          THE COURT:  There is no affidavit or

6  anything.

7          MR. GHRIST:  -- but I went ahead and

8  filed it so that it's on file, but there's no details

9  in it because I don't have any of the discovery yet,

10 but it is on file.

11         THE COURT:  There is a motion now on

12 file, but there's not much to it.

13         MR. FERGUSON:  It does not meet the

14 requirements for an injunctive hearing.

15         THE COURT:  No, it doesn't.  There's no

16 doubt about that.

17         MR. GHRIST:  I hope -- well, two

18 things.  One is that the standard is not the standard

19 for an injunction.  It's the standard in the Rules of

20 Procedure for a postjudgment injunction for them to

21 transfer dissipation of assets, which is whether the

22 Court finds that it's necessary or not.

23         Under 621a, Appellate Rule 24, and to

24 the official comments, discovery is allowed on the

25 issue of whether the injunction should issue,

1  regardless of whether the bond is posted.  Those are

2  treated like two separate issues.

3              THE COURT:  And this judgment has been

4  suspended by a supersedeas bond, correct?

5              MR. GHRIST:  Yes.

6              THE COURT:  And this says any time

7  after rendition of the judgment and so long as said

8  judgment has not been suspended by the supersedeas

9  bond.  And it has been.

10              MR. GHRIST:  Which rule are you

11  reading?

12              THE COURT:  621a.

13              MR. GHRIST:  Oh, yes, yes, that's

14  correct.  And then it says also at any time after

15  rendition of judgment, either party may, for the

16  purpose of obtaining information relevant to motions

17  allowed by Texas Rules of Appellate Procedure 47 and

18  49, footnote two, initiate and maintain discovery

19  proceedings.  So that is the exception there, the rule

20  and then the exception right under --

21              THE COURT:  Which part of 24 are we

22  looking at?

23              MR. GHRIST:  24.1 -- sorry, 24.2(d).

24              MR. FERGUSON:  Your Honor, if you also

25  look at 24.4, because the only motions that are

1   allowed are those that are under 24.4.

2                 THE COURT: Well, 621 does seem to say

3   that if the process is initiated under 24 that they

4   can get discovery, right?

5                 MR. FERGUSON: Right, but if you go to

6   24.4, it tells you specifically what -- you are

7   talking about the sufficiency of the amount of the

8   bond and the case that he keeps quoting, if you read

9   it, in that case they were supposed to file an $18

10  million bond, and they didn't want to. So they filed

11  a motion to get an alternative bond. And that's what

12  initiated that discovery. In this case a cash bond

13  was paid, and that cash bond cannot be reviewed by the

14  courts.

15               We didn't argue with Mr. Ghrist when he

16  filed his -- although I don't think he did it right --

17  we just paid the additional money. So we paid the

18  cash bond. The Court of Appeals cannot change that.

19              THE COURT: So you're saying that when

20  you read 621 and 24 together, that the only discovery

21  he can get if you post a bond is about the amount of

22  the bond?

23              MR. FERGUSON: You -- it states in

24  24.4, motions and review. A party may seek review of

25  the trial court's ruling by a motion filed in the

1   court of appeals with jurisdiction or potential

2   jurisdiction over the appeal from the judgment in the

3   case.

4              A party may seek review of the court of

5   appeal's ruling on the motion by petition for writ of

6   mandamus in the Supreme Court.

7              The appellate court may review the

8   sufficiency or excessiveness of the amount of

9   security, but when the judgment is for money, as in

10  this case, the appellate court must not modify the

11  amount of security to exceed the limits imposed by

12  24.2(a)(1).  They can review the sureties on the bond,

13  the type of security, the determination whether to

14  permit suspension of enforcement; and a trial court's

15  exercise of discretion under Rule 24.3(a).

16             THE COURT:  How is the -- I mean 621

17  does not exempt out 24.2(d).  I mean if he seeks an

18  injunction, how come he can't get discovery under 621?

19             MR. FERGUSON:  Because it specifically

20  states that it's only under 24.4.

21             THE COURT:  Where does it specifically

22  state that?  I mean, it doesn't state that in Rule

23  621a.

24             MR. FERGUSON:  The types of motions

25  allowed by Rule 24 of the Texas Rules of Appellate

1 Procedure are only those relating to appellate review

2 of trial court's judgment under Texas Rules of

3 Appellate Procedure 24.4.

4               THE COURT: Where am I reading that?

5               MR. GHRIST: This only relates to

6 whether the court of appeals can review this decision

7 or not.

8               THE COURT: Where are you reading that

9 that you said it only --

10               MR. FERGUSON: I just had that it came

11 from Texas Rules of Appellate Procedure 24.4.

12               THE COURT: But I'm trying to see where

13 the only time you can have discovery is when it

14 relates to 24.4.

15               MR. FERGUSON: We posted a cash bond,

16 so that can't challenged.

17               THE COURT: Okay. And I understand

18 that, but in here it contemplates --

19               MR. FERGUSON: He has no evidence of

20 anything being dissipated or transferred.

21               THE COURT: Okay. In here it

22 contemplates --

23               MR. FERGUSON: It's a fishing

24 expedition looking for --

25               THE COURT: Stop.

1              In here it contemplates a situation

2  where you post a bond, and they can get discovery

3  afterwards, in 621a, right?

4              MR. FERGUSON:  Under certain

5  conditions.

6              THE COURT:  Okay.  So I agree you

7  posted your bond.  Then we need to go to 24 to figure

8  out information relevant to motions allowed by the

9  Texas Rules 47 or 49, which is now 24.  So any motion

10 that's related to 24, he can get discovery on.

11             MR. FERGUSON:  So what was your

12 question, Your Honor?

13             THE COURT:  My question says that at

14 any time after rendition of the judgment either party

15 may, for the purpose of obtaining information relevant

16 to motions allowed by Texas Rule of Appellate

17 Procedure 47 or 49 initiate and maintain in the trial

18 court in the same suit, discovery.  And so injunction

19 is one of the things in 24.  So can he get discovery

20 on it since it's in there?

21             MR. FERGUSON:  But I think -- I mean, I

22 just respectfully disagree, Your Honor, because 24 is

23 talking about the suspension of enforcement, the

24 methods, the amount of the bonds, the type --

25             THE COURT:  But it specifically talks

1    about transferring assets in here.

2                    MR. FERGUSON:  What's that?

3                    THE COURT  It talks about transferring

4    assets to avoid satisfaction of the judgment.

5                    MR. FERGUSON:  Okay.  Can you point to

6    me where you are -- what you're relying on.

7                    THE COURT:  Where it says injunction,

8    24.2(d).

9                    MR. FERGUSON:  Even if you are there,

10   Your Honor, to get an injunction you have to show that

11   there's irreparable harm.

12                   THE COURT:  We're not here on the

13   injunction hearing today.

14                   MR. FERGUSON:  That's my point.

15                   THE COURT:  That's not your point.  We

16   are here on getting discovery to see if he can get an

17   injunction.

18                   MR. FERGUSON:  No, we're here on a

19   motion to compel discovery.

20                   THE COURT:  I'm not going to compel you

21   to answer discovery.  What I'm going to do, now that

22   he has something on file that he can get discovery on

23   it, I think you should answer it within 30 days from

24   today or you waive your objections.

25                   Make your objections to that.  He has

1  got something on file that I think complies with 621a

2  and 24.  And so if you want to object to the discovery

3  that he sent you, then object and we'll have a hearing

4  on that.  But I'm going to consider your discovery

5  filed -- or sent to him yesterday when you filed your

6  motion, because I don't think you could send discovery

7  until you filed a motion.

8                    And neither of you like my ruling, so I

9  guess I did something right.  Because you didn't have

10  anything on file that was for an injunction, right?

11                    MR. GHRIST:  No, Your Honor.

12                    THE COURT:  So answer it or don't.  You

13  have 30 days from yesterday, and you can object, and

14  we'll have a hearing on the objections.

15                    MR. FERGUSON:  Okay.  Your Honor, can

16  we get an order on that?

17                    THE COURT:  Yes, if you want an order,

18  just say that the court has deemed that the discovery

19  was sent to you yesterday.

20                    MR. FERGUSON:  If you don't mind, I'll

21  submit an order and get it to Mr. Ghrist.

22                    THE COURT:  Okay.  And then y'all can

23  use whatever procedures you have after that.

24                    MR. FERGUSON:  Okay.  Thank you.

25                    MR. GHRIST:  Thank you, Your Honor.

1    Have a good day.

2                    THE COURT:  You, too.

3                    (End of proceedings)

4                    *-*-*-*-*-*-*-*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                    C E R T I F I C A T E

2    THE STATE OF TEXAS   X

3    COUNTY OF TARRANT    X

4            I, Christina Fett, Official Court Reporter in
     and for the 141st District Court, State of Texas,
5    County of Tarrant, do hereby certify that the above
     and foregoing contains a true and correct
6    transcription of all portions of evidence and other
     proceedings requested in writing by counsel for the
7    parties to be included in this volume of the
     reporter's record in the aforementioned cause, all of
8    which occurred in open court or in chambers and were
     reported by me.
9
             I FURTHER CERTIFY that this reporter's record
10   of the proceedings truly and correctly reflects the
     exhibits, if any, admitted by the respective parties.
11
             I FURTHER CERTIFY that I have no financial
12   interest in the matters shown herein, and that I am
     not related to any of the parties or their counsel.
13
             I FURTHER CERTIFY that the total cost for the
14   preparation of this reporter's record of the
     proceedings is $210.00 and was paid by the Plaintiff.
15
             WITNESS MY OFFICIAL HAND this the 6th day of
16   May, 2020.

17

18           /s/Christina Fett
             Christina Fett, Texas CSR 4590
19           CSR Expires 7-31-22
             Official Court Reporter, 141st District Court
20           Tom Vandergriff Civil Courts Building
             100 N. Calhoun, 3rd Floor
21           Fort Worth, Texas  76196-0402
             Telephone 817-884-1423
22           Facsimile 817-850-2944

23

24

25
```

1

```
 1                    REPORTER'S RECORD

 2                  VOLUME 1 OF 1 VOLUME

 3                 CAUSE NO. 141-311209-19

 4
    MBH REAL ESTATE, LLC,      X IN THE DISTRICT COURT
 5  AFI LOAN SERVICING, LLC,   X
    ANSON FINANCIAL, INC.      X
 6  J. MICHAEL FERGUSON,       X
    P.C.                       X
 7            Plaintiff,       X
                               X
 8  VS.                        X 141ST JUDICIAL DISTRICT
                               X
 9  IAN GHRIST AND GHRIST      X
    LAW FIRM, PLLC             X
10                             X
              Defendants.      X TARRANT COUNTY, TEXAS

11

12

13             *-*-*-*-*-*-*-*-*-*-*-*-*-*

14                        HEARING

15             *-*-*-*-*-*-*-*-*-*-*-*-*-*

16

17

18

19      BE IT REMEMBERED that on the 8th day of May,

20  2020, the following proceedings came on to be heard in

21  the above-entitled and -numbered cause before the

22  Honorable John P. Chupp, judge presiding, held in Fort

23  Worth, Tarrant County, Texas.

24      The proceedings were reported by machine

25  shorthand.
```

```
 1                    A P P E A R A N C E S

 2   APPEARING FOR PLAINTIFF:

 3   Mr. Michael A. Ferguson
     State Bar No. 24000644
 4   FERGUSON & ASSOCIATES, LLC
     62 Main Street
 5   Suite 310
     Colleyville, Texas  76034
 6   Telephone:  (817) 267-1008
     Facsimile:  (817) 485-1117
 7   mike@fnalegal.com

 8   APPEARING PRO SE:

 9   Mr. Ian Ghrist
     State Bar No. 24073449
10   Ghrist Law Firm
     2735 Villa Creek Drive
11   Suite 140
     Farmers Branch, Texas  75234
12   Telephone:  (817) 778-4136
     ian@ghristlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      CHRONOLOGICAL INDEX

 2                   VOLUME 1 OF 1 VOLUME

 3   FRIDAY, MAY 8, 2020                      PAGE   VOL.

 4   Caption ...................................    1      1

 5   Appearances ...............................    2      1

 6   Proceedings ...............................    4      1

 7   Adjournment ...............................    7      1

 8   Reporter's Certificate ....................    8      1

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2              (Friday, May 8, 2020, 9:30 a.m.)

 3                   *-*-*-*-*-*-*-*

 4              THE COURT:  All right.  So we are

 5   here -- well, let me put us up on You Tube.

 6              All right.  Mr. Ghrist, I believe this

 7   is your motion.  We're on 141-311209-19, MBH versus

 8   Ghrist Law Firm.  What's going on?

 9              MR. GHRIST:  Okay.  This is a

10   continuation of the previous hearing.  We filed a

11   motion to compel that was set for hearing.

12              At the hearing the Court said that it

13   was going to deem the request as being served the day

14   before the hearing when the motion to transfer -- or

15   when the motion was filed, and gave them 30 days to

16   comply.  We did not receive any responses or

17   objections.

18              So at this point it's the second

19   opportunity to submit objections in the proper format,

20   which is listed with the questions, as required by the

21   Rules of Procedure, specifically Rule 193.1.

22              And at this point we would ask that the

23   motion to compel be granted.

24              THE COURT:  All right.  Why aren't they

25   getting their requests, Mr. Ferguson?
```

1          MR. FERGUSON:  Your Honor, at the

2 hearing we said that we needed an order, and you had

3 agreed on the record that we could get an order, and

4 we submitted one, and we haven't gotten an order.

5          And, two, they have a -- I'm going to

6 pull up this -- they filed their discovery requests on

7 12-4-2019, along with the subpoenas to the bank.  Then

8 on 12-5, we filed a cash bond.  And on -- pursuant to

9 Texas Rules of Appellate Procedure 24.1.2(b), that

10 suspends any discovery.

11          And Mr. Ghrist did not have a motion

12 for injunctive relief at that time, and in my opinion

13 he still does not have a motion for injunctive relief.

14 And the cash bond suspends it under 24.1(f).  I think

15 I just quoted that wrong, Your Honor.

16          And because they didn't have a motion

17 for injunctive relief and there was no order for

18 injunctive relief, then any request for discovery

19 would be moot.

20          THE COURT:  Did you make those

21 objections, though, or are you just making them now?

22          MR. FERGUSON:  I'm just saying by

23 matter of law that's -- it's suspended as a matter of

24 law under 24.1(f) once we filed the cash bond.

25          THE COURT:  Why didn't we have that

1   conversation last time?

2                   MR. GHRIST:  We did.

3                   MR. FERGUSON:  We did, Your Honor.

4                   MR. GHRIST:  This is this the exact

5   same conversation that we already had.

6                   THE COURT:  And what did I decide then?

7                   MR. GHRIST:  That the rules allow for

8   discovery under these -- under this injunctive relief

9   that we filed, and that you were going to give them an

10  additional 30 days by deeming it to have been served

11  as of the date that the motion was filed, and they got

12  additional time to respond and still didn't respond.

13                  THE COURT:  Right, I mean, that's what

14  I put on the docket sheet, that the discovery is

15  deemed to be sent on 2-20-20.

16                  MR. GHRIST:  I'm happy to go over all

17  the same things we went over at the prior hearing, but

18  this is the same thing.

19                  THE COURT:  So, Mr. Ferguson, you're

20  not going to answer these, is that what you're telling

21  me?

22                  MR. FERGUSON:  Your Honor, we're going

23  to file a motion to review or a writ of mandamus on

24  this, so we need an order, and that's what I was

25  asking for that day in court.

```
 1                    THE COURT:  Okay.  Well, Mr. Ghrist,
 2    why don't you -- Mr. Ghrist, go ahead and send me an
 3    order and he can go mandamus.
 4                    MR. GHRIST:  Okay.
 5                    THE COURT:  All right, y'all.
 6                    MR. GHRIST:  Your Honor, we had filed
 7    one on February --
 8                    THE COURT:  18th?
 9                    MR. GHRIST:  -- 20th, and I'll be happy
10    to file another one, but that's the one.
11                    MR. FERGUSON:  I filed one on the 24th,
12    Your Honor, after the hearing.
13                    THE COURT:  Okay.  I'm seeing the 20th.
14    Okay.  I'll take a look at it.  You don't need to file
15    another one.  And I will see what needs to be done.
16                    MR. GHRIST:  Thank you.
17                    THE COURT:  All right, guys.  Have a
18    good day.
19                    (End of hearing)
20                    *-*-*-*-*-*-*-*-*
21
22
23
24
25
```

1                    C E R T I F I C A T E

2    THE STATE OF TEXAS   X

3    COUNTY OF TARRANT    X

4           I, Christina Fett, Official Court Reporter in
     and for the 141st District Court, State of Texas,
5    County of Tarrant, do hereby certify that the above
     and foregoing contains a true and correct
6    transcription of all portions of evidence and other
     proceedings requested in writing by counsel for the
7    parties to be included in this volume of the
     reporter's record in the aforementioned cause, all of
8    which occurred in open court or in chambers and were
     reported by me.
9
            I FURTHER CERTIFY that this reporter's record
10   of the proceedings truly and correctly reflects the
     exhibits, if any, admitted by the respective parties.
11
            I FURTHER CERTIFY that I have no financial
12   interest in the matters shown herein, and that I am
     not related to any of the parties or their counsel.
13
            I FURTHER CERTIFY that the total cost for the
14   preparation of this reporter's record of the
     proceedings is $56.00, and was paid by the Plaintiff.
15
            WITNESS MY OFFICIAL HAND this the 11th day of
16   May, 2020.

17

18           /s/Christina Fett
             Christina Fett, Texas CSR 4590
19           CSR Expires 7-31-22
             Official Court Reporter, 141st District Court
20           Tom Vandergriff Civil Courts Building
             100 N. Calhoun, 3rd Floor
21           Fort Worth, Texas  76196-0402
             Telephone 817-884-1423
22           Facsimile 817-850-2944

23

24

25

```
 1                    REPORTER'S RECORD

 2                 VOLUME 1 OF 1 VOLUME

 3               CAUSE NO. 141-311209-19

 4  MBH REAL ESTATE, LLC,       X IN THE DISTRICT COURT
    AFI LOAN SERVICING, LLC,    X
 5  ANSON FINANCIAL, INC.       X
    J. MICHAEL FERGUSON,        X
 6  P.C.                        X
              Plaintiff,        X
 7                              X
    VS.                         X 141ST JUDICIAL DISTRICT
 8                              X
    IAN GHRIST AND GHRIST       X
 9  LAW FIRM, PLLC              X
                                X
10        Defendants.      X TARRANT COUNTY, TEXAS

11

12

13            *-*-*-*-*-*-*-*-*-*-*-*-*-*

14                       HEARING

15            *-*-*-*-*-*-*-*-*-*-*-*-*-*

16

17

18      BE IT REMEMBERED that on the 27th day of August,

19  2020, the following proceedings came on to be heard in

20  the above-entitled and -numbered cause before the

21  Honorable John P. Chupp, judge presiding, via Zoom

22  teleconference, held in Fort Worth, Tarrant County,

23  Texas.

24      The proceedings were reported by machine

25  shorthand.
```

```
 1                A P P E A R A N C E S

 2   APPEARING FOR PLAINTIFF:

 3   Mr. Michael A. Ferguson
     State Bar No. 24000644
 4   FERGUSON & ASSOCIATES, LLC
     62 Main Street
 5   Suite 310
     Colleyville, Texas  76034
 6   Telephone:  (817) 267-1008
     Facsimile:  (817) 485-1117
 7   mike@fnalegal.com

 8   APPEARING PRO SE:

 9   Mr. Ian Ghrist
     State Bar No. 24073449
10   Ghrist Law Firm
     2735 Villa Creek Drive
11   Suite 140
     Farmers Branch, Texas  75234
12   Telephone:  (817) 778-4136
     ian@ghristlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
 1                    CHRONOLOGICAL INDEX

 2                  VOLUME 1 OF 1 VOLUME

 3  THURSDAY, AUGUST 27, 2020              PAGE   VOL.

 4  Caption ..................................   1     1

 5  Appearances ..............................   2     1

 6  Proceedings ..............................   4     1

 7  Adjournment ..............................  20     1

 8  Reporter's Certificate ...................  21     1

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              P R O C E E D I N G S

 2         (Thursday, August 27, 2020, 10:30 a.m.)

 3                *-*-*-*-*-*-*-*-*

 4              THE COURT:  All right.  So we're here

 5  on 141-311209-19, MBH Real Estate versus The Ghrist

 6  Law Firm.

 7              Please announce who you are and who you

 8  represent.  Plaintiff go first.

 9              MR. FERGUSON:  I'm Michael Ferguson and

10  I'm representing the plaintiffs, MBH, J. Michael

11  Ferguson, P.C., and Anson Financial, Inc.

12              MR. GHRIST:  Ian Ghrist for myself and

13  Ghrist Law Firm.

14              THE COURT:  All right.  So what is

15  going on?

16              MR. GHRIST:  On, let's see, on March --

17  on May 26th, this court signed an order compelling the

18  plaintiffs to respond to discovery requests.  They did

19  not respond, and instead they filed several petitions

20  for mandamus relief and requests for an emergency stay

21  of that order.

22              Those were all denied by the Second

23  Court of Appeals and the Texas Supreme Court.  The one

24  that was filed in the Seventh Court of Appeals was --

25  the filing was rejected, and they said it should have
```

1    been filed in another court.

2                      So those have been denied.  We have

3    still received no response to any of the discovery,

4    and at this point we're past the stage of getting an

5    order to compel, and into the stage of filing for

6    contempt of court and sanctions, discovery sanctions,

7    whatever relief is necessary to get this moving

8    forward.

9                      I read the response that was submitted

10    on Monday.  I think it's undisputed that we haven't

11    received anything responsive to the Court's order.

12    The $500 that was ordered has not been paid.  And the

13    response that was submitted was styled as a response

14    to a motion to compel, but this is not a motion to

15    compel.

16                      We already did a motion to compel.

17    There has already been an order compelling responses

18    to the discovery requests.

19                      I didn't see anything in the response

20    that addressed why the plaintiff's should not be held

21    in contempt for not complying with the Court's order.

22    It was all regurgitating the same arguments that

23    failed in the Second Court of Appeals, the Texas

24    Supreme Court and this court.

25                      THE COURT:  Okay.  So let me look here.

1  So May 26th I signed the order to compel related to

2  transfer of -- for participation of assets.  I signed

3  that order, and then it looks like on June 15th, the

4  Second Court of Appeals denied the mandamus.  July

5  17th the Supreme Court denied the mandamus.

6                   And then -- so where are we right now,

7  Mr. Ferguson, is there some other appeal out there?

8                   MR. FERGUSON:  No, Your Honor.  I'm

9  still saying that there are no pleadings on file.

10                  If you look at the pleading that Mr.

11 Ghrist filed on 2-20-2020, he titled it Defendant's

12 Motion to Enjoin the Plaintiff's from Transferring

13 Dissipating Assets.

14                  THE COURT:  Okay.  I understand that.

15 But there is a court order saying you turn over

16 documents, and you appealed to the Second Court of

17 Appeals, and you appealed to the Supreme Court and

18 neither of them granted your mandamus.

19                  MR. FERGUSON:  Your Honor, this is a

20 motion to compel, that's what it states.  And if he

21 filed a motion to compel on 2-20, then that replaced

22 the one that he filed on 1-27-2020.

23                  THE COURT:  He wants to -- this is a

24 motion to have J. Michael Ferguson, et al, held in

25 contempt of court and for sanctions.

1          MR. FERGUSON: Your Honor, if he files

2 a motion to compel, another one after 1-27, and he

3 never gave proper notice for a hearing, it replaced

4 the first one, and so any order that was signed is

5 going to be void.

6          If he's going to file an amended

7 petition, which is what he did, it states there that

8 Ian Ghrist and judgment creditor hearing files their

9 motion to compel. Well, that's another motion to

10 compel, which was filed on 2-20-2020.

11          And so it replaces the one that was

12 filed on 1-27-2020, and we were never given notice

13 on -- proper notice on this motion to compel.

14          THE COURT: Today --

15          MR. FERGUSON: He doesn't have a motion

16 for an injunctive relief filed of record.

17          THE COURT: Let's -- what about the

18 order from 5-26?

19          MR. FERGUSON: Your Honor, I have been

20 complaining about the same thing over and over. There

21 are no motions, no pleadings, to support this.

22          THE COURT: Okay. But did you complain

23 to the appellate court about it?

24          MR. FERGUSON: I filed a writ of

25 mandamus, yes, Your Honor.

```
 1                    THE COURT:  Okay.  And then you
 2   complained to the Supreme Court, and neither of them
 3   agreed with you.  So you still don't think you have to
 4   do the -- what you've been ordered to do, even though
 5   I ordered it and two other courts ordered it -- or
 6   upheld it?
 7                    MR. FERGUSON:  Nobody else -- nobody
 8   else --
 9                    THE COURT:  Listen to me.  Okay.
10   Listen to me.
11                    And two other courts actually denied
12   your mandamus based upon my order, correct?
13                    MR. FERGUSON:  I guess that's correct,
14   Your Honor.
15                    THE COURT:  It is correct, right?  It's
16   not guess.  I mean, they denied your mandamuses,
17   right?
18                    MR. FERGUSON:  Okay.
19                    THE COURT:  Okay.  So you have an order
20   that's sitting out here right now that you disagree
21   with that you've appealed twice, and you're just not
22   going to comply with it?
23                    MR. FERGUSON:  Your Honor, there are no
24   pleadings on record that support --
25                    THE COURT:  Just tell me yes or no.
```

9

1 Are you going to comply with the May 26th order?

2                MR. FERGUSON: Based on the fact that

3 there are no pleadings on file that would support

4 this, then, no, we are not required to under -- as a

5 matter of law, we're not required to comply.

6                THE COURT: But how can --

7                MR. FERGUSON: If we follow the law,

8 that's all we are asking the Court to do is follow the

9 law.

10               THE COURT: But I guess, I don't

11 understand how you -- you appeal it to two different

12 courts, and they don't agree with you, but you still

13 think that you are right.

14               MR. FERGUSON: Your Honor, I'm asking

15 you to look at the motion that he filed on 2-20-2020.

16 It states that it's a motion to compel. If that

17 replaces his one that he filed on 1-27-2020, then he

18 failed to give notice of a hearing.

19               And we have never had notice of a

20 hearing. He doesn't have a motion for injunctive

21 relief. And under the rules of -- the Texas Rules of

22 Appellate Procedure, he can't do what he is doing.

23               Just because the Court of Appeals or

24 the Supreme -- the Supreme Court doesn't hardly hear

25 anything. And for the Second Court of Appeals, I

1  don't know why they don't take a look at it.

2          MR. GHRIST:  I wasn't able to follow

3  all of that, but we're not here on those motions.

4  We're here on the motion that was filed on 7-20.

5          MR. FERGUSON:  It doesn't matter.  It's

6  the same issue.

7          THE COURT:  Okay.  So you are ordered

8  to comply with the discovery requests served on

9  12-4-2019, and you are refusing to do that, even

10 though you are ordered to do it.  Is that what you're

11 telling me?

12         MR. FERGUSON:  Your Honor, I am telling

13 you that I want -- I'm asking the Court to follow the

14 law.

15         THE COURT:  I just --

16         MR. FERGUSON:  We had a hearing on --

17 the hearing that we had on 4-20 -- I mean, I'm sorry,

18 on 2-21, on the record you stated that you were not

19 going to compel us, and then, yet, you compel us.

20         And so --

21         MR. GHRIST:  That was the first hearing

22 where they were given additional time to respond.

23         THE COURT:  Right.  Which is what I

24 normally do.  I don't want to cause anybody any grief,

25 I just -- I probably gave you extra time, didn't I?

1                MR. FERGUSON: What was stated was that

2 he filed -- he's claiming that what he filed on

3 2-20-2020 is a motion for injunctive relief, which it

4 is not.

5                THE COURT: And he can't get

6 discovery -- we posted a cash bond, and under the

7 rules if we post a cash bond, then all discovery

8 ceases. And then he's going by if he files a motion

9 for injunctive relief to stop us from dissipating

10 assets.

11                And what he filed was a motion to

12 compel, not a motion for injunctive relief.

13                MR. GHRIST: There is two motions. One

14 is a motion for injunctive relief. One is a motion to

15 compel. There may have been two motions to compel. I

16 don't know. We're past that point. I'm happy to

17 argue this all over again, but we have argued it twice

18 already in prior hearings.

19                MR. FERGUSON: If it's not right, it's

20 not right.

21                MR. GHRIST: The rules specifically

22 authorize discovery on this exact issue. There is no

23 question.

24                THE COURT: Okay. I'll just ask you

25 again. So you are ordered to comply with the

1  discovery request served on 12-4-2019.  Are you going

2  to comply with those discovery requests that you have

3  been ordered to do or not?

4          MR. FERGUSON:  Your Honor, there are no

5  pleadings to support that.

6          THE COURT:  I didn't ask you about

7  pleadings.  I just asked if you were going to comply

8  with that order.

9          MR. FERGUSON:  Based on the fact that

10 there are no pleadings on file that would support that

11 order, no, we are not going to comply, because we are

12 not required to, as a matter of law.

13         THE COURT:  Okay.  The motions to quash

14 were denied.

15         Did you get the documents from J.P.

16 Morgan Bank?

17         MR. GHRIST:  Yes.

18         THE COURT:  And Veritex Bank, they

19 complied with the order?

20         MR. GHRIST:  They stated they had no

21 records.

22         THE COURT:  Okay.

23         MR. FERGUSON:  Your Honor, I'd remind

24 you, too, that this is all real estate related, and he

25 can get whatever -- if he wants to see if anything is

1   being transferred, it's public record.  Whether

2   it's --

3                    MR. GHRIST:  None of --

4                    MR. FERGUSON:  -- it's public record.

5   Any transfer or release, anything, has to be filed of

6   record on any of these things that he claims are out

7   there.

8                    THE COURT:  Okay.  So there were

9   Defendant's first set of postjudgment requests for

10  production.  So it looks like there are 17 requests

11  for production you are refusing to answer.

12                   And then we've got some

13  interrogatories.  I don't want to put you in jail.  I

14  mean, is there not a way we can do this so we don't

15  have to do that?  You don't want me to do that.

16                   MR. FERGUSON:  No, I don't want you to

17  put me in jail.  I don't think you have a legal ground

18  to put me in jail.

19                   THE COURT:  If I have a valid court

20  order that you refuse to comply with, then how else

21  can I --

22                   MR. FERGUSON:  It's not a valid court

23  order.

24                   THE COURT:  How can I --

25                   MR. FERGUSON:  It's a void court order.

1          THE COURT: Two appellate courts didn't

2    agree with you.

3          MR. FERGUSON: Well, I don't agree that

4    that's what happened, but just because they refuse to

5    do a writ of mandamus, it doesn't mean -- nobody wrote

6    an opinion on it.

7          THE COURT: Tell me why you think it's

8    void.

9          MR. FERGUSON: As a matter of law, it's

10   void, Your Honor, because there is no -- there are no

11   pleadings on file to support this.

12          THE COURT: There is a motion to compel

13   filed on 1-27, right?

14          MR. FERGUSON: And then he filed one on

15   2-20-2020, which would replace the one on 1-27-2020,

16   and if it replaced it, we never got notice. We didn't

17   get proper notice. He's got to give proper notice if

18   he's filing an amended motion to compel. He didn't

19   give proper notice.

20          He even admits the only way he is going

21   to get discovery is a motion for injunctive relief,

22   and there is no motion for injunctive relief on file.

23          MR. GHRIST: It was filed on 2-20.

24          THE COURT: His 2-20 filing references

25   his motion filed on 1-27, so it doesn't replace it.

1   It's incorporating it.

2                    MR. FERGUSON:  It states, Judgment

3   creditor herein files this, their motion to compel.

4   And it would show --

5                    THE COURT:  I'm looking at --

6                    MR. GHRIST:  Oh, I see.  There is a

7   typographical error in that document.  But that

8   doesn't invalidate everything else that happened.

9                    THE COURT:  This is what the actual --

10  it actually says, The defendant asked the court to

11  sign an order enjoining the plaintiff from

12  transferring the assets while the case was on appeal.

13                   And then it says --

14                   MR. FERGUSON:  But that is not a motion

15  for injunctive relief.

16                   THE COURT:  Okay.  But you still have a

17  motion to --

18                   MR. FERGUSON:  The only way to get

19  discovery is if you have a -- I don't even think you

20  can get it if you just follow a motion for injunctive

21  relief.  I think you have to have a hearing.  He's got

22  to present evidence, affidavits, a bond.  Nothing has

23  happened.

24                   THE COURT:  Yeah, but this isn't even a

25  motion to compel.  This is actually his attempt at a

1  motion for an injunction.  This isn't a motion to

2  compel.  If you read the paragraph.

3              MR. FERGUSON:  It states their -- this

4  is their motion --

5              THE COURT:  Yeah, but that's not what

6  that is.  You know that's not right.

7              MR. FERGUSON:  I don't know what's

8  right.  I know this, that is not a motion for

9  injunctive relief.  It doesn't follow the rules at

10  all.

11              THE COURT:  Let me look at your order

12  here.  Did you provide me an order on the motion for

13  contempt?

14              MR. GHRIST:  I did.  Let me see the

15  date.  7-20 is the filing date of the proposed order.

16  I put in there $500 a day penalty noncompliance and/or

17  default on the injunctive motion.  I think both would

18  be appropriate.

19              THE COURT:  I think that -- should we

20  not allow time for the -- while it was on appeal or

21  during the mandamus process.

22              MR. GHRIST:  Well, there was two

23  motions for an emergency stay of this court's order

24  filed.  Both of those were denied.  So there has not

25  actually been a stay in place, but you would have

1  discretion over that.

2                    I waited, at Mr. Ferguson's request, to

3  file this until those were resolved. I don't think I

4  actually had to, given the motions for emergency stays

5  were all not granted, but just to make it easier, I

6  figured we could wait. I think it was a dilatory

7  tactic. I reviewed all of the petitions. They didn't

8  have appropriate citations. They didn't make sense.

9  I could barely follow them.

10                    THE COURT: Okay. I'll take a look at

11 this. I wish we weren't doing this, Mr. Ferguson.

12                    MR. FERGUSON: I wish we weren't

13 either. I wish we were following the law.

14                    THE COURT: I wish the Appellate Court

15 would have come back and told me that I wasn't

16 following the law if I'm not.

17                    MR. FERGUSON: We're going to end up

18 right back there if this happens. So --

19                    THE COURT: Yes.

20                    MR. FERGUSON: The rules are the rules,

21 Your Honor.

22                    THE COURT: I agree with you. And I

23 think that if I do make a mistake, that's what the

24 Appellate Court would help me do is figure those out,

25 and in this case they didn't. But according to you

1  the Supreme Court and the Second Court of Appeals

2  don't know what they're doing, according to you.

3                  MR. FERGUSON:  I didn't say that, Your

4  Honor.

5                  THE COURT:  Well, what did you say?

6                  MR. FERGUSON:  I said it was sent there

7  and it came back.  I don't know why they didn't rule

8  on it.  I don't know why they didn't consider it.

9  There was nothing in writing of why they didn't.

10 Nobody said anything of why they didn't.

11                 But I'm asking you to follow the law.

12 And I'm asking to follow the rules.  And the rules

13 state very clearly that he has got to have an

14 injunction in place to be able to do this.

15                 He doesn't even have a motion for

16 injunctive relief.  And if he wants to say, well, I

17 have a motion for injunctive relief, then there should

18 have at least been a motion for injunctive relief

19 filed of record, and there isn't one.

20                 A one-sentence saying he wants us to be

21 enjoined from dissipating assets, he has no evidence

22 anything is going on other than the normal course of

23 business.

24                 He had all the records from the

25 previous court in the 17th.  It's all real estate

1   related.  So --

2                   THE COURT:  Why haven't we had an

3   injunction hearing?

4                   MR. GHRIST:  The rules state that you

5   are specifically authorized to do discovery for the

6   purpose of whether the injunction should issue.

7                   MR. FERGUSON:  Where?

8                   MR. GHRIST:  The rules state that you

9   do an injunction first and then do discovery over

10  whether the injunction should have issued in the first

11  place.  That is backwards, and that is the wrong

12  order.  It's discovery first and then an injunction

13  hearing.  I have been waiting to get the discovery so

14  that we can hold an injunction hearing.

15                  MR. FERGUSON:  Your Honor, he doesn't

16  have a motion for injunctive relief.

17                  MR. GHRIST:  There is a motion on file

18  requesting injunctive relief.  It does not have to

19  have the common law elements of an injunction, because

20  it's a statutory injunction authorized for this exact

21  purpose in the Civil Practice and Remedies Code, and

22  we have been over this multiple times.

23                  MR. FERGUSON:  Then produce the rules

24  that state --

25                  MR. GHRIST:  You can read them in the

1   motion.

2                  THE COURT:  Which motion?

3                  MR. FERGUSON:  That is my point right

4   there.  "You can read them in the motion."  There is

5   nothing in the motion.  It's a one-sentence motion.

6                  THE GHRIST:  The motion to compel and

7   the supplement, which both had citations on all of the

8   relevant rules, both in the Civil Practice and

9   Remedies Court and in the appellate rules.

10                  THE COURT:  All right.  I'll take a

11   look at it, and I'll send you an order.

12                  MR. GHRIST:  Thank you, Your Honor.

13                  MR. FERGUSON:  Thank you.

14                  THE COURT:  Have a good day.

15                  (End of hearing)

16                  *-*-*-*-*-*-*-*-*

17

18

19

20

21

22

23

24

25

1                   C E R T I F I C A T E

2    THE STATE OF TEXAS   X

3    COUNTY OF TARRANT    X

4          I, Christina Fett, Official Court Reporter in
     and for the 141st District Court, State of Texas,
5    County of Tarrant, do hereby certify that the above
     and foregoing contains a true and correct
6    transcription of all portions of evidence and other
     proceedings requested in writing by counsel for the
7    parties to be included in this volume of the
     reporter's record in the aforementioned cause, all of
8    which occurred in open court or in chambers and were
     reported by me.

9
           I FURTHER CERTIFY that this reporter's record
10   of the proceedings truly and correctly reflects the
     exhibits, if any, admitted by the respective parties.

11
           I FURTHER CERTIFY that I have no financial
12   interest in the matters shown herein, and that I am
     not related to any of the parties or their counsel.

13
           I FURTHER CERTIFY that the total cost for the
14   preparation of this reporter's record of the
     proceedings is $140.00 and was paid by the Plaintiff.

15
           WITNESS MY OFFICIAL HAND this the 22nd day of
16   September, 2020.

17

18         /s/Christina Fett
           Christina Fett, Texas CSR 4590
19         CSR Expires 7-31-22
           Official Court Reporter, 141st District Court
20         Tom Vandergriff Civil Courts Building
           100 N. Calhoun, 3rd Floor
21         Fort Worth, Texas  76196-0402
           Telephone 817-884-1423
22         Facsimile 817-850-2944

23

24

25

1    REPORTER'S RECORD
     VOLUME 1 OF 1 VOLUME
2    TRIAL COURT CAUSE NO. 067-311209-19

3

MBH REAL ESTATE, LLC, ET      ) IN THE DISTRICT COURT
4    AL                       )
                              )
5        *Plaintiffs*,         )
                              )
6    VS.                      ) TARRANT COUNTY, TEXAS
                              )
7    GHRIST LAW FIRM, PLLC, ET )
     AL                       )
8                             )
         *Defendants*.         ) 67TH JUDICIAL DISTRICT
9

10

11

12              * * * * * * * * * * * * * * * * * * * * * * *

13      MOTION TO HAVE J. MICHAEL FERGUSON *ET.AL.* HELD IN

14         CONTEMPT OF COURT AND FOR SANCTIONS

15              * * * * * * * * * * * * * * * * * * * * * * *

16

17

18

19      On the 19th day of November, 2020, the following

20  proceedings came on to be heard in the above-entitled

21  and numbered cause before the Honorable Donald J. Cosby,

22  Judge presiding, held in Fort Worth, Tarrant County,

23  Texas via Zoom video conference:

24

25      Proceedings reported by machine shorthand.

COPY

```
 1              A P P E A R A N C E S

 2  J. Michael Ferguson
    J. MICHAEL FERGUSON, PC
 3  SBOT NO. 24000644
    62 Main Street, Suite 310
 4  Colleyville, Texas 76034
    PHONE: 817-267-1008
 5  E-MAIL: legal@fnalegal.com
    ATTORNEY FOR PLAINTIFFS
 6
    Ian Ghrist
 7  GHRIST LAW FIRM PLLC
    SBOT NO. 24073449
 8  2735 Villa Creek Drive, Suite 140
    Farmer's Branch, Texas 75234
 9  PHONE: 817-778-4136
    E-MAIL: ian@ghristlaw.com
10  ATTORNEY FOR DEFENDANTS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

COPY

1                      CHRONOLOGICAL INDEX
                             VOLUME 1
2      MOTION TO HAVE J. MICHAEL FERGUSON *ET.AL.* HELD IN
               CONTEMPT OF COURT AND FOR SANCTIONS
3                                          PAGE   VOL.
       NOVEMBER 19, 2020
4
       Appearances. . . . . . . . . . . . . . . . . 2    1
5
       Proceedings. . . . . . . . . . . . . . . . . 4    1
6
       Court's Ruling . . . . . . . . . . . . . . .26    1
7
       End of Proceedings . . . . . . . . . . . . .26    1
8
       Court Reporter's Certificate . . . . . . . .27    1
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1         {PROCEEDINGS VIA ZOOM}

2             THE COURT:  I think we're here on a motion

00:00    3   to have Michael Ferguson, et al held in contempt of

00:00    4   court and sanctions and there's a response filed.  And

00:00    5   let's go from there.

00:00    6             Mr. Ghrist, tell me what it is you're

00:00    7   seeking and Mr. Ferguson, you'll be able to respond

00:00    8   and...

00:00    9             MR. FERGUSON:  Your Honor, I'm having a

00:00   10   hard time hearing.  I don't know if it's mine or...

00:00   11             THE REPORTER:  It sounds -- it sounds like

00:00   12   you're really far away.  It's different than it has

00:01   13   been.

00:01   14             THE COURT:  I don't have the microphone on.

00:01   15             THE REPORTER:  Oh.

00:01   16             THE COURT:  Can you hear me now?

00:01   17             THE REPORTER:  Better.  Yes, sir.

00:01   18             THE COURT:  I turned on the microphone.

00:01   19             We're going to allow Mr. Ghrist to go first

00:01   20   and then Mr. Ferguson and you can go and tell me why I

00:01   21   should not and then I may have some questions since I'm

00:01   22   the new judge on this.  And I'm really -- it sounds like

00:01   23   I'm being asked to look at what another judge did, so I

00:01   24   need to look at all this.  Okay.  All right.

00:01   25             Go ahead, Mr. Ghrist.

COPY

| | | |
|---|---|---|
| 00:01 | 1 | MR. GHRIST: Thank you, Your Honor. I'm |
| 00:01 | 2 | going to share my screen, if that's all right? |
| 00:01 | 3 | THE COURT: That's fine. |
| 00:01 | 4 | MR. GHRIST: Can y'all see that? |
| 00:01 | 5 | THE REPORTER: Yes. |
| 00:01 | 6 | THE COURT: Yeah. |
| 00:01 | 7 | MR. GHRIST: Okay. So this is an order |
| 00:01 | 8 | that was signed by Judge Chupp on May 26th of this year. |
| 00:01 | 9 | It states that the plaintiffs are ordered to comply with |
| 00:01 | 10 | the discovery requests that were served on them in |
| 00:01 | 11 | December of 2019. |
| 00:02 | 12 | This order was only signed after multiple |
| 00:02 | 13 | hearings over whether they should have to answer those |
| 00:02 | 14 | discovery requests, and they were ordered to do that. |
| 00:02 | 15 | After this order was signed, Mr. Ferguson |
| 00:02 | 16 | filed for a writ of mandamus and an emergency stay of |
| 00:02 | 17 | this order. That was denied by the Second Court of |
| 00:02 | 18 | Appeals and then the Texas Supreme Court denied it and |
| 00:02 | 19 | the plaintiffs have been in contempt of court since |
| 00:02 | 20 | May 26th of 2020 for failing to respond to the discovery |
| 00:02 | 21 | requests. |
| 00:02 | 22 | And I'm happy to go through the whole |
| 00:02 | 23 | history behind it, but basically we're asking that this |
| 00:02 | 24 | order be enforced and I do understand that this was |
| 00:03 | 25 | signed by Judge Chupp. I'm happy to address all of the |

00:03  1    arguments that were made on both appeals and in all of

00:03  2    the prior motions again, and I think I'll probably go

00:03  3    ahead and summarize those since we have a new judge.

00:03  4    But then the issue is going to be what needs to happen

00:03  5    in order to get this resolved, and there's several

00:03  6    different options.

00:03  7            Okay.  So this case is -- resulted in a

00:03  8    final judgment that's currently on appeal.  The judgment

00:03  9    consisted mostly of sanctions and attorney's fees, which

00:03  10    don't have to be bonded on a supersedeas bond.  So the

00:03  11    only bond that there is, is for court costs, which is

00:03  12    all they have to do under the rules.

00:03  13            However, the rules also explicitly state

00:04  14    that the judgment debtors can be ordered to refrain from

00:04  15    transferring or dissipating assets except in the

00:04  16    ordinary course of business while the case is on appeal,

00:04  17    which is what these discovery requests were related to

00:04  18    and which is why they were ordered to respond to the

00:04  19    discovery requests because we're seeking to have such an

00:04  20    injunction ordered.

00:04  21            So I just filed this document today and

00:04  22    it's just a list of all the cases that have been

00:04  23    previously cited in all of the previous motions and

00:04  24    responses.  So there's nothing new here, but I thought

00:04  25    that we should probably review it again today.

COPY

7

| | | |
|---|---|---|
| 00:04 | 1 | Texas Rule of Civil Procedure 24.2 states |
| 00:04 | 2 | that the judgment creditor's entitled to request an |
| 00:05 | 3 | injunction prohibiting the transfer or dissipation of |
| 00:05 | 4 | assets except in the ordinary course of business.  This |
| 00:05 | 5 | is a copy of that rule. |
| 00:05 | 6 | Specifically, we're concerned with Part D, |
| 00:05 | 7 | which I've highlighted there.  And it's pretty |
| 00:05 | 8 | straightforward.  It just states that the trial court |
| 00:05 | 9 | can enjoin the debtor from transferring or dissipating |
| 00:05 | 10 | assets as long as they're allowed to continue to use |
| 00:05 | 11 | those assets in the ordinary course of business. |
| 00:05 | 12 | Then, I've added the official comments to |
| 00:05 | 13 | that rule because -- |
| 00:05 | 14 | THE COURT:  Mr. Ghrist, why do we need |
| 00:05 | 15 | discovery?  Why can't you just seek an order telling him |
| 00:05 | 16 | don't move assets? |
| 00:05 | 17 | MR. GHRIST:  Because there's case law |
| 00:05 | 18 | saying that you have to have a hearing on whether the |
| 00:05 | 19 | injunction should be issued, and I have to prove that |
| 00:05 | 20 | the injunction -- that there's a reason to issue such an |
| 00:05 | 21 | injunction. |
| 00:05 | 22 | There's some cases where there was a |
| 00:06 | 23 | company that was a Fortune 500 company with a billion |
| 00:06 | 24 | dollars in assets and a million dollar judgment, and |
| 00:06 | 25 | they were able to prove that there's no point in issuing |

00:06  1  such an injunction.

00:06  2         But one of the things that could be done

00:06  3  and what's in the proposed orders that were filed if

00:06  4  they're not going to answer the discovery, the

00:06  5  injunction could just be granted because they've

00:06  6  defaulted on -- on the discovery related to the motion.

00:06  7         THE COURT:  But didn't you -- did you --

00:06  8  did you say that the judgment -- I didn't -- I didn't

00:06  9  even focus on the judgment.  But the judgment was just

00:06  10 for court costs?

00:06  11        MR. GHRIST:  The judgment was for

00:06  12 sanctions, attorney's fees, and court costs.

00:06  13        THE COURT:  Okay.  And a supersedeas bond

00:06  14 was paid, right?

00:06  15        MR. GHRIST:  Yes.  It was about $2,000 of

00:06  16 court costs on a judgment for about 160,000.

00:06  17        THE COURT:  That -- okay.  That's what --

00:07  18 okay.  Thank you.  Go ahead.

00:07  19        MR. GHRIST:  I think I said earlier it was

00:07  20 the -- you know, the bond was about one percent of the

00:07  21 total judgment amount, but it may be a little less.

00:07  22 That --

00:07  23        THE COURT:  Okay.

00:07  24        MR. GHRIST:  Okay.  So the reason I put the

00:07  25 official comment on here is because it states that the

COPY

9

| | | |
|---|---|---|
| 00:07 | 1 | former Rules 47 through 49 have been merged into Rule 24 |
| 00:07 | 2 | because the next one we're going to look at is |
| 00:07 | 3 | authorizing the postjudgment discovery, which currently |
| 00:07 | 4 | references the rules that were previously combined. |
| 00:07 | 5 | Rule 621(a) provides that at any time -- |
| 00:07 | 6 | and I've highlighted the relevant part there.  At any |
| 00:07 | 7 | time after the judgment's rendered, regardless of |
| 00:07 | 8 | whether the plenary period has expired or not, the Court |
| 00:07 | 9 | can order discovery under Rules 47 and 49. |
| 00:08 | 10 | And then I've also highlighted the footnote |
| 00:08 | 11 | that said that this is now Rule 24, which is the rule |
| 00:08 | 12 | authorizing discovery -- well, sorry.  The rule |
| 00:08 | 13 | authorizing a transfer or dissipation injunction.  So |
| 00:08 | 14 | this is explicitly authorizing discovery related to the |
| 00:08 | 15 | exact motion that was filed related to this discovery. |
| 00:08 | 16 | Texas Civil Practice and Remedies Code |
| 00:08 | 17 | Section 52.006 says the same thing as Appellate Rule 24, |
| 00:08 | 18 | which is that the Court can order such an injunction. |
| 00:08 | 19 | And I thought it was important to talk about this rule |
| 00:08 | 20 | as well, because the beginning of the rule talks about |
| 00:08 | 21 | the supersedeas bond and then Subsection E is very clear |
| 00:08 | 22 | that nothing in this section prevents the trial court |
| 00:09 | 23 | from issuing an injunction. |
| 00:09 | 24 | So regardless of whether the bond is |
| 00:09 | 25 | posted, there can still be an injunction.  Those are two |

00:09  1  separate issues.

00:09  2  And then this is a case, *In re Emeritus*

00:09  3  *Corp.*, which interprets those rules. Mr. Ferguson is

00:09  4  basically making the same argument that was the losing

00:09  5  argument in this case. They lost the argument. He's

00:09  6  already lost the argument in the Second Court of

00:09  7  Appeals, the Texas Supreme Court, and the previous court

00:09  8  that transferred this case here. And I don't -- I

00:09  9  haven't seen anything that would suggest that any

00:09  10  different results would ever occur.

00:09  11  And that's pretty -- pretty much it. I'm

00:09  12  happy, again, to go over the previous history of the

00:09  13  case, but we're not trying to retry the case. We're

00:09  14  just trying to get the discovery on the injunction.

00:09  15  We're asking for either -- now, as far as previous

00:10  16  orders related to this go, the plaintiffs were

00:10  17  previously sanctioned $500 for failing to give these

00:10  18  discovery responses turned in.

00:10  19  That sanction was not sufficient to get any

00:10  20  compliance. So we're asking for either discovery

00:10  21  sanctions equivalent to the amount of attorney's fees,

00:10  22  which are shown on the affidavit that was filed, and

00:10  23  I'll put that up on the screen there.

00:10  24  This is a fee affidavit that was filed on

00:10  25  August 25th and that just states how much time and

COPY

00:10 1 energy went into the different hearings trying to get

00:10 2 this discovery done. And we're asking for them to

00:10 3 default on the injunction motion. In the alternative,

00:11 4 we're asking for civil -- civil penalties for contempt

00:11 5 of court. Mr. Ferguson could be incarcerated until he

00:11 6 purges himself of contempt by complying with the

00:11 7 discovery requests. These are all different remedies

00:11 8 that the Court could award, and we've submitted proposed

00:11 9 orders with the different ones on there.

00:11 10 So there's criminal contempt, which is six

00:11 11 months in jail and then there's civil fines, which have

00:11 12 to be paid to the Court and then there's discovery

00:11 13 sanctions, which are awarded to the movant and then

00:11 14 there's also a default. You can default on the motion.

00:11 15 And that -- and again, I'm happy to recover

00:11 16 all of what we covered in all of the previous hearings

00:12 17 in this case, but that's the gist of it right there.

00:12 18 THE COURT: Okay. Yeah, I don't want you

00:12 19 to rehash. I'm just trying to fully understand where

00:12 20 we're at and I have an idea. Okay.

00:12 21 Let me hear from Mr. Ferguson.

00:12 22 MR. FERGUSON: Your Honor, what we're

00:12 23 saying is that the order that Judge Chupp signed is a

00:12 24 void order, because the Court does not have continuing

00:12 25 jurisdiction other than what is set out under Texas Rule

00:12　　1　of Appellate Procedure 24.3, which is the continuing

00:12　　2　trial court jurisdiction.  And on those, the continuing

00:13　　3　jurisdiction, even after the trial, the Court's plenary

00:13　　4　power expires.  The trial court has continuing

00:13　　5　jurisdiction to do the following:  Order the amount and

00:13　　6　type of security and decide the sufficiency of sureties

00:13　　7　and if circumstances change, modify the amount and type

00:13　　8　of security required to continue the suspension of a

00:13　　9　judgment's execution.

00:13　 10　　　　　　　And that is -- the jurisdiction of the

00:13　 11　Court is limited to those motions.  And what Mr. Ghrist

00:13　 12　is not stating in the *Emeritus* case what happened in it

00:13　 13　is that the judgment debtor had a $17 million bond and

00:13　 14　they filed a motion to file an alternative bond.  And

00:13　 15　during those proceedings, which the Court still had

00:13　 16　plenary power, a motion for injunctive relief was filed

00:14　 17　and it was granted.

00:14　 18　　　　　　　So if an injunction had been granted in

00:14　 19　this case before the plenary power expired, then the

00:14　 20　Court would have continuing jurisdiction over that

00:14　 21　injunction like in *Emeritus* and they allowed discovery

00:14　 22　in *Emeritus* to verify that the judgment debtor was

00:14　 23　complying with the injunction.

00:14　 24　　　　　　　In this case, Mr. Ghrist does not even have

00:14　 25　a motion for injunction on file.  He filed a

00:14   1   two-paragraph document that stated -- the title was

00:14   2   motion to enjoin, but in the body of it, it says that

00:14   3   it's a motion to compel.

00:14   4            And at that hearing, Judge Chupp stated on

00:14   5   the record that he was not going to compel discovery.

00:14   6   And later on we came back for a hearing and Judge Chupp

00:15   7   just ordered the discovery. So Judge Chupp has ordered

00:15   8   discovery for five years of back bank statements, which

00:15   9   I don't see how that can have anything to do with today

00:15  10   if they think that these assets are being dissipated.

00:15  11            And in this case, it's -- this is real

00:15  12   estate related matters that this case was about. So

00:15  13   everything has to be filed of public record. If you pay

00:15  14   a loan off, there's got to be a release of lien. If you

00:15  15   transfer it, there's got to be -- so there's public

00:15  16   records that Mr. Ghrist could go to, to see if there's

00:15  17   any of this dissipating or transferring of assets.

00:15  18            And Mr. Ghrist has offered no evidence.

00:15  19   What he's asking the Court to do is just give him a free

00:15  20   shot at us and get five years of back information.

00:16  21            But to go back to the jurisdiction, the

00:16  22   Court is limited. And in this case, there is no motion

00:16  23   for an injunction. There was never a hearing on a

00:16  24   motion for an injunction. All there was, was a motion

00:16  25   to compel.

COPY

00:16 1          And when we filed our bond, the cash bond,

00:16 2   then that suspended any collection efforts by -- by law.

00:16 3   And so based on that, Your Honor, Mr. Ghrist did not

00:16 4   have any right to get any discovery 'cause he did not

00:16 5   have an injunction.  And nowhere in these rules does it

00:16 6   say that you can get discovery to see if you want to get

00:16 7   an injunction.

00:16 8          The *Emeritus* case is clear that the

00:16 9   discovery was granted to verify that they were complying

00:16 10  with an injunction that was already in place and because

00:16 11  it was already in place, the Court had continuing

00:16 12  jurisdiction over it.

00:16 13         But once the plenary power expires under

00:17 14  24.3, then those are the only motions that the Court

00:17 15  would have jurisdiction over, Your Honor.  And so we're

00:17 16  just simply asking that the Court -- we don't think the

00:17 17  Court has anything -- any jurisdiction other than to

00:17 18  dismiss this.

00:17 19         And that's where we're at, Your Honor.

00:17 20         THE COURT:  Mr. Ghrist, okay.  It's obvious

00:17 21  the statute you stated, you know, said that an

00:17 22  injunction couldn't be issued -- said the discovery can

00:17 23  be related to that.  Mr. Ferguson doesn't disagree

00:17 24  except he says it has to be done within the Court's

00:17 25  plenary power time period.

COPY

15

| | | |
|---|---|---|
| 00:17 | 1 | I don't -- I haven't studied this enough. |
| 00:17 | 2 | Does -- do the statutes make that determination that |
| 00:17 | 3 | there has to -- that all this has to be done before the |
| 00:18 | 4 | Court loses any kind of plenary power? |
| 00:18 | 5 | MR. GHRIST: No. The statute says that it |
| 00:18 | 6 | can be done any time after the rendition of judgment. |
| 00:18 | 7 | There's no -- and this is the reason why he lost in the |
| 00:18 | 8 | Second Court of Appeals, the Texas Supreme Court, and |
| 00:18 | 9 | with the prior judge is because there's no legal basis |
| 00:18 | 10 | whatsoever for this argument. |
| 00:18 | 11 | The discovery is specifically authorized at |
| 00:18 | 12 | any time after the rendition of the judgment. Any time |
| 00:18 | 13 | means literally what it says, any time. And there's no |
| 00:18 | 14 | argument to the contrary, no case law to the contrary, |
| 00:18 | 15 | none. |
| 00:18 | 16 | THE COURT: Mr. -- |
| 00:18 | 17 | MR. GHRIST: It also even makes sense |
| 00:18 | 18 | because those rules are related to any postjudgment |
| 00:18 | 19 | discovery regardless of whether it's -- there's an |
| 00:18 | 20 | appeal pending or not. This is -- so it would make no |
| 00:19 | 21 | sense at all to be limited by the plenary period. That |
| 00:19 | 22 | would be like saying you can't do any postjudgment |
| 00:19 | 23 | discovery when the plenary period expires, which is |
| 00:19 | 24 | obviously not how it works. |
| 00:19 | 25 | Also -- but, you know, we did have a motion |

00:19    1   on file. We had multiple hearings on these issues.

00:19    2   Mr. Ferguson's lost every hearing and that's because we

00:19    3   did have the motion on file. The discovery was directly

00:19    4   related to the motion, and we have not had a hearing on

00:19    5   the motion yet because I do have the burden of proof at

00:19    6   the hearing and I need the discovery.

00:19    7          Or the Court could go ahead and grant

00:19    8   the -- the injunction and then -- I mean, if they're not

00:19    9   going to produce discovery on the injunction, the Court

00:19   10   could go ahead and grant the injunction.

00:19   11          MR. FERGUSON: Your Honor, he would need to

00:19   12   have a verified pleading, affidavit, something to

00:20   13   support his motion for injunction. A bond would have

00:20   14   had to have been posted. There's all kinds of problems

00:20   15   here. And Mr. Ghrist is acting like we lost to the

00:20   16   Court of Appeals or the Supreme Court. They just didn't

00:20   17   do anything about it.

00:20   18          So it doesn't -- under the plain reading of

00:20   19   Texas Rule Appellate Procedure 24.3, it states

00:20   20   continuing trial court jurisdiction and it states what

00:20   21   the continuing jurisdiction is after the court's plenary

00:20   22   power expires. And that is for a motion to decide the

00:20   23   sufficiency of a bond, which Mr. Ghrist never filed. He

00:20   24   filed a document that stated we didn't post enough, so

00:20   25   we just posted what he's -- the difference. And he

00:20  1  didn't file a motion stating that there were

00:20  2  circumstances changed to modify and he wouldn't even be

00:21  3  able to because we posted a cash bond.  And so --

00:21  4          MR. GHRIST:  I'm not arguing that the bond

00:21  5  was not posted.  The -- the case law is pretty clear

00:21  6  that you don't have to bond attorney's fees and

00:21  7  sanctions.  So we have a bond for about $2,000 of court

00:21  8  costs and whether I agree with that or not, it's -- the

00:21  9  bond is fine.  But that doesn't mean the injunction

00:21  10  doesn't apply.

00:21  11          THE COURT:  And you're saying that in order

00:21  12  to get the -- Mr. Ferguson said you don't have a

00:21  13  verified pleading on file for an injunction.  You

00:21  14  disagree?

00:21  15          MR. GHRIST:  I have -- I have a motion on

00:21  16  file for an injunction under those code sections that we

00:21  17  just cited, which do not have any verification

00:21  18  requirements.  I'm not asking for a temporary

00:21  19  restraining order either.

00:21  20          THE COURT:  Right.

00:21  21          MR. GHRIST:  An injunction -- a restraining

00:21  22  order does have a verification requirement.  I'm not

00:21  23  asking for a restraining order.

00:21  24          THE COURT:  I agree.  A request for an

00:22  25  injunction, a temporary injunction does not require -- I

00:22   1   don't disagree.  A temporary restraining order does.

00:22   2              MR. FERGUSON:  But an injunction would

00:22   3   require an affidavit of supporting evidence to state why

00:22   4   they should be given --

00:22   5              MR. GHRIST:  No.  Injunctions are decided

00:22   6   on testimony on hearings live with cross-examination.

00:22   7   A -- motions for summary judgment are decided on

00:22   8   affidavits.

00:22   9              THE COURT:  Right.  Mr. Ghrist is right.

00:22  10   We have to have a hearing on the injunction.  Albeit,

00:22  11   he's requested that I grant him his injunction right now

00:22  12   as -- as sanctions with respect to the motion to compel.

00:22  13   That's one of the three alternatives.  Okay.  All right.

00:22  14              What else, Mr. --

00:22  15              MR. GHRIST:  That's -- that's all I have,

00:22  16   Your Honor.  I'm -- yeah.  Any of those alternatives,

00:22  17   they're all in the proposed orders that have been filed.

00:23  18              THE COURT:  Okay.  Hold off.  Let me see

00:23  19   where the proposed order is.

00:23  20              MR. GHRIST:  It's going to be the last two

00:23  21   documents on the list there.

00:23  22              THE COURT:  On -- on the affidavit, the

00:23  23   ones that were filed with the affidavit?

00:23  24              MR. GHRIST:  No, Your Honor.  The proposed

00:23  25   orders that I'm referring to are the ones that were

00:23  1  filed today, and it's the last two documents that were

00:23  2  filed in this case.  I did have some previous proposed

00:23  3  orders on file, but they all have the wrong style, so I

00:24  4  would -- I would suggest only looking at the ones that

00:24  5  were filed today.

00:24  6              THE COURT:  You know -- okay.  That's -- I

00:24  7  only have one document that's been filed today and --

00:24  8  hold it.  Oh, no.  No.  There they are.  Okay.  They

00:24  9  just popped up.  Okay.  Okay.

00:25  10              I think I got to have a hearing.  I don't

00:25  11  think I can grant -- I mean, I guess I could grant the

00:25  12  injunction requested, but I'm not sure that I want to do

00:25  13  that.

00:25  14              Mr. -- Mr. Ferguson, I'm in agreement with

00:25  15  Mr. Ghrist that he's entitled to some relief here only

00:25  16  because there is a previous order, and I do believe

00:25  17  based on the statutes that he's shown me that we've got

00:25  18  to go forward -- that he can go forward with discovery.

00:25  19              The question I've got is to what is it that

00:25  20  I'm going to -- I'm going to issue a -- I'm not going to

00:25  21  find you in contempt at this time and throw you in jail.

00:25  22  I'm not going to do that to anybody right now.

00:25  23              I am going to find, though, that you are --

00:25  24  I'm going to grant the motion to compel.  And I'm going

00:26  25  to find that you do already owe $500.

00:26  1       Did you pay -- did he pay that $500

00:26  2  earlier?

00:26  3       MR. GHRIST: He did not. He's already been

00:26  4  ordered -- we've already had a motion to compel and he

00:26  5  was already ordered to respond to the discovery and I

00:26  6  was awarded $500. So I think the next penalty has to be

00:26  7  something more than that.

00:26  8       THE COURT: Here's what I'm going to do.

00:26  9  I'm going to take out the -- the portion contempt of

00:26  10 court that you're confined in the county jail, but I am

00:26  11 going to grant Mr. Ghrist attorney fees based upon the

00:26  12 affidavit. I want to look at that first. Civil

00:26  13 penalties, he's got a proposal of 500. I won't go for

00:26  14 500. I'm going to go for 200. Okay.

00:26  15      MR. FERGUSON: Your Honor, you do know that

00:26  16 Judge Chupp stated on the record that he was not going

00:26  17 to compel me?

00:26  18      MR. GHRIST: Your Honor, that is not true.

00:27  19      MR. FERGUSON: I'll share my screen with

00:27  20 you right here.

00:27  21      THE COURT: Then why did he sign an order?

00:27  22      MR. FERGUSON: I have no --

00:27  23      MR. GHRIST: Your Honor --

00:27  24      MR. FERGUSON: -- I have no clue why he

00:27  25 does what he does.

COPY

00:27  1          MR. GHRIST:  We had a hearing and Judge

00:27  2  Chupp stated that he was going to give Mr. Ferguson an

00:27  3  additional 30 days to get his objections on file and he

00:27  4  was not going to compel him to reply until after we had

00:27  5  a hearing and he got an extra 30 days.

00:27  6          Then we had another hearing, which is the

00:27  7  hearing where he actually signed the order compelling

00:27  8  him.  So Mr. Ferguson is citing you to an old hearing

00:27  9  where there was hearings after that.  I don't understand

00:27 10  why he's even --

00:27 11          MR. FERGUSON:  Your Honor, that is

00:27 12  incorrect and that is easily determined by the record.

00:27 13  So it states right here on Line 20, I said, there is no

00:27 14  motion -- I told him that we were here on a motion to

00:27 15  compel 'cause there's not been any hearing on an

00:27 16  injunction.  And Judge Chupp said I'm not going to

00:28 17  compel you to answer discovery and then we have the next

00:28 18  hearing and --

00:28 19          MR. GHRIST:  If you could read the next

00:28 20  line where it states what I just said.

00:28 21          MR. FERGUSON:  It doesn't matter.  He

00:28 22  stated he's not going to compel it.

00:28 23          THE COURT:  Everybody be quiet.  I'm going

00:28 24  to read it.  The Court says on Line 20, I'm not going to

00:28 25  compel you to answer discovery.  What I'm going to do

00:28  1  now that he has something on file that he can get
00:28  2  discovery on it, I think you should answer it within
00:28  3  30 days from today or you waive your objections.  Make
00:28  4  your objections to that and he has -- and then scroll
00:28  5  down to the next screen.
00:28  6          He has got something on file that I think
00:28  7  complies with 60 -- 621(a) and 24.  And so if you want
00:28  8  to object to the discovery that he sent you, then object
00:28  9  and we'll have a hearing on that.  But I'm going to
00:28  10  consider your discovery filed or sent to him yesterday
00:29  11  when you filed your motion, because I don't think you
00:29  12  could send discovery until you filed a motion.  Okay.
00:29  13  So that's that.
00:29  14          Now, Mr. Ghrist, you said you then had a
00:29  15  later hearing?
00:29  16          MR. GHRIST:  Yes, Your Honor.
00:29  17          THE COURT:  Okay.
00:29  18          MR. GHRIST:  Multiple later hearings after
00:29  19  that.
00:29  20          THE COURT:  And that was the basis for his
00:29  21  order compelling Mr. Ferguson to respond?
00:29  22          MR. GHRIST:  Yes.  The order compelling
00:29  23  Mr. Ferguson to respond was not signed as a result of
00:29  24  this hearing that we're reading.  It was a subsequent
00:29  25  hearing after Mr. Ferguson did not file any objections

COPY

```
00:29   1  within the 30 days he was given.
00:29   2              THE COURT:  Okay.
00:29   3              MR. FERGUSON:  Your Honor, that is -- what
00:29   4  he's stating is simply not correct and it can be
00:29   5  verified by us looking at the record.  We had this
00:29   6  hearing and right down here I said, if you don't mind, I
00:29   7  will submit an order and get it to Mr. Ghrist.  The
00:29   8  Court said okay and then y'all can use whatever
00:29   9  procedure you have after that.  I submitted an order and
00:30  10  the Court never signed the order.
00:30  11              THE COURT:  Mr. Ferguson, what's the date
00:30  12  of that hearing?  What's the date of that record showing
00:30  13  the hearing?
00:30  14              MR. FERGUSON:  The 21st day of February
00:30  15  2020.
00:30  16              THE COURT:  There was a motion to compel in
00:31  17  May of 2020.
00:31  18              MR. GHRIST:  Exactly.
00:31  19              MR. FERGUSON:  But that was the -- he filed
00:31  20  a supplemental motion.  That's how we got the next
00:31  21  hearing after this hearing.
00:31  22              THE COURT:  But there was an order signed
00:31  23  by Judge Chupp -- hold off.  Don't anyone say
00:31  24  anything -- on that same day that you had the hearing
00:31  25  Judge Chupp signed an order to comply with the discovery
```

00:31  1  requests served on December the 4th, 2019 referenced in

00:31  2  the motion to compel the discovery requests.  As the

00:31  3  plaintiff failed to timely file objections thereto,

00:31  4  such -- such objections, if any, are waived.

00:31  5          So he's then said your motion to quash the

00:31  6  subpoenas are denied.  That was all done in May and then

00:32  7  he assessed you $500.  Was that attorney fees?  Wow.

00:32  8  Okay.  So --

00:32  9          MR. FERGUSON:  Your Honor, we had this

00:32  10  hearing in February and came back in May and that's when

00:32  11  he did it.

00:32  12          THE COURT:  Right.

00:32  13          MR. FERGUSON:  But he had told me in

00:32  14  February, I'm not going to compel you.

00:32  15          THE COURT:  That was because he was giving

00:32  16  you a chance to file your answers and file objections.

00:32  17  If he had signed an order to compel you, your objections

00:32  18  probably would have been no good.

00:32  19          MR. FERGUSON:  Okay.  But on the record, he

00:32  20  stated that he's going to sign an order and if you look,

00:32  21  he never did sign the order that I submitted.

00:32  22          THE COURT:  Well, that -- and listen,

00:32  23  that's -- I can't speak to that.  I go by the record,

00:32  24  but I can't speak to the order that he signed on

00:32  25  May 26th in which he did compel you.  So I -- I have to

| | | |
|---|---|---|
| 00:32 | 1 | go with what's in the record.  And what I'm showing on |
| 00:32 | 2 | my docket sheet that there was a hearing on May 26th, |
| 00:33 | 3 | 2020, if I can read the writing, but apparently this |
| 00:33 | 4 | order was signed on May 26th. |
| 00:33 | 5 | So there was a motion to compel you to |
| 00:33 | 6 | respond to the discovery requests.  I take it that those |
| 00:33 | 7 | were the ones sent out on December 4th of 2019 and then |
| 00:33 | 8 | that -- Mr. -- Mr. Ghrist, have you gotten any |
| 00:33 | 9 | information from Veritex or from Chase? |
| 00:33 | 10 | MR. GHRIST:  Yes. |
| 00:33 | 11 | THE COURT:  Okay.  Okay.  So I'm going |
| 00:33 | 12 | to -- I'm going to sign -- I'm going to go back and look |
| 00:33 | 13 | at this thing -- I'm going to issue an order with $200 a |
| 00:33 | 14 | day starting tomorrow or the day after I sign the |
| 00:33 | 15 | judgment.  Okay.  Until those -- those are answered. |
| 00:33 | 16 | I will tell you that they need to be |
| 00:33 | 17 | answered within 30 -- I -- I'd say 45 days only because, |
| 00:33 | 18 | you know -- they've got to be answered.  If at such |
| 00:33 | 19 | time -- well, it's going to be $200 a day until you've |
| 00:34 | 20 | answered and then I'm only going to give you 45 days to |
| 00:34 | 21 | answer them.  You need to answer them. |
| 00:34 | 22 | At which time, Mr. Ghrist, you may file |
| 00:34 | 23 | another motion at which that motion may request that I |
| 00:34 | 24 | deem your injunction's granted. |
| 00:34 | 25 | Does that make sense? |

00:34  1          MR. GHRIST:  Understood.

00:34  2          THE COURT:  I've got to give you the

00:34  3  opportunity to answer the discovery one last time.  Part

00:34  4  of this is because I'm the new judge.  I'm not going to

00:34  5  throw you in jail at this time.  But let -- so the

00:34  6  motion to compel is granted.

00:34  7          And let me just look at this order and --

00:34  8  Mr. Ghrist, and get it signed.  But it's going to be

00:34  9  $200 a day starting the day after and you have 45 days

00:34  10 starting the day after I sign the order to get him the

00:34  11 documents at which time then Mr. Ghrist may seek and

00:34  12 file his motion -- he already has his motion for

00:34  13 injunction.  Okay.  All right.  That's my ruling.

00:35  14         Is there any other ruling -- any other

00:35  15 thing you need?  Anybody?

00:35  16         MR. FERGUSON:  No, Your Honor --

00:35  17         MR. GHRIST:  -- no, Your Honor.

00:35  18         THE COURT:  Okay.  With that, Court stands

00:35  19 in recess.

00:35  20         (Proceedings concluded at 2:38 p.m.)

21

22

23

24

25

1                   C E R T I F I C A T E

2   THE STATE OF TEXAS  )

3   COUNTY OF TARRANT   )

4        I, MONICA A. RITCHIE, Official Court Reporter in
    and for the 67th District Court of Tarrant County, State
5   of Texas via Zoom video conference, do hereby certify
    that the above and foregoing contains a true and correct
6   transcription of all portions of evidence and other
    proceedings requested in writing by counsel for the
7   parties to be included in this volume of the electronic
    reporter's record, in the aforementioned cause, all of
8   which occurred in open court or in chambers and were
    reported by me.

9
         I FURTHER CERTIFY that this electronic reporter's
10  record of the proceedings truly and correctly reflects
    the exhibits, if any, offered and/or admitted by the
11  respective parties.

12       I FURTHER CERTIFY that the total cost for the
    preparation of this electronic reporter's record is
13  $162.00 and was paid by Plaintiffs.

14       WITNESS MY OFFICIAL HAND this the 20th day of
    November, 2020.

15

16

17                   /s/ Monica A. Ritchie
                     MONICA A. RITCHIE, CSR, RPR
18                   Texas CSR 7910
                     Expiration:  10/31/2022
19                   Official Court Reporter
                     67th District Court
20                   Tarrant County, Texas
                     Tom Vandergriff Civil Courts Building
21                   100 N. Calhoun Street, 4th Floor
                     Fort Worth, Texas 76196
22                   (817) 884-1453 - Office
                     (817) 884-2384 - Fax
23                   maritchie@tarrantcounty.com

24

25

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 067-311209-19

| | | |
|---|---|---|
| MBH REAL ESTATE, LLC, ET AL | ) | IN THE DISTRICT COURT |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| VS. | ) | TARRANT COUNTY, TEXAS |
| | ) | |
| GHRIST LAW FIRM, PLLC, ET AL | ) | |
| | ) | |
| *Defendants.* | ) | 67TH JUDICIAL DISTRICT |

* * * * * * * * * * * * * * * * * * * * * * *

SECOND MOTION TO HAVE J. MICHAEL FERGUSON *ET.AL.* HELD IN
CONTEMPT OF COURT AND FOR SANCTIONS
and
PLAINTIFF MOTION TO QUASH RECORD REQUEST SUBPOENA AND
NOTICE OF INTENT TO TAKE WRITTEN QUESTIONS TO J.P.
MORGAN CHASE BANK, N.A. AND MOTION FOR PROTECTIVE ORDER

* * * * * * * * * * * * * * * * * * * * * * *

On the 15th day of March, 2021, the following

proceedings came on to be heard in the above-entitled

and numbered cause before the Honorable Donald J. Cosby,

Judge presiding, held in Fort Worth, Tarrant County,

Texas via Zoom video conference:

Proceedings reported by machine shorthand.

1                    A P P E A R A N C E S

2    J. Michael Ferguson
     J. MICHAEL FERGUSON, PC
3    SBOT NO. 24000644
     62 Main Street, Suite 310
4    Colleyville, Texas 76034
     PHONE: 817-267-1008
5    E-MAIL: legal@fnalegal.com
     ATTORNEY FOR PLAINTIFFS
6
     Ian Ghrist
7    GHRIST LAW FIRM PLLC
     SBOT NO. 24073449
8    2735 Villa Creek Drive, Suite 140
     Farmer's Branch, Texas 75234
9    PHONE: 817-778-4136
     E-MAIL: ian@ghristlaw.com
10   ATTORNEY FOR DEFENDANTS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<pre>
 1                    CHRONOLOGICAL INDEX
                          VOLUME 1
 2   SECOND MOTION TO HAVE J. MICHAEL FERGUSON *ET.AL.* HELD IN
                CONTEMPT OF COURT AND FOR SANCTIONS
 3                            and
        PLAINTIFF MOTION TO QUASH RECORD REQUEST SUBPOENA AND
 4       NOTICE OF INTENT TO TAKE WRITTEN QUESTIONS TO J.P.
     MORGAN CHASE BANK, N.A. AND MOTION FOR PROTECTIVE ORDER
 5
                                           PAGE   VOL.
 6   MARCH 15, 2021
</pre>

<pre>
 7   Appearances. . . . . . . . . . . . . . . . . 2   1

 8   Proceedings. . . . . . . . . . . . . . . . . 4   1

 9   End of Proceedings . . . . . . . . . . . . .35   1

10   Court Reporter's Certificate . . . . . . . .36   1
</pre>

1               {PROCEEDINGS VIA ZOOM}

2           THE COURT:  We're here on a couple of

00:00  3 matters.  And then I notice that Mr. -- somehow another

00:00  4 I got a late filed response.  It's not a late filed.

00:00  5 There's no requirement.  But I got a midnight filing

00:00  6 today of some kind of response to Defendants' Motion to

00:00  7 Compel.  I don't know if Mr. Ghrist has had an

00:00  8 opportunity to look at it.  I really haven't.  It's too

00:00  9 long.

00:00 10          But let's go ahead and take up the motions

00:00 11 and then let's see where we're at.

00:00 12          Mr. Ghrist, the floor is yours.  I...

00:00 13          MR. GHRIST:  Thank you, Your Honor.  So

00:00 14 this is a continuation of the previous hearings we've

00:00 15 had on this where there's postjudgment discovery related

00:01 16 to whether a transfer of dissipation injunction should

00:01 17 be issued.  And they've been ordered to respond.

00:01 18          On the same day that that order was signed,

00:01 19 there was -- I received responses, but the responses had

00:01 20 a lot of problems with them.  There was a lot of things

00:01 21 missing, a lot of the interrogatories, the answers were

00:01 22 either nonresponsive or evasive.

00:01 23          So we have a list in the motion of all the

00:01 24 problems.

00:01 25          THE COURT:  Yeah, I've looked --

00:01  1      MR. GHRIST:  I've read the response -- I'm

00:01  2  sorry, Your Honor.

00:01  3      THE COURT:  Seven, 8, 11, 12, 15, 25, and

00:01  4  then Production Responses 2, 5, 6, 7, 8, 9, 10, 11, 12,

00:01  5  13, 14, 15, 16.  And then also in that same motion, he

00:01  6  had a motion to enjoin the plaintiffs from transferring

00:02  7  assets.  That was --

00:02  8      MR. GHRIST:  Right.

00:02  9      (Simultaneous conversation.)

00:02  10      MR. GHRIST:  That's been pending for about

00:02  11  a year now and all this discovery relates to that.

00:02  12      THE COURT:  And a lot of it -- okay.  I've

00:02  13  pretty much looked at everything, but basically what

00:02  14  you're saying is the information given was incomplete

00:02  15  and also you lack the raw data from the QuickBooks.

00:02  16      In other words, you -- the plaintiff just

00:02  17  submitted summaries of what he believed was responsive

00:02  18  pursuant -- for summaries of the QuickBooks information

00:02  19  is my understanding; is that correct?

00:02  20      MR. GHRIST:  Correct.

00:02  21      THE COURT:  Okay.  All right.  Go ahead,

00:02  22  though.  I mean, I --

00:02  23      MR. GHRIST:  Some of this is very

00:02  24  straightforward.  Like on Production Request No. 2, the

00:02  25  response says there's a file called

COPY

6

| | |
|---|---|
| 00:02 | 1 NoteSmithFlashDrive.Zip that's being produced. I never |
| 00:02 | 2 got the file, and I haven't been able to get any |
| 00:02 | 3 explanation for when I'm going to get it or why it |
| 00:03 | 4 wasn't produced like it said it would be. And I've read |
| 00:03 | 5 the response, and I didn't see anything in the response |
| 00:03 | 6 about that issue either. |
| 00:03 | 7 When I tried to conference with |
| 00:03 | 8 Mr. Ferguson on it, he told me that I already got |
| 00:03 | 9 everything and then put several insulting things in |
| 00:03 | 10 there that had nothing to do with anything. I don't |
| 00:03 | 11 know -- that didn't tell me anything about when that |
| 00:03 | 12 file is going to be produced or why it wasn't produced. |
| 00:03 | 13 THE COURT: Okay. So in other words, you |
| 00:03 | 14 got -- you got some type of response; it just wasn't |
| 00:03 | 15 what you requested? |
| 00:03 | 16 MR. GHRIST: Yes. There was words written |
| 00:03 | 17 down on each of the interrogatories. Some of them were |
| 00:03 | 18 responsive. Not -- I'm not complaining about all of |
| 00:03 | 19 them, but a lot of them were not responsive. And the |
| 00:03 | 20 production -- so I drafted a proposed order. If we get |
| 00:03 | 21 the bank statements that we're requesting and the |
| 00:04 | 22 QuickBooks files and the NoteSmith file, then I think |
| 00:04 | 23 that's everything there is. |
| 00:04 | 24 I don't think I'm ever going to get |
| 00:04 | 25 responsive interrogatory responses. I think I would |

| | | |
|---|---|---|
| 00:04 | 1 | like to get that, but I doubt it's ever going to happen. |
| 00:04 | 2 | So I think the best we could hope for is getting the |
| 00:04 | 3 | QuickBooks file, the bank statements, and the NoteSmith |
| 00:04 | 4 | file. |
| 00:04 | 5 | THE COURT: Okay. |
| 00:04 | 6 | MR. GHRIST: And then we're also asking |
| 00:04 | 7 | that they be defaulted on the motion. The previous |
| 00:04 | 8 | order that the Court signed said that if the responses |
| 00:04 | 9 | were not done within 45 days, then they would default on |
| 00:04 | 10 | the motion. |
| 00:04 | 11 | THE COURT: Okay. |
| 00:04 | 12 | MR. GHRIST: And even if they default on |
| 00:04 | 13 | the motion, I still need to know whether that transfer |
| 00:04 | 14 | dissipation injunction's been complied with or not, so |
| 00:04 | 15 | I'm still going to need the discovery. But at this |
| 00:04 | 16 | point, I think they should default on the motion. |
| 00:04 | 17 | That's specifically what they were warned would happen. |
| 00:05 | 18 | THE COURT: Okay. Let me hear from |
| 00:05 | 19 | Mr. Ferguson. |
| 00:05 | 20 | MR. GHRIST: Yeah. |
| 00:05 | 21 | MR. FERGUSON: Your Honor, I'm asking that |
| 00:05 | 22 | we abate it, because Mr. Ghrist is not telling the |
| 00:05 | 23 | truth. They asked for five years worth of financial |
| 00:05 | 24 | documents. They got 18,000 pages from Chase Bank. We |
| 00:05 | 25 | gave them the reports that we did in the previous court |

00:05 1 where we reported every month.

00:05 2      As far as the interrogatories under 197.2,
00:05 3 if there are documents that you can point to that give
00:05 4 the same answer, then that's a responsive answer for the
00:05 5 interrogatory and that's under 197.2 of the Texas Rules
00:05 6 of Civil Procedure.

00:05 7      So we have fully complied with this.  And
00:05 8 what Mr. Ghrist is really doing is working with Caleb
00:06 9 Moore in the other case, and he turned all that
00:06 10 information over to Caleb Moore.  And then he sent the
00:06 11 subpoena, which is of record with the Court, Your Honor,
00:06 12 that he filed on 1/26/21, I believe is the date of that
00:06 13 one.

00:06 14      And in that subpoena, if you look on Page
00:06 15 2, Your Honor, Ian Ghrist asked Chase Bank for
00:06 16 information on me personally.  And in that request, they
00:06 17 asked for every account that I'm on and then they also
00:06 18 asked for information about Ferguson & Associates, which
00:06 19 I'm not a party to the lawsuit, neither is Ferguson &
00:06 20 Associates.

00:06 21      And if you -- under the Texas Finance Code,
00:06 22 Mr. Ghrist is required to send notice to me, Ferguson &
00:06 23 Associates and ask for permission to get this
00:07 24 information.  And if we don't, then he's required to go
00:07 25 to court and get it, an order ordering it.

00:07  1       So -- but Mr. Ghrist didn't do that and the

00:07  2  courts are just letting him do whatever he wants without

00:07  3  any basis at all.  And so he now has my personal social

00:07  4  security number, which he's disclosed to a third party.

00:07  5  He has disclosed information on other entities to a

00:07  6  third party without permission, which is in violation of

00:07  7  the federal privacy rights act.  And it's actually a

00:07  8  felony, Your Honor, when they do that.  And Caleb Moore

00:07  9  and Ian Ghrist have done it.

00:07  10      Your Honor, it's a -- the -- we have filed

00:08  11  in this court before --

00:08  12      THE COURT:  Mr. Ferguson -- Mr. Ferguson,

00:08  13  I -- I -- I got to tell you, I'm lost.  I got put into

00:08  14  this case on a postjudgment and that's all -- that's all

00:08  15  I understand.  I don't understand what Caleb Moore's

00:08  16  involvement or anything like that.  Again, I haven't

00:08  17  read your lengthy thing that you filed early -- early

00:08  18  this morning.

00:08  19      And I -- all I know is that Mr. -- we had a

00:08  20  hearing.  I ordered certain documents.  I said at 200 --

00:08  21  $200 a day for any -- if they're not produced within a

00:08  22  certain time.  I thought that's all we're here about.

00:08  23      Now, I understand we're also here about

00:08  24  motion to quash records regarding subpoena duces tecum

00:08  25  on written questions dealing with you personally.  I --

| | | |
|---|---|---|
| 00:08 | 1 | I -- we'll take that up, but you're asking for an |
| 00:08 | 2 | abatement on Mr. Ghrist's request on something we've |
| 00:08 | 3 | already heard. |
| 00:08 | 4 | MR. FERGUSON:  No.  You -- if you don't |
| 00:08 | 5 | know what's going on, then you don't realize we never |
| 00:08 | 6 | even have had a hearing.  There's never been a hearing |
| 00:09 | 7 | for an injunctive hearing. |
| 00:09 | 8 | THE COURT:  Well, now wait a minute.  I |
| 00:09 | 9 | read -- I read Judge Chupp's rulings on some of this |
| 00:09 | 10 | previous in getting familiar, and I believe that's the |
| 00:09 | 11 | same issue you raised before, if I'm not mistaken. |
| 00:09 | 12 | MR. FERGUSON:  Exactly is, but it doesn't |
| 00:09 | 13 | mean that we don't have -- my clients have a right to |
| 00:09 | 14 | have their right to due process.  We have a right to |
| 00:09 | 15 | have a hearing -- |
| 00:09 | 16 | THE COURT:  Wait a minute.  Time out.  Time |
| 00:09 | 17 | out.  Your clients.  I'm sorry.  I thought we're looking |
| 00:09 | 18 | at -- who are the defendants?  It's a LLC -- |
| 00:09 | 19 | MR. FERGUSON:  It's Anson Financial, MBH |
| 00:09 | 20 | Real Estate, AFI Loan Servicing, and J. Michael |
| 00:09 | 21 | Ferguson, P.C. |
| 00:09 | 22 | THE COURT:  Okay. |
| 00:09 | 23 | MR. FERGUSON:  So those are my client.  And |
| 00:09 | 24 | so yes, Judge Chupp did not give a hearing.  We -- when |
| 00:09 | 25 | we filed -- and if you look at the timeline of this is |

00:10  1  we filed --

00:10  2            THE COURT:  Time out.  Time out.  Didn't

00:10  3  you take this up on mandamus four times on that same

00:10  4  issue?

00:10  5            MR. FERGUSON:  I did, Your Honor, but

00:10  6  nobody's written an opinion and the law is very clear if

00:10  7  a court does not state anything about it, then it's as

00:10  8  though it never happened.  So this has never happened.

00:10  9  So --

00:10  10            MR. GHRIST:  -- order signed dismissing

00:10  11  those.

00:10  12            MR. FERGUSON:  They didn't hear it.  So

00:10  13  there is no -- there is no --

00:10  14            MR. GHRIST:  I got a document in the mail

00:10  15  from the Court of Appeals saying they were dismissing

00:10  16  that mandamus, multiple mandamuses.  I got an order on

00:10  17  each one.

00:10  18            MR. FERGUSON:  Did they do an opinion on

00:10  19  it?  No.

00:10  20            THE COURT:  Well, they don't have to write

00:10  21  an opinion on every mandamus.

00:10  22            MR. FERGUSON:  If they don't, then it's as

00:10  23  though it didn't happen.  You're right, they don't have

00:10  24  to.  If you send it to the Supreme Court, which they

00:10  25  hear about ten percent of the cases, that doesn't mean

00:10    1   you didn't have a valid reason.  It's just they didn't

00:11    2   hear that particular matter.

00:11    3             THE COURT:  So doesn't the order stand?

00:11    4             MR. GHRIST:  Yeah.

00:11    5             THE COURT:  The order stands --

00:11    6             MR. FERGUSON:  No.  If you don't have

00:11    7   subject matter jurisdiction, which you do not, Your

00:11    8   Honor, have subject matter jurisdiction, that is never

00:11    9   waived or anything.  And the Court's plenary power had

00:11   10   expired, and Mr. Ghrist is just simply lying to the

00:11   11   Court.

00:11   12             What the -- the case under *Emeritus* states.

00:11   13   The only way that this Court can have continuing

00:11   14   jurisdiction would be under 24.4 or 24.3.  And the only

00:11   15   two things that could be heard would be the sufficiency

00:11   16   of the bond and -- and I don't have that right in front

00:11   17   of me right now, Your Honor, but that's --

00:11   18             THE COURT:  Mr. Ferguson, have you thought

00:11   19   about turning this over to another attorney since you're

00:11   20   individually involved in it like this to get a -- to get

00:11   21   a --

00:11   22             MR. FERGUSON:  I have had other attorneys

00:11   23   and nobody wants to be involved with me anymore, because

00:12   24   of what's going on here.  It should throw up red flags

00:12   25   to the Court why have two judges recused themselves on

| | | |
|---|---|---|
| 00:12 | 1 | their own -- |
| 00:12 | 2 | THE COURT:  Yeah. |
| 00:12 | 3 | MR. FERGUSON:  -- off this case? |
| 00:12 | 4 | Something's wrong. |
| 00:12 | 5 | THE COURT:  No.  They don't want to deal |
| 00:12 | 6 | with you -- or -- or this case or Mr. Ghrist.  They just |
| 00:12 | 7 | don't want to deal with y'all.  They've had enough.  And |
| 00:12 | 8 | I understand that.  It's just -- |
| 00:12 | 9 | MR. FERGUSON:  But you're not even trying |
| 00:12 | 10 | to listen to the timeline to see if the -- if the law is |
| 00:12 | 11 | correct -- |
| 00:12 | 12 | THE COURT:  -- ruled on the time.  I looked |
| 00:12 | 13 | at -- I looked at the order and the order -- Judge |
| 00:12 | 14 | Chupp's order clearly dismissed your claims.  If I'm -- |
| 00:12 | 15 | MR. FERGUSON:  Your Honor, the Court did |
| 00:12 | 16 | not have subject matter jurisdiction.  Do you agree that |
| 00:12 | 17 | if they don't have subject matter jurisdiction that the |
| 00:12 | 18 | order is void? |
| 00:12 | 19 | THE COURT:  I -- and I think you've tried, |
| 00:12 | 20 | right?  And it's -- they've already ruled on it. |
| 00:12 | 21 | MR. FERGUSON:  Your Honor, I have a right |
| 00:12 | 22 | to aggressively represent my client.  And what's going |
| 00:12 | 23 | on here is wrong, because -- |
| 00:12 | 24 | (Simultaneous conversation.) |
| 00:13 | 25 | MR. FERGUSON:  -- you're not even trying to |

COPY

| | | |
|---|---|---|
| 00:13 | 1 | read the law.  You're not even trying to -- |
| 00:13 | 2 | THE COURT:  -- if the appellate court has |
| 00:13 | 3 | already ruled on it, what more do I do?  What more do I |
| 00:13 | 4 | do if the appellate courts have already ruled on it? |
| 00:13 | 5 | MR. FERGUSON:  We could take a few minutes |
| 00:13 | 6 | and just lay out the timeline. |
| 00:13 | 7 | THE COURT:  No.  I'm not going to take up |
| 00:13 | 8 | my time with a bunch of stuff the Court of Appeals has |
| 00:13 | 9 | ruled on. |
| 00:13 | 10 | MR. FERGUSON:  They haven't ruled on it. |
| 00:13 | 11 | THE COURT:  Have you done -- |
| 00:13 | 12 | MR. FERGUSON:  -- as a matter of law, they |
| 00:13 | 13 | have not ruled on it. |
| 00:13 | 14 | THE COURT:  Have you done anything?  That's |
| 00:13 | 15 | what I'm saying.  Give it to someone else instead of you |
| 00:13 | 16 | trying to represent yourself. |
| 00:13 | 17 | MR. FERGUSON:  Okay.  What I'm asking the |
| 00:13 | 18 | Court to do is follow the law.  Okay.  I've had |
| 00:13 | 19 | attorneys involved in this and nothing has gone -- we |
| 00:13 | 20 | can just let it go at that.  We can get the Attorney |
| 00:13 | 21 | General involved in this now -- |
| 00:13 | 22 | THE COURT:  -- they're not going to involve |
| 00:13 | 23 | themselves in this, sir. |
| 00:13 | 24 | MR. FERGUSON:  They will involve themselves |
| 00:14 | 25 | because of what Ghrist and Caleb Moore did.  That is -- |

COPY

00:14  1  has the jurisdiction over that.

00:14  2  THE COURT:  I'm -- listen, I -- okay.  I'm

00:14  3  not commenting on that.

00:14  4  MR. FERGUSON:  Well, it can't hurt.

00:14  5  THE COURT:  I don't know.  I mean, believe

00:14  6  me, I've only been at it from the -- from the -- what is

00:14  7  this our second hearing on this?  And -- and all I know

00:14  8  is that there's -- it's a postjudgment situation, is it

00:14  9  not?

00:14  10  MR. FERGUSON:  No, it's not.  This is -- we

00:14  11  superseded the -- the judgment and once it's superseded,

00:14  12  all collection efforts, all discovery is supposed to

00:14  13  come to a halt.

00:14  14  THE COURT:  Where is the Court of...

00:14  15  Mr. Ghrist, where is the Court of Appeals

00:14  16  on whatever he appealed?  Is it --

00:14  17  MR. GHRIST:  They -- they issued an opinion

00:14  18  affirming the judgment and -- but the mandamus has not

00:14  19  issued yet.  And the Supreme Court petition deadline is

00:14  20  in about two weeks.

00:14  21  THE COURT:  Okay.

00:14  22  MR. GHRIST:  But, you know, we've been

00:15  23  through so many times.  The rules specifically authorize

00:15  24  discovery related to transfer of dissipation

00:15  25  injunctions, and I've been through this in at least four

COPY

16

```
00:15   1   other hearings.  All -- every judge has issued the same
00:15   2   ruling.
00:15   3                It is completely not true that the Court of
00:15   4   Appeals didn't do anything.  They dismissed those
00:15   5   mandamuses.  They've signed an order on that.  I -- I
00:15   6   don't think they have to write an opinion, but...
00:15   7                MR. FERGUSON:  They do.
00:15   8                THE COURT:  They don't.  No, they usually
00:15   9   don't.
00:15  10                MR. GHRIST:  Not on a mandamus.
00:15  11                THE COURT:  They just say denied.
00:15  12                MR. FERGUSON:  If they don't write an
00:15  13   opinion, Your Honor, it's as though it did not happen.
00:15  14   I'll send you the law.  Okay.
00:15  15                THE COURT:  Then why don't you -- why don't
00:15  16   you ask them to write an opinion?  Show them the law --
00:15  17                MR. FERGUSON:  I put in the motion to abate
00:15  18   that I'm going to file a motion to have them review
00:15  19   this.
00:15  20                THE COURT:  Well, wait a minute.  We've
00:15  21   been at this for how long and you still haven't done it
00:15  22   yet?
00:15  23                MR. FERGUSON:  How many mandamuses have I
00:15  24   filed?
00:15  25                THE COURT:  Like seven, five, six, seven.
```

COPY

00:16  1    MR. FERGUSON:  The way I read the rules,
00:16  2  they will have to hear a -- the motion.
00:16  3    MR. GHRIST:  I think -- I think three or
00:16  4  four on this.  Maybe seven total in the history of
00:16  5  litigation, but...
00:16  6    THE COURT:  All right.  I -- I...
00:16  7    MR. FERGUSON:  Your Honor, okay.  I'm just
00:16  8  asking for -- you can just yea or nay on the motion to
00:16  9  abate it.  I get what you're saying, but I'm asking you
00:16  10 to follow the law --
00:16  11    THE COURT:  -- but the problem is you
00:16  12 haven't set the motion to abate for hearing.  He's
00:16  13 entitled to three days' notice.
00:16  14    MR. FERGUSON:  Well, if --
00:16  15    THE COURT:  -- which --
00:16  16    MR. FERGUSON:  -- if there is no subject
00:16  17 matter jurisdiction, I still have the plea to the
00:16  18 jurisdiction.  And I'm telling you, the Court still
00:16  19 doesn't have subject matter jurisdiction over this
00:16  20 matter.  So I'm asking the Court to -- which the Court
00:16  21 can only dismiss it.
00:16  22    THE COURT:  What --
00:16  23    MR. FERGUSON:  -- if they have no subject
00:16  24 matter jurisdiction, that's the only right the Court has
00:17  25 to do is dismiss it and then we can go from there.

COPY

18

00:17  1         But as -- I -- it doesn't even bother you

00:17  2 that he takes and is misrepresenting to the Court why

00:17  3 he's wanting five years worth of discovery.  Nobody even

00:17  4 looked at that.

00:17  5         Judge Chupp didn't care.  He just threw it

00:17  6 out there.

00:17  7         THE COURT:  No.  Listen, I care about

00:17  8 everything I do.  I'm -- I understand postjudgment

00:17  9 discovery.  And let me tell you, there's a lot of

00:17 10 latitude.

00:17 11         I've represented a bank for eight years, so

00:17 12 I fully understand postjudgment discovery having spent a

00:17 13 good portion of -- all eight years during the failed

00:17 14 bank side, Mr. Ferguson.  So don't tell me.  Okay.

00:17 15         All I need for you to do is follow the

00:17 16 rules yourself.  And you're saying they need an opinion,

00:17 17 the Court of Appeals has to issue an opinion, then ask

00:17 18 them to do an opinion.  How long has it been after each

00:17 19 one of those mandamuses are denied, you haven't followed

00:17 20 up and asked for an opinion?

00:18 21         I think there's a -- there's a concern I

00:18 22 have that this could be a delay.  And the other thing

00:18 23 is, is to put money -- you know, there's requirements.

00:18 24 All you got to do is follow the requirements.

00:18 25         MR. FERGUSON:  Your Honor, I posted a cash

00:18   1   bond.

00:18   2              THE COURT: What?

00:18   3              MR. FERGUSON: I posted a cash bond, a

00:18   4   supersedeas.

00:18   5              What rule do you feel I have not followed?

00:18   6              THE COURT: I -- you know what, I don't

00:18   7   know. I'm not -- I'm not looking at this. All I know

00:18   8   is that this postjudgment issue was decided upon by John

00:18   9   Chupp and you took it up on mandamus. They denied the

00:18  10   mandamus. All I'm saying is, I'm -- I'm just hearing

00:18  11   postjudgment stuff right now. You're saying --

00:18  12              MR. FERGUSON: -- you can't hear --

00:18  13              THE COURT: -- jurisdiction --

00:18  14              MR. FERGUSON: -- under the Texas Rules of

00:18  15   Appellate Procedure, the Court cannot hear postjudgment.

00:18  16   Under 621(a), there cannot be any postjudgment

00:18  17   discovery.

00:18  18              THE COURT: Where are we on the Court of

00:18  19   Appeals on your appellate matter?

00:18  20              MR. GHRIST: Oh...

00:18  21              THE COURT: Have you filed a brief or

00:19  22   anything, Mr. Ferguson, or anything?

00:19  23              MR. GHRIST: They've already issued an

00:19  24   opinion.

00:19  25              THE COURT: That's what I thought.

00:19 1           MR. GHRIST:  But we're waiting on the

00:19 2  mandamus.  He still has some time left on his Supreme

00:19 3  Court petition.

00:19 4           THE COURT:  Yeah, but that's a couple what,

00:19 5  maybe 30 days?

00:19 6           MR. GHRIST:  A couple weeks.

00:19 7           MR. FERGUSON:  Your Honor, the rules are

00:19 8  clear you don't get to do --

00:19 9           MR. GHRIST:  I think --

00:19 10          MR. FERGUSON:  -- any discovery or

00:19 11 collection effort when it's been superseded.

00:19 12          MR. GHRIST:  I think I should point out

00:19 13 that there's a specific exception that applies to

00:19 14 transfer of dissipation injunctions, which Mr. Ferguson

00:19 15 is ignoring.  And also that subject matter jurisdiction

00:19 16 doesn't actually relate to anything we're talking about.

00:19 17          What he's really talking about is plenary

00:19 18 power, which is not the same as subject matter

00:19 19 jurisdiction, but there's -- the rules specifically have

00:19 20 an exception for this exact issue.

00:19 21          MR. FERGUSON:  No, they do not.

00:19 22          MR. GHRIST:  I really don't want to talk

00:19 23 about that anymore, because we've -- I feel like we're

00:19 24 beating a dead horse on that subject.

00:20 25          MR. FERGUSON:  And we're going to continue

COPY

21

00:20  1  until somebody -- if you look -- if you read *Emeritus*,

00:20  2  Your Honor, that case --

00:20  3          THE COURT:  Two other judges didn't look at

00:20  4  this; is that what you're saying?

00:20  5          MR. FERGUSON:  Yes.  There's only been one

00:20  6  other judge, Judge Chupp.  And you're telling me on the

00:20  7  record --

00:20  8          MR. GHRIST:  -- judges on the Court of

00:20  9  Appeals.

00:20  10          MR. FERGUSON:  Nobody has written an

00:20  11  opinion.

00:20  12          THE COURT:  I thought the Court of Appeals

00:20  13  wrote an opinion.  Did they deny your appeal?

00:20  14          MR. FERGUSON:  Nobody has written an

00:20  15  opinion on this issue, Your Honor.

00:20  16          THE COURT:  All right.

00:20  17          MR. GHRIST:  The opinion was on the -- not

00:20  18  on the mandamus.  It was on the underlying judgment.

00:20  19          THE COURT:  Right.  Okay.  So they made

00:20  20  their decision on the underlying judgment, right?

00:20  21          MR. GHRIST:  Yes --

00:20  22          MR. FERGUSON:  -- but that's not what --

00:20  23  that's not what we're here about.

00:20  24          THE COURT:  Okay.  So what's your next --

00:21  25  and you're saying that you filed mandamuses to stop the

COPY

22

| | | |
|---|---|---|
| 00:21 | 1 | postjudgment, but if the Court of Appeals turned around |
| 00:21 | 2 | and ruled on the judgment and affirmed the judgment... |
| 00:21 | 3 | I'm lost here, Mr. Ferguson. Help me out. |
| 00:21 | 4 | MR. FERGUSON: 18,000 pages of information |
| 00:21 | 5 | from Chase have already been turned over to Ghrist and |
| 00:21 | 6 | he turns it over to a third party, which is a felony, |
| 00:21 | 7 | but that doesn't seem to bother anybody. It should. |
| 00:21 | 8 | THE COURT: I don't know that by you just |
| 00:21 | 9 | saying that and that's -- I'm sorry. |
| 00:21 | 10 | MR. FERGUSON: Okay. I gave you Texas |
| 00:21 | 11 | Finance Code Section 59 is what tells you what he has to |
| 00:21 | 12 | if it's a third party. And he came into this court and |
| 00:21 | 13 | represented -- |
| 00:21 | 14 | MR. GHRIST: That's absolutely not what |
| 00:21 | 15 | that says, but we can talk about it, I guess. |
| 00:21 | 16 | THE COURT: Let him finish. |
| 00:21 | 17 | So what -- you're asking me to abate my |
| 00:21 | 18 | decision on this until what point, Mr. Ferguson? |
| 00:22 | 19 | MR. FERGUSON: Until the judgment -- |
| 00:22 | 20 | there's a mandate that comes down from the appellate |
| 00:22 | 21 | court. This is not postjudgment discovery. A |
| 00:22 | 22 | supersedeas bond has been paid, and he cannot do |
| 00:22 | 23 | discovery except for in a net worth proceeding, which we |
| 00:22 | 24 | don't have. That's in the *Emeritus* case. It's also |
| 00:22 | 25 | in -- |

| | | |
|---|---|---|
| 00:22 | 1 | THE COURT: Okay -- |
| 00:22 | 2 | MR. FERGUSON: -- in -- |
| 00:22 | 3 | THE COURT: Did the Court of Appeals -- |
| 00:22 | 4 | okay. I see what you're saying. You're saying the |
| 00:22 | 5 | mandate which affirmed Mr. Ghrist's judgment against |
| 00:22 | 6 | you, right, when you say it has not been issued? |
| 00:22 | 7 | MR. FERGUSON: It has not been issued. |
| 00:22 | 8 | THE COURT: Okay. All right. |
| 00:22 | 9 | MR. FERGUSON: And they're letting him do |
| 00:22 | 10 | the -- I mean, discovery's been going on for a year. |
| 00:22 | 11 | And even when -- when I do comply, he comes back and |
| 00:22 | 12 | tells you I didn't. He got tax returns. He got P&Ls. |
| 00:22 | 13 | I can't help it if he doesn't know how to read a tax |
| 00:23 | 14 | return. He wants to know if money's been dispersed. |
| 00:23 | 15 | And I know you don't know this, but he |
| 00:23 | 16 | represented Cocker while he was still representing |
| 00:23 | 17 | Anson. |
| 00:23 | 18 | THE COURT: Mr. -- Mr. -- Mr. Ferguson, I |
| 00:23 | 19 | -- well, hold it. I'm sorry. Just wait a minute. |
| 00:23 | 20 | Mr. Ghrist, how much money are we talking |
| 00:23 | 21 | about that he owes? |
| 00:23 | 22 | MR. GHRIST: On -- on this case, right, not |
| 00:23 | 23 | the other case? |
| 00:23 | 24 | THE COURT: Yeah. On -- yeah -- |
| 00:23 | 25 | MR. GHRIST: On this case? |

```
00:23   1              THE COURT:  Yeah.

00:23   2              MR. GHRIST:  With postjudgment interest,

00:23   3    it's -- right now and the postjudgment sanctions about

00:23   4    170,000.

00:23   5              THE COURT:  Okay.  Is that the one -- okay.

00:23   6    And I don't have everything in front of me.  Is that the

00:23   7    one that the Court of Appeals issued a ruling, but they

00:23   8    haven't issued a mandate?

00:23   9              MR. GHRIST:  Correct.

00:23  10              THE COURT:  170 roughly?  Okay.  All right.

00:23  11    But they ruled in your favor; they just haven't issued a

00:23  12    mandate?

00:23  13              MR. GHRIST:  Right.

00:23  14              THE COURT:  Okay.  And that's the one we're

00:23  15    doing -- that's the one he's saying his supersedeas bond

00:23  16    or cash has deferred until the mandate issues?

00:24  17              MR. GHRIST:  That's the argument he's been

00:24  18    making for the past year that he lost on, on all of the

00:24  19    mandamuses.

00:24  20              THE COURT:  Okay.  Hey, Mr. Ferguson, you

00:24  21    know the Court of Appeals has issued a ruling against

00:24  22    you on your appeal, and you're saying, well, but the

00:24  23    mandate hasn't come down.  I -- I understand that.  I'll

00:24  24    have to check that -- I don't know, because -- you think

00:24  25    you ought to work something out with Mr. Ghrist that at
```

00:24 1 some point even if he gets the mandate?

00:24 2 MR. FERGUSON: I don't know what we're

00:24 3 supposed to work out right now, Your Honor. I'm just --

00:24 4 there's a specific rule when you post a cash bond what

00:24 5 takes place.

00:24 6 THE COURT: But the mandamus -- okay. All

00:24 7 right. And I understand where Mr. Ghrist is coming

00:24 8 from. Okay. All right. I -- I have not read your full

00:24 9 motion Mr. -- not -- not your motion; your response. In

00:25 10 it, you apparently had a motion to abate, which you

00:25 11 haven't set that for hearing, and I don't know what to

00:25 12 do about that.

00:25 13 I do have in front of me two motions, a

00:25 14 second amended motion to compel and a motion to quash

00:25 15 subpoena duces tecum against entities owned by you,

00:25 16 Mr. Ferguson, right?

00:25 17 MR. FERGUSON: Yes, and me personally.

00:25 18 THE COURT: Okay.

00:25 19 MR. FERGUSON: I'm not a party to the

00:25 20 lawsuit.

00:25 21 THE COURT: Okay. I thought -- isn't

00:25 22 the -- isn't the case against MBH and also -- I'm

00:25 23 sorry -- and your PC?

00:25 24 MR. FERGUSON: Yeah, but it's not against

00:25 25 me personally.

00:25  1          THE COURT:  Okay.  I see what you're

00:25  2  saying.  Well, I haven't read that yet.  I just pulled

00:26  3  it up again trying to look at it.

00:26  4          Mr. Ghrist, you're saying that you want an

00:26  5  order from the Court on a motion to compel with respect

00:26  6  to the responses to the interrogatories and the request

00:26  7  for production; is that correct?

00:26  8          MR. GHRIST:  Technically, we already have

00:26  9  the motion to compel.

00:26  10         THE COURT:  Right.

00:26  11         MR. GHRIST:  They've already been

00:26  12  compelled, so we're past that stage and this is -- he's

00:26  13  actually been held in contempt of court --

00:26  14         THE COURT:  Right.

00:26  15         MR. GHRIST:  -- this is like a second

00:26  16  chance to not get held in more contempt of court --

00:26  17         THE COURT:  Right.

00:26  18         MR. GHRIST:  -- but yes, I wouldn't call it

00:26  19  a motion to compel, because it's -- we're way past the

00:26  20  compelling.

00:26  21         THE COURT:  It'd give him another

00:26  22  opportunity to respond or better yet to complete and --

00:26  23  or you're asking me also to find additional sums of

00:26  24  money or throw him in jail, right?

00:26  25         MR. GHRIST:  Yeah, I don't really like the

00:26  1  jail thing.  I put it in there, because it's a remedy on

00:26  2  contempt, but I don't -- it doesn't help me at all.

00:27  3           THE COURT:  No, it doesn't help anybody

00:27  4  right now.

00:27  5           MR. GHRIST:  So I'm asking for $5,000 as

00:27  6  additional -- $5,150 as additional discovery sanctions.

00:27  7  Basically, there's an attorney fee affidavit for all the

00:27  8  time I spent dealing with this and the other issues

00:27  9  related to it.

00:27  10           Then asking for the penalty to go up.  I

00:27  11  don't know that that's going to make any difference or

00:27  12  not.  The $200 penalty didn't seem to make much

00:27  13  difference, but maybe increasing the penalty would --

00:27  14  would help.

00:27  15           And then, you know, obviously, we could --

00:27  16  the previous order stated that he would be defaulted on

00:27  17  the motion for an injunction.

00:27  18           THE COURT:  Yeah.

00:27  19           MR. GHRIST:  But at this point, I think

00:27  20  that -- that should be signed.

00:27  21           And then the next -- so the -- on the

00:27  22  proposed order everything that says in addition, those

00:27  23  are all like specific orders to produce the documents

00:28  24  that I'm requesting, which I guess they're duplicative

00:28  25  of what's already been ordered, but I guess it would at

00:28  1  least clarify that these do have to be produced.

00:28  2          And then I'm asking for the motion to quash

00:28  3  the subpoenas for the bank records to be denied.  I

00:28  4  didn't -- I would add that the subpoena for the bank

00:28  5  records is only asking for records of the defendants and

00:28  6  asking to identify what accounts Mr. Ferguson has,

00:28  7  because if those assets are being dissipated, then that

00:28  8  would -- that would show where they are likely to be.

00:28  9          The -- there's -- the interrogatory

00:28  10 responses state that there's about $750,000 of money

00:28  11 that's been collected by MBH Real Estate off of

00:28  12 mortgages and then about 111,000 of that is tax and

00:28  13 insurance money.

00:28  14         And then another interrogatory states that

00:28  15 Mr. Ferguson spent the remaining 600,000 and references

00:28  16 these very short summaries that don't tell me anything

00:29  17 about where the money was spent.  I don't think there's

00:29  18 any other way to figure out where that $600,000 went

00:29  19 besides looking at the bank records and the QuickBooks

00:29  20 files.

00:29  21         MR. FERGUSON:  Your Honor --

00:29  22         MR. GHRIST:  I know it went somewhere.  I'm

00:29  23 guessing it went into one of Mr. Ferguson's other

00:29  24 companies if it's not still in there.

00:29  25         MR. FERGUSON:  It went to Mr. Bell of which

00:29  1    you used to represent and you know that's where the

00:29  2    money went.

00:29  3                THE COURT:  He's just asking for

00:29  4    documentation.  That's all.

00:29  5                MR. FERGUSON:  Your Honor, he got all that

00:29  6    in the other lawsuit.  We reported every month --

00:29  7                MR. GHRIST:  -- that's --

00:29  8                THE COURT:  -- time out.  I -- I -- listen,

00:29  9    this is discovery related to this -- this case.

00:29  10               MR. FERGUSON:  Your Honor, I'm saying he

00:29  11   has it.  If he has it --

00:29  12               MR. GHRIST:  -- I have the QuickBooks files

00:29  13   and the NoteSmith file that said would be produced?  I

00:29  14   don't have any of that.

00:30  15               MR. FERGUSON:  You can't have the NoteSmith

00:30  16   files because it -- it pertains to people that you have

00:30  17   nothing to do with.  The --

00:30  18               MR. GHRIST:  The response specifically

00:30  19   stated that file would be produced, and it was not

00:30  20   produced.

00:30  21               MR. FERGUSON:  That is just -- you're

00:30  22   asking what software we use and I told you.

00:30  23               MR. GHRIST:  No, it says a file called

00:30  24   NoteSmithFlashDrive.Zip is being produced.  That file

00:30  25   was not produced.

| | | |
|---|---|---|
| 00:30 | 1 | MR. FERGUSON:  That is a NoteSmith program. |
| 00:30 | 2 | THE COURT:  You didn't produce it. |
| 00:30 | 3 | MR. FERGUSON:  Your Honor, we cannot |
| 00:30 | 4 | produce that. |
| 00:30 | 5 | THE COURT:  But you said -- |
| 00:30 | 6 | MR. FERGUSON:  -- the Court -- |
| 00:30 | 7 | THE COURT:  -- that was what was |
| 00:30 | 8 | interesting in your response -- |
| 00:30 | 9 | MR. FERGUSON:  If he want -- he said what |
| 00:30 | 10 | software.  Produce the software being used.  It's |
| 00:30 | 11 | NoteSmith.com, the zip file.  You can download it |
| 00:30 | 12 | yourself. |
| 00:30 | 13 | MR. GHRIST:  I don't want the program -- |
| 00:30 | 14 | (Simultaneous conversation.) |
| 00:30 | 15 | MR. GHRIST:  -- I want the data in the |
| 00:30 | 16 | program. |
| 00:30 | 17 | MR. FERGUSON:  Your Honor, we have a duty |
| 00:30 | 18 | to protect our customers' sensitive data.  And under the |
| 00:31 | 19 | law, he's not entitled to that.  He's saying he just |
| 00:31 | 20 | wants this information to see if anything's being |
| 00:31 | 21 | transferred.  Go to the courthouse and look to see if |
| 00:31 | 22 | anything -- any assignment of lien or releases or |
| 00:31 | 23 | anything are filed.  All of it is real estate related. |
| 00:31 | 24 | And in order to get this information, he's |
| 00:31 | 25 | supposed to have an injunctive hearing where evidence is |

COPY

31

| | | |
|---|---|---|
| 00:31 | 1 | put on, and he's supposed to prove up that there is a |
| 00:31 | 2 | need that there is evidence that there is assets being |
| 00:31 | 3 | transferred and that is just not the case. |
| 00:31 | 4 | We never even got a hearing.  There's not |
| 00:31 | 5 | even a motion to enjoin on file. |
| 00:31 | 6 | MR. GHRIST:  There is one on file. |
| 00:31 | 7 | MR. FERGUSON:  All right.  Your Honor, I'm |
| 00:32 | 8 | just going to summarize.  The Court does not have |
| 00:32 | 9 | jurisdiction over the matter, and I am following the |
| 00:32 | 10 | rule of law.  And that's what I'm asking the Court to |
| 00:32 | 11 | do, and I'm asking the Court to please go read the |
| 00:32 | 12 | *Emeritus* case.  If you'll read *In re University*, you |
| 00:32 | 13 | will see that the only way that you can do discovery |
| 00:32 | 14 | after it -- after the plenary power has expired is if |
| 00:32 | 15 | you are doing a net worth -- a net worth determination |
| 00:32 | 16 | hearing where Mr. Ghrist came back and filed a motion |
| 00:32 | 17 | for sufficiency of the bond and one other thing, which |
| 00:32 | 18 | none of those happened and -- |
| 00:32 | 19 | MR. GHRIST:  -- the one other thing is |
| 00:32 | 20 | this, the transfer of dissipation -- |
| 00:32 | 21 | THE COURT:  Let him finish.  Mr. Ghrist, |
| 00:32 | 22 | let him finish. |
| 00:32 | 23 | MR. GHRIST:  Sorry, Your Honor. |
| 00:32 | 24 | THE COURT:  Go ahead. |
| 00:32 | 25 | MR. FERGUSON:  No.  I'll get you the |

00:32  1  specific rule.  It's going to be a -- Your Honor, under
00:33  2  24.3 it says, The continuing trial court jurisdiction
00:33  3  after the plenary power expires -- even after the
00:33  4  trial's court plenary power expires, the Court has
00:33  5  continuing jurisdiction to do the following:  Order the
00:33  6  amount and type of security and decide the sufficiency
00:33  7  of the sureties.  We're not here about that.
00:33  8           And two, if circumstances change, modify
00:33  9  the amount and type of security required to commend the
00:33  10  suspension of a judgment's execution.  We're not here
00:33  11  about that either.
00:33  12           It was a money judgment, a cash bond was
00:33  13  paid, and so there was never a net worth determination
00:33  14  hearing, which is what would have given the Court
00:33  15  continuing jurisdiction so that Mr. Ghrist could get the
00:33  16  discovery that he is saying he wants.  But that did not
00:34  17  happen.
00:34  18           And what the Court seems to be asking --
00:34  19  telling me is that it doesn't matter what the law says,
00:34  20  but it should matter.  'Cause this is what the law is.
00:34  21           THE COURT:  Mr. Ghrist, anything else?
00:34  22           MR. GHRIST:  I don't have a whole lot to
00:34  23  add to that.  I -- I could go through the proposed order
00:34  24  and the types of relief, but I think -- I think the
00:34  25  Court knows what I'm asking for and what already

COPY

00:34  1  happened.  I am happy to go over those rules again that

00:34  2  we've been over at every prior hearing if -- I don't

00:34  3  think I need to.

00:34  4          THE COURT:  I guess I need to look at the

00:34  5  file a little more closely and see what Judge Chupp

00:34  6  ruled on and then see what this -- this panel said back

00:35  7  in -- on January 7th.  The Second Court of Appeals

00:35  8  reconfirmed the decision of December of 2020.

00:35  9          And if that's what we're waiting on a

00:35 10  mandate, I -- I mean, I'm trying to figure all -- let me

00:35 11  just look at it.  I mean, I -- I don't have the luxury

00:35 12  of recalling any of this, because I didn't handle it,

00:35 13  but I'm not -- I -- I -- I don't know.

00:35 14          MR. GHRIST:  Well, at the bare minimum, I

00:35 15  think that the injunction should be granted.

00:35 16          THE COURT:  Yeah.

00:35 17          MR. GHRIST:  The previous order that was

00:35 18  signed by this Court stated that that's what would

00:35 19  happen if the discovery wasn't responded to.

00:35 20          THE COURT:  I think if I -- I don't

00:35 21  disagree with Mr. Ghrist.

00:35 22          Mr. -- Mr. Ferguson, if I'm going to stand

00:35 23  down to give me time to review all this, don't you think

00:35 24  an injunction to enjoin you from moving assets ought to

00:36 25  be occurring right now?

00:36 1    MR. FERGUSON:  Without a hearing without

00:36 2  any evidence?  There's never been an evidentiary hearing

00:36 3  on this.

00:36 4    THE COURT:  But you're -- you're refusing

00:36 5  to allow him to have the evidence, right, 'cause you're

00:36 6  saying he can't do any discovery?

00:36 7    MR. FERGUSON:  I gave him the evidence.

00:36 8    THE COURT:  No.  He --

00:36 9    MR. FERGUSON:  At the last time -- no,

00:36 10 your -- you're taking what Mr. Ghrist is saying, but he

00:36 11 got tax returns --

00:36 12   THE COURT:  You need -- Counsel, you need

00:36 13 to quit arguing with the Court.  I will throw you in

00:36 14 jail.  You need to quit arguing with the Court.

00:36 15   Mr. Ghrist, let me look at everything.

00:36 16   Mr. Ferguson, let me look at everything.

00:36 17 I -- I -- let me see what I can do.  I need to -- I need

00:36 18 to look at this.

00:36 19   I think the Court of Appeals has ruled on

00:36 20 this, a couple of Court of Appeals have ruled on this.

00:37 21 I need to see where we are with respect to a mandate and

00:37 22 things like that.  I don't know.  I have no idea, but

00:37 23 this case is -- the discovery has been ongoing and the

00:37 24 courts of appeals have denied stopping it through a

00:37 25 mandamus action.

COPY

00:37  1          The Court again, on the record, is asking

00:37  2  Mr. Ferguson to get counsel to represent him.  For the

00:37  3  record, he refuses.  I think it's in his best interest,

00:37  4  but that's not going to happen.

00:37  5          So here's what the Court is going to do.

00:37  6  The Court's going to recess this and hopefully, I'll get

00:37  7  back to you if not late next week -- this week, then

00:37  8  sometime next week and may ask us all to gather again.

00:37  9  Okay.

00:37  10          MR. GHRIST:  Thank you, Your Honor --

00:37  11          THE COURT:  -- where we're at and I need to

00:37  12  look at this.

00:37  13          All right.  Court stands in recess.

00:37  14          (Proceedings concluded at 11:09 a.m.)

00:37  15

00:37  16

00:37  17

00:37  18

00:37  19

00:37  20

00:37  21

00:37  22

00:37  23

00:37  24

00:37  25

COPY

1                    C E R T I F I C A T E

2    THE STATE OF TEXAS  )

3    COUNTY OF TARRANT   )

4         I, MONICA A. RITCHIE, Official Court Reporter in
     and for the 67th District Court of Tarrant County, State
5    of Texas via Zoom video conference, do hereby certify
     that the above and foregoing contains a true and correct
6    transcription of all portions of evidence and other
     proceedings requested in writing by counsel for the
7    parties to be included in this volume of the electronic
     reporter's record, in the aforementioned cause, all of
8    which occurred in open court or in chambers and were
     reported by me.

9
          I FURTHER CERTIFY that this electronic reporter's
10   record of the proceedings truly and correctly reflects
     the exhibits, if any, offered and/or admitted by the
11   respective parties.

12        I FURTHER CERTIFY that the total cost for the
     preparation of this electronic reporter's record is
13   $216.00 and was paid by Plaintiffs.

14        WITNESS MY OFFICIAL HAND this the 23rd day of
     March, 2021.

15

16

17              /s/ Monica A. Ritchie
                MONICA A. RITCHIE, CSR, RPR
18              Texas CSR 7910
                Expiration:  10/31/2022
19              Official Court Reporter
                67th District Court
20              Tarrant County, Texas
                Tom Vandergriff Civil Courts Building
21              100 N. Calhoun Street, 4th Floor
                Fort Worth, Texas 76196
22              (817) 884-1453 - Office
                (817) 884-2384 - Fax
23              maritchie@tarrantcounty.com

24

25