Ian Ghrist, SBOT No. 24073449
GHRIST LAW FIRM, PLLC
4016 Gateway Drive Suite 130
Colleyville, Texas 76034
Phone: 817.778.4136
Fax: 817.900.2863

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IIN RE | § | |
| ANSON FINANCIAL INC. | § | Case No. 21-41517-11 |
| | § | Chapter 11 Case |
| **Debtor** | § | |

## SECOND SUPPLEMENT TO AMENDED MOTION FOR SUMMARY JUDGMENT AGAINST DEBTOR'S OBJECTIONS TO PROOF OF CLAIM #5

## AND MOTION TO ALLOW PROOF OF CLAIM #5

### [Doc 149]

### ADDITIONAL SUPPLEMENTAL BRIEFING RELATED TO *ROOKER-FELDMAN* DOCTRINE

1. Debtor cites *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 385–86 (5th Cir. 2017) for the proposition that "*Rooker–Feldman* does not preclude review of void state court judgments. *See United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994) (observing that the *Rooker–Feldman* doctrine would likely not bar federal court review of void state court judgments, although it would still preclude jurisdiction to review voidable state court judgments); *see also Truong*, 717 F.3d at 383 n.3 (citing *Shepherd* for the proposition that "*Rooker–Feldman* prohibits a district court from *voiding* state foreclosure judgments, notwithstanding claims that the judgments were fraudulently procured" (emphasis added))."

2. With respect to the Debtor's fraud claims, the Debtor failed to present even a scintilla of evidence of fraud, intrinsic, extrinsic, or otherwise. The Debtor, in fact, did not even

allege facts in its pleadings that, if true, would be fraud. Regardless, the Debtor's own caselaw states that fraud makes the judgment voidable, not void, in which case *Rooker-Feldman* applies and the federal court cannot decide to void the state court judgment.

3. With respect to the "void judgment" claim, the Debtor failed to allege any facts that, if true, would explain how the judgment could be void. The Debtor failed to offer a scintilla of evidence or pleadings to suggest that the judgment could somehow be void.

4. Next, the Debtor cited a Ninth Circuit case called *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) for the idea that "final judgments in state courts are not necessarily preclusive in United States bankruptcy courts." *Id.* at 1079. *Gruntz* does not, however, say that Rooker-Feldman doctrine is irrelevant in bankruptcy courts. Instead, *Gruntz* points out specific scenarios where bankruptcy law overrides Rooker-Feldman such as avoiding state judgments in avoidance actions and discharging judgments. *Id.* Nowhere in *Gruntz* does it say that Rooker-Feldman has no application in bankruptcy law. Instead, when the bankruptcy code contains an explicit exception to *Rooker-Feldman*, none of which have been raised by the Debtor here such as avoidance actions or discharge, then those explicit sections constitute an exception to the general rule that *Rooker-Feldman* applies. Here, the Debtor did not point out a dispute related to the automatic stay, dischargeability, or avoidance actions. Instead, the Debtor merely wanted to relitigate everything that was previously litigated in state court.

5. In the Fifth Circuit, *Rooker-Feldman* doctrine is always the law in bankruptcy court unless a specific exception applies. For example, in *In re Bayhi*, 528 F.3d 393, 402 (5th Cir. 2008), the Court said "**The bankruptcy court was not authorized to vacate the state court's five year-old judgment**. Under the *Rooker–Feldman* doctrine, the lower federal courts are without any authority/power/jurisdiction to modify or reverse a judgment rendered by a state

court." (emphasis added). The *Bayhi* court went on to say that "there is an exception that allows vacatur of a state court judgment that violates a discharge order." *Id.* Obviously that exception does not apply here. The Debtor has not pointed this Court to any exceptions that could conceivably apply. The Debtor merely says "sometimes there are exceptions to *Rooker-Feldman*," but fails to point out any specific exceptions that apply here. Granted, the Debtor did state that the judgment was void, but did not offer any pleadings, facts, or law to support that statement, which on its face, is patently false.

6. This case is very similar to the case of *In re Nazu, Inc.*, 350 B.R. 304, 311 (Bankr. S.D. Tex. 2006), which also dealt with claim objections and whether a claim should be allowed. This Court should do the same thing that the *Nazu* court did when it "order[ed] that Farr's Claim shall be allowed and paid pursuant to the confirmed plan in this case." *Id.* at 326.

7. Also, as in *Nazu*, this Court should not consider any objections not raised by the Debtor in writing, if any. "This Court considers any objection not specifically stated in the Debtor's Objection [Docket No. 80] waived. *See Hollingsworth v. Kaler (In re Hollingsworth),* 331 B.R. 399, 400 n. 2 (8th Cir. BAP 2005) (finding that "[t]o the extent the Debtor believes the Creditor's claims are invalid, she should have filed an objection to the Creditor's proofs of claim. By failing to do so, the Debtor waived any objection to the merits of Creditor's claims."). For this reason, the Court will only consider those objections expressly raised in the Debtor's Objection. [Docket No. 80.]" *Id.* at 311.

8. In *Nazu*, the Court said

"The *Rooker–Feldman* doctrine prevents this Court from granting the Debtor relief from the Default Judgment *Nunc Pro Tunc.* Under the *Rooker–Feldman* doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir.1994) (citations and alterations omitted). Further, "[w]hen issues raised in federal court are inextricably intertwined with a state

judgment and the court is in essence being called upon to review the state-court decision, the [federal] court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless, Bayless & Stokes,* 70 F.3d 367, 375 (5th Cir.1995) (citations and internal quotation marks omitted). Under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction over collateral attacks on state court judgments unless a particular law provides otherwise."

*In re Nazu, Inc.*, 350 B.R. 304, 311 (Bankr. S.D. Tex. 2006).

The *Nazu* court went on to find that the Debtor, in essence, wanted to relitigate the state court claims in bankruptcy court, that the Debtor did not avail itself of available state court challenges, and that the Debtor had allowed the state court judgment to become final, which precluded bankruptcy court review. All that was left was to allow the claim in the amount stated on the proof of claim form as backed up by the state court judgment. That is, in essence, exactly what should occur in this case.

9. The Debtor also complains about the amounts/calculations in the proof of claim, but provides no explanation at all regarding what amounts the Debtor thinks should be in the Proof of Claim, or how the Debtor thinks that the amounts in the Proof of Claim were not calculated correctly. This Court should, again, do the same thing as the *Nazu* court:

> **"B. Farr's Proof of Claim provides a proper accounting.**
> 21222324 The Debtor also objects to Farr's Proof of Claim, claiming that it fails to provide a proper accounting by showing neither facts nor proper amounts due. [Docket No. 80, ¶ 3.] Federal Rule of Bankruptcy Procedure 3001 concerns proofs of claim and provides as follows:
> **(a) FORM AND CONTENT.** A proof of claim is written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
> ....
> **(f) EVIDENTIARY EFFECT.** A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."
> The Official Form for filing a proof of claim, Form B10 (Official Form 10), states as follows: "**Supporting Documents:** *Attach copies of supporting documents,* such as ... court judgments ...." *See In re Armstrong,* 320 B.R. 97, 102 (Bankr.N.D.Tex.2005) (quoting Form B10 (Official Form 10)). Additionally, "Sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rule 3001 provide that 'a party correctly filing a proof of claim is deemed to have established a prima

> facie case against the debtor's assets." *Armstrong,* 320 B.R. at 102 (Bankr.N.D.Tex.2005) (quoting *California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fid. Holding Co.),* 837 F.2d 696, 698 (5th Cir.1988)). Unless the objecting party produces evidence rebutting the claim, the claimant will prevail. *Id.* (citing *Fid. Holding Co.,* 837 F.2d at 698). If the objecting party produces rebuttal evidence, then the claimant must produce additional evidence to prove its claim by a preponderance of the evidence. *Id.* at 102–03 (citing *Fid. Holding Co.,* 837 F.2d at 698). "However, the ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context." *Id.* (citing *Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000)).
> In the instant matter, Farr filed her Proof of Claim using Official Form 10 and attached the Abstract of Judgment issued by the Harris County Clerk and the related Default Judgment *Nunc Pro Tunc* setting forth the amounts of damages that the State Court awarded. [Claim No. 12.] The *Armstrong* court noted: "A 'properly filed' proof of claim, as proscribed[12] by the Judicial Conference in Official Form 10, consists of '(1) a creditor's name and address, (2) basis for claim, (3) date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents.' " *Armstrong,* 320 B.R. at 104 (citations omitted). Farr's Proof of Claim meets all of these requirements because it lists the following: (1) Farr's name and address; (2) "Personal Injury—Civil Judgment" *323 as the basis for her Claim; (3) May 26, 2004 as the date that she obtained the Default Judgment;[13] (4) "$30,125.00" as the amount of her Claim; (5) "Unsecured Nonpriority Claim" as the classification of the Claim; and (6) the Abstract of Judgment issued by the Harris County Clerk and the related Default Judgment *Nunc Pro Tunc* as supporting documents. [Claim No. 12.] Because Farr correctly filed her Proof of Claim, she is deemed to have established a prima facie case against the Debtor's assets. *See Armstrong,* 320 B.R. at 102 (quoting *Fid. Holding Co.,* 837 F.2d at 698).
> Because the Debtor has produced no evidence to rebut Farr's Claim, Farr need not produce additional evidence to prove her Claim beyond a preponderance of the evidence. *See id.* at 102–03 (citing *Fid. Holding Co.,* 837 F.2d at 698). The Court accordingly finds that Farr filed her Proof of Claim in conformity with the applicable rules and further finds that it is a valid proof of claim."

*In re Nazu, Inc.*, 350 B.R. 304, 322–23 (Bankr. S.D. Tex. 2006).

Here, the proof of claim simply adds up the judgment amounts and adds in the court costs and post-judgment interest. All of those items are explained and substantiated by the supporting documents attached to the claim. There has been no apparent argument raised that any amounts in the proof of claim have not been added up correctly or that there is some other issue with the amounts listed.

**PRAYER**

10.     This Court should sign an order allowing Proof of Claim 5-3. The order should state that all of the Debtor's objections to Proof of Claim 5-3 are overruled as a result of *Rooker-Feldman* doctrine and because the Debtor failed to raise a genuine issue of material fact as to any of Debtor's objections.

11.     This Court should not hold evidentiary hearings where the parties need to call witnesses and present exhibits in an attempt to re-litigate the state court judgments. While motions to allow claims may require evidentiary hearings in some circumstances, the only purpose of evidentiary hearings on Proof of Claim 5-3 would be to re-litigate the state court judgments, which is a waste of time.

GHRIST LAW FIRM PLLC

By: /s/ Ian Ghrist
February 25, 2022
Ian Ghrist
SBOT No. 24073449
4016 Gateway Drive Ste 130
Colleyville, Texas 76034
Ph. 817-778-4136
Fax 817-900-2863
ian@ghristlaw.com
Attorney for Ghrist and Ghrist Law Firm
PLLC

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically. Service was accomplished electronically and/or by first class mail to the parties as indicated below.

| | |
|---|---|
| Debtor<br>c/o Attorney Jeff Carruth<br>3030 Matlock Rd. #201<br>Arlington, Texas 76015<br>214-552-7242<br>jcarruth@wkpz.com | Via ECF |
| Parties having filed NOA<br>Erin Schmidt<br>Areya Holder | Via ECF or email |

                                                    /s/ Ian Ghrist
                                                    Ian Ghrist