Joyce W. Lindauer
State Bar No. 21555700
Sydney A. Ollar
State Bar No. 24125932
Austin Y. Taylor
Louisiana Bar No. 37325
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Joseph Yammine

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ANSON FINANCIAL INC., | § § § | CASE NO. 21-41517 |
| Debtor. | § | |

**REPLY TO OBJECTION TO PROOFS OF CLAIM NOS. 11, 12, 13, 14, 15, AND 16 FILED BY JOSEPH IMAD YAMMINE ON AUGUST 13, 2021**

COMES NOW Joseph Imad Yammine ("Creditor" or "Yammine") a creditor in these bankruptcy proceedings, and files this his *Reply to Objection to Proofs of Claim Nos. 11, 12, 13, 14, 15, and 16 Filed by Joseph Imad Yammine on August 13, 2021* [Dkt. No. 233] ("Objection"), and in support thereof would respectfully show unto the Court as follows.

In preface to this Reply, Creditor would note that while the title of the Objection mentions Proofs of Claim Nos. 11, 12, 13, 14, 15, and 16, the introduction paragraph confusingly references different proofs of claims (nos. 8, 9 and 10) filed by "Simone Yammine." Apparently, the Proofs of Claim of Simone Barron have been confused with those of Joseph Yammine. The title of the Objection is further confused in the footnoted subscript at the bottom of each page in that it identifies Proofs of Claim 8, 9, and 10 as having been filed by Joseph Yammine, instead of the actual proofs of claim he filed (i.e. Nos. 11, 12, 13, 14, 15, and 16).

## I.    FACTS OF THE CASE

1. The facts relating to Joseph Yammine's Proofs of Claim are effectively identical to those articulated in the Original Complaint that Yammine filed in the adversary proceedings before this Court (Case No. 22-04008) which are related to the instant bankruptcy case.

2. On or about November 3, 2010, JW Construction entered into a loan transaction with R.W. Weaver, Inc., whereby JW Construction borrowed $150,000.00 from R.W. Weaver, as evidenced by a Note secured by a Deed of Trust against the following properties in Fort Worth, Texas: 2621 and 2625 Prospect Avenue, 2704 Hanna Avenue, 2704 Holland Street, and 1301 Lagonda Avenue. The Deed of Trust is recorded in Instrument No. D210273210 as recorded in the Real Property Records of Tarrant County, Texas.

3. JW Construction and R.W. Weaver entered a Modification and Extension Agreement on or about July 1, 2014, as evidenced by Instrument No. D215018185 as recorded in the Real Property Records of Tarrant County, Texas.

4. On or about September 30, 2015, R.W. Weaver then assigned the Note and Deed of Trust to Anson Financial, Inc. via a Transfer of Lien recorded as Instrument No. D215222337 in the Real Property Records of Tarrant County, Texas.

5. On or about May 23, 2014, Anson Financial, Inc. then assigned the Note and Deed of Trust to S&F Funding, LLC through a Transfer of Lien recorded in Instrument Nos. D218117474 and D218129923, as recorded in the Real Property Records of Tarrant County, Texas. Although these documents were dated May 23, 2014, S&F Funding, LLC did not record them until May 31, 2018.

6. On or about February 9, 2021, Yammine received notice of a foreclosure posting.

7. The properties that were the subject both of the adversary suit and Yammine's Proofs of Claim were foreclosed on by three separate Trustee's Deeds dated March 2, 2021. Those recorded instruments are identified *infra* and correspond to the referenced real properties and original loan amounts.

    a. Instrument No. D221098525
        i. Property: 1615 Clinton Ave., Fort Worth, Texas 76164 (but misidentified on the Trustee's Deed as 1617 Clinton Ave., Fort Worth, Texas 76164)
        ii. Principal Amount: $116,312.44

    b. Instrument No. D221098529
        i. Property: 1701 Grand Ave., Fort Worth, Texas 76164
        ii. Principal Amount $122,150.54

    c. Instrument No. D221098533
        i. Properties:
            1. 2621 Prospect Ave., Fort Worth, Texas 76164
            2. 2625 Prospect Ave., Fort Worth, Texas 76164
            3. 2704 Hanna Ave., Fort Worth, Texas 76164
            4. 2704 2704 Holland Ave., Fort Worth, Texas 76164
        ii. Principal Amount: $150,000.00

8. Either S&F Funding, Inc. or Chany Development, Inc., both of which are companies owned by Michael Ferguson, purchased the properties at the foreclosure sale. Notably, Michael Ferguson was the Trustee on all relevant Deeds of Trusts.

9. Chany Development Inc. attempted to evict Joseph Yammine from the various properties, but was unsuccessful in doing so because both the loan transfers title to the properties are confused.

10. Additionally, when Anson Financial, Inc. filed its Chapter 11 bankruptcy case on June 25, 2021, it failed to clarify whether or not these properties and/or loans at issue actually belong to Anson Financial, Inc., and how they supposedly came to be its property.

11. While Michael Ferguson is the individual behind all of these companies, he has never made it clear what actions he took with regard to conveyance of ownership of these

properties. Mr. Ferguson seems to have moved the properties around from lender to lender. Facts suggest that the various loans were made with one company, were later foreclosed by another company, and then still later transferred to yet another company which carried out eviction proceedings.

12. Yammine and JW Construction claim that the Notices of Sale are defective, and upon information and belief, do not track with the sales themselves. Further the transfers between and among Anson Financial, Inc., S&F Funding, LLC, and Chany Development (the "Ferguson Entities") are puzzling at best.

13. Further, Michael Ferguson entered into an agreement that if Yammine were to tender certain monies to him, Ferguson would halt foreclosure on the subject properties. Yammine went to Ferguson's office personally and paid those monies. Despite doing so, Ferguson conducted the sales anyway, causing Yammine and his company, JW Construction, to lose their ownership in several valuable properties.

14. As a result, Yammine filed his complaint in the aforementioned adversary matter asserting various causes of action including breach of contract, conversion of Yammine's real property, and wrongful foreclosure sale constituting violations of both the Texas Theft and Liability Act ("TTLA") (codified at Chapter 134 of the TEX. CIV. PRAC. & REM. CODE) and TEX. PEN. CODE § 31.03. Yammine also filed the Proofs of Claim that are the subject of this pleading.

## II. Specific Responses to Debtor's Allegations

### A. Background

15. Creditor admits the allegation in Paragraph 1 of the Objection concerning the date of filing of the Debtor's voluntary Chapter 11 filing and status as debtor-in-possession.

16. Creditor admits the allegation in Paragraph 2 of the Objection regarding the six (6) Proofs of Claim (Nos. 11, 12, 13, 14, 15, and 16) filed in the amounts referenced.

17. Creditor denies the allegation in Paragraph 3 of the Objection that the basis of the claim is not stated since such basis is offered in Section 8 of each claim and that each claim is secured and perfected by a deed of trust on real property as mentioned in Section 9 of each claim. Debtor admits that the documentation securing and perfecting the aforementioned Proofs of Claim was not attached to the respective Proofs of Claim. Creditor notes that he may cure such deficiency by amending his Proofs of Claim to incorporate such documentation.

### B. Legal Authority

18. Creditor admits the allegations in Paragraph 4 to the extent that, generally, they represent the content of the referenced legal authority. However, representation of the content of the offered case law obfuscates the sufficiency requirements needed to establish prima facie validity of a debt pursuant to Fed. R. Bankr. P. 3001. That Rule requires that a proof of claim: "(1) be in writing; (2) make demand on the debtor's estate; (3) express the intent to hold the debtor liable for the debt; (4) be properly filed; and (5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim." *In re Armstrong*, 320 B.R. 97, 103-04 (Bankr. N.D. Tex. 2005) (citing *First National Bank of Fayetteville, Arkansas v. Circle J Dairy, Inc. (In re Circle JDairy, Inc.)*, 112 B.R. 297, 299-300 (W.D. Ark. 1989)). For a Proof of Claim to be "properly filed," it must contain "(1) a creditor's name and address, (2) basis for claim, (3) date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents." *Id*. at 104 (citing *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004)). Here, each of these requirements has been met. In the event the Court finds that the final requirement as

to the "supporting documents" has not been met, such may be cured by the Creditor amending his Proofs of Claim to provide such documents.

19. Creditor admits the allegation in Paragraph 5 of the Objection that when a party objects to a Proof of Claim, the objection becomes a contested matter within the provisions of Fed. R. Bankr. P. 9014. Creditor denies the allegation that an objecting party's rebuttal of the initial presumption of validity disallows the claim. Such allegation is a misstatement of the referenced case law. Creditor admits the allegation that the burden to prove its claim shifts to the claimant, but only on presentation of rebuttal evidence. *Id*. at 103 (citing *In re Fidelity Holding Co., Ltd*., 837 F.2d 696, 698 (5th Cir. 1988)). It is important to note that the "ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context." *Id*.

20. Creditor admits the allegation in Paragraph 6 of the Objection concerning the requirement to attach supporting information to his Claim.

### C. Objection to Claim

21. Creditor denies the allegation in Paragraph 7 of the Objection concerning disallowance of the Creditor's Proof of Claim since an alleged lack of documentation supporting a Proof of Claim is not implicated by the provisions of 11 U.S.C. 502(b), and since any documentary deficiency may be cured by the Creditor as mentioned *supra*.

22. Creditor denies the allegation in Paragraph 8 that his filed Proofs of Claims are "clearly erroneous." The amount asserted in each Proof of Claim is accurate.

23. Creditor can neither admit nor deny the allegation in Paragraph 9 as to the Debtor's inability to determine the validity of the Creditor's claims against Debtor, but would note that the Debtor is fully aware of its unfulfilled obligations to the Creditor.

24. Creditor is not required to admit or deny the allegation in Paragraph 10 of the Objection concerning Debtor's reservation of rights.

25. Creditor is not required to admit or deny the allegation in Paragraph 11 of the Objection concerning the proposed form of order accompanying the Debtor's Objection.

WHEREFORE, PREMISES CONSIDERED, Joseph Imad Yammine moves this Court for entry of an Order denying the relief requested by the Debtor, and allowing each of his Proofs of Claim, namely Claim Nos. 11, 12, 13, 14, 15, and 16.  In the alternative, and if required by the Court, Mr. Yammine moves the Court to allow him to amend any deficiency in his Proofs of Claim by providing additional documentation supporting said Proof of Claim or Claims.  Finally, Mr. Yammine begs that the Court grant to him such other and further relief to which he may show himself justly entitled.

Dated: March 7, 2022.

Respectfully submitted,

 /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Sydney A. Ollar
State Bar No. 24125932
Austin Y. Taylor
Louisiana Bar No. 37325
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
           austin@joycelindauer.com
           sydney@joycelindauer.com
ATTORNEYS FOR JOSEPH YAMMINE

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 7, 2022, a true and correct copy of the foregoing *Reply to Objection to Proofs of Claim Nos. 11, 12, 13, 14, 15, and 16 Filed by Joseph Imad Yammine on August 13, 2021* was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Jeffery D. Carruth
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com

Alonzo Zachary Casas
ecftxnb@aldridgepite.com, acasas@ecf.inforuptcy.com

Amanda Allison Catlin
Amanda.Catlin@fnf.com

Lawrence Chek
lchek@pamlaw.com, mislas@pamlaw.com

Eboney D. Cobb
ecobb@pbfcm.com, ecobb@pbfcm.com;ecobb@ecf.inforuptcy.com

Ian D. Ghrist
ian@ghristlaw.com, christian@ghristlaw.com;idghrist@gmail.com;sarah@ghristlaw.com

Kathryn Hernandez
k.magan@maganlawpllc.com

Areya Holder Aurzada (SBRA V)
trustee@holderlawpc.com, aha@trustesolutions.net;caha11@trustesolutions.net

Christopher Marvin Lee
ecf@leebankruptcy.com, clerk@leebankruptcy.com;LeeLawFirmPLLC@jubileebk.net

Craig C. Lesok
craig@lesoklaw.com

Joyce W. Lindauer
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Mark Joseph Petrocchi
mpetrocchi@lawgjm.com, mkidd@lawgjm.com;mpetrocchi@yahoo.com

Laurie A. Spindler
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

Matthew Tillma N.A.
Matthew.Tillma@BonialPC.com, Notices.Bonial@ecf.courtdrive.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Lyndel Anne Vargas
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

                                                  */s/ Joyce W. Lindauer*
                                                  Joyce W. Lindauer