Jeff Carruth (TX SBN:. 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
3030 Matlock Rd., Suite 201
Arlington, TX 76015
Telephone: (713) 341-1158
Fax: (866) 666-5322
E-mail:  jcarruth@wkpz.com

Christopher M. Lee
State Bar No. 24041319
**LEE LAW FIRM, PLLC**
8701 Bedford Euless Rd, Ste 510
Hurst, TX 76053
469-646-8995 Phone
469-694-1059 Fax

ATTORNEYS FOR
ANSON FINANCIAL INC.
DEBTOR AND DEBTOR IN POSSESSION

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ANSON FINANCIAL, INC.,** | § | **CASE NO. 21-41517-elm-11** |
| | § | |
| **DEBTOR.** | § | **HEARING SET:** |
| | | **April 25, 2022 at 9:30 a.m.** |

### MOTION OF DEBTOR TO APPROVE SETTLEMENT AGREEMENT WITH STERLING BATES

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., FORT WORTH, TX 76102-3643. BEFORE CLOSE OF BUSINESS ON <u>MARCH 30, 2021</u>, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:**

Anson Financial, Inc. ("Anson" or the "Debtor"), files this *Motion of Debtor to Approve Settlement Agreement with Sterling Bates* (the "Motion") and in support thereof would show to the Court the following.

## INTRODUCTION

1.       This Motion seeks approval under Fed. R. Bankr. P. 9019 of the settlement of claims made by a predecessor in interest (through a title company) against the Debtor seeking to void the real property liens that a borrower granted to the Debtor because of an apparent forgery of a prior deed by the borrower, Marta Martinez.

## JURISDICTION AND VENUE

2.       This Court has jurisdiction over this Motion pursuant to Sections 105, 363, and 1101 et seq. of the United States Bankruptcy Code, Title 11 of the U.S. Code, 11 U.S.C. §101 et seq. (the "Code" or "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules" or the "Bankruptcy Rules" or individually a "Rule" or a "Bankruptcy Rule"), and 28 U.S.C. §§157 and 1334.

3.       This matter constitutes a core proceeding under 28 U.S.C. §157(b).

4.       Venue is proper under 28 U.S.C. §§1408 and 1409.

5.       The Court has constitutional authority to decide this Motion under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

## FACTUAL BACKGROUND

**The identify and background of the Debtor and Debtor in Possession.**

6.       Anson is a Texas corporation that has been in business for thirty-four (34) years in the real estate lending field.  Anson originates or purchases debt instruments secured by real property (e.g. promissory notes and deeds of trust) (collectively, the "Investor Notes") and then assigns interests in the Investor Notes to investors.

**The Commencement of the Bankruptcy Cases.**

7.       On June 25, 2021 (the "Petition Date"), Anson commenced the above-caption case by filing a voluntary petition under Chapter 11 of the Code.

8.      Anson is in possession of its assets and is proceeding in this case as a debtor-in-possession.

9.      Areya Holder Aurzada is the Subchapter V Trustee.

**Background related to the underlying claims.**

10.     On November 9, 2021, Bates filed Cause No. 048-330187-21; *Sterling Bates vs. Anson Financial, Inc.*, in the 48th Judicial District Court of Tarrant County (the "Litigation"), Texas against Anson, in response to which Anson filed a notice of bankruptcy.

11.     On January 25, 2022, Bates filed a motion for relief from stay in this case (Docket No. 221) seeking to proceed with the Litigation, to which motion the Debtor filed an objection (Docket No. 237).

12.     In short, the dispute presented in the Litigation asserts that Anson's borrower and the mortgagor on the relevant deed of trust forged the deed to originally acquire title to certain property. Bates is the current fee simple owner and is a successor in interest to one or more of the parties alleged to have been improperly divested of title by an apparent forgery committed by the borrower, Marta Martinez.

13.     The dispute is more fully explained in the motion to lift stay and objection referenced above.

14.     The balance of the indebtedness owed to Anson and secured by the disputed property was in the amount of $46,423.73 as of February 1, 2022. *See* **Exhibit ANS168**, Docket No. 237.

15.     Anson disputes the allegations of Bates regarding the alleged improper cloud on the title of Bates resulting from the Anson deed of trust and have contested same in the Litigation.

16.     The parties wish to resolve the Litigation and all other controversies between them, and to avoid further time and expense.

**Proposed settlement.**

17.     Bates, through his title insurer Alamo Title Insurance, and the Debtor have negotiated a settlement with respect to the Litigation.

18.     The proposed settlement with Bates is reflected in the *Compromise, Settlement, and Release Agreement* attached hereto as **Exhibit ANS171**, and consists of the following critical elements:

a.      payment of $40,000 in cash by check or wire transfer (the "Cash Consideration") by Bates (and funded byAlamo Title Insurance) to the Debtor within thirty (30) days from the entry of an order approving this Motion (the "Payment Deadline").

b.      full and final mutual releases of all claims between Bates and the Debtor;

c.      release of the Real Estate Note and the Deed of Trust relating to the Property (as defined in the Settlement Agreement).

19.     The note and deed of trust for this property are the subject of a Collateral Assignment to Southern Financial Group Mortgage, LLC, 900 Austin Ave, Suite 900, Waco, Texas 76701, attention Jeff Jones, President.[1]  Neither Anson nor Southern Financial Group Mortgage, LLC have been paid on this loan since 2014.[2]  Accordingly, the $40,000 in settlement proceeds will be paid to Southern Financial Group Mortgage, LLC to satisfy the interest of that

---

[1] Southern Financial Group Mortgage, LLC is not an affiliate or subsidiary of Anson or J. Michael Ferguson, and Mr. Ferguson is not a direct or indirect member of Southern Financial Group Mortgage, LLC.

[2] The loans held by Southern Financial Group Mortgage, LLC and previously serviced by Anson Financial, Inc. are almost exclusively investor or servicing notes, meaning that the investor only gets paid when payments are collected on the promissory note. However, due to the Texas Tax Code only a lender holding a Tax Lien License could hold tax lien loans. This loan was coded that way because the funds advanced were used to pay delinquent property taxes and Anson only gave Southern Financial Group Mortgage, LLC a collateral assignment on this loan. Due to the fact the loan was coded wrong, the age and delinquency of the loan and the collateral assignment in question, this note and/or deed of trust were initially omitted from the Debtor's schedules.

entity in this note and deed of trust, and AFI Management Group will take a loss for the difference of the payoff less any late fees.

## RELIEF REQUESTED

20.     Pursuant to Code §§ 105, 363, and 544, and Bankruptcy Rule 9019, the Debtor respectfully requests that the Court approve the settlement between the Debtor and Bates, and thereby authorize the Debtor to execute and deliver to Bates the Settlement Agreement or a final document in substantial conformity with the Settlement Agreement.

21.     A proposed form of order is submitted with this Motion and is incorporated by reference herein.

22.     The Debtor advises creditors and parties in interest that the form and content of the proposed Settlement Agreement and the proposed order may change prior to at the hearing on this Motion except with respect to the material financial and release provisions presented in this Motion and exhibits.

## BASIS OF RELIEF

23.     The Court retains its discretion to determine whether or not to approve compromises of existing controversies.  The Court may approve settlements if they are fair and equitable. *In re Matter of AWECO, Inc.*, 725 F.2d 293 (5th Cir. 1984).  The factors to be reviewed by the Court in determining whether or not to approve a compromise are (a) the probability of success in litigating the controversies involved, with due consideration for uncertainties in fact and law; (b) the complexity and likely duration of the litigation and related expenses, inconvenience and delay; (c) the difficulties, if any, to be encountered in collecting on any judgment which might be obtained; and (d) the paramount interest of creditors and the estate.  *In re Jackson Brewing Company*, 674 F.2d 605 (5th Cir. 1980).

24.     The Debtor asserts that the overall consideration of the *AWECO-Jackson Brewing* factors support approval of the compromise and settlements reached as set out herein. Some of the factors considered by the Debtor include the following analysis set forth below.

a.     The settlement will pay Anson approximately 86% of the balance owed under the relevant note and deed of trust.

b.     The note and deed of trust were not performing as of the Petition Date and had not been performing for a number of years prior to the Petition Date.

c.     The settlement will provide an immediate cash infusion to the Debtor which will improve the cash position of the Debtor.

d.     The settlement will enable the Debtor to avoid the Litigation, and the settlement was achieved with relatively in terms of an expenditure of resources.

e.     The settlement is in the best interest of the Debtor, creditors, and the estate.

25.     Additional factors and analysis may be presented at the hearing on this Motion or presented in amended and/or supplemental pleadings prior to the hearing.

26.     In addition, because of the interest of Southern Financial Group Mortgage, LLC, the Debtor seeks authorization to pay the $40,000 settlement proceeds to Southern Financial Group Mortgage, LLC to satisfy its interest in this note and deed of trust.

## RESERVATION OF RIGHTS

27.     The Debtor reserves the right to amend and/or supplement this pleading at any time prior to the preliminary hearing and/or the final hearing with respect to the Motion.

## CONCLUSION AND PRAYER

WHEREFORE, Anson Financial, Inc., Debtor and Debtor in Possession, respectfully requests that the Court approve the settlement between the Debtor and Bates as reflected in the *Compromise, Settlement, and Release Agreement*, authorize the Debtor to execute a final

settlement agreement in substantial conformity with the Settlement Agreement, and grant such

other and further relief to which the Debtor may be entitled at law or in equity.

Dated: March 9, 2022                    Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _____*/s/ Jeff Carruth*_____
    JEFF CARRUTH (TX SBN 24001846)
    3030 Matlock Rd., Suite 201
    Arlington, Texas 76105
    Telephone: (713) 341-1158
    Fax: (866) 666-5322
    E-mail: jcarruth@wkpz.com

ATTORNEYS FOR ANSON FINANCIAL, INC.
DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on March 9, 2022 (1) by electronic notice to all ECF users who have appeared in this case to date, and/or as set forth below and (2) by regular mail to all parties appearing in the attached address list (i.e. mailing matrix) obtained from the Court's PACER facility. *A copy of the service lists was not served with the regular mail service set but is available by contacting the undersigned.*

A copy also was mailed to the following:

    Southern Financial Group Mortgage, LLC,
    Attention Jeff Jones, President
    900 Austin Ave, Suite 900
    Waco, Texas 76701

> **ANY PARTY REQUESTING A FULL SIZED COPY OF THIS PLEADING OR COPIES OF ANY EXHIBITS SHOULD CONTACT THE UNDERSIGNED.**

        */s/ Jeff Carruth*_____
        JEFF CARRUTH

**21-41517-elm11 Notice will be electronically mailed to:**

Jeffery D. Carruth on behalf of Debtor Anson
Financial, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;
carruthjr87698@notify.bestcase.com

Jeffery D. Carruth on behalf of Defendant Anson
Financial, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;
carruthjr87698@notify.bestcase.com

Jeffery D. Carruth on behalf of Plaintiff AFI Loan
Servicing, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;
carruthjr87698@notify.bestcase.com

Jeffery D. Carruth on behalf of Plaintiff Anson
Financial, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;
carruthjr87698@notify.bestcase.com

Jeffery D. Carruth on behalf of Plaintiff J. Michael
Ferguson P.C.
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;
carruthjr87698@notify.bestcase.com

Jeffery D. Carruth on behalf of Plaintiff MBH Real
Estate, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;
carruthjr87698@notify.bestcase.com

Alonzo Zachary Casas on behalf of Creditor
JPMORGAN CHASE BANK, N.A.
ecftxnb@aldridgepite.com,
acasas@ecf.inforuptcy.com

Amanda Allison Catlin on behalf of Creditor Sterling
Bates
Amanda.Catlin@fnf.com

Lawrence Chek on behalf of Creditor Wells Fargo
Bank, National Association
lchek@pamlaw.com, mislas@pamlaw.com

Eboney D. Cobb on behalf of Creditor City of
Colleyville
ecobb@pbfcm.com,
ecobb@pbfcm.com;ecobb@ecf.inforuptcy.com

Eboney D. Cobb on behalf of Creditor Grapevine-
Colleyville ISD
ecobb@pbfcm.com,
ecobb@pbfcm.com;ecobb@ecf.inforuptcy.com

Ian D. Ghrist on behalf of Creditor Ghrist Law Firm
PLLC
ian@ghristlaw.com,
christian@ghristlaw.com;idghrist@gmail.com;sarah
@ghristlaw.com

Ian D. Ghrist on behalf of Defendant Ghrist Law
Firm PLLC
ian@ghristlaw.com,
christian@ghristlaw.com;idghrist@gmail.com;sarah
@ghristlaw.com

Ian D. Ghrist on behalf of Defendant Ian Ghrist
ian@ghristlaw.com,
christian@ghristlaw.com;idghrist@gmail.com;sarah
@ghristlaw.com

Kathryn Hernandez on behalf of Debtor Anson
Financial, Inc.
k.magan@maganlawpllc.com

Kathryn Hernandez on behalf of Defendant Anson
Financial, Inc.
k.magan@maganlawpllc.com

Kathryn Hernandez on behalf of Interested Party Joe
Michael Ferguson
k.magan@maganlawpllc.com

Kathryn Hernandez on behalf of Plaintiff AFI Loan
Servicing, LLC
k.magan@maganlawpllc.com

Kathryn Hernandez on behalf of Plaintiff Anson
Financial, Inc.
k.magan@maganlawpllc.com

Kathryn Hernandez on behalf of Plaintiff J. Michael
Ferguson P.C.
k.magan@maganlawpllc.com

Kathryn Hernandez on behalf of Plaintiff MBH Real
Estate, LLC
k.magan@maganlawpllc.com

Areya Holder Aurzada (SBRA V)
trustee@holderlawpc.com,
aha@trustesolutions.net;caha11@trustesolutions.net

Christopher Marvin Lee on behalf of Debtor Anson
Financial, Inc.
ecf@leebankruptcy.com,
clerk@leebankruptcy.com;LeeLawFirmPLLC@jubil
eebk.net

Craig C. Lesok on behalf of Creditor Jentex
Financial, Inc.
craig@lesoklaw.com

Joyce W. Lindauer on behalf of Creditor Joseph I
Yammine
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;
12113@notices.nextchapterbk.com

Mark Joseph Petrocchi on behalf of Creditor Leroy J.
York Family Limited Partnership
mpetrocchi@lawgjm.com,

mkidd@lawgjm.com;mpetrocchi@yahoo.com

Laurie A. Spindler on behalf of Creditor Tarrant
County
Laurie.Spindler@lgbs.com, Dora.Casiano-
Perez@lgbs.com;dallas.bankruptcy@lgbs.com

Matthew Tillma on behalf of Creditor JPMorgan
Chase Bank, N.A. s/b/m/t Chase Bank USA, N.A.
Matthew.Tillma@BonialPC.com,
Notices.Bonial@ecf.courtdrive.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Lyndel Anne Vargas on behalf of Creditor B. Frazier
Management, Inc.
LVargas@chfirm.com,
chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.c
ourtdrive.com

Lyndel Anne Vargas on behalf of Creditor Brian
Frazier
LVargas@chfirm.com,
chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.c
ourtdrive.com

Lyndel Anne Vargas on behalf of Plaintiff B. Frazier
Management, Inc.
LVargas@chfirm.com,
chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.c
ourtdrive.com

Lyndel Anne Vargas on behalf of Plaintiff Brian H.
Frazier
LVargas@chfirm.com,
chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.c
ourtdrive.com

**REGULAR MAIL LIST / MATRIX**

| SERVICE LIST | Case No. 21-41517 | In re: Anson Financial Inc. | | | | |
|---|---|---|---|---|---|---|
| Creditor list dowload date: | Feb. 9, 2022 | | | | | |
| **Address1** | **Address2** | **Address3** | **Address4** | **Address5** | **Comment on matrix** | **Method of Service** |
| Ghrist Law Firm PLLC | 4016 Gateway Drive Suite 130 | Colleyville, TX 76034-5958 | | | | NOA-ECF |
| JPMORGAN CHASE BANK, N.A. | | | | | undeliverable | none |
| JPMorgan Chase Bank, N.A. s/b/m/t Chase Bank | 14841 Dallas Parkway, Suite 425 | Dallas, TX 75254-8067 | | | | Regular mail |
| Leroy J. York Family Limited Partnership | | | | | undeliverable | none |
| Magan Law, PLLC | | | | | undeliverable | NOA-ECF |
| Wells Fargo Bank, National Association | c/o Larry Chek | Campbell Centre One | 8350 N. Central Expressway, Suite 1111 | Dallas, TX 75206-1625 | | none (claim withdraw) |
| 67th Judicial District Court of Tarrant Coun | 100 N Calhoun Street 4th Floor | Fort Worth, Texas 76196-0207 | | | | Regular mail |
| Anson Financial, Inc. | 62 Main Street, Suite 310 | Colleyville, TX 76034-2931 | | | | Direct email |
| Arvella Godbey | 568 Willowview Dr. | Saginaw, TX 76179-0965 | | | | Regular mail |
| B. Frazier Management, Inc. | | | | | undeliverable | none |
| B. Frazier Management, Inc. | C/O Law Office of Caleb Moore | 2205 Martin Dr., Ste 200 | Bedford , TX 76021-6083 | | | Regular mail |
| B. Frazier Management, Inc. and Brian Frazie | c/o Lyndel Anne Vargas | Cavazos Hendricks Poirot, PC | 900 Jackson St., Suite 570 | Dallas, TX 75202-2413 | | NOA-ECF |
| Beall Private Investments, LP - Affirm | 5712 Colleyville Blvd., Suite 200 | Colleyville, TX 76034-6068 | | | | Regular mail |
| Carol Godbey | P.O. Box 136273 | Fort Worth , TX 76136-0273 | | | | Regular mail |
| City of Colleyville | % Perdue Brandon Fielder Et Al | 500 E. Border Street | Suite 640 | Arlington, TX 76010-7457 | | NOA-ECF |
| City of Colleyville | c/o Perdue Brandon Fielder et al | 500 East Border Street, Suite 640 | Arlington, TX 76010-7457 | | | NOA-ECF |
| G. Parker Eldridge | 9420 Capiland Rd. | Desert Hot Springs, CA 92240-1101 | | | | Regular mail |
| Ghrist Law Firm PLLC | CO Ian Ghrist | 4016 Gateway Drive Suite 130 | Colleyville, Texas 76034-5958 | | | NOA-ECF |
| Grapevine-Colleyville ISD | c/o Perdue Brandon Fielder et al | 500 E Border Street, Suite 640 | Arlington, TX 76010-7457 | | | NOA-ECF |
| Grapevine-Colleyville ISD | c/o Perdue Brandon Fielder et al | 500 East Border Street, Suite 640 | Arlington, TX 76010-7457 | | | NOA-ECF |
| Heritage Credit, LLC | 5712 Colleyville Blvd., Suite 200 | Colleyville, TX 76034-6068 | | | | Regular mail |
| Internal Revenue Service | Centralized Insolvency Operation | PO Box 7346 | Philadelphia, PA 19101-7346 | | | Regular mail |
| JPMORGAN CHASE BANK N A | BANKRUPTCY MAIL INTAKE TEAM | 700 KANSAS LANE FLOOR 01 | MONROE LA 71203-4774 | | preferred | Regular mail |
| JPMorgan Chase Bank, N.A. | s-b-m-t Chase Bank USA, N.A. | CO National Bankruptcy Services, LLC | P.O. Box 9013 | Addison, Texas 75001-9013 | | Regular mail |

2112079

| SERVICE LIST | Case No. 21-41517 | In re: Anson Financial Inc. | | | | |
|---|---|---|---|---|---|---|
| Creditor list dowload date: | Feb. 9, 2022 | | | | | |
| Address1 | Address2 | Address3 | Address4 | Address5 | Comment on matrix | Method of Service |
| Jentex Financial, Inc. | c/o: Cashmire Financial Services | 226 Bailey Ave, Ste 104 | Fort Worth, TX 76107-1260 | | | Regular mail |
| Jentex Financial, Inc. | 226 Bailey Ave., Suite 101 | Fort Worth, TX 76107-1260 | | | | Regular mail |
| Joseph Imad Yammine | PO Box 11781 | Fort Worth, TX 76110-0781 | | | | NOA-ECF |
| Larry Starks | 7045 Oakbluff Dr. | Dallas , TX 75254-2754 | | | | Regular mail |
| Leroy J. York Family Limited Partnership | 508 N. Havenwood Lane | Fort Worth, TX 76112-1013 | | | | Regular mail |
| Leroy York | 508 N. Havenwood | Fort Worth, TX 76112-1013 | | | | none (duplicate address) |
| Lorraine (Rainey) York Dukes | 1100 Elizabeth Blvd. | Fort Worth, TX 76110-2619 | | | | Regular mail |
| Simone Barron | PO Box 11781 | Fort Worth, TX 76110-0781 | | | | Regular mail |
| Small Business Administration | SBA Disaster Loan Service Center | 1545 Hawkins Blvd., Ste 202 | El Paso , TX 79925-2654 | | | Regular mail |
| Tarrant County | Linebarger, Goggan, Blair & Sampson, LLP | CO Laurie A. Spindler | 2777 N. Stemmons Fwy Suite 1000 | Dallas, TX 75207-2328 | | NOA-ECF |
| Tarrant County | Linebarger Goggan Blair & Sampson, LLP | c/o Laurie A. Spindler | 2777 N. Stemmons Fwy. Ste. 1000 | Dallas, TX 75207-2328 | | NOA-ECF |
| U.S. Small Business Administration | 200 W. Santa Ana Blvd, Ste 740 | Santa Ana, CA 92701-7534 | | | | Regular mail |
| United States Trustee | 1100 Commerce Street | Room 976 | Dallas, TX 75242-0996 | | | NOA-ECF |
| Wells Fargo Bank, National Association | Attn: Dan Kline, V.P. | 400 W. 15th Street, Suite 430 | Austin, TX 78701-1654 | | | none (claim withdraw) |
| York Family Partnership | 508 N. Havenwood | Fort Worth, TX 76112-1013 | | | | none (duplicate address) |
| Areya Holder Aurzada (S&RA V) | Law Office of Areya Holder, P.C.. | 901 Main Street, Suite 5320 | Dallas, TX 75202-3700 | | | NOA-ECF |
| Brian Frazier | 3345 Western Center Blvd., #160 | Ft. Worth | | | undeliverable | none |
| Christopher Marvin Lee | Lee Law Firm, PLLC | 8701 Bedford Euless Road | Suite 510 | Hurst, TX 76053-3874 | | NOA-ECF |
| Jeffery D. Carruth | Weycer, Kaplan, Pulaski & Zuber, P.C. | 3030 Matlock Rd., Suite 201 | Arlington, TX 76015-2936 | | | NOA-ECF |
| Joe Michael Ferguson | | | | | undeliverable | none |
| Joseph I Yammine | | | | | undeliverable | none |
| Kathryn Hernandez | Magan Law, PLLC | 62 Main St. | Suite 310 | Colleyville, TX 76034-2931 | | NOA-ECF |
| Simone Barron | | | | | undeliverable | none |
| Sterling Bates | | | | | undeliverable | NOA-ECF |

2112079

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ANSON FINANCIAL, INC.,** | § | **CASE NO. 21-41517-elm-11** |
| | § | |
| DEBTOR. | § | |

**ORDER GRANTING MOTION OF DEBTOR TO APPROVE SETTLEMENT AGREEMENT WITH STERLING BATES (RE: DOCKET NO. ___)**

On this day came on for consideration the *Motion of Debtor to Approve Settlement Agreement with Sterling Bates* (Docket No. __) (the "Motion") filed herein on March 9, 2022 by Anson Financial, Inc., Debtor and Debtor in Possession in the above-captioned case (the "Debtor").

The Court finds and concludes that the Motion contains the appropriate notices under the Local Bankruptcy Rules; according to the certificate of service attached to the Motion, the Motion

was served upon the parties entitled to receive notice under the Local Bankruptcy Rules; no party

in interest filed a response or objection to the Motion or any such response or objection is overruled

by this Order; and that upon review of the record of this case and with respect to the Motion that

cause exists to grant the relief requested therein.

IT IS THEREFORE ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     All capitalized terms shall have the same meaning as ascribed to such terms in the Motion, unless otherwise defined herein.

3.     The Debtor is authorized to execute the *Compromise, Settlement, and Release Agreement* (the "Settlement Agreement") that was presented to the Court at the hearing and which is attached to the Motion.

4.     The Debtor is authorized to undertake the actions that are necessary to implement the actions required in the Settlement Agreement.

5.     The Debtor is authorized to pay the $40,000 settlement proceeds to Southern Financial Group Mortgage, LLC in satisfaction of its interest in, to, and against the underlying note and deed of trust described in the Motion.

#### END OF ORDER ####

**EXHIBIT ANS171**

## COMPROMISE, SETTLEMENT, AND RELEASE AGREEMENT

### I. Parties

The following persons are the parties (collectively, the "Parties") to this *Compromise, Settlement, and Release Agreement*.

1.01    Sterling Bates, a natural person and resident of the State of Texas ("Bates").

1.02    Anson Financial, Inc., a Texas corporation and the Debtor and Debtor in Possession with respect to the Bankruptcy Case (as defined below) ("Anson" or the "Debtor").

### II. Rules of Construction and Definitions

2.01    Party names and terms are defined under Article I of this Agreement.

2.02    All exhibits referenced and described in this Agreement are incorporated by reference herein as if fully set forth verbatim.

2.03    Defined terms which are not a proper noun need not be capitalized in order to carry the meaning provided in this Article II of this Agreement.

2.01    "Agreement" shall mean and refer to *this Compromise, Settlement, and Release Agreement*.

2.02    "Anson Release Parties" shall mean and refer to each of Anson Financial, Inc., and each of its respective successors and assigns, partners, parents, subsidiaries, affiliates, agents, attorneys, representatives, servants, officers, directors, employees, heirs, personal representatives, and all persons, natural or corporate, in privity with each or any thereof (whether or not specifically listed by name herein).

2.03    "Bankruptcy Case" shall mean and refer to Case No. 21-41517, *In re Anson Financial, Inc.*, pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

2.04    "Bates Release Parties" shall mean and refer to each of Sterling Bates and each of his respective successors and assigns, partners, parents, subsidiaries, affiliates, agents, attorneys, representatives, servants, officers, directors, employees, heirs, personal representatives, and all persons, natural or corporate, in privity with each or any thereof (whether or not specifically listed by name herein).

2.05    "Deed of Trust" shall mean and refer to that Deed of Trust executed by Marta Carrejo Martinez in favor of Anson Financial, Inc. on November 21, 2013 and recorded on December 3, 2013 as Document No. D213306531 in the Official Public Records of Tarrant County, Texas.

2.06    "Effective Date" shall mean and refer to the first date of execution of this Agreement.

2.07 "<u>Litigation</u>" shall mean and refer to Cause No. 048-330187-21; *Sterling Bates vs. Anson Financial, Inc.*, in the 48th Judicial District Court of Tarrant County, Texas.

2.08 "<u>Petition Date</u>" shall mean and refer to June 25, 2021.

2.09 "<u>Promissory Note</u>" shall mean and refer collectively to (i) that certain Real Estate Lien Note dated November 21, 2013 in the original principal amount of $18,430.07 from Marta Carrejo Martinez to Anson Financial, Inc., and being secured by a Deed of Trust dated November 21, 2013 in the original amount of $18,430.07 in favor of Anson Financial, Inc. and being filed of record in the Real Property Records of Tarrant County, Texas under Instrument Number D213306531. The funds advanced under the Promissory Note and Deed of Trust were for past due property taxes due on the property located at 2109 Flemming Drive, Fort Worth, Texas and being more particularly described as follows:

    a. Property Tax Account Number: 00438146; being Lot 23, Block Q, Carver Heights Addition, an Addition to the City of Fort Worth, Tarrant County, Texas according to the Plat filed of record in Book 388-P, Page 78, Deed Records of Tarrant County, Texas.

2.10 "<u>Property</u>" shall mean and refer to that certain tract of real property in Tarrant County, Texas, containing the following description.

| Address | 2109 Flemming Drive, Fort Worth, Texas 76112 |
|---|---|
| Legal Description | Lot 23, Block Q, Carver Heights Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat filed in Book 388-P, Page 78, Deed Records, Tarrant County, Texas |

2.11 "<u>Settlement Motion</u>" shall mean and refer to the motion to be brought by the Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve the Debtor executing and performing the obligations of the Debtor under this Agreement.

2.12 "<u>Settlement Order</u>" shall mean a final and nonappealable order entered by the Bankruptcy Court approving the Settlement Motion.

## III.    <u>Recitals</u>

3.01 On November 9, 2021, Bates filed the Litigation against Anson seeking to void the Deed of Trust of Anson due to issues involving a forgery of a deed in the chain of title pre-dating the interests acquired by Anson and/or Bates.

3.02 Bates filed a motion for relief from automatic stay in the Bankruptcy Case seeking to continue the Litigation in the underlying state court, to which motion Anson objected.

3.03     Anson disputes the allegations of Bates regarding the alleged cloud on the title of Bates by the Deed of Trust of Anson and have contested same in the Litigation.

3.04     The Parties wish to resolve the Litigation and all other controversies between them, and to avoid further time and expense.

## IV.    Acknowledgments and Agreement

NOW THEREFORE, in consideration of the promises and agreements set forth in this Agreement, the Parties hereby agree to the following.

4.01     **Payment of the Cash Consideration.** On or before the thirtieth (30th) day following the date on which the entry of the Settlement Order becomes final and non-appealable, (the "Payment Deadline), Bates shall remit the sum of FORTY THOUSAND DOLLARS ($40,000.00), United States Dollars, to Anson by check or wire transfer (the "Cash Consideration"). Wire transfer/ACH payment instructions will be provided by Anson should Bates so request in order to make certain the Payment Deadline is met.

4.02     **Anson Release Parties release of Bates Release Parties.** Effective only and expressly conditioned upon (i) the final execution of this Agreement by the Parties, ***and (ii) receipt by Anson of the Cash Consideration on or before the Payment Deadline***, and in consideration of the foregoing compromise and settlement and the exchanges of consideration set forth herein, each of the Anson Release Parties hereby releases and discharges each of the Bates Release Parties from any and all claims, demands, debts, liabilities, accounts, costs, expenses, liens, causes of action, verdicts and judgments of any kind whatsoever, at common law or in equity, statutory, or otherwise, that any of the Anson Release Parties has or might have, known or unknown, from the beginning of time through and until the present; *provided*, however, none of the Anson Release Parties waive, relinquish, or release any rights or any of the obligations of any of the Bates Release Parties that arise solely under the terms of this Agreement.

4.03     **Bates Release Parties release of Anson Release Parties.** Effective only and expressly conditioned upon (i) the final execution of this Agreement by the Parties, ***and (ii) receipt by Anson of the Cash Consideration on or before the Payment Deadline***, and in consideration of the foregoing compromise and settlement and the exchanges of consideration set forth herein, each of the Bates Release Parties hereby releases and discharges each of the Anson Release Parties from any and all claims, demands, debts, liabilities, accounts, costs, expenses, liens, causes of action, verdicts and judgments of any kind whatsoever, at common law or in equity, statutory, or otherwise, that any of the Bates Release Parties has or might have, known or unknown, from the beginning of time through and until the present; *provided*, however, none of the Bates Release Parties hereby waive, relinquish, or release any rights or any of the obligations of any of the Anson Release Parties that arise solely under the terms of this Agreement.

4.04     **Delivery of Release of Lien.** In addition, upon receipt of the Cash Consideration,

     a. Anson shall execute and deliver to Batest he Release of Lien attached hereto as **Exhibit ANS172** and indicate that the Note is paid in full within 7 business days from receipt of Bates' cash consideration.

4.05. **Dismissal of the Litigation with Prejudice.** In addition, upon delivery of the Cash Consideration by Bates, Bates shall file the motion and order attached hereto as **Exhibit ANS173** to dismiss the Litigation with prejudice.

4.06. **Notices.** Any notices that are required by this Agreement or that may otherwise be given regarding the subject matter of the Agreement shall be given to each of the parties at each party's last known addresses and to their respective attorney(s). Any notice to the attorneys may accomplished by email if also accompanied by a writing sent by fax and/or regular mail.

4.07. **Binding Effect**. This Agreement is fully integrated and contains the entire agreement of the parties with respect to the subject matter addressed herein and may not be contradicted except by a writing signed by the parties. The parties acknowledge that this Agreement is executed after negotiations between and among representatives of the parties hereto. The parties agree that: (a) each party and its attorneys have conducted their own investigation concerning the facts surrounding the matters covered by this Agreement and in voluntarily choosing to execute this Agreement, have relied upon their own analyses of such facts and not on any information furnished by any other party or their representatives; (b) there are no oral or other written agreements concerning the subject matter of this Agreement; and (c) any right to rely on any oral or written statement of any party or any failure of any party to state any fact is expressly waived and released, it being the intent of the parties hereto to waive any claims for fraudulent inducement. If an ambiguity or question of intent or interpretation arises, the Agreement will be construed as if drafted jointly by the parties and no presumption or burden of proof will arise favoring or disfavoring any party because of the authorship of any provision of the Agreement. This Agreement is binding upon and inures to the benefit of each of the parties and their respective partners, parents, subsidiaries, affiliates, agents, attorneys, representatives, servants, officers, directors, employees, heirs, and personal representatives. This Agreement and the releases hereby granted are personal to the parties hereto and are not intended to create any right in any person who is not a party to this Agreement, except as otherwise set forth herein. The parties are legally competent to execute this Agreement.

4.08. **Miscellaneous.** Each Party shall bear, pay, and discharge all of their own expenses (including, but not limited to, attorneys' fees, court costs and other expenses) incurred in connection with, arising from and relating to the disputes, litigation referenced herein, the additional transactions referenced in this Agreement, and the negotiation, execution, and performance of this Agreement. The parties agree that should an enforcement action be necessary, attorney's fees shall be awarded to the prevailing party to be paid for by the losing party. Each of the parties shall execute and deliver (and shall cooperate in the execution and delivery of) all the documents reasonably necessary to evidence or perfect the terms of this Agreement. This Agreement shall be construed under and governed by the laws of the State of Texas. Venue for any dispute arising out of this Agreement shall

be the court presiding over the Bankruptcy Case. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one Agreement. The parties further agree that copies of this Agreement and any of the attached Exhibits, including any facsimile copies or .pdf file copies with signatures, shall be binding and treated as original agreements. The paragraph headings contained in this Agreement are for convenience only. Whenever appropriate, the masculine gender may include the feminine or neuter, the singular, the plural, and vice versa. Should any portion(s) of this Agreement be declared to be illegal or unenforceable by a court of competent jurisdiction, then the remaining portions of this Agreement not affected by such judicial declaration shall remain in full force and effect and thereby bind the parties. Any deadline falling on a Saturday, Sunday, or state or federal legal holiday shall be extended to the immediate next day which is not a Saturday, Sunday, or legal holiday.

4.09.   Nothing in this Agreement is an admission of liability by any party, and nothing in this Agreement may be interpreted as an admission of liability.

4.10.

4.11.   The terms of this Agreement are contractual and are not mere recitals.

4.12.   .

*{continued on following sheet}*

**Sterling Bates**                    **Anson Financial, Inc.**


By: _____

Printed Name: _____       By: _____

                                         Printed Name: _____

Dated: _____       Its: _____

                                         Dated: _____

**EXHIBIT 001**

**[reserved]**

**EXHIBIT 002**

**EXHIBIT ANS172**

# RELEASE OF LIEN

**Date of Lien:**              November 21, 2013

**Original Amount:**       $18,430.07

**Borrower:**              Marta Carrejo Martinez

**Holder of Lien:**          Anson Financial, Inc.

**Holder's Mailing Address:** 1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034

**Property (including any improvements):**

The property commonly known as 2109 Flemming Drive, Fort Worth, TX 76112, and being more particularly described as follows:

> Lot 23, Block Q, Carver Heights Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat filed in Book 388-P, Page 78, Deed Records, Tarrant County, Texas (the "**Property**").

**Lien Is Described in the Following Document, Recorded in:** Deed of Trust recorded on December 3, 2013 as Document No. D213306531 in the Official Public Records of Tarrant County, Texas.

Holder of Lien is the owner and holder of the Lien described above.

Holder of Lien acknowledges payment in full of the Lien and releases the Property from the Lien and from all liens held by Holder of Lien, without regard to how they were created or evidenced.

Holder of Lien expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness.

When the context requires, singular nouns and pronouns include the plural.

**ANSON FINANCIAL, INC.**

By:_____

J. MICHAEL FERGUSON, Managing Member of Anson Financial, Inc.

STATE OF TEXAS                    §
                                  §
COUNTY OF _____          §

     **This Instrument** was acknowledged before me on the _____ day of _____, 2022, by J. MICHAEL FERGUSON in his capacity as Managing Member for Anson Financial, Inc., known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledging to me that he executed the same for the purposes and consideration therein expressed.

                     _____

                     Notary Public, State of Texas

                     My Commission Expires: _____

EXHIBIT ANS173

## CAUSE NO. 048-330187-21

| | | |
|---|---|---|
| **STERLING BATES,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **48th DISTRICT COURT** |
| | § | |
| **ANSON FINANCIAL, INC.,** | § | |
| *Defendant.* | § | **TARRANT COUNTY, TEXAS** |

## AGREED MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff Sterling Bates an Defendant Anson Financial, Inc. (collectively, the "Parties") and respectfully move the Court to dismiss with prejudice all of the claims asserted in said cause by and among the Parties.

Respectfully submitted,

FIDELITY NATIONAL LAW GROUP

By: ___*/s/ Amanda A. Catlin*____
AMANDA A. CATLIN
Texas Bar No.: 24036340
Email: Amanda.Catlin@fnf.com
GREGORY T. BREWER
Texas Bar No.: 00792370
Email: Gregory.Brewer@fnf.com
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
Direct: 972-812-6550
Facsimile: 972-812-9408
Attorneys For Plaintiff

And

By: /s/ J. Michael Ferguson
J. Michael Ferguson
Texas Bar No. 24000644
Attorney at Law
62 Main St., Suite 310
Colleyville, Texas 76034

---

**Page 1 of 3**

2112079

Tel. (817) 267 1008
Fax. (817) 485 1117
Email: legal@fnalegal.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on the ___th day of March, 2022, I served a copy of the foregoing document to all parties of record via E-File in accordance with the Texas Rules of Civil Procedure.

By:_____/s/ *Amanda A. Catlin*
    Amanda A. Catlin

2112079

## CAUSE NO. 048-330187-21

| | | |
|---|---|---|
| **STERLING BATES,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **48th DISTRICT COURT** |
| | § | |
| **ANSON FINANCIAL, INC.,** | § | |
| *Defendant.* | § | **TARRANT COUNTY, TEXAS** |

### AGREED ORDER OF DISMISSAL WITH PREJUDICE

ON THIS DAY the above-styled and numbered case came on for consideration before the Court. Based upon the agreement of the parties, the Court is of the opinion that all of the claims asserted in this case by and between Plaintiff Sterling Bates and Defendant Anson Financial, Inc. (collectively, the "Parties") should be dismissed with prejudice.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that all of the claims now pending in this case by and among the Parties are hereby dismissed with prejudice to the re-filing of same. All costs are taxed against the party incurring same.

All other and further relief not expressly granted herein is hereby DENIED.

Signed this _____ day of _____, 2022.

_____
JUDGE PRESIDING

2112079